

DOC # 83



U.S. DISTRICT COURT FILED FEB 10 2005 S.D. OF N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE WORLD TRADE CENTER
DISASTER SITE LITIGATION

Master Docket No.: 21 MC 100 (AKH)

# CASE MANAGEMENT ORDER No. 2

## I. Applicability of This Order

This Order applies to pre-trial procedures involving the World Trade Center Disaster Site Litigation and applies to litigation involving tort claims from personal injuries allegedly arising from plaintiffs' exposure to debris created in the aftermath of the collapse of the former World Trade Center following the terrorist related aircraft crashes of September 11, 2001 that are presently or hereafter venued in the United States District Court for the Southern District of New York.

## II. Objectives

It is this Court's objective to bring about the fair, efficient and economical resolution of these actions. In an effort to achieve this goal, this case management order ("CMO No. 2" or "this Order"), prepared in consultation with the attorneys for the plaintiffs and defendants in the cases that have been heretofore filed, is established to govern the general procedures to be followed in these actions.

MICROFILM -9:00 AM FEB 14 2005

### III. Prior Orders; Filing; Service

This Order supplements (and does not supercede) the previous February 11, 2003 Case Management Order entered in these cases. A list of the cases that are currently consolidated for pretrial purposes only in this litigation, designated as 21 MC 100, is attached as "Appendix A" to this Order. The listed cases have been filed in this Court or removed to this Court. The Clerk of this Court is directed to file a copy of this Order in each case listed in "Appendix A." In cases subsequently filed in, removed or transferred to this Court as part of 21 MC 100, a copy of this Order shall be provided by the Clerk to each plaintiff at the time the case is filed in, removed or transferred to this Court, and Plaintiffs' Liaison Counsel shall promptly serve a copy of this Order on any defendant not previously a party in 21 MC 100.

### IV. Interim Measures

#### A. *Pre-Trial Consolidation*

The cases listed in Appendix A have been coordinated for pre-trial purposes only by prior Order of this Court. Neither this Order nor the prior February 11, 2003 Case Management Order constitute a determination that these actions shall be consolidated for trial, nor do these Orders have the effect of making any entity a party to any action in which it has not been named or served in accordance with the Federal Rules of Civil Procedure. All cases that are subsequently filed in, removed or transferred to this Court as part of 21 MC 100, shall be similarly coordinated for pre-trial purposes only.

#### B. *Master Docket and File*

The Clerk will maintain a master docket and case file under the style *In re: World Trade Center Disaster Site Litigation*, 21 MC 100 (AKH). Orders, pleadings, motions and other documents bearing the caption of this Order will, when docketed and filed in the Master File, be

deemed docketed and filed in each individual case subject to this Order to the extent applicable, and ordinarily will not be docketed separately or physically filed in such individual cases.

### C. Captions; Separate Filing

Orders, pleadings, motions and other documents will bear the caption of this Order. If generally applicable to all actions consolidated for pre-trial purposes only, they shall include in the caption the notation that they relate to "all cases" and shall be filed and docketed only in the Master File. Documents intended to apply only to particular cases subject to this Order will indicate in their caption the name(s) of the case(s) to which they apply, and extra copies shall be provided to the Clerk to facilitate filing and docketing in each of the specified individual files (but **not** in the Master File).

1. Every document filed in these actions consolidated for pre-trial purposes only shall bear a caption as follows:

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
IN RE:  WORLD TRADE CENTER DISASTER              21 MC 100 (AKH)
SITE LITIGATION
-------------------------------------------------------X
```

2. If a document relates to all of the World Trade Center cases, the following will be added to the caption:

```
-------------------------------------------------------X

THIS DOCUMENT APPLIES TO ALL WORLD
TRADE CENTER DISASTER SITE LITIGATION             21 MC 100 (AKH)
-------------------------------------------------------X
```

3. If instead, a document relates to one or more specific cases but not to all cases, the specific caption(s) for the cases to which the paper is applicable will be added as follows:

```
-----------------------------------------------------X
```
Plaintiff(s) name,

    -against-                                                Civil Action Number

Defendant(s) name.

```
-----------------------------------------------------X
```

**D.** *Filing Papers*

When a paper has general application to all the World Trade Center Disaster Site Litigation cases covered by this Order, the caption (as set forth in paragraph IV.C.2, above) shall so indicate and shall bear civil action number 21 MC 100 (AKH) and the Clerk of the Court shall file such a paper in the Master File. No further copies of the papers need to be filed. Any document so filed shall be deemed to have been filed in each case to which this Order applies and shall constitute part of the record of each such case.

When a paper is applicable only to an individual case or to two or more specific cases but not to all cases subject to this Order, the attorney submitting such paper for filing shall caption the paper (as set forth in paragraph IV.C.3 above) to indicate the case(s) to which it is applicable. The Clerk of the Court shall not file such a paper in the Master File; rather, after receipt by the Clerk, the Clerk shall file the original in the first captioned individual case file under the appropriate Civil Action number and shall file copies of the paper in any other individual cases to which it applies. It shall be the responsibility of the attorney submitting a paper for filing to supply the Clerk with sufficient copies of any such paper to facilitate compliance with the directions of this paragraph.

The filing of a motion or other paper in the Master File or individual case file shall not confer standing on a party where it does not otherwise exist.

4

*E.    Rules of Procedure*

The Federal Rules Civil Procedure ("FRCP"), and the express provisions of the prior February 11, 2003 Case Management Order and of this and any future Case Management Orders, shall govern all proceedings herein.

## V.    Party Organization; Liaison Counsel

*A.    Liaison Counsel*

Plaintiffs designate as their Co-Liaison Counsel Paul J. Napoli, Esq. of Worby Groner Edelman & Napoli Bern, LLP, 115 Broadway, 12th Floor, New York, NY 10006, and Andrew J. Carboy, Esq. of Sullivan Papain Block McGrath & Cannaro, 129 Broadway, 18th floor, New York, NY 10006 (hereinafter referred to jointly as "Plaintiffs' Liaison Counsel"). Defendants designate as their Co-Liaison Counsel James E. Tyrrell, Jr., Esq. of Latham & Watkins LLP, One Newark Center, 16th Floor, Newark, NJ 07102, and Richard A. Williamson, Esq. of Flemming, Zulack & Williamson, LLP, One Liberty Plaza, 35th Floor, New York, NY 10006 (hereinafter referred to jointly as "Defendants' Liaison Counsel").

The Court directs the parties to coordinate their actions through Liaison Counsel. Nothing herein shall restrict the substantive rights of any party, including the right to be represented by separate counsel or to take separate positions from other parties.

The Court reserves the right to designate liaison counsel for either plaintiffs or defendants as a replacement for the designations by the parties if the need should arise.

*B.    Liaison and Steering Committee Counsel*

Appointment of Liaison Counsel and Steering Committee Counsel to act as set forth below will facilitate communications among the Court and counsel, minimize duplication of effort, foster the coordination of joint positions, and provide for the efficient progress and control of this litigation.

Liaison Counsel are vested by the Court with the following responsibilities and duties:

a. prepare and maintain an official service list of plaintiffs' and defendants' counsel in the cases subject to this Order including the persons or companies they represent, upon whom papers shall be served in this litigation;

b. receive orders, notices, correspondence and telephone calls from the Court and the Clerk of the Court on matters of general applicability on behalf of all plaintiffs or defendants, as the case may be, and to notify such other plaintiffs' or defendants' counsel of communications received from the Court; and

c. perform such other administrative tasks as may be necessitated by this or future CMOs, by the agreement of the parties, or by order of the Court;

d. maintain and distribute to co-counsel and to the opposing Liaison Counsel an up-to-date service list;

e. coordinate with opposing Liaison Counsel and with the Court on scheduling issues;

f. be responsible for the service and filing of joint pleadings and communications with the Court to the extent practicable;

g. receive and, as appropriate, distribute to co-counsel orders from the Court and documents from opposing parties and counsel;

h. work to bring duplicatively filed cases into a single action under a single caption.

Except as may be expressly otherwise provided in this or future CMOs, all pleadings, motions and other papers served in these cases shall be served on plaintiffs' and defendants' counsel for all of the parties in the case(s) to which such papers apply. **Service on a Liaison Counsel shall not suffice as service on any other party.**

Notwithstanding the appointment of Liaison Counsel, each counsel shall have the right to participate in all proceedings before the Court as fully as such counsel deems necessary. Liaison Counsel shall not have the right to bind any party except Liaison Counsel's own clients. Further, Liaison Counsel shall remain free to represent the interests and positions of their clients free of any claim (including without limitation any claim of conflict) arising from service as Liaison Counsel.

Plaintiffs' Liaison Counsel shall be reimbursed periodically but not less than every three months by counsel for plaintiffs, respectively, for their necessary and reasonable expenses actually incurred in performing their tasks pursuant to this Order. Plaintiffs' Liaison Counsel shall keep records of such expenses in reasonable detail for examination by counsel from whom reimbursement is sought. Reimbursable expenses may include copying costs, postage and, when necessary, costs for use of Federal Express or other express delivery services; and other reasonable costs and expense. Plaintiffs' Liaison Counsel shall be paid by each plaintiff's counsel on an equitable basis to be agreed upon by the parties or fixed by the Court with each plaintiff having to pay a proportionate share of the expenses incurred by Liaison Counsel. Each defendant shall likewise have to pay a proportionate share of the expenses incurred by Defendants' Liaison Counsel. Invoices for expenses as Liaison Counsel pursuant to this Order shall be due and payable when submitted.

C. **Steering Committee**

Plaintiffs' Steering Committee shall, subject to further order of the Court effecting such changes as circumstances may require, be comprised of the following:

    a.    Worby Groner Edelman & Napoli Bern, LLP (Paul J. Napoli)

    b.    Sullivan Papain Block McGrath & Cannavo (Andrew J. Carboy)

Defendants' Steering Committee shall, subject to further order of the Court effecting such changes as circumstances may require, be comprised of the following:

    a.    Office of Corporation Counsel (Gary P. Shaffer)

    b.    Flemming, Zulack & Williamson, LLP (Richard A. Williamson)

    c.    Latham & Watkins LLP (James E. Tyrrell, Jr.)

    d.    Mound Cotton Wollan & Greengrass (Mark J. Weber)

    e.    London Fischer LLP (John E. Sparling)

The Plaintiffs' and Defendants' Steering Committees shall have the following responsibilities and duties for their respective constituencies:

    a.    consider and propose future case management orders or other case management issues;

    b.    call meetings of counsel for plaintiffs and defendants, respectively, for the purpose of proposing joint actions, including but not limited to responses to questions and suggestions of the Court or of adversaries with regard to orders, schedules, briefs and other matters;

    c.    coordinate, to the extent practicable, the briefing of motions;

    d.    coordinate, to the extent practicable, the argument of motions;

    e.    coordinate the conduct of discovery procedures including, where practicable, coordination with other proceedings;

    f.    coordinate the examination of witnesses at examinations before trial;

    g.    coordinate the selection of counsel to act as spokesperson at pretrial conferences; and

      h.      perform such other duties as may be set forth in future CMOs, agreed upon by the respective parties, or ordered by the Court.

The Steering Committee shall not have the right to bind any party as to any matter without the consent of counsel for that party. If, on any issue, a party has a position different from that set forth by the Steering Committee or any members thereof, that party shall be entitled to present that position to the Court separately. Further, the members of the Plaintiffs' and the Defendants' Steering Committees shall remain free to represent the interests and positions of their respective clients.

### D. *Privileges*

The Court recognizes that cooperation among counsel and parties is essential for the orderly and expeditious resolution of this litigation. The communication, transmission or dissemination of information in connection with the World Trade Center cases among the plaintiffs' or among the defendants' counsel, shall not be deemed a waiver of the attorney-client privilege, the protection afforded by the work product doctrine, the protection afforded to material prepared for litigation or any other privilege to which a party may be entitled. Cooperative efforts, as described above, shall not in any way be used against any of the parties, be cited as purported evidence of a conspiracy, wrongful action or wrongful conduct, and shall not be communicated to the jury at the trial of any action. Nothing in this paragraph shall in any way affect the applicability of any privileges or protection against disclosure otherwise available under law.

### VI. <u>Service of Documents</u>

### A. *Orders*

A copy of each order will be provided where practical electronically to Plaintiffs' and Defendants' Liaison Counsel for distribution as appropriate to other counsel and parties.

Plaintiffs' Liaison Counsel shall distribute copies to other counsel for plaintiffs; Defendants' Liaison Counsel shall distribute copies to other counsel for defendants.

**B.  *Pleadings, Motions, and Other Documents***

The parties shall serve other parties with all pleadings, motions and other Court filings in PDF format by electronic means, either by electronic mail or by such other method as the parties and the Court might agree. In order to effectuate such service each party to these cases shall provide to Liaison Counsel for both plaintiffs and defendants an e-mail address at which such documents may be served upon them. It will be the responsibility of Liaison Counsel to compile a complete list of such e-mail addresses and to supply that list to each of the attorneys within their respective constituencies. For the purposes of computing time under Fed. R. Civ. P. 6, one day shall be added to the prescribed period when effecting service by electronic means under this Case Management Order.

**C.  *Consolidated Papers***

In all motions and briefs filed in these consolidated actions, plaintiffs and defendants are each instructed, to the extent possible, to file consolidated papers to avoid a multiplicity of motions and briefs.

**D.  *Disclosures Pursuant to Fed. R. Civ. P. 26(a)***

Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall not be required.

### VII.  Subsequent Cases and Case Management Orders

The Court may issue additional case management orders as appropriate to provide for the prompt, fair and efficient administration of this matter. As and when additional cases may be transferred or removed to or filed in this Court as part of 21 MC 100, the Court will issue orders calling for those cases to proceed in a manner consistent with the procedure set forth herein and,

to the extent practicable, will require those cases to follow a schedule that is the same as or similar to the schedule herein.

### VIII. Privileges Preserved

No communications among any Plaintiffs' Counsel and any Plaintiff, or among any Defendants' Counsel and any Defendant, shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

SO ORDERED

*[signature]*
Alvin K. Hellerstein, *U.S.D.J.*

Dated: New York, New York
Feb. 7, 2005