UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                         :    **ORDER REGULATING**
                                                         :    **LIMITED DISCOVERY**
IN RE WORLD TRADE CENTER DISASTER   :
SITE LITIGATION                                  :    21 MC 100 (AKH)
-----------------------------------------------------------------x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      I rule in this Order on the discovery disputes presented to me by joint letter of the parties, dated June 1, 2005, pursuant to my chambers rule 2E. The paragraph numbers below conform to the numbered paragraphs in the parties' joint letter. My rulings, with respect to each of the seven categories of documents are as follows:

1. "Copies of all contracts between the City of New York and all contractors who worked at Ground Zero."

Section III.A.3(d) of CMO 3 calls for the production of copies of contracts entered into by any Defendant "(except, as to the Contractor Defendants, only the four prime Contractors—Bovis, Turner, Tully and Amec)." However, plaintiffs possibly may wish to argue that the existence of contracts between the City and various subcontractors presents a relevant consideration in the context of defendants' proposed motions. Accordingly, the City is ordered to identify and produce any such contracts and amendments thereto.

2. "Copies of all contracts between the Port Authority of New York and New Jersey and all contractors with whom the Port authority directly contracted, including, but not limited to Weeks Marine."

1

For the reasons stated above, this request is granted and the Port Authority is ordered to identify and produce any such contracts and amendments thereto.

3. "Any and all documents related to Liberty Mutual's role and purpose at Ground Zero."

Plaintiffs provide no explanation for why the role of Liberty Mutual at Ground Zero is related in any way to defending against the sovereign immunity defenses. This request is thus denied.

4. "Identification of all individuals from whom defendants will obtain affidavits in support of defendants' dispositive motions."

The discovery requested is denied. The parties fail to justify any departure from the procedure that I suggested, and which the parties adopted, at pages 54 to 60 of the transcript of the conference of April 18, 2005.

5. "The identity of individuals from Turner, Tully, Weeks Marine and Amec who possess or possessed direct information and knowledge as to the relationship between their employers and/or businesses and the City of New York and the Port Authority of New York and New Jersey."

For the reasons discussed above in number 4, the discovery requested is denied.

6. "Any and all documents evidencing the relationship between the City of New York, the Port Authority, and/or the contractors who performed work at Ground Zero and the State of New York."

This request is repetitive of other requests and of CMO 3 itself. This sort of broad and unfocused request will required defendants to engage in precisely the sort of lengthy and burdensome document production that will delay expeditious consideration of these threshold motions. Plaintiffs request is denied.

7. "Copies of all 'WTC Worker Survey on Respirator Use" questionnaires returned to defendants."

The Defendants report that they are in the process of identifying and producing such documents.

SO ORDERED.

Dated: New York, New York
June 15, 2005

ALVIN K. HELLERSTEIN
United States District Judge