`UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                        :

IN RE WORLD TRADE CENTER      :    **ORDER GRANTING MOTION FOR**
DISASTER SITE LITIGATION          :    **LEAVE TO AMEND PLAINTIFFS'**
                                                        :    **MASTER COMPLAINT**
                                                        :
                                                        :    21 MC 100 (AKH)
                                                        :
------------------------------------------------------X
ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiffs' master complaint in this matter has long been a subject of discontent for the Court. The complaint is predominantly conclusory, repetitive, and sloppy. Plaintiffs' most recent submission, a proposed amendment relating to Fresh Kills Landfill on Staten Island, is no better. The grammatical errors and inconsistencies it contains strongly suggest that the proposed amendment is the product of a poorly reviewed, computer-generated, cut-and-paste operation. The allegations against each defendant are nearly identical, leaving the relationship between any given plaintiff and defendant vague. Understandably, defendants oppose plaintiff's motion for leave to amend, and request that "Fresh Kills-related claims against Defendants be dismissed with prejudice."

        Rule 8 of the Federal Rules of Civil Procedures imposes a low bar. For that reason, and for the reasons stated below, plaintiffs' motion for leave to amend their master complaint is granted.

**I.       Standard of Review under Rule 8 of the Federal Rules of Civil Procedure**

        Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule also requires that "each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). A pleading satisfies the requirements of Rule 8 so long as it

gives the "defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). Fair notice is "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial." Wynder v. McMahon, 360 F.3d 73, 79 (2d Cir. 2004). The Court may dismiss a complaint that fails to meet the requirements of Rule 8, but only if it is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988), or if prejudice would result if the defendant were compelled to answer. See Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005) ("As long as his mistakes do not prejudice his opponent, a plaintiff is entitled to trial on even a tenuous legal theory, supported by the thinnest of evidence.").

## II.     Plaintiffs' Proposed Amended Complaint

Plaintiffs' proposed amendment relating to the Fresh Kills Landfill adds to a collection of master complaints in this matter, each relating to a defendant or group of defendants who allegedly failed to maintain a safe workplace at the World Trade Center and related sites. As I have expressed numerous times on the record, these master complaints leave much to be desired. To address the deficiencies of the master complaints, I asked plaintiffs to submit individual check-off complaints,[1] on the theory that individual submissions would cure the deficiencies of the master complaints. I also ordered plaintiffs to amend their master complaints to provide more careful pleading. Neither of these tactics substantially improved the state of the pleadings against defendants in this action. Although the pleadings permit the reader, with considerable effort, to discern the nature of plaintiffs' allegations overall, many defendants are

---

[1] The individual plaintiff's submissions are interchangeably known as "check-off" complaints or "short-form" complaints.

2

left guessing how a nexus is alleged between them and particular plaintiffs. However, whether plaintiffs' allegations, with little differentiation among defendants, will survive further scrutiny is not a question that is best determined on motion for leave to amend under Rule 8, Fed. R. Civ. P. There are other and better procedures that will soon be instituted to require that determination.

Plaintiffs' proposed amendment, as I have said, is confused, ambiguous, and vague, but enough is stated so that its true substance is discernible. See Salahuddin, 861 F.2d at 42. One cannot say that the claims plaintiffs allege are frivolous or absurd on their face. See Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000) ("[I]f the court understood the allegations sufficiently to determine that they could state a claim for relief, the complaint has satisfied Rule 8."). Defendants' opposition papers demonstrate that they are able to distinguish plaintiffs' errors from plaintiffs' allegations; thus the various mistakes in the complaint do not prejudice defendants. See Phillips, 408 F.3d at 130. The proposed amendment, while simultaneously prolix and vague, nevertheless notifies defendants that plaintiffs allege breach of common law and statutory duties to maintain a safe workplace at Fresh Kills Landfill during the debris removal effort, causing plaintiffs' respiratory injuries. Presumably, plaintiff is representing by these allegations that all defendants are thus responsible, and that there is a good faith basis to make such allegations. See Fed. R. Civ. P. 11(b)(3). On the basis of this amendment, defendants may answer or otherwise respond, presenting all available defenses. For these reasons, and in the interests of justice, see Fed. R. Civ. P. 8(f), plaintiffs' motion for leave to amend is granted, subject to the following provisions:

Plaintiffs shall serve defendants with the amended complaint immediately, and in accordance with previous case management orders of this Court and the Federal Rules of Civil

Procedure. Plaintiffs' check-off complaints shall be deemed to incorporate only those master complaints whose filing precedes this Order. None of the short-form complaints already filed, therefore, shall be deemed to incorporate plaintiffs' amendment relating to the Fresh Kills Landfill. Plaintiffs who wish to incorporate the amended complaint shall file an amended short-form complaint, no later than 20 days after the amendment relating to Fresh Kills Landfill is served on defendants.

Though I now grant plaintiffs' motion, let nobody misunderstand that the Court does not condone, and indeed condemns, the bulk of the pleadings advanced thus far in this litigation. The liberal standards of Rule 8 and the compelling interests in advancing this case expeditiously counsel against denying plaintiffs' motion. In addition, the Special Masters appointed to organize the information in this case will be recommending disclosures, for my ordering, that will require the parties to make clear what the pleadings leave vague. Without doubt, the amended pleading adds to their task, to the burden upon defendants, and to this Court's docket, but the prospect of more work is hardly sufficient to prevent plaintiffs who may eventually establish their claims from having an opportunity to surmount denials and defenses, and have their day in court.

SO ORDERED.

Dated:   December 28, 2006
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4