```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                            :
IN RE WORLD TRADE CENTER                    :   ORDER REGARDING
DISASTER SITE LITIGATION                    :   NEW YORK APPELLATE DIVISION
                                            :   RULING ON
                                            :   FELDER v. CITY OF NEW YORK
                                            :
                                            :   21 MC 100 (AKH)
                                            :
-------------------------------------------------------X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

  By order of September 20, 2007, the Appellate Division of the New York Supreme Court, First Judicial Department, stayed <u>Felder v. The City of New York</u>, Index No. 112051/05, and, sua sponte, ordered that case removed to this Court. The ruling affects many other cases similarly situated. <u>Felder</u> and these other cases are said to allege claims for injuries suffered while performing work at the World Trade Center site on and/or after September 11, 2001. The claims appear similar to others before me, consolidated and coordinated in 21 MC 100.

  Claims for injuries arising from inhalation of toxic substances arise at the time of inhalation. <u>Piper v. IBM</u>, 639 N.Y.S. 2d 623, 625 (N.Y. App. Div. 1996). The statute of limitations for tortiously-committed injuries to persons, generally, allows three years for filing suit. NY CPLR § 214. In the case of suits against the City of New York, the statute of limitations is one year and ninety days, and notice of such claim must be given to the City at least ninety days before suit is commenced. NY Gen. Mun. L. § 50-i.

  Persons who inhale toxic substances often are unaware that they have been injured until much later. New York law enlarges their time to sue until three years after their injuries become manifest. NY CPLR § 214-c. By analogy with NY Gen. Mun. L. § 50-i, the suit must be commenced within one year and ninety days of the manifestation of the injury.

<u>Felder</u> appears to be such a case of late manifestation. According to the Appellate Division's order of September 20, 2007, Felder incurred his injuries while performing his duties as a New York City Police Officer at the World Trade Center site, and while assisting in rescue, recovery and removal operations, between September 12, 2001 and October 26, 2001. However, his injuries did not become manifest to him or his physicians until about June 6, 2004. On August 26, 2005, he sought permission from the New York Supreme Court, New York County, to file a late notice of claim, and a law suit, against the City of New York. The case, and others similarly situated, was assigned to Justice Michael Stallman.

Earlier, I had occasion to rule on such petitions. I ruled that petitions seeking leave to file late, beyond the 90-day notice period provided by section 50-i of the New York General Municipal Law, should be filed in the New York Supreme Court, not in the United States District Court, and could be filed in the District Court only after leave was given in the New York Supreme Court. <u>See</u> 1/24/03 21 MC 97 Conf. Tr. at 35. I reasoned that these petitions were preliminary to the onset of an action, which in the federal court, begins with the filing of a summons and complaint, and not with a petition seeking permission to file a lawsuit. Furthermore, under New York General Municipal Law section 50-i, that function is assigned specifically to the New York Supreme Court.

The Appellate Division's order disagrees with mine. Since its jurisdiction, rather than mine, reflects a greater competence to rule dispositively on what is required by New York State law, I defer to the implicit ruling of the Appellate Division that a federal court, as well as the Supreme Court, has competence to rule on the issue of late notice to the City of New York pursuant to General Municipal Law section 50-i. Indeed, it may be more efficient for a federal

judge, having exclusive jurisdiction over all of the 9/11 proceedings, to exercise jurisdiction over these issues, for they relate closely to the substantive issues of these cases.

I propose the following procedures to be followed with regard to these removed cases, and any similar cases that may later be filed seeking leave to give late notice to the City.

1. Since cases in the United States District Court begin with the filing of a summons and complaint, that procedure will be followed. The grounds to explain and excuse late notice to the City, as required by NY Gen. Mun. L. § 50-i, shall be set out in the complaint as a first count. Each complaint is to be limited to a single plaintiff.

2. The complaint will be accompanied by a motion which seeks leave to give late notice to the City, and simultaneously to file a complaint against it (and other defendants). The motion is to be supported by affidavits or declarations by the plaintiff (or if plaintiff is not able to give such an affidavit or declaration) by another person having direct knowledge and offering competent proofs, providing (a) the precise dates and locations of toxic inhalations, (b) the direct and indirect employers of the plaintiff on such dates and at such locations, (c) what precisely were the injuries that became manifest, and when such injuries became manifest; (d) the names and addresses of the doctors who plaintiff visited after September 11, 2001, and the dates of such visits; and (e) the reasons explaining the lateness of giving notice and why such lateness should be excused. A supporting affidavit of a treating physician should also be submitted. Plaintiff's counsel should submit a supporting memorandum of law at the same time.

3. Plaintiff shall file and serve the complaints and motions described above by 30 days from the date this procedure is ordered.

4. Defendant, the City of New York, shall file oppositions, if any, to the motions by 20 days thereafter. Requests for discovery, if any, should be specific and accompany

the opposition, and show cause why it should be allowed. Responsive pleadings to the rest of the complaint may await rulings on whether late notice is excused.

Exceptions to this proposed procedure shall be submitted to me within seven days from the date of this order. A further order shall then issue, directly or after an argument to be scheduled.

SO ORDERED.

Dated:   October 9, 2007
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge