UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
:
IN RE WORLD TRADE CENTER : **ORDER REGULATING**
DISASTER SITE LITIGATION : **CONFIDENTIALITY PROVISIONS**
: **OF PROTECTIVE ORDER**
:
:
: 21 MC 100 (AKH)
:
------------------------------------------------------X
ALVIN K. HELLERSTEIN, U.S.D.J.:

   I write to regulate the continuing dispute between the plaintiffs and the defendants concerning the terms of confidentiality of the protective order signed March 7, 2008.

   The subject of concern relates to the disclosure of insurance coverage by each of the defendants, and their use by plaintiffs. By my order dated January 28, 2008, defendants were each required to disclose contractual agreements regulating work performed and insurance information potentially available to contractor defendants in this litigation. The disclosures were to be made by March 7, 2008.

   Defendants argue that disclosure of the details of their respective insurance coverages would be prejudicial:

> Each Defendant Contractor's insurance documents therefore contain highly proprietary information which, if disclosed outside this litigation, would have a material and adverse effect on that Defendant Contractor. Indeed, it is essential that even within this litigation, such information be disclosed only to Plaintiff's counsel (and not to any other counsel, parties, experts or anyone outside this litigation).

   Defendants' argue that "there is great sensitivity, importance, and complexity involved in the issues surrounding this information," and contend that therefore, "the Protective Order must not be materially weakened." They argue that this is so even though the insurance information is seven years old.

1

Plaintiffs argue that counsels' professional responsibility to clients requires disclosures, and is inconsistent with an "attorneys' eyes only" restriction in the protective order. N.Y. Ct. Rules § 1210.1 (NYCRR § 1210.1). Plaintiffs complain also about potential restrictions with regard to experts, and a general inconsistency with normal requirements of public accessibility and accountability. See The Hartford Courant Co. v. Pellegrino, 371 F.3d 49, 63 (2d Cir. 2004); Individual Rules of the Hon. Alvin K. Hellerstein, Southern District of New York, Rule 4.A. And, following review, I have my own concerns about the reach and scope of some of the provisions.

At this point of time, I deny plaintiffs' objections, but subject to the following caveats:

1. The insurance disclosures must be usable, without undue hindrance or expense. The information must be disclosed in computer-friendly format, with data easily incorporated into the formats being developed by the Special Masters. To the extent that the clauses of the protective order make these purposes difficult to achieve, they will have to be modified.

2. Hence, disclosures must be produced via true copies, or via computer-equivalent format, and not merely made available for inspection.

3. The insurance disclosures will have to be organized so that particular plaintiffs will be able to know the sizes of potential recoveries against specific defendants, with regard to specific work activities in specific areas, and to allow liaison counsel to make broad evaluations. The issues that are likely to arise are potentially complex. The clarity of presentations by counsel, and the efficiency and economy of treating the issues are paramount values. So also is

the value of providing relevant information in a public record, to facilitate accountability of the court in all that it does.

4. Counsel must work together to achieve the purposes of disclosure, consistent with the values described above, while preserving to the extent possible the competitive sensitivities described by defendants.

5. Defendants' concern regarding the aggregation of the various insurance coverages is a concern about the merits rather than about the sensitivity of the information. The merits can be addressed separately if necessary.

6. Certain of the restrictions on which persons may have access to documents are overly narrow and will serve only to create future problems. By way of illustration, the universe of persons who are given access to "Confidential Information" as set forth in 6.1(a), is too restrictive. While at this point, information may be limited to counsel, it is necessary for counsel to communicate with one another and in a group, and to share information. The further limitation on counsel as defined in subparagraph 2.3, to <u>only</u> counsel for "named parties in the individual Action(s) in connection with which the documents containing the 'Confidential Information' are produced", and the similar restriction placed on outside counsel in section 6.1(f), is unnecessarily restrictive, and the protective order must be modified to strike such terms. Similarly, paragraphs 2.4 and 6.3 unnecessarily restrict access to confidential information by experts upon whom the parties may wish to rely in dealing with the insurance aspects of this litigation. And paragraph 6.3 unnecessarily limits the disclosure or use of confidential information to individual actions.

7. Paragraph 9 of the protective order, empowering the court to modify the protective order, also is too restrictive.

Presently, plaintiffs' motion to eliminate confidentiality is denied. But the protective order should be renegotiated as soon as practicable, with the assistance of the Special Masters, to enable these cases to proceed efficiently and economically, while preserving to the extent possible the sensitivity of proprietary information that reasonably could cause prejudice if disclosed without restriction. Priority should be given to this task to aid in the expedient factual development of this litigation.

SO ORDERED.

Dated:  March __, 2008
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4