UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                      :

IN RE WORLD TRADE CENTER      :
DISASTER SITE LITIGATION        :      **ORDER DENYING THE**
                                                      :      **BECHTEL DEFENDANTS'**
                                                      :      **MOTION TO DISMISS**
                                                      :
                                                      :      21 MC 100 (AKH)
                                                        :
-------------------------------------------------------X
ALVIN K. HELLERSTEIN, U.S.D.J.:

        Bechtel Associates Professional Corporation, Bechtel Construction, Inc., Bechtel Corporation and Bechtel Environmental, Inc. (collectively, the "Bechtel" or "Bechtel Defendants") move pursuant to Federal Rule of Civil Procedure 12 (b)(6) to dismiss the claims alleged against them in the Amended Master Complaint Against the Contractor Defendant filed in the World Trade Center Disaster Site Litigation, 21 MC 100. For the reasons that follow, the motion to dismiss is denied.

        Plaintiffs filed an Amended Master Complaint Against the Contractor Defendants on August 18, 2006. Check-off complaints adopting the Master Complaint were filed on behalf of individual plaintiffs in the following months. The Bechtel Defendants filed their motion to dismiss on January 29, 2008, followed by their Amended Answer on February 5, 2008.[1]

        Bechtel's motion to dismiss argues that the Amended Master Complaint Against the Contractor Defendants should be dismissed as against Bechtel due to the Complaint's failure to comply with Federal Rule of Civil Procedure 8(a). Having reviewed the Amended Master Complaint, I disagree. The allegations contained in the Complaint provide adequate notice pursuant to Rule 8(a)(2), which requires only a "short and plain statement of the claim showing

---

[1] Plaintiffs allege in their opposition brief that the Bechtel Defendants filed an answer to the Amended Master Complaint prior to filing their motion to dismiss and later filed an amended answer. However, the Court's docket does not reflect the filing of an answer prior to Bechtel's motion to dismiss.

1

that the pleader is entitled to relief". As to any higher standard of pleading suggested by Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S.Ct. 1955 (2007), I find that the allegations in the Complaint satisfy such a pleading standard as well. The Amended Complaint, supplemented by the Check-Off Complaints, provide reasonable, adequate and fair notice. See also Erickson v. Pardus, -- U.S. --, 127 S.Ct. 2197, 2200 (2007) (quoting Twombly, 127 S.Ct. at 1964).

Accordingly, the Bechtel Defendants' motion to dismiss is denied.

I note that in their motion in opposition to Bechtel's motion to dismiss, Plaintiffs allege that Bechtel has failed to provide complete discovery responses, giving as a pretext this pending motion to dismiss. If so, this is intolerable. There was no discovery stay. The case is too large and complex, and the public interest is too strong, to tolerate discovery abuse, if, indeed, it took place. The Bechtel Defendants are instructed to review their responses at once and, if they find that the responses are inadequate or incomplete, to promptly supplement them.

SO ORDERED.

Dated: March 24, 2008
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge