**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE: WORLD TRADE CENTER DISASTER SITE LITIGATION

THIS DOCUMENT APPLIES TO ALL WORLD TRADE CENTER DISASTER LITIGATION

**SECOND AMENDED MASTER ANSWER TO THE AMENDED MASTER COMPLAINT AGAINST CONTRACTOR DEFENDANTS**

21 MC 100 (AKH)

Defendants[1] A Russo Wrecking, Inc., Anthony Cortese Specialized Hauling, LLC, Inc.,

---

[1] Many Defendants are improperly named in the Amended Master Complaint Against Construction Manager Defendants. The correct names for all improperly named Defendants are as follows: Anthony Cortese Specialized Hauling, LLC (i/n/a Anthony Cortese Specialized Hauling, LLC, Inc.); Atlantic Heydt Corp. (i/n/a Atlantic Heydt Corporation, Inc.); Breeze Carting, Inc. (i/n/a Breeze Carting Corp.); C.B. Contracting Corp. (i/n/a C.B. Contracting Corporation); Francis A. Lee Company, A Corporation (i/n/a Francis A. Lee Company); Fleet Trucking, Inc. (i/n/a Fleet Trucking Corp.); Hallen Welding Services, Inc. (i/n/a Hallen Welding Service, Inc.); HP Environmental, Inc. (i/n/a HP Environmental); J.P. Equipment & Rental Materials, L.L.C. (i/n/a JP Equipment Rental Material, Inc.); LaStrada General Contracting Corp. (i/n/a La Strada General Contracting Corp.); Leslie E. Robertson Associates, R.L.L.P./LERA (i/n/a Leslie E. Robertson Associates Consulting Engineers, P.C.); Liberty Mutual Insurance Company (i/n/a Liberty Mutual Group); Lockwood, Kessler & Bartlett, Inc. (LKB) (i/n/a Lockwood, Kessler & Bartlett); Thornton Tomasetti, Inc. (i/n/a Thornton-Tomasetti Group, Inc. and LZA Tech.—Division of Thornton-Tomasetti Group); Manafort Brothers Incorporated (i/n/a Manafort Brothers, Inc.); LVI/Mazzocchi Wrecking, Inc. (i/n/a Mazzocchi Wrecking Inc.); Hudson Meridian Construction Group LLC (i/n/a Meridian Construction Group LLC); Nacirema Industries Incorporated (i/n/a Nacirema Industries); Peter Scalamandre & Sons, Inc. (i/n/a Peter Scalamandre & Sons); Semcor Equipment & Manufacturing Corporation (i/n/a Semcor Equipment & Manufacturing Corp.); Robert Silman Associates, P.C. (i/n/a Robert Silman Associates); SAB Trucking (i/n/a SAB Trucking, Inc.); Simpson Gumpertz & Heger, Inc. (i/n/a Simpson Gumpertz & Herger, Inc.); Skanska Koch Inc. (i/n/a Koch Skanska Inc.); Silverite Contracting Corporation (i/n/a Silverite Contracting Corp.); Thornton Tomasetti, Inc. (i/n/a

Atlantic Heydt Corporation Inc., Bechtel Associates Professional Corporation, Bechtel Construction, Inc., Bechtel Corporation, Bechtel Environmental, Inc. (collectively, "Bechtel Defendants"), Berkel & Co. Contractors, Inc., LLC, Big Apple Wrecking & Construction Corp., Inc., Breeze Carting Corp., Breeze National, Inc., Brer-Four Transportation Corp., Buro Happold Consulting Engineers, P.C., Canron Construction Corp., C.B. Contracting Corporation, Cord Contracting Co., Inc., Component Assembly Systems, Inc., Dakota Demo-Tech., Diamond Point Excavating Corp., Diego Construction, Inc., Diversified Carting, Inc., DMT Enterprise, Inc., D'Onofrio General Contractors Corp., Eagle One Roofing Contractors, Inc., EJ Davies, Inc., En-Tech Corp., Evergreen Recycling of Corona,[2] Ewell W. Finley, P.C., Executive Medical Services, P.C., Fleet Trucking Corp, Francis A. Lee Company, FTI Trucking Corp., Gilsanz Murray Steficek, LLP, Goldstein Associates Consulting Engineers, PC, Hallen Welding Service, Inc., HP Environmental, JP Equipment Rental Material, Inc., Koch Skanska Inc., Laquila Construction, Inc., La Strada General Contracting Corp., Leslie E. Robertson Associates Consulting Engineers, P.C., Liberty Mutual Group, Lockwood, Kessler & Bartlett, Lucius Pitkin,

---

Thornton-Tomasetti Group, Inc.); Toretta Trucking (i/n/a Toretta Trucking, Inc.); Total Safety Consulting LLC (i/n/a Total Safety Consulting LLP); Weidlinger Associates, Consulting Engineers, P.C. (i/n/a Weidlinger Associates, Inc.); Wolkow-Braker Roofing Corp. (i/n/a Wolkow Braker Roofing Corp.); Yannuzzi & Sons, Inc. (i/n/a Yannuzzi Demolition & Recycling Services, Corp.). By responding to the allegations against the Defendants that are improperly named, Defendants do not waive any objections.

[2] It should be noted that Evergreen Recycling of Corona ("EROC") is a Tully affiliated company that remains in the litigation and therefore the responses in this Master Answer are applicable to EROC as well as Tully Construction Co., Inc. and Tully Environmental, Inc. (hereinafter collectively "Tully"). However, Tully is a named Defendant in Plaintiffs' Amended Master Complaint Against Construction Manager Defendants. Hence, Tully has responded specifically in the Master Answer to the Amended Master Complaint Against Construction Manager Defendants and those responses are in accordance with EROC's responses as set forth herein.

Inc., LZA Tech. – Div. of Thornton Tomasetti Group, Manafort Brothers, Inc., Mazzocchi Wrecking Inc., Meridian Construction Group, LLC, Moretrench American Corp., MRA Engineering, P.C., Mueser Rutledge Consulting Engineers, Nacirema Industries Incorporated, New York Crane & Equipment Corp., Nicholson Construction Company., Peter Scalamandre & Sons., Pinnacle Environmental Corp., Plaza Construction Corp., Pro Safety Services, LLC., PT & L Contracting Corp., Robert L. Gerosa, Inc., Robert Silman Associates, Rodar Enterprises, Inc., Royal GM, Inc., SAB Trucking, Inc., Safeway Environmental Corp., Semcor Equipment & Manufacturing Corp., Silverite Contracting Corp., Skidmore Owings & Merrill, LLP, Simpson, Gumpertz & Herger, Inc., Thornton Tomasetti Group, Inc.,[3] Toretta Trucking, Inc., Total Safety Consulting, LLP, Tucci Equipment Rental Corporation, Vollmer Associates, LLP, Weeks Marine, Inc., Weidlinger Associates, Inc., Wolkow Braker Roofing Corp., Yannuzzi Demolition & Recycling Services, Corp., Yonkers Contracting Company, Inc., and WSP Cantor Seinuk, (collectively "Contractor defendants" or "Defendants"),[4] by and through their attorneys Patton Boggs LLP[5], as and for its Answer to Plaintiffs' Amended Master Complaint Against Contractor

---

Defendant Thornton Tomasetti, Inc. was improperly named as Thornton-Tomasetti Group, Inc. and LZA Tech.—Division of Thornton-Tomasetti Group in the Amended Master Complaint Against Contractor Defendants.

[4] The following Defendants were dismissed according to the Stipulation of Dismissal dated December 29, 2006: (1) Craig Test Boring, (2) Eagle Scaffolding Co., (3) ET Environmental, (4) F&G Mechanical Inc., (5) Olympic Plumbing and Heating, (6) Regional Scaffold & Holding Co. As these dismissed Defendants are no longer in the case, all other Defendants deny knowledge or information as to the specific claims against the dismissed Defendants.

[5] Pursuant to the Court's direction on November 16, 2007, Defendants have attached two Exhibits to this Master Answer. Conf. Trans., 21 MC 100, Nov. 16, 2007, 5:2-6:11,10:4-22. The first, Exhibit A, lists all those cases to which Paragraph 12 of Case Management Order

Defendants ("the Complaint"), upon information and belief, allege as follows:

## I.    DEFINITIONS

1.    Admit that Paragraph 1 of the Complaint purports to be Plaintiffs' definition of "The World Trade Center Site," "the WTC Site," or "the Site."

2.    Admit that Paragraph 2 of the Complaint purports to be Plaintiffs' definition of "The Contractors."

3.    Admit that Paragraph 3 of the Complaint purports to be Plaintiffs' definition of "Operations."

4.    Admit that Paragraph 4 of the Complaint purports to be Plaintiffs' definition of "Work."

5.    Deny the allegations contained in Paragraph 5 of the Complaint except admit that Paragraph 5 of the Complaint purports to be Plaintiffs' definition of "Hazardous substances."

## II.    INTRODUCTION

6.    Deny the allegations contained in Paragraph 6 of the Complaint.

7.    Deny the allegations contained in Paragraph 7 of the Complaint, except admit that the Twin Towers and Seven World Trade Center collapsed and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether the Plaintiff participated in rescue and/or recovery and/or construction, debris removal, excavation and/or demolition operations at the World Trade Center Site

---

Number 6 applies. The second, Exhibit B, lists all those cases for which a Patton Boggs LLP client is represented by counsel other than Patton Boggs LLP, as well as those cases in which Patton Boggs LLP represents a client in conjunction with other counsel.

("WTC" or "the Site") on or about September 11, 2001 ("9/11"), and during the days, weeks, and months that followed.

8.     Deny the allegations contained in Paragraph 8 of the Complaint.

9.     Deny the allegations contained in Paragraph 9 of the Complaint.

### III.     JURISDICTION

10.    Admitted, but denied to the extent that any implication is made or any inference can be drawn from this Paragraph 10 that there are no other valid bases for federal jurisdiction.

### IV.     VENUE

11.    Admit the allegations contained in Paragraph 11 of the Complaint.

### V.     PARTIES

#### A.     PLAINTIFF(S)

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.    Deny the allegations contained in Paragraph 13 of the Complaint.

a.     Defendants respond to case-specific information and allegations contained in Plaintiffs' Short Form Complaints according to the directions set forth in Case Management Order No. 6.

b.     Defendants respond to case-specific information and allegations contained in Plaintiffs' Short Form Complaints according to the directions set forth in Case Management Order No. 6.

## B. DEFENDANTS

## A. RUSSO WRECKING, INC.

14.    Defendant A. Russo Wrecking, Inc. admits the allegations contained in Paragraph 14 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

15.    Defendant A. Russo Wrecking, Inc. admits the allegations contained in Paragraph 15 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

16.    Defendant A. Russo Wrecking, Inc. denies the allegations contained in Paragraph 16 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

17.    Defendant A. Russo Wrecking, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

18.    Defendant A. Russo Wrecking, Inc. denies the allegations contained in Paragraph 18 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

19.    Defendant A. Russo Wrecking, Inc. denies the allegations contained in Paragraph 19 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

20.     Defendant A. Russo Wrecking, Inc. denies the allegations contained in Paragraph 20 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

21.     Defendant A. Russo Wrecking, Inc. denies the allegations contained in Paragraph 21 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

22.     The document identified or referenced in Paragraph 22 speaks for itself, and therefore no additional response is required.  Without waiving this objection, Defendant A. Russo Wrecking, Inc. denies the allegations contained in Paragraph 22 of the Complaint, except, as to the second sentence of Paragraph 22 of the Complaint, admits only that A. Russo Wrecking, Inc. provided machinery purported to clear debris at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

23.     Defendant A. Russo Wrecking, Inc. denies the allegations contained in Paragraph 23 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City

and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

24. Defendant A. Russo Wrecking, Inc. denies the allegations contained in Paragraph 24 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

25. Defendant A. Russo Wrecking, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

26. Defendant A. Russo Wrecking, Inc. denies the allegations contained in Paragraph 26 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

27. Defendant A. Russo Wrecking, Inc. denies the allegations contained in Paragraph 27 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

28. The document identified or referenced in Paragraph 28 speaks for itself, and therefore no additional response is required. Without waiving this objection, Defendant A. Russo Wrecking, Inc. admits that it received partial payment for the work that it performed at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## **ABM JANITORIAL NORTHEAST, INC.**

29.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

## **ABM INDUSTRIES, INC.**

37.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

## **ANTHONY CORTESE SPECIALIZED HAULING, LLC**

45.    Defendant Anthony Cortese Specialized Hauling, LLC denies the allegations contained in Paragraph 45 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

46.    Defendant Anthony Cortese Specialized Hauling, LLC denies the allegations contained in Paragraph 46 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

47.    Defendant Anthony Cortese Specialized Hauling, LLC denies the allegations contained in Paragraph 47 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

48.     Defendant Anthony Cortese Specialized Hauling, LLC admits the allegations contained in Paragraph 48 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

49.     Defendant Anthony Cortese Specialized Hauling, LLC denies the allegations contained in Paragraph 49 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

50.     Defendant Anthony Cortese Specialized Hauling, LLC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

51.     Defendant Anthony Cortese Specialized Hauling, LLC denies the allegations contained in Paragraph 51 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

52.     Defendant Anthony Cortese Specialized Hauling, LLC denies the allegations contained in Paragraph 52 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

53.     Defendant Anthony Cortese Specialized Hauling, LLC admits the allegations contained in Paragraph 53 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

54. Defendant Anthony Cortese Specialized Hauling, LLC admits the allegations contained in Paragraph 54 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site, that at certain times Anthony Cortese Specialized Hauling, LLC worked for NY Crane and Bovis Lend Lease at the Site, and that at certain times Anthony Cortese Specialized Hauling, LLC hauled debris from the Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

55. Defendant Anthony Cortese Specialized Hauling, LLC denies the allegations contained in Paragraph 55 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

56. Defendant Anthony Cortese Specialized Hauling, LLC denies the allegations contained in Paragraph 56 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

57. Defendant Anthony Cortese Specialized Hauling, LLC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

58. Defendant Anthony Cortese Specialized Hauling, LLC denies the allegations contained in Paragraph 58 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## ATLANTIC HEYDT CORPORATION INC.

59. Defendant Atlantic Heydt Corporation Inc. denies the allegations contained in Paragraph 59 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

60. Defendant Atlantic Heydt Corporation Inc. denies the allegations contained in Paragraph 60 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

61. Defendant Atlantic Heydt Corporation Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

62. Defendant Atlantic Heydt Corporation Inc. denies the allegations contained in Paragraph 62 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

63. Defendant Atlantic Heydt Corporation Inc. denies the allegations contained in Paragraph 63 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

64.     Defendant Atlantic Heydt Corporation Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

65.     The document identified or referenced in Paragraph 65 speaks for itself, and therefore no additional response is required.  Without waiving this objection, Defendant Atlantic Heydt Corporation Inc. denies the allegations contained in Paragraph 65 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

66.     Defendant Atlantic Heydt Corporation Inc. denies the allegations contained in Paragraph 66 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

67.     Defendant Atlantic Heydt Corporation Inc. denies the allegations contained in Paragraph 67 of the Complaint except admits that it assisted with the rescue, recovery,

and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

68.     Defendant Atlantic Heydt Corporation Inc. denies the allegations contained in Paragraph 68 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

69.     Defendant Atlantic Heydt Corporation Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

70.     Defendant Atlantic Heydt Corporation Inc. denies the allegations contained in Paragraph 70 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

**BECHTEL ASSOCIATES PROFESSIONAL CORPORATION,
BECHTEL CONSTRUCTION, INC., BECHTEL CORPORATION,
BECHTEL ENVIRONMENTAL, INC.**[6]

71.     Defendants deny knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants deny knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 74 of the Complaint.

75.     Defendants deny knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 75 of the Complaint.

76.     Defendants deny knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 76 of the Complaint.

77.     Defendants deny knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 77 of the Complaint.

78.     Defendants deny knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 78 of the Complaint.

79.     Defendants deny knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 79 of the Complaint.

---

[6] Pursuant the Court's Order of January 14, 2008, Bechtel Associates Professional Corporation, Bechtel Construction, Inc., Bechtel Corporation, and Bechtel Environmental, Inc. (collectively the "Bechtel Defendants") will respond to the Complaint on or before January 29, 2008.

80. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint.

## **BERKEL & CO. CONTRACTORS, INC.**

83. Defendant Berkel & Co. Contractors, Inc. denies the allegations contained in Paragraph 83 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

84. Defendant Berkel & Co. Contractors, Inc. denies the allegations contained in Paragraph 84 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

85. Defendant Berkel & Co. Contractors, Inc. admits the allegations contained in Paragraph 85 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

86. Defendant Berkel & Co. Contractors, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

87. Defendant Berkel & Co. Contractors, Inc. denies the allegations contained in Paragraph 87 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

88.    Defendant Berkel & Co. Contractors, Inc. denies the allegations contained in Paragraph 88 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

89.    Defendant Berkel & Company Contractors, Inc. admits it performed work at the World Trade Center site, to the best of its knowledge and belief, beginning December 12, 2001 and ending February 9, 2002 and denies all other allegations contained in Paragraph 89 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

90.    Defendant Berkel & Co. Contractors, Inc. denies the allegations contained in Paragraph 90 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

91.    The document identified or referenced in Paragraph 91 speaks for itself, and therefore no additional response is required.  Without waiving this objection, Defendant Berkel & Co. Contractors, Inc. denies the allegations contained in Paragraph 91 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

92.    The document identified or referenced in Paragraph 92 speaks for itself, and therefore no additional response is required.  Defendant Berkel & Company Contractors, Inc. was hired for work at the World Trade Center site by Cleveland Bridge Company to perform certain work commencing December 12, 2001 and ending February 9, 2002.  Defendant

Berkel & Company Contractors, Inc. denies the allegations contained in Paragraph 92 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

93.     The document identified or referenced in Paragraph 93 speaks for itself, and therefore no additional response is required. Defendant Berkel & Co. Contractors, Inc. denies the allegations contained in Paragraph 93 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

94.     Defendant Berkel & Co. Contractors, Inc. denies the allegations contained in Paragraph 94 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

95.     Defendant Berkel & Company Contractors, Inc. was hired for work at the World Trade Center site by Cleveland Bridge Company to perform certain work commencing December 12, 2001 and ending February 9, 2002. Defendant Berkel & Company Contractors, Inc. denies the allegations contained in Paragraph 95 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in

area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## BIG APPLE WRECKING & CONSTRUCTION CORP., INC.

96. Defendant Big Apple Wrecking & Construction Corp., Inc. admits the allegations contained in Paragraph 96 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

97. Defendant Big Apple Wrecking & Construction Corp., Inc. admits the allegations contained in Paragraph 97 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

98. Defendant Big Apple Wrecking & Construction Corp., Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

99. Defendant Big Apple Wrecking & Construction Corp., Inc. denies the allegations contained in Paragraph 99 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

100. Defendant Big Apple Wrecking & Construction Corp., Inc. denies the allegations contained in Paragraph 100 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants

deny knowledge or information sufficient to form a belief as to the truth of the allegations.

101. Defendant Big Apple Wrecking & Construction Corp., Inc. denies the allegations contained in Paragraph 101 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

102. Defendant Big Apple Wrecking & Construction Corp., Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

103. Defendant Big Apple Wrecking & Construction Corp., Inc. denies the allegations contained in Paragraph 103 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

**BREEZE CARTING CORP.**

104. Defendant Breeze Carting Corp. denies the allegations contained in Paragraph 104 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

105. Defendant Breeze Carting Corp. admits the allegations contained in Paragraph 105 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

106. Defendant Breeze Carting Corp. admits the allegations contained in Paragraph 106 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

107. Defendant Breeze Carting Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

108. Defendant Breeze Carting Corp. denies the allegations contained in Paragraph 108 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

109. Defendant Breeze Carting Corp. denies the allegations contained in Paragraph 109 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

110. Defendant Breeze Carting Corp. denies the allegations contained in Paragraph 110 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

111. Defendant Breeze Carting Corp. denies the allegations contained in Paragraph 111 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

112. Defendant Breeze Carting Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

113. Paragraph 113 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, Defendant Breeze Carting Corp. denies the allegations contained in Paragraph 113 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

114. Paragraph 114 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, Defendant Breeze Carting Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

115. Defendant Breeze Carting Corp. denies the allegations contained in Paragraph 115 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## BREEZE NATIONAL, INC.

116. Defendant Breeze National, Inc. admits the allegations contained in Paragraph 116 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

117. Defendant Breeze National, Inc. admits the allegations contained in Paragraph 117 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

118. Defendant Breeze National, Inc. admits the allegations contained in Paragraph 118 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

119. Defendant Breeze National, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

120. Defendant Breeze National, Inc. denies the allegations contained in Paragraph 120 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

121. Defendant Breeze National, Inc. denies the allegations contained in Paragraph 121 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

122. Defendant Breeze National, Inc. admits the allegations contained in Paragraph 122 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

123. Defendant Breeze National, Inc. denies the allegations contained in Paragraph 123 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

124. Defendant Breeze National, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

125. Paragraph 125 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, Defendant Breeze National, Inc. denies the allegations contained in Paragraph 125 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

126. Paragraph 126 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, Defendant Breeze National, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

127. Defendant Breeze National, Inc. denies the allegations contained in Paragraph 127 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

128. The document identified or referenced in Paragraph 128 speaks for itself, and therefore no additional response is required. Defendant Breeze National, Inc. denies the allegations contained in Paragraph 128 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11

terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

129.     Defendant Breeze National, Inc. denies the allegations contained in Paragraph 129 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## BRER FOUR TRANSPORTATION CORP.

130.     Defendant Brer Four Transportation Corp. denies the allegations contained in Paragraph 130 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

131.     Defendant Brer Four Transportation Corp. admits the allegations contained in Paragraph 131 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

132.     Defendant Brer Four Transportation Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

133.     Defendant Brer Four Transportation Corp. denies the allegations contained in Paragraph 133 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

134.     Defendant Brer Four Transportation Corp. denies the allegations contained in Paragraph 134 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

135.     Defendant Brer Four Transportation Corp. denies the allegations contained in Paragraph 135 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

136.     Defendant Brer Four Transportation Corp. denies the allegations contained in Paragraph 136 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

137.     Defendant Brer Four Transportation Corp. denies the allegations contained in Paragraph 137 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

138.     Defendant Brer Four Transportation Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the

Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## BURO HAPPOLD CONSULTING ENGINEERS, P.C.

139. Defendant Buro Happold Consulting Engineers, P.C. admits the allegations contained in Paragraph 139 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

140. Defendant Buro Happold Consulting Engineers, P.C. admits the allegations contained in Paragraph 140 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

141. Defendant Buro Happold Consulting Engineers, P.C. admits the allegations contained in Paragraph 141 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

142. Defendant Buro Happold Consulting Engineers, P.C. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

143. Defendant Buro Happold Consulting Engineers, P.C. denies the allegations contained in Paragraph 143 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

144. Defendant Buro Happold Consulting Engineers, P.C. denies the allegations contained in Paragraph 144 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and

scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

145. Defendant Buro Happold Consulting Engineers, P.C. denies the allegations contained in Paragraph 145 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

146. Defendant Buro Happold Consulting Engineers, P.C. denies the allegations contained in Paragraph 146 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

147. Defendant Buro Happold Consulting Engineers, P.C. denies the allegations contained in Paragraph 147 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

148. Defendant Buro Happold Consulting Engineers, P.C. denies the allegations contained in Paragraph 148 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath

of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

149. The document identified or referenced in Paragraph 149 speaks for itself, and therefore no additional response is required. Without waiving this objection, Defendant Buro Happold Consulting Engineers, P.C. denies the allegations contained in Paragraph 149 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

150. Defendant Buro Happold Consulting Engineers, P.C. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## CANRON CONSTRUCTION CORP.

151. Defendant Canron Construction Corp. admits the allegations contained in Paragraph 151 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

152.    Defendant Canron Construction Corp. admits the allegations contained in Paragraph 152 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

153.    Defendant Canron Construction Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

154.    Defendant Canron Construction Corp. denies the allegations contained in Paragraph 154 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

155.    Defendant Canron Construction Corp. denies the allegations contained in Paragraph 155 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

156.    Defendant Canron Construction Corp. denies the allegations contained in Paragraph 156 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

157.    Defendant Canron Construction Corp. denies the allegations contained in Paragraph 157 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City

and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

158.   Defendant Canron Construction Corp. denies the allegations contained in Paragraph 158 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

159.   Defendant Canron Construction Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

160.   Defendant Canron Construction Corp. denies the allegations contained in Paragraph 160 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## C.B. CONTRACTING CORPORATION

161.   Defendant C.B. Contracting Corporation denies the allegations contained in Paragraph 161 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

162.    Defendant C.B. Contracting Corporation admits the allegations contained in Paragraph 162 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

163.    Defendant C.B. Contracting Corporation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

164.    Defendant C.B. Contracting Corporation denies the allegations contained in Paragraph 164 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

165.    Defendant C.B. Contracting Corporation denies the allegations contained in Paragraph 165 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

166.    Defendant C.B. Contracting Corporation denies the allegations contained in Paragraph 166 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

167.    The document identified or referenced in Paragraph 167 speaks for itself, and therefore no additional response is required.  Without waiving this objection, Defendant C.B. Contracting Corporation denies the allegations contained in Paragraph 167 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal

operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

168.    Defendant C.B. Contracting Corporation denies the allegations contained in Paragraph 168 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

169.    Defendant C.B. Contracting Corporation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## CRAIG TEST BORING COMPANY, INC.

170.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170 of the Complaint.

171.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 of the Complaint.

172.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 of the Complaint.

173.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 of the Complaint.

174. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 of the Complaint.

175. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 of the Complaint.

176. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 of the Complaint.

177. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 of the Complaint.

178. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178 of the Complaint.

179. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 of the Complaint.

180. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 of the Complaint.

## CORD CONTRACTING CO., INC.

181. Defendant Cord Contracting Co., Inc. admits the allegations contained in Paragraph 181 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

182. Defendant Cord Contracting Co., Inc. admits the allegations contained in Paragraph 182 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

183.    Defendant Cord Contracting Co., Inc. admits the allegations contained in Paragraph 183 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

184.    Defendant Cord Contracting Co., Inc. admits the allegations contained in Paragraph 184 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

185.    Defendant Cord Contracting Co., Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

186.    Defendant Cord Contracting Co., Inc. denies the allegations contained in Paragraph 186 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

187.    Defendant Cord Contracting Co., Inc. denies the allegations contained in Paragraph 187 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

188.    Defendant Cord Contracting Co., Inc. denies the allegations contained in Paragraph 188 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site, including building protective structures and walkways at the premises; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

189. The document identified or referenced in Paragraph 189 speaks for itself, and therefore no additional response is required. Without waiving this objection, Defendant Cord Contracting Co., Inc. denies the allegations contained in Paragraph 189 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site, including building protective structures and walkways at the premises, and at certain times Cord Contracting Co., Inc. worked for AMEC Construction Management at the Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

190. Defendant Cord Contracting Co., Inc. denies the allegations contained in Paragraph 190 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site, including building protective structures and walkways at the premises; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

191. Defendant Cord Contracting Co., Inc. denies the allegations contained in Paragraph 191 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site, including building protective structures and

walkways at the premises; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

192.    Defendant Cord Contracting Co., Inc. denies the allegations contained in Paragraph 192 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site, including building protective structures and walkways at the premises; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

193.    Defendant Cord Contracting Co., Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

194.    Paragraph 194 of the Complaint asserts a legal conclusion to which no response is required.  Without waiving this objection, Defendant Cord Contracting Co., Inc. denies the allegations contained in Paragraph 194 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## COMPONENT ASSEMBLY SYSTEMS, INC.

195.    Defendant Component Assembly Systems, Inc. admits the allegations contained in Paragraph 195 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

196. Defendant Component Assembly Systems, Inc. admits the allegations contained in Paragraph 196 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

197. Defendant Component Assembly Systems, Inc. admits the allegations contained in Paragraph 197 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

198. Defendant Component Assembly Systems, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

199. Defendant Component Assembly Systems, Inc. denies the allegations contained in Paragraph 199 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

200. Defendant Component Assembly Systems, Inc. denies the allegations contained in Paragraph 200 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

201. Defendant Component Assembly Systems, Inc. denies the allegations contained in Paragraph 201 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

202.     Defendant Component Assembly Systems, Inc. denies the allegations contained in Paragraph 202 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

203.     Defendant Component Assembly Systems, Inc. denies the allegations contained in Paragraph 203 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

204.     Defendant Component Assembly Systems, Inc. denies the allegations contained in Paragraph 204 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

205.     Defendant Component Assembly Systems, Inc. denies the allegations contained in Paragraph 205 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction

of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

206. Defendant Component Assembly Systems, Inc. denies the allegations contained in Paragraph 206 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

207. Defendant Component Assembly Systems, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 207 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## DAKOTA DEMO-TECH

208. Defendant Dakota Demo-Tech, Inc. denies the allegations contained in Paragraph 208 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

209. Defendant Dakota Demo-Tech, Inc. denies the allegations contained in Paragraph 209 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

210. Defendant Dakota Demo-Tech, Inc. denies the allegations contained in Paragraph 210 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

211.   Defendant Dakota Demo-Tech, Inc. denies the allegations contained in Paragraph 211 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

212.   Defendant Dakota Demo-Tech, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 212 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

213.   Defendant Dakota Demo-Tech, Inc. denies the allegations contained in Paragraph 213 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

214.   Defendant Dakota Demo-Tech, Inc. denies the allegations contained in Paragraph 214 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

215.   Defendant Dakota Demo-Tech, Inc. denies the allegations contained in Paragraph 215; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

216.   Defendant Dakota Demo-Tech, Inc. denies the allegations contained in Paragraph 216 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

217.   Defendant Dakota Demo-Tech, Inc. denies the allegations contained in Paragraph 217 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City

and/or other authorities at the WTC Site, at one time it reported to Whitney Contracting, Inc., and it carted debris from the World Trade Center site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

218. Defendant Dakota Demo-Tech, Inc. denies the allegations contained in Paragraph 218 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

219. Defendant Dakota Demo-Tech, Inc. denies the allegations contained in Paragraph 219 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

220. Defendant Dakota Demo-Tech, Inc. denies the allegations contained in Paragraph 220 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

221. Defendant Dakota Demo-Tech, Inc. denies the allegations contained in Paragraph 221 of the Complaint except admits that it assisted with the rescue, recovery, and debris

removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

222. Defendant Dakota Demo-Tech, Inc. denies the allegations contained in Paragraph 222 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

223. Defendant Dakota Demo-Tech, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 223 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## DIAMOND POINT EXCAVATING CORP.

224. Defendant Diamond Point Excavating Corp. denies the allegations contained in Paragraph 224 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

225. Defendant Diamond Point Excavating Corp. admits the allegations contained in Paragraph 225 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

226. Defendant Diamond Point Excavating Corp. admits the allegations contained in Paragraph 226 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

227. Defendant Diamond Point Excavating Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 227 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

228. Defendant Diamond Point Excavating Corp. denies the allegations contained in Paragraph 228 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

229. Defendant Diamond Point Excavating Corp. denies the allegations contained in Paragraph 229 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

230. Defendant Diamond Point Excavating Corp. denies the allegations contained in Paragraph 230 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

231. Defendant Diamond Point Excavating Corp. denies the allegations contained in Paragraph 231 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

232. Defendant Diamond Point Excavating Corp. denies the allegations contained in Paragraph 232 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

233. Defendant Diamond Point Excavating Corp. denies the allegations contained in Paragraph 233 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

234. Defendant Diamond Point Excavating Corp. denies the allegations contained in Paragraph 234 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

235. Defendant Diamond Point Excavating Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 235 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## DIEGO CONSTRUCTION, INC.

236. Defendant Diego Construction, Inc. admits the allegations contained in Paragraph 236 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

237. Defendant Diego Construction, Inc. admits the allegations contained in Paragraph 237 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

238. Defendant Diego Construction, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 238 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

239. Defendant Diego Construction, Inc. denies the allegations contained in Paragraph 239 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

240. Defendant Diego Construction, Inc. denies the allegations contained in Paragraph 240 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

241. Defendant Diego Construction, Inc. denies the allegations contained in Paragraph 241 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

242.   Defendant Diego Construction, Inc. denies the allegations contained in Paragraph 242 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

243.   Defendant Diego Construction, Inc. denies the allegations contained in Paragraph 243 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

244.   Defendant Diego Construction, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 244 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

245.   Defendant Diego Construction, Inc. denies the allegations contained in Paragraph 245 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## DIVERSIFIED CARTING, INC.

246. Defendant Diversified Carting, Inc. admits the allegations contained in Paragraph 246 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

247. Defendant Diversified Carting, Inc. admits the allegations contained in Paragraph 247 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

248. Defendant Diversified Carting, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 248 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

249. Defendant Diversified Carting, Inc. denies the allegations contained in Paragraph 249 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

250. Defendant Diversified Carting, Inc. denies the allegations contained in Paragraph 250 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

251. Defendant Diversified Carting, Inc. denies the allegations contained in Paragraph 251 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and

defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site, and it performed the carting of debris at the World Trade Center Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

252.    The document identified or referenced in Paragraph 252 speaks for itself, and therefore no additional response is required.    Without waiving this objection, Defendant Diversified Carting, Inc. denies the allegations contained in Paragraph 252 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site, at certain times Diversified Carting, Inc. worked for Turner Construction Company at the Site, and it performed the carting of debris at the World Trade Center Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

253.    The document identified or referenced in Paragraph 253 speaks for itself, and therefore no additional response is required.    Without waiving this objection, Defendant Diversified Carting, Inc. denies the allegations contained in Paragraph 253 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site, at certain times Diversified Carting, Inc. worked for Seasons Contracting at the Site, and it performed the carting of debris at the World

Trade Center Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

254. Defendant Diversified Carting, Inc. denies the allegations contained in Paragraph 254 of the Complaint except admits that it hired contractors and subcontractors to assist with the rescue, recovery and debris removal operations in the aftermath of the 9/11 terrorist attacks; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

255. Defendant Diversified Carting, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 255 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

256. Defendant Diversified Carting, Inc. denies the allegations contained in Paragraph 256 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

257. Defendant Diversified Carting, Inc. denies the allegations contained in Paragraph 257 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## DMT ENTERPRISES

258. Defendant DMT Enterprise, Inc. admits the allegations contained in Paragraph 258 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

259. Defendant DMT Enterprise, Inc. admits the allegations contained in Paragraph 259 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

260. Defendant DMT Enterprise, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 260 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

261. Defendant DMT Enterprise, Inc. denies the allegations contained in Paragraph 261 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

262. Defendant DMT Enterprise, Inc. denies the allegations contained in Paragraph 262 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

263. Defendant DMT Enterprise, Inc. denies the allegations contained in Paragraph 263 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

264. Defendant DMT Enterprise, Inc. denies the allegations contained in Paragraph 264 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

265. Defendant DMT Enterprise, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 265 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

266. Defendant DMT Enterprise, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 266 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

267. The document identified or referenced in Paragraph 267 speaks for itself, and therefore no additional response is required. Without waiving this objection, Defendant DMT Enterprise, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 267 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

268.    Defendant DMT Enterprise, Inc. denies the allegations contained in Paragraph 268 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## D'ONOFRIO GENERAL CONTRACTORS CORP.

269.    Defendant D'Onofrio General Contractors Corp. admits the allegations contained in Paragraph 269 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

270.    Defendant D'Onofrio General Contractors Corp. admits the allegations contained in Paragraph 270 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

271.    Defendant D'Onofrio General Contractors Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 271 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

272.    Defendant D'Onofrio General Contractors Corp. denies the allegations contained in Paragraph 272 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

273.    Defendant D'Onofrio General Contractors Corp. denies the allegations contained in Paragraph 273 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a

restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

274. Defendant D'Onofrio General Contractors Corp. denies the allegations contained in Paragraph 274 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

275. Defendant D'Onofrio General Contractors Corp. denies the allegations contained in Paragraph 275 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

276. Defendant D'Onofrio General Contractors Corp. denies the allegations contained in Paragraph 276 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

277. Defendant D'Onofrio General Contractors Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 277 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

278. Defendant D'Onofrio General Contractors Corp. denies the allegations contained in Paragraph 278 of the Complaint except except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

### EAGLE LEASING & INDUSTRIAL SUPPLY

279. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 279 of the Complaint.

280. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 280 of the Complaint.

281. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 281 of the Complaint.

282. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 282 of the Complaint.

283. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 283 of the Complaint.

284. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 284 of the Complaint.

285. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 285 of the Complaint.

286. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 286 of the Complaint.

## EAGLE ONE ROOFING CONTRACTORS, INC.

287. Defendant Eagle One Roofing Contractors, Inc. admits the allegations contained in Paragraph 287 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

288. Defendant Eagle One Roofing Contractors, Inc. admits the allegations contained in Paragraph 288 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

289. Defendant Eagle One Roofing Contractors, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 289 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

290. Defendant Eagle One Roofing Contractors, Inc. denies the allegations contained in Paragraph 290 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

291. Defendant Eagle One Roofing Contractors, Inc. denies the allegations contained in Paragraph 291 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

292. Defendant Eagle One Roofing Contractors, Inc. denies the allegations contained in Paragraph 292 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

293.    Defendant Eagle One Roofing Contractors, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 293 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

294.    The document identified or referenced in Paragraph 294 speaks for itself, and therefore no additional response is required.  Without waiving this objection, Defendant Eagle One Roofing Contractors, Inc. denies the allegations contained in Paragraph 294 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

295.    Defendant Eagle One Roofing Contractors, Inc. denies the allegations contained in Paragraph 295 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site and that at certain times Eagle One Roofing Contractors, Inc. worked for AMEC Construction Corp. at the Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

296.    The document identified or referenced in Paragraph 296 speaks for itself, and therefore no additional response is required.  Without waiving this objection, Defendant Eagle One Roofing Contractors, Inc. denies the allegations contained in Paragraph 296 of the

Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

297. Defendant Eagle One Roofing Contractors, Inc. denies the allegations contained in Paragraph 297 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## EAGLE SCAFFOLDING CO.

298. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 298 of the Complaint.

299. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 299 of the Complaint.

300. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 300 of the Complaint.

301. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 301 of the Complaint.

302. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 302 of the Complaint.

303.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 303 of the Complaint.

304.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 304 of the Complaint.

## ET ENVIRONMENTAL

305.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 305 of the Complaint.

306.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 306 of the Complaint.

307.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 307 of the Complaint.

308.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 308 of the Complaint.

309.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 309 of the Complaint.

310.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 310 of the Complaint.

311.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 311 of the Complaint.

312.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 312 of the Complaint.

313.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 313 of the Complaint.

## E.J. DAVIES, INC.

314. Defendant E.J. Davies, Inc. admits the allegations contained in Paragraph 314 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

315. Defendant E.J. Davies, Inc. admits the allegations contained in Paragraph 315 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

316. Defendant E.J. Davies, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 316 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

317. Defendant E.J. Davies, Inc. denies the allegations contained in Paragraph 317 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

318. Defendant E.J. Davies, Inc. denies the allegations contained in Paragraph 318 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

319. Defendant E.J. Davies, Inc. admits the allegations contained in Paragraph 319 of the Complaint and admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

320. Defendant E.J. Davies, Inc. denies the allegations contained in Paragraph 320 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

321. Defendant E.J. Davies, Inc. denies the allegations contained in Paragraph 321 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site, and at certain times E.J. Davies, Inc. worked for Bay Crane at the Site transporting crane materials to and from the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

322. Defendant E.J. Davies, Inc. denies the allegations contained in Paragraph 322 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site, at certain times E.J. Davies, Inc. worked for Seasons Contracting at the Site, and at certain times E.J. Davies, Inc. transported crane materials to and from the WTC Site for Seasons Contracting; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

323. Defendant E.J. Davies, Inc. admits the allegations contained in Paragraph 323 of the Complaint and admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or

other authorities at the WTC Site, except that it denies that it performed any erecting, repairing, or maintaining of cranes at the World Trade Center Site on behalf of Bovis Lend Lease; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

324. Defendant E.J. Davies, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 324 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## EN-TECH CORP.

325. Defendant En-Tech Corp. admits the allegations contained in Paragraph 325 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

326. Defendant En-Tech Corp. admits the allegations contained in Paragraph 326 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

327. Defendant En-Tech Corp. admits the allegations contained in Paragraph 327 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

328. Defendant En-Tech Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 328 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

329.     Defendant En-Tech Corp. denies the allegations contained in Paragraph 329 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

330.     Defendant En-Tech Corp. denies the allegations contained in Paragraph 330; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

331.     The document identified or referenced in Paragraph 331 speaks for itself, and therefore no additional response is required.  Without waiving this objection, Defendant En-Tech Corp. denies the allegations contained in Paragraph 331 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

332.     Defendant En-Tech Corp. denies the allegations contained in Paragraph 332 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

333.     Defendant En-Tech Corp. denies the allegations contained in Paragraph 333 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site and at certain times En-Tech Corp. worked for Tully at the Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

334.     Defendant En-Tech Corp. denies the allegations contained in Paragraph 334 of the Complaint except admits that it performed structural engineering services relating to the

rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site and at certain times En-Tech Corp. worked for Tully at the Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

335. Defendant En-Tech Corp. denies the allegations contained in Paragraph 335; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

336. Defendant En-Tech Corp. denies the allegations contained in Paragraph 336 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## EVERGREEN RECYCLING OF CORONA

337. Defendant Evergreen Recycling of Corona admits the allegations contained in Paragraph 337 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

338. Defendant Evergreen Recycling of Corona admits the allegations contained in Paragraph 338 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

339. Defendant Evergreen Recycling of Corona admits the allegations contained in Paragraph 339 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

340. Defendant Evergreen Recycling of Corona denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 340 of the

Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

341.  Defendant Evergreen Recycling of Corona denies the allegations contained in Paragraph 341 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

342.  Defendant Evergreen Recycling of Corona denies the allegations contained in Paragraph 342 except admits that, at the City's request, it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

343.  Defendant Evergreen Recycling of Corona denies the allegations contained in Paragraph 343 except admits that, at the City's request, it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

344.  The document identified or referenced in Paragraph 344 speaks for itself and no additional response is required.  Without waiving this objection, Defendant Evergreen Recycling of Corona denies the allegations contained in Paragraph 344 except admits that, at the City's request, it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or

other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

345.    Defendant Evergreen Recycling of Corona denies the allegations contained in Paragraph 345 except admits that, at the City's request, it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

346.    Defendant Evergreen Recycling of Corona denies the allegations contained in Paragraph 346 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

347.    Defendant Evergreen Recycling of Corona denies the allegations contained in Paragraph 347 except admits that, at the City's request, it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

348.    Defendant Evergreen Recycling of Corona denies the allegations contained in Paragraph 348 except admits that, at the City's request, it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

349.    Defendant Evergreen Recycling of Corona denies the allegations contained in Paragraph 349 except admits that, at the City's request, it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

350.    Defendant Evergreen Recycling of Corona denies the allegations contained in Paragraph 350 except admits that, at the City's request, it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

351.    Defendant Evergreen Recycling of Corona denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 351 except admits that, at the City's request, it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## <u>EWELL W. FINLEY, P.C.</u>

352. Defendant Ewell W. Finley, P.C. admits the allegations contained in Paragraph 352 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

353. Defendant Ewell W. Finley, P.C. admits the allegations contained in Paragraph 353 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

354. Defendant Ewell W. Finley, P.C. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 354 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

355. Defendant Ewell W. Finley, P.C. denies the allegations contained in Paragraph 355 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

356. Defendant Ewell W. Finley, P.C. denies the allegations contained in Paragraph 356 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

357. Defendant Ewell W. Finley, P.C. denies the allegations contained in Paragraph 357 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

358. Defendant Ewell W. Finley, P.C. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 358 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

359. The document identified or referenced in Paragraph 359 speaks for itself and no additional response is required. Without waiving this objection, Defendant Ewell W. Finley, P.C. denies the allegations contained in Paragraph 359 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

360. The documents identified or referenced in Paragraph 360 speak for themselves and no additional response is required. Without waiving this objection, Defendant Ewell W. Finley, P.C. denies the allegations contained in Paragraph 360 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

361. Defendant Ewell W. Finley, P.C. denies the allegations contained in Paragraph 361 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## EXECUTIVE MEDICAL SERVICES, P.C.

362. Defendant Executive Medical Services, P.C. admits the allegations contained in Paragraph 362 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

363. Defendant Executive Medical Services, P.C. admits the allegations contained in Paragraph 363 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

364. Defendant Executive Medical Services, P.C. denies the allegations contained in Paragraph 364 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

365. Defendant Executive Medical Services, P.C. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 365 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

366. Defendant Executive Medical Services, P.C. denies the allegations contained in Paragraph 366 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

367. Defendant Executive Medical Services, P.C. denies the allegations contained in Paragraph 367 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

368. Defendant Executive Medical Services, P.C. denies the allegations contained in Paragraph 368 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

369. Defendant Executive Medical Services, P.C. denies the allegations contained in Paragraph 369 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

370. Defendant Executive Medical Services, P.C. denies the allegations contained in Paragraph 370 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

371. Defendant Executive Medical Services, P.C. denies the allegations contained in Paragraph 371 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

372. Defendant Executive Medical Services, P.C. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 372 of the

Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## **FLEET TRUCKING CORP.**

373. Defendant Fleet Trucking Inc. denies the allegations contained in Paragraph 373 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

374. Defendant Fleet Trucking Inc. admits the allegations contained in Paragraph 374 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

375. Defendant Fleet Trucking Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 375 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

376. Defendant Fleet Trucking Inc. denies the allegations contained in Paragraph 376 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

377. Defendant Fleet Trucking Inc. denies the allegations contained in Paragraph 377 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

378. Defendant Fleet Trucking Inc. denies the allegations contained in Paragraph 378 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

379. Defendant Fleet Trucking Inc. denies the allegations contained in Paragraph 379 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

380. Defendant Fleet Trucking Inc. denies the allegations contained in Paragraph 380 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

381. Defendant Fleet Trucking Inc. denies the allegations contained in Paragraph 381 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or

other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

382.   Defendant Fleet Trucking Inc. denies the allegations contained in Paragraph 382 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

383.   Defendant Fleet Trucking Inc. denies the allegations contained in Paragraph 383 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

384.   Defendant Fleet Trucking Inc. denies the allegations contained in Paragraph 384 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

385.   Defendant Fleet Trucking Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 385 of the Complaint; all

other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## F&G MECHANICAL, INC.

386. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 386 of the Complaint.

387. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 387 of the Complaint.

388. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 388 of the Complaint.

389. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 389 of the Complaint.

390. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 390 of the Complaint.

391. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 391 of the Complaint.

392. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 392 of the Complaint.

393. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 393 of the Complaint.

394. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 394 of the Complaint.

395. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 395 of the Complaint.

## FRANCIS A. LEE COMPANY

396.     Defendant Francis A. Lee Company, A Corporation denies the allegations contained in Paragraph 396 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

397.     Defendant Francis A. Lee Company, A Corporation admits the allegations contained in Paragraph 397 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

398.     Defendant Francis A. Lee Company, A Corporation admits the allegations contained in Paragraph 398 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

399.     Defendant Francis A. Lee Company, A Corporation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 399 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

400.     Defendant Francis A. Lee Company, A Corporation denies the allegations contained in Paragraph 400 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

401.     Defendant Francis A. Lee Company, A Corporation denies the allegations contained in Paragraph 401 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

402.     Defendant Francis A. Lee Company, A Corporation denies the allegations contained in Paragraph 402 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a

restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

403. Defendant Francis A. Lee Company, A Corporation denies the allegations contained in Paragraph 403 of the Complaint except admits that it hired contractors and subcontractors to assist with the rescue, recovery and debris removal operations in the aftermath of the 9/11 terrorist attacks; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

404. Defendant Francis A. Lee Company, A Corporation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 404 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

405. Paragraph 405 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, Defendant Francis A. Lee Company, A Corporation denies the allegations contained in Paragraph 405 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

406. Paragraph 406 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, Defendant Francis A. Lee Company, A Corporation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 406 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

407. The document identified or referenced in Paragraph 407 speaks for itself, and therefore no additional response is required. Without waiving this objection, Defendant Francis A. Lee Company, A Corporation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 407 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

408. Defendant Francis A. Lee Company, A Corporation denies the allegations contained in Paragraph 408 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

**FTI TRUCKING CORP.**

409. Defendant FTI Trucking Corp. admits the allegations contained in Paragraph 409 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

410. Defendant FTI Trucking Corp. denies the allegations contained in Paragraph 410 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

411.     Defendant FTI Trucking Corp. admits the allegations contained in Paragraph 411 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

412.     Defendant FTI Trucking Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 412 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

413.     Defendant FTI Trucking Corp. denies the allegations contained in Paragraph 413 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

414.     Defendant FTI Trucking Corp. denies the allegations contained in Paragraph 414 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

415.     Defendant FTI Trucking Corp. denies the allegations contained in Paragraph 415 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

416.     Defendant FTI Trucking Corp. denies the allegations contained in Paragraph 416 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or

other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

417.    Defendant FTI Trucking Corp. denies the allegations contained in Paragraph 417 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site and that at certain times FTI Trucking Corp. worked for Whitney Contracting, Inc. at the Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

418.    Defendant FTI Trucking Corp. denies the allegations contained in Paragraph 418 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site and that at certain times FTI Trucking Corp. worked for Seasons Contracting at the Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

419.    Defendant FTI Trucking Corp. denies the allegations contained in Paragraph 419 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

420.  Defendant FTI Trucking Corp. denies the allegations contained in Paragraph 420 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

421.  Defendant FTI Trucking Corp. denies the allegations contained in Paragraph 421 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

422.  Defendant FTI Trucking Corp. denies the allegations contained in Paragraph 422 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

423.  Defendant FTI Trucking Corp. denies the allegations contained in Paragraph 423 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or

other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

424.    Defendant FTI Trucking Corp. denies the allegations contained in Paragraph 424 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

425.    Defendant FTI Trucking Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 425 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## GILANZ MURRAY STEFICEK, LLP

426.    Defendant Gilanz Murray Steficek, LLP admits the allegations contained in Paragraph 426 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

427.    Defendant Gilanz Murray Steficek, LLP admits the allegations contained in Paragraph 427 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

428.    Defendant Gilanz Murray Steficek, LLP denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 428 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

429.    Defendant Gilanz Murray Steficek, LLP denies the allegations contained in Paragraph 429 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

430. Defendant Gilanz Murray Steficek, LLP denies the allegations contained in Paragraph 430 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

431. Defendant Gilanz Murray Steficek, LLP denies the allegations contained in Paragraph 431 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

432. Defendant Gilanz Murray Steficek, LLP denies the allegations contained in Paragraph 432 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

433. Defendant Gilanz Murray Steficek, LLP denies the allegations contained in Paragraph 433 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all

other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

434.     Defendant Gilanz Murray Steficek, LLP denies the allegations contained in Paragraph 434 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

435.     Defendant Gilanz Murray Steficek, LLP denies the allegations contained in Paragraph 435 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

436.     Defendant Gilanz Murray Steficek, LLP denies the allegations contained in Paragraph 436 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

437. Defendant Gilanz Murray Steficek, LLP denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 437 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## GOLDSTEIN ASSOCIATES CONSULTING ENGINEERS, PC

438. Defendant Goldstein Associates Consulting Engineers, PC admits the allegations contained in Paragraph 438 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

439. Defendant Goldstein Associates Consulting Engineers, PC admits the allegations contained in Paragraph 439 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

440. Defendant Goldstein Associates Consulting Engineers, PC admits the allegations contained in Paragraph 440 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

441. Defendant Goldstein Associates Consulting Engineers, PC admits the allegations contained in Paragraph 441 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

442. Defendant Goldstein Associates Consulting Engineers, PC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 442 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

443. Defendant Goldstein Associates Consulting Engineers, PC denies the allegations contained in Paragraph 443 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

444. Defendant Goldstein Associates Consulting Engineers, PC denies the allegations contained in Paragraph 444 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

445. Defendant Goldstein Associates Consulting Engineers, PC denies the allegations contained in Paragraph 445 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

446. Defendant Goldstein Associates Consulting Engineers, PC denies the allegations contained in Paragraph 446 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

447. Defendant Goldstein Associates Consulting Engineers, PC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 447 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

448. Paragraph 448 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, Defendant Goldstein Associates Consulting Engineers, PC denies the allegations contained in Paragraph 448 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

449. Paragraph 449 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, Defendant Goldstein Associates Consulting Engineers, PC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 449 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

450. The document identified or referenced in Paragraph 450 speaks for itself and no additional response is required. Without waiving this objection, Defendant Goldstein Associates Consulting Engineers, PC denies the allegations contained in Paragraph 450 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

451. Defendant Goldstein Associates Consulting Engineers, PC denies the allegations contained in Paragraph 451 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## HALLEN WELDING SERVICE, INC.

452. Defendant Hallen Welding Service, Inc. admits the allegations contained in Paragraph 452 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

453. Defendant Hallen Welding Service, Inc. admits the allegations contained in Paragraph 453 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

454. Defendant Hallen Welding Service, Inc. admits the allegations contained in Paragraph 454 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

455. Defendant Hallen Welding Service, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 455 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

456.     Defendant Hallen Welding Service, Inc. denies the allegations contained in Paragraph 456 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

457.     Defendant Hallen Welding Service, Inc. denies the allegations contained in Paragraph 457 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

458.     Defendant Hallen Welding Service, Inc. denies the allegations contained in Paragraph 458 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

459.     Defendant Hallen Welding Service, Inc. denies the allegations contained in Paragraph 459 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

460.     Defendant Hallen Welding Service, Inc. denies the allegations contained in Paragraph 460 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City

and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

461. Defendant Hallen Welding Service, Inc. denies the allegations contained in Paragraph 461 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

462. Defendant Hallen Welding Service, Inc. denies the allegations contained in Paragraph 462 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

463. Defendant Hallen Welding Service, Inc. denies the allegations contained in Paragraph 463 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

464. Defendant Hallen Welding Service, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 464 of the

Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## HGC CONTRACTING CORP.

465.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 465 of the Complaint.

466.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 466 of the Complaint.

467.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 467 of the Complaint.

468.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 468 of the Complaint.

469.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 469 of the Complaint.

470.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 470 of the Complaint.

471.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 471 of the Complaint.

472.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 472 of the Complaint.

473.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 473 of the Complaint.

474.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 474 of the Complaint.

475. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 475 of the Complaint.

476. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 476 of the Complaint.

477. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 477 of the Complaint.

## HIGH-RISE HOISTING AND SCAFFOLDING, INC.

478. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 478 of the Complaint.

479. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 479 of the Complaint.

480. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 480 of the Complaint.

481. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 481 of the Complaint.

482. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 482 of the Complaint.

483. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 483 of the Complaint.

484. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 484 of the Complaint.

485. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 485 of the Complaint.

486. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 486 of the Complaint.

487. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 487 of the Complaint.

488. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 488 of the Complaint.

489. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 489 of the Complaint.

## HP ENVIRONMENTAL

490. Defendant HP Environmental admits the allegations contained in Paragraph 490 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

491. Defendant HP Environmental admits the allegations contained in Paragraph 491 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

492. Defendant HP Environmental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 492 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

493. Defendant HP Environmental denies the allegations contained in Paragraph 493 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

494. Defendant HP Environmental denies the allegations contained in Paragraph 494 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

495. Defendant HP Environmental denies the allegations contained in Paragraph 495 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

496. Defendant HP Environmental denies the allegations contained in Paragraph 496 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

497. Defendant HP Environmental denies the allegations contained in Paragraph 497 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or

other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

498. Defendant HP Environmental denies the allegations contained in Paragraph 498 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

499. Defendant HP Environmental denies the allegations contained in Paragraph 499 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

500. Defendant HP Environmental denies the allegations contained in Paragraph 500 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

501. Defendant HP Environmental denies the allegations contained in Paragraph 501 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined

location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

502. Defendant HP Environmental denies the allegations contained in Paragraph 502 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

503. Defendant HP Environmental denies the allegations contained in Paragraph 503 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

504. Defendant HP Environmental denies the allegations contained in Paragraph 504 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

505. Defendant HP Environmental denies the allegations contained in Paragraph 505 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal

operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

506. Defendant HP Environmental denies the allegations contained in Paragraph 506 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

507. Defendant HP Environmental denies the allegations contained in Paragraph 507 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

508. Defendant HP Environmental denies the allegations contained in Paragraph 508 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

509. Defendant HP Environmental denies the allegations contained in Paragraph 509 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or

other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

510. Defendant HP Environmental denies the allegations contained in Paragraph 510 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

511. Defendant HP Environmental denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 511 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

512. Defendant HP Environmental denies the allegations contained in Paragraph 512 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

**JP EQUIPMENT RENTAL MATERIALS, INC.**

513. Defendant JP Equipment Rental Materials, Inc. denies the allegations contained in Paragraph 513 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

514. Defendant JP Equipment Rental Materials, Inc. denies the allegations contained in Paragraph 514 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

515. Defendant JP Equipment Rental Materials, Inc. denies the allegations contained in Paragraph 515 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

516. Defendant JP Equipment Rental Materials, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 516 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

517. Defendant JP Equipment Rental Materials, Inc. denies the allegations contained in Paragraph 517 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

518. Defendant JP Equipment Rental Materials, Inc. denies the allegations contained in Paragraph 518 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

519. Defendant JP Equipment Rental Materials, Inc. denies the allegations contained in Paragraph 519 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction

of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

520. Defendant JP Equipment Rental Materials, Inc. denies the allegations contained in Paragraph 520 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

521. Defendant JP Equipment Rental Materials, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 521 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

522. Paragraph 522 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, Defendant JP Equipment Rental Materials, Inc. denies the allegations contained in Paragraph 522 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

523. Paragraph 523 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, Defendant JP Equipment Rental Materials, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 523 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

524. Defendant JP Equipment Rental Materials, Inc. denies the allegations contained in Paragraph 524 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction

of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## KOCH SKANSKA, INC.

525. Defendant Koch Skanska, Inc. admits the allegations contained in Paragraph 525 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

526. Defendant Koch Skanska, Inc. admits the allegations contained in Paragraph 526 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

527. Defendant Koch Skanska, Inc. admits the allegations contained in Paragraph 527 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

528. Defendant Koch Skanska, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 528 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

529. Defendant Koch Skanska, Inc. denies the allegations contained in Paragraph 529 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

530. Defendant Koch Skanska, Inc. denies the allegations contained in Paragraph 530 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or

other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

531. Defendant Koch Skanska, Inc. denies the allegations contained in Paragraph 531 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

532. Defendant Koch Skanska, Inc. denies the allegations contained in Paragraph 532 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site and at certain times and that at certain times Koch Skanska, Inc. worked for Bovis Lend Lease at the Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

533. Defendant Koch Skanska, Inc. denies the allegations contained in Paragraph 533 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

534. Defendant Koch Skanska, Inc. denies the allegations contained in Paragraph 534 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or

other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

535.  Defendant Koch Skanska, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 535 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## LAQUILA CONSTRUCTION, INC.

536.  Defendant Laquila Construction, Inc. admits the allegations contained in Paragraph 536 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

537.  Defendant Laquila Construction, Inc. admits the allegations contained in Paragraph 537 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

538.  Defendant Laquila Construction, Inc. admits the allegations contained in Paragraph 538 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

539.  Defendant Laquila Construction, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 539 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

540.  Defendant Laquila Construction, Inc. denies the allegations contained in Paragraph 540 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

541. Defendant Laquila Construction, Inc. denies the allegations contained in Paragraph 541 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

542. Defendant Laquila Construction, Inc. admits the allegations contained in Paragraph 542 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

543. Defendant Laquila Construction, Inc. denies the allegations contained in Paragraph 543 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

544. Defendant Laquila Construction, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 544 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

545. Paragraph 545 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, Defendant Laquila Construction, Inc. denies the allegations contained in Paragraph 545 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

546. Paragraph 546 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, Defendant Laquila Construction, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph 546 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

547. The document identified or referenced in Paragraph 547 speaks for itself, and therefore no additional response is required. Without waiving this objection, Defendant Laquila Construction, Inc. admits the allegations contained in Paragraph 547; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

548. Defendant Laquila Construction, Inc. denies the allegations contained in Paragraph 548 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## LA STRADA GENERAL CONTRACTING CORP.

549. Defendant LaStrada General Contracting Corp. denies the allegations contained in Paragraph 549 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

550. Defendant LaStrada General Contracting Corp. admits the allegations contained in Paragraph 550 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

551. Defendant LaStrada General Contracting Corp. denies the allegations contained in Paragraph 551 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

552.    Defendant LaStrada General Contracting Corp. admits the allegations contained in Paragraph 552 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

553.    Defendant LaStrada General Contracting Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 553 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

554.    Defendant LaStrada General Contracting Corp. denies the allegations contained in Paragraph 554 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

555.    Defendant LaStrada General Contracting Corp. denies the allegations contained in Paragraph 555 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

556.    Defendant LaStrada General Contracting Corp. denies the allegations contained in Paragraph 556 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

557.    Defendant LaStrada General Contracting Corp. denies the allegations contained in Paragraph 557 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction

of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

558. Defendant LaStrada General Contracting Corp. denies the allegations contained in Paragraph 558 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

559. Defendant LaStrada General Contracting Corp. denies the allegations contained in the first sentence of Paragraph 559 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; defendant LaStrada General Contracting Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 559; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## LESLIE E. ROBERTSON ASSOCIATES, R.L.L.P.

560. Defendant Leslie E. Robertson Associates, R.L.L.P. admits the allegations contained in Paragraph 560 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

561. Defendant Leslie E. Robertson Associates, R.L.L.P. admits the allegations contained in Paragraph 561 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

562. Defendant Leslie E. Robertson Associates, R.L.L.P. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 562 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

563. Defendant Leslie E. Robertson Associates, R.L.L.P. denies the allegations contained in Paragraph 563 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

564. Defendant Leslie E. Robertson Associates, R.L.L.P. denies the allegations contained in Paragraph 564 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

565. Defendant Leslie E. Robertson Associates, R.L.L.P. denies the allegations contained in Paragraph 565 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

566. Defendant Leslie E. Robertson Associates, R.L.L.P. denies the allegations contained in Paragraph 566 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath

of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

567. Defendant Leslie E. Robertson Associates, R.L.L.P. denies the allegations contained in Paragraph 567 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site and that at certain times Leslie E. Robertson Associates, R.L.L.P. worked for the Port Authority at the Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

568. Defendant Leslie E. Robertson Associates, R.L.L.P. denies the allegations contained in Paragraph 568 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

569. Defendant Leslie E. Robertson Associates, R.L.L.P. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 569 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## LIBERTY MUTUAL INSURANCE COMPANY

570. Defendant Liberty Mutual Insurance Company admits the allegations contained in Paragraph 570 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

571. Defendant Liberty Mutual Insurance Company denies the allegations contained in Paragraph 571 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

572. Defendant Liberty Mutual Insurance Company admits the allegations contained in Paragraph 572 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

573. Defendant Liberty Mutual Insurance Company admits the allegations contained in Paragraph 573 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

574. Defendant Liberty Mutual Insurance Company admits the allegations contained in Paragraph 574 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

575. Defendant Liberty Mutual Insurance Company denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 575 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

576. Defendant Liberty Mutual Insurance Company denies the allegations contained in Paragraph 576 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

577. Defendant Liberty Mutual Insurance Company denies the allegations contained in Paragraph 577 except admits that, at the City's request, it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

578. Defendant Liberty Mutual Insurance Company denies the allegations contained in Paragraph 578 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

579. Defendant Liberty Mutual Insurance Company denies the allegations contained in Paragraph 579 except admits that, at the City's request, it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

580. Defendant Liberty Mutual Insurance Company denies the allegations contained in Paragraph 580 except admits that, at the City's request, it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

581. Defendant Liberty Mutual Insurance Company denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 581 of

the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## **LOCKWOOD, KESSLER & BARTLETT**

582. Defendant Lockwood, Kessler & Bartlett admits the allegations contained in Paragraph 582 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

583. Defendant Lockwood, Kessler & Bartlett admits the allegations contained in Paragraph 583 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

584. Defendant Lockwood, Kessler & Bartlett admits the allegations contained in Paragraph 584 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

585. Defendant Lockwood, Kessler & Bartlett denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 585 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

586. Defendant Lockwood, Kessler & Bartlett denies the allegations contained in Paragraph 586 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

587. Defendant Lockwood, Kessler & Bartlett denies the allegations contained in Paragraph 587 of the Complaint except admits that it performed surveying services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control

and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

588. Defendant Lockwood, Kessler & Bartlett denies the allegations contained in Paragraph 588 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

589. Defendant Lockwood, Kessler & Bartlett denies the allegations contained in Paragraph 589 of the Complaint except admits that it performed surveying services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

590. Defendant Lockwood, Kessler & Bartlett denies the allegations contained in Paragraph 590 of the Complaint except admits that it performed surveying services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

591. Defendant Lockwood, Kessler & Bartlett denies the allegations contained in Paragraph 591 of the Complaint except admits that it performed surveying services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist

attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

592. Defendant Lockwood, Kessler & Bartlett denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 592 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## **LUCIUS PITKIN, INC.**

593. Defendant Lucius Pitkin, Inc. denies the allegations contained in Paragraph 593 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

594. Defendant Lucius Pitkin, Inc. admits the allegations contained in Paragraph 594 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

595. Defendant Lucius Pitkin, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 595 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

596. Defendant Lucius Pitkin, Inc. denies the allegations contained in Paragraph 596 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

597. The document identified or referenced in Paragraph 597 speaks for itself, and therefore no additional response is required. Without waiving this objection, Defendant Lucius Pitkin, Inc. denies the allegations contained in Paragraph 597 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

598. Defendant Lucius Pitkin, Inc. denies the allegations contained in Paragraph 598 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

599. Defendant Lucius Pitkin, Inc. denies the allegations contained in Paragraph 599 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

600. Defendant Lucius Pitkin, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 600 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

601. Defendant Lucius Pitkin, Inc. denies the allegations contained in Paragraph 601 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## LZA TECH - DIV. OF THORNTON-TOMASETTI GROUP[7]

602. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 602 of the Complaint.

603. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 603 of the Complaint.

604. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 604 of the Complaint.

605. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 605 of the Complaint.

606. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 606 of the Complaint.

607. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 607 of the Complaint.

---

[7] Thornton – Tomasetti Group, Inc. hereby incorporates their responses to Paragraphs 952-969 of the Complaint.

608. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 608 of the Complaint.

609. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 609 of the Complaint.

610. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 610 of the Complaint.

611. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 611 of the Complaint.

612. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 612 of the Complaint.

## MANAFORT BROTHERS, INC.

613. Defendant Manafort Brothers Incorporated admits the allegations contained in Paragraph 613 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

614. Defendant Manafort Brothers Incorporated denies the allegations contained in Paragraph 614 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

615. Defendant Manafort Brothers Incorporated admits the allegations contained in Paragraph 615 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

616. Defendant Manafort Brothers Incorporated denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 616 of the

Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

617. Defendant Manafort Brothers Incorporated denies the allegations contained in Paragraph 617 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

618. Defendant Manafort Brothers Incorporated denies the allegations contained in Paragraph 618 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

619. Defendant Manafort Brothers Incorporated denies the allegations contained in Paragraph 619 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

620. Defendant Manafort Brothers Incorporated denies the allegations contained in Paragraph 620 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

621. Defendant Manafort Brothers Incorporated denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 621 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

622. Defendant Manafort Brothers Incorporated denies the allegations contained in Paragraph 622 of the Complaint except admits that it assisted with the rescue, recovery,

and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

623. The document identified or referenced in Paragraph 623 speaks for itself, and therefore no additional response is required. Paragraph 623 of the Complaint asserts a legal conclusion to which no response is required. Without waiving these objections, Defendant Manafort Brothers Incorporated denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 623 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

624. Defendant Manafort Brothers Incorporated denies the allegations contained in Paragraph 624 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site and that at certain times Manafort Brothers Incorporated worked for Tully Construction Company at the Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

625. Defendant Manafort Brothers Incorporated denies the allegations contained in Paragraph 625 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction

of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

626. Defendant Manafort Brothers Incorporated denies the allegations contained in Paragraph 626 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site and that at certain times Manafort Brothers Incorporated worked around 4 World Trade Center; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

627. Defendant Manafort Brothers Incorporated denies the allegations contained in Paragraph 627 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site and that at certain times Manafort Brothers Incorporated worked around 5 World Trade Center; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## MAZZOCCHI WRECKING, INC.

628. Defendant Mazzocchi Wrecking, Inc. admits the allegations contained in Paragraph 628 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

629. Defendant Mazzocchi Wrecking, Inc denies the allegations contained in Paragraph 629 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

630.     Defendant Mazzocchi Wrecking, Inc admits the allegations contained in Paragraph 630 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

631.     Defendant Mazzocchi Wrecking, Inc denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 631 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

632.     Defendant Mazzocchi Wrecking, Inc denies the allegations contained in Paragraph 632 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

633.     Defendant Mazzocchi Wrecking, Inc denies the allegations contained in Paragraph 633 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

634.     Defendant Mazzocchi Wrecking, Inc denies the allegations contained in Paragraph 634 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

635.     Defendant Mazzocchi Wrecking, Inc denies the allegations contained in Paragraph 635 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

636. Defendant Mazzocchi Wrecking, Inc denies the allegations contained in Paragraph 636 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

637. Defendant Mazzocchi Wrecking, Inc denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 637 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

638. The document identified or referenced in Paragraph 638 speaks for itself, and therefore no additional response is required. Without waiving this objection, Defendant Mazzocchi Wrecking, Inc admits the allegations contained in Paragraph 638 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

639. The document identified or referenced in Paragraph 639 speaks for itself, and therefore no additional response is required. Without waiving this objection, Defendant Mazzocchi Wrecking, Inc denies the allegations contained in Paragraph 639 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

640. Defendant Mazzocchi Wrecking, Inc admits the allegations contained in Paragraph 640 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

641. Defendant Mazzocchi Wrecking, Inc denies the allegations contained in Paragraph 641 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## MERIDIAN CONSTRUCTION GROUP, LLC

642. Defendant Hudson Meridian Construction Group LLC denies the allegations contained in Paragraph 642 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

643. Defendant Hudson Meridian Construction Group LLC admits the allegations contained in Paragraph 643 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

644. Defendant Hudson Meridian Construction Group LLC denies the allegations contained in Paragraph 644 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

645. Defendant Hudson Meridian Construction Group LLC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 645 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

646. Defendant Hudson Meridian Construction Group LLC denies the allegations contained in Paragraph 646 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

647. Defendant Hudson Meridian Construction Group LLC denies the allegations contained in Paragraph 647 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

648. Defendant Hudson Meridian Construction Group LLC denies the allegations contained in Paragraph 648 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

649. The document identified or referenced in Paragraph 649 speaks for itself, and therefore no additional response is required. Without waiving this objection, Defendant Hudson Meridian Construction Group LLC denies the allegations contained in Paragraph 649 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

650. Defendant Hudson Meridian Construction Group LLC denies the allegations contained in the first sentence in Paragraph 650 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11

terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations. As to the second sentence, Defendant Hudson Meridian Construction Group LLC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 650 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## MORETRENCH AMERICAN CORP.

651. Defendant Moretrench American Corp. admits the allegations contained in Paragraph 651 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

652. Defendant Moretrench American Corp. denies the allegations contained in Paragraph 652 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

653. Defendant Moretrench American Corp. admits the allegations contained in Paragraph 653 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

654. Defendant Moretrench American Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 654 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

655. Defendant Moretrench American Corp. denies the allegations contained in Paragraph 655 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

656. Defendant Moretrench American Corp. denies the allegations contained in Paragraph 656 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

657. Defendant Moretrench American Corp. denies the allegations contained in Paragraph 657 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

658. Defendant Moretrench American Corp. denies the allegations contained in Paragraph 658 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

659. Defendant Moretrench American Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 659 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

660. Defendant Moretrench American Corp. denies the allegations contained in Paragraph 660 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City

and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

661. Defendant Moretrench American Corp. denies the allegations contained in Paragraph 661 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

662. Defendant Moretrench American Corp. denies the allegations contained in Paragraph 662 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

663. Defendant Moretrench American Corp. denies the allegations contained in Paragraph 663 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

664. Defendant Moretrench American Corp. denies the allegations contained in Paragraph 664 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and

defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

665.    Defendant Moretrench American Corp. denies the allegations contained in Paragraph 665 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## MRA ENGINEERING, P.C.

666.    Defendant MRA Engineering, P.C. admits the allegations contained in Paragraph 666 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

667.    Defendant MRA Engineering, P.C admits the allegations contained in Paragraph 667 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

668.    Defendant MRA Engineering, P.C denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 668 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

669.    Defendant MRA Engineering, P.C denies the allegations contained in Paragraph 669 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

670.	Defendant MRA Engineering, P.C. denies the allegations contained in Paragraph 670 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

671.	Defendant MRA Engineering, P.C. denies the allegations contained in Paragraph 671 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

672.	The document identified or referenced in Paragraph 672 speaks for itself, and therefore no additional response is required.  Without waiving this objection, Defendant MRA Engineering, P.C. denies the allegations contained in Paragraph 672 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

673.	Defendant MRA Engineering, P.C. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 673 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

674. Defendant MRA Engineering, P.C denies the allegations contained in Paragraph 674 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## MUESER RUTLEDGE CONSULTING ENGINEERS

675. Defendant Mueser Rutledge Consulting Engineers denies the allegations contained in Paragraph 675 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

676. Defendant Mueser Rutledge Consulting Engineers admits the allegations contained in Paragraph 676 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

677. Defendant Mueser Rutledge Consulting Engineers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 677 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

678. Defendant Mueser Rutledge Consulting Engineers denies the allegations contained in Paragraph 678 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

679. Defendant Mueser Rutledge Consulting Engineers denies the allegations contained in Paragraph 679 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

680. Defendant Mueser Rutledge Consulting Engineers denies the allegations contained in Paragraph 680 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

681. Defendant Mueser Rutledge Consulting Engineers denies the allegations contained in Paragraph 681 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

682. Defendant Mueser Rutledge Consulting Engineers denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 682 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

683. Defendant Mueser Rutledge Consulting Engineers denies the allegations contained in Paragraph 683 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC

Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

684. Defendant Mueser Rutledge Consulting Engineers denies the allegations contained in Paragraph 684 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

685. Defendant Mueser Rutledge Consulting Engineers denies the allegations contained in Paragraph 685 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

686. Defendant Mueser Rutledge Consulting Engineers denies the allegations contained in Paragraph 686 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

687. Defendant Mueser Rutledge Consulting Engineers denies the allegations contained in Paragraph 687 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

688. The document identified or referenced in Paragraph 688 speaks for itself, and therefore no additional response is required. Without waiving this objection, Defendant Mueser Rutledge Consulting Engineers denies the allegations contained in Paragraph 688 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

689. The document identified or referenced in Paragraph 689 speaks for itself, and therefore no additional response is required. Without waiving this objection, Defendant Mueser Rutledge Consulting Engineers denies the allegations contained in Paragraph 689 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## NACIREMA INDUSTRIES INCORPORATED

690.    Defendant Nacirema Industries Incorporated admits the allegations contained in Paragraph 690 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

691.    Defendant Nacirema Industries Incorporated admits the allegations contained in Paragraph 691 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

692.    Defendant Nacirema Industries Incorporated denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 692 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

693.    Defendant Nacirema Industries Incorporated denies the allegations contained in Paragraph 693 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

694.    Defendant Nacirema Industries Incorporated admits the allegations contained in Paragraph 694 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

695.    Defendant Nacirema Industries Incorporated denies the allegations contained in Paragraph 695 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

696.    Defendant Nacirema Industries Incorporated denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 696 of the

Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

697. The document identified or referenced in Paragraph 697 speaks for itself, and therefore no additional response is required. Without waiving this objection, Defendants deny the allegations contained in Paragraph 697 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site by supplying trucks and drivers which were used, at certain times, for hauling debris from the Site to Fresh Kills Landfill; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

698. Defendant Nacirema Industries Incorporated denies the allegations contained in Paragraph 698 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## NEW YORK CRANE & EQUIPMENT CORP.

699.   Defendant New York Crane & Equipment Corp. denies the allegations contained in Paragraph 699 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

700.   Defendant New York Crane & Equipment Corp. admits the allegations contained in Paragraph 700 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

701.   Defendant New York Crane & Equipment Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 701 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

702.   Defendant New York Crane & Equipment Corp. denies the allegations contained in Paragraph 702 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

703.   Defendant New York Crane & Equipment Corp. denies the allegations contained in Paragraph 703 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

704.   Defendant New York Crane & Equipment Corp. denies the allegations contained in Paragraph 704 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

705.   Defendant New York Crane & Equipment Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 705 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

706.   Paragraph 706 of the Complaint asserts a legal conclusion to which no response is required.  Without waiving this objection, Defendant New York Crane & Equipment Corp. denies the allegations contained in Paragraph 706 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

707.   Paragraph 707 of the Complaint asserts a legal conclusion to which no response is required.  Without waiving this objection, Defendant New York Crane & Equipment Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 707 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

708.   The document identified or referenced in Paragraph 708 speaks for itself, and therefore no additional response is required.  Without waiving this objection, Defendant New York Crane & Equipment Corp. denies the allegations contained in Paragraph 708 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site and that at certain times New York Crane & Equipment Corp. worked for Bovis Lend Lease at the Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

709.     Defendant New York Crane & Equipment Corp. denies the allegations contained in Paragraph 709 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

710.     Defendant New York Crane & Equipment Corp. denies the allegations contained in Paragraph 710 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## NICHOLSON CONSTRUCTION COMPANY

711.     Defendant Nicholson Construction Company denies the allegations contained in Paragraph 711 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

712.     Defendant Nicholson Construction Company denies the allegations contained in Paragraph 712 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

713.     Defendant Nicholson Construction Company denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 713 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

714. Defendant Nicholson Construction Company denies the allegations contained in Paragraph 714 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

715. Defendant Nicholson Construction Company denies the allegations contained in Paragraph 715 except admits that it performed tieback installation services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

716. Defendant Nicholson Construction Company denies the allegations contained in Paragraph 716 except admits that it performed tieback installation services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

717. Defendant Nicholson Construction Company denies the allegations contained in Paragraph 717 except admits that it performed tieback installation services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site and that it hired contractors and/or subcontractors to assist with the tieback installation operation in the

aftermath of the 9/11 terrorist attacks; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

718. Defendant Nicholson Construction Company denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 718 except admits that it performed tieback installation services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site and that it hired contractors and subcontractors to assist with the tieback installation operation in the aftermath of the 9/11 terrorist attacks; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

719. Defendant Nicholson Construction Company denies the allegations contained in Paragraph 719 except admits that it performed tieback installation services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

720. Defendant Nicholson Construction Company admits the allegations contained in Paragraph 720 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

721. Defendant Nicholson Construction Company denies the allegations contained in Paragraph 721 except admits that it performed tieback installation services relating to

the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site and that at certain times Nicholson Construction Company worked for Bovis Lend Lease, Inc. at the Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

722. Defendant Nicholson Construction Company denies the allegations contained in Paragraph 722 except admits that it performed tieback installation services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

723. Defendant Nicholson Construction Company denies the allegations contained in Paragraph 723 except admits that it performed tieback installation services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## OLYMPIC PLUMBING AND HEATING

724. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 724 of the Complaint.

725. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 725 of the Complaint.

726. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 726 of the Complaint.

727. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 727 of the Complaint.

728. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 728 of the Complaint.

729. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 729 of the Complaint.

730. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 730 of the Complaint.

## PETER SCALAMANDRE & SONS

731. Defendant Peter Scalamandre & Sons, Inc. admits the allegations contained in Paragraph 731 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

732. Defendant Peter Scalamandre & Sons, Inc. admits the allegations contained in Paragraph 732 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

733. Defendant Peter Scalamandre & Sons, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 733 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

734.    Defendant Peter Scalamandre & Sons, Inc. denies the allegations contained in Paragraph 734 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

735.    Defendant Peter Scalamandre & Sons, Inc. denies the allegations contained in Paragraph 735 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

736.    Defendant Peter Scalamandre & Sons, Inc. denies the allegations contained in Paragraph 736 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

737.    Defendant Peter Scalamandre & Sons, Inc. denies the allegations contained in Paragraph 737 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

738.    Defendant Peter Scalamandre & Sons, Inc. denies the allegations contained in Paragraph 738 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site, including performing trucking and hauling services; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

739. Defendant Peter Scalamandre & Sons, Inc. denies the allegations contained in Paragraph 739 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

### PINNACLE ENVIRONMENTAL CORP.

740. Defendant Pinnacle Environmental Corp. denies the allegations contained in Paragraph 740 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

741. Defendant Pinnacle Environmental Corp. admits the allegations contained in Paragraph 741 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

742. Defendant Pinnacle Environmental Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 742 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

743. Defendant Pinnacle Environmental Corp. denies the allegations contained in Paragraph 743 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

744. Defendant Pinnacle Environmental Corp. denies the allegations contained in Paragraph 744 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and

defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

745. Defendant Pinnacle Environmental Corp. denies the allegations contained in Paragraph 745 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

746. Defendant Pinnacle Environmental Corp. denies the allegations contained in Paragraph 746 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

747. Defendant Pinnacle Environmental Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 747 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

748. The document identified or referenced in Paragraph 748 speaks for itself, and therefore no additional response is required.  Without waiving this objection, Defendant Pinnacle Environmental Corp. denies the allegations contained in Paragraph 748 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or

other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

749. The document identified or referenced in Paragraph 749 speaks for itself, and therefore no additional response is required. Without waiving this objection, Defendant Pinnacle Environmental Corp. denies the allegations contained in Paragraph 749 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

750. The document identified or referenced in Paragraph 750 speaks for itself, and therefore no additional response is required. Without waiving this objection, Defendant Pinnacle Environmental Corp. denies the allegations contained in Paragraph 750 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

751. Defendant Pinnacle Environmental Corp. denies the allegations contained in Paragraph 751 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City

and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## PLAZA CONSTRUCTION CORP.

752. Defendant Plaza Construction Corp. denies the allegations contained in Paragraph 752 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

753. Defendant Plaza Construction Corp. admits the allegations contained in Paragraph 753 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

754. Defendant Plaza Construction Corp. admits the allegations contained in Paragraph 754 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

755. Defendant Plaza Construction Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 755 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

756. Defendant Plaza Construction Corp. denies the allegations contained in Paragraph 756 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

757. Defendant Plaza Construction Corp. denies the allegations contained in Paragraph 757 of the Complaint except admits that, at the City's request, it assisted in the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, as a joint venturee of the Turner/Plaza Joint Venture, in a restricted and defined location,

limited in area and scope, under the control and direction of the City and other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

758.    Defendant Plaza Construction Corp. denies the allegations contained in Paragraph 758 of the Complaint except admits that, at the City's request, it assisted in the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, as a joint venturee of the Turner/Plaza Joint Venture, in a restricted and defined location, limited in area and scope, under the control and direction of the City and other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

759.    Defendant Plaza Construction Corp. denies the allegations contained in Paragraph 759 of the Complaint except admits that subcontractors and other companies, at the City's request, assisted in the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, as a joint venturee of the Turner/Plaza Joint Venture, in a restricted and defined location, limited in area and scope, under the control and direction of the City and other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

760.    Defendant Plaza Construction Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 760 of the Complaint except admits that, at the City's request, it assisted in the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, as a joint venturee of the Turner/Plaza Joint Venture, in a restricted and defined location, limited in area and scope, under the control and direction of the City and other authorities at the WTC Site;

all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

761. Paragraph 761 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, Defendant Plaza Construction Corp. denies the allegations contained in Paragraph 761 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

762. Paragraph 762 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, Defendant Plaza Construction Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 762 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

763. Defendant Plaza Construction Corp. denies the allegations contained in Paragraph 763 of the Complaint except admits that, at the City's request, it assisted in the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, as a joint venturee of the Turner/Plaza Joint Venture, in a restricted and defined location, limited in area and scope, under the control and direction of the City and other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

764. Defendant Plaza Construction Corp. admits the allegations contained in Paragraph 764 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

765. The document identified or referenced in Paragraph 765 speaks for itself, and therefore no additional response is required. Without waiving this objection, Defendant Plaza

Construction Corp. denies the allegations contained in Paragraph 765 of the Complaint except admits that, at the City's request, it assisted in the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, as a joint venturee of the Turner/Plaza Joint Venture, in a restricted and defined location, limited in area and scope, under the control and direction of the City and other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

766. Defendant Plaza Construction Corp. denies the allegations contained in Paragraph 766 of the Complaint except admits that, at the City's request, it assisted in the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, as a joint venturee of the Turner/Plaza Joint Venture, in a restricted and defined location, limited in area and scope, under the control and direction of the City and other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## PRO SAFETY SERVICES, LLC

767. Defendant Pro Safety Services, LLC admits the allegations contained in Paragraph 767 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

768. Defendant Pro Safety Services, LLC denies the allegations contained in Paragraph 768 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

769. Defendant Pro Safety Services, LLC admits the allegations contained in Paragraph 769 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

770. Defendant Pro Safety Services, LLC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 770 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

771. Defendant Pro Safety Services, LLC denies the allegations contained in Paragraph 771 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

772. Defendant Pro Safety Services, LLC denies the allegations contained in Paragraph 772 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

773. Defendant Pro Safety Services, LLC denies the allegations contained in Paragraph 773 of the Complaint except admits that, at the City's request, it assisted in the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

774. Defendant Pro Safety Services, LLC denies the allegations contained in Paragraph 774 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City

and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

775. Defendant Pro Safety Services, LLC denies the allegations contained in Paragraph 775 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

776. Defendant Pro Safety Services, LLC denies the allegations contained in Paragraph 776 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site and admit that Defendant Pro Safety Services, LLC was a contractor of Liberty Mutual Insurance Company; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

777. Defendant Pro Safety Services, LLC denies the allegations contained in Paragraph 777 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## **PT & L CONTRACTING CORP.**

778. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 778 of the Complaint.

779. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 779 of the Complaint.

780. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 780 of the Complaint.

781. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 781 of the Complaint.

782. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 782 of the Complaint.

783. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 783 of the Complaint.

784. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 784 of the Complaint.

785. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 785 of the Complaint.

## **REGIONAL SCAFFOLD & HOISTING CO., INC.**

786. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 786 of the Complaint.

787. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 787 of the Complaint.

788.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 788 of the Complaint.

789.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 789 of the Complaint.

790.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 790 of the Complaint.

791.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 791 of the Complaint.

792.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 792 of the Complaint.

793.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 793 of the Complaint.

794.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 794 of the Complaint.

795.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 795 of the Complaint.

796.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 796 of the Complaint.

797.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 797 of the Complaint.

798.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 798 of the Complaint.

799.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 799 of the Complaint.

800.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 800 of the Complaint.

## **ROBERT L. GEROSA, INC.**

801.    Defendant Robert L. Gerosa, Inc. denies the allegations contained in Paragraph 801 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

802.    Defendant Robert L. Gerosa, Inc. admits the allegations contained in Paragraph 802 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

803.    Defendant Robert L. Gerosa, Inc. admits the allegations contained in Paragraph 803 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

804.    Defendant Robert L. Gerosa, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 804 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

805.    Defendant Robert L. Gerosa, Inc. denies the allegations contained in Paragraph 805 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

806.    Defendant Robert L. Gerosa, Inc. denies the allegations contained in Paragraph 806 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

807.    Defendant Robert L. Gerosa, Inc. denies the allegations contained in Paragraph 807 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

808.    Defendant Robert L. Gerosa, Inc. denies the allegations contained in Paragraph 808 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

809.    Defendant Robert L. Gerosa, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 809 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

810.    Defendant Robert L. Gerosa, Inc. denies the allegations contained in Paragraph 810 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

811.    The document identified or referenced in Paragraph 811 speaks for itself, and therefore no additional response is required.  Without waiving this objection, Defendant Robert L. Gerosa, Inc. denies the allegations contained in Paragraph 811 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

812.    Defendant Robert L. Gerosa, Inc. denies the allegations contained in Paragraph 812 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## ROBERT SILMAN ASSOCIATES

813.    Defendant Robert Silman Associates, P.C. admits the allegations contained in Paragraph 813 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

814.    Defendant Robert Silman Associates, P.C. denies the allegations contained in Paragraph 814 in the form alleged, except admits that it is a professional corporation duly organized and existing pursuant to the laws of the State of New York; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

815.     Defendant Robert Silman Associates, P.C. denies the allegations contained in Paragraph 815 of the Complaint, except admits that it is a consulting structural engineering firm and, in this capacity, provides certain structural engineering services; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

816.     Defendant Robert Silman Associates, P.C. denies the allegations contained in Paragraph 816 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

817.     Defendant Robert Silman Associates, P.C. denies the allegations contained in Paragraph 817 of the Complaint except admits that it performed certain structural engineering services, including the evaluation of the structural stability of certain structures and debris piles and underground street vaults for the temporary support of cranes, relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, all in a restricted and defined location, limited in area and scope, and under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

818.     Defendant Robert Silman Associates, P.C. denies the allegations contained in Paragraph 818 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

819.     Defendant Robert Silman Associates, P.C. denies the allegations contained in Paragraph 819 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

820. Defendant Robert Silman Associates, P.C. denies the allegations contained in Paragraph 820 of the Complaint, except admits it provided certain structural engineering services on behalf of the City of New York in the aftermath of the terrorist attacks of September 11, 2001, including the evaluation of certain structural stability of existing structures and debris piles and underground street vaults for the temporary support of cranes utilized during the clean-up efforts; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

821. Defendant Robert Silman Associates, P.C. denies the allegations contained in Paragraph 821 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

822. Defendant Robert Silman Associates, P.C. denies the allegations contained in Paragraph 822 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

823. Defendant Robert Silman Associates, P.C. denies the allegations contained in Paragraph 823 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

824. Defendant Robert Silman Associates, P.C. denies the allegations contained in Paragraph 824 of the Complaint, except admits it provided certain structural engineering services on behalf of the City of New York in the aftermath of the terrorist attacks of September 11, 2001, including the evaluation of the structural stability of certain existing structures and debris piles and underground street vaults for the temporary support of cranes utilized during the clean-up efforts, in the Quadrant controlled by AMEC Construction

Management, Inc.; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

825. Defendant Robert Silman Associates, P.C. denies the allegations contained in Paragraph 825 of the Complaint, except admits in the aftermath of the terrorist attacks of September 11, 2001, it was involved in the structural assessment of certain buildings in a radius of approximately 6 blocks outside of the World Trade Center site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

826. Defendant Robert Silman Associates, P.C. denies the allegations contained in Paragraph 826 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## RODAR ENTERPRISES, INC.

827. Defendant Rodar Enterprises, Inc. admits the allegations contained in Paragraph 827 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

828. Defendant Rodar Enterprises, Inc. admits the allegations contained in Paragraph 828 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

829. Defendant Rodar Enterprises, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 829 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

830. Defendant Rodar Enterprises, Inc. denies the allegations contained in Paragraph 830 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

831. Defendant Rodar Enterprises, Inc. denies the allegations contained in Paragraph 831 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

832. Defendant Rodar Enterprises, Inc. denies the allegations contained in Paragraph 832 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

833. Defendant Rodar Enterprises, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 833 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

834. Defendant Rodar Enterprises, Inc. denies the allegations contained in Paragraph 834 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

835.    Defendant Rodar Enterprises, Inc. denies the allegations contained in Paragraph 835 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site and that at certain times Rodar Enterprises, Inc. worked for Whitney Contracting, Inc. at the Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

836.    Defendant Rodar Enterprises, Inc. denies the allegations contained in Paragraph 836 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site and that at certain times Rodar Enterprises, Inc. provided trucks and drivers for debris removal at the Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

837.    Defendant Rodar Enterprises, Inc. denies the allegations contained in Paragraph 837 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site and that at certain times Rodar Enterprises, Inc. provided trucks and drivers for debris removal at the Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

838.    Defendant Rodar Enterprises, Inc. denies the allegations contained in Paragraph 838 of the Complaint except admits that it assisted with the rescue, recovery, and debris

removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site and that at certain times Rodar Enterprises, Inc. provided trucks and drivers for debris removal at the Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## ROYAL GM, INC.

839. Defendant Royal GM, Inc. denies the allegations contained in Paragraph 839 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

840. Defendant Royal GM, Inc. admits the allegations contained in Paragraph 840 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

841. Defendant Royal GM, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 841 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

842. Defendant Royal GM, Inc. denies the allegations contained in Paragraph 842 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

843. Defendant Royal GM, Inc. denies the allegations contained in Paragraph 843 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or

other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

844.     Defendant Royal GM, Inc. denies the allegations contained in Paragraph 844 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

845.     Defendant Royal GM, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 845 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

846.     Defendant Royal GM, Inc. denies the allegations contained in Paragraph 846 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

847.     Defendant Royal GM, Inc. denies the allegations contained in Paragraph 847 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

848.     Defendant Royal GM, Inc. denies the allegations contained in Paragraph 848 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal

operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

849.     Defendant Royal GM, Inc. denies the allegations contained in Paragraph 849 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## SAB TRUCKING, INC.

850.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 850 of the Complaint.

851.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 851 of the Complaint.

852.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 852 of the Complaint.

853.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 853 of the Complaint.

854.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 854 of the Complaint.

855.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 855 of the Complaint.

856.	Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 856 of the Complaint.

857.	Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 857 of the Complaint.

858.	Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 858 of the Complaint.

859.	Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 859 of the Complaint.

860.	Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 860 of the Complaint.

861.	Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 861 of the Complaint.

862.	Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 862 of the Complaint.

863.	Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 863 of the Complaint.

864.	Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 864 of the Complaint.

## **SAFEWAY ENVIRONMENTAL CORP.**

865.	Defendant Safeway Environmental Corp. admits the allegations contained in Paragraph 865 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

866. Defendant Safeway Environmental Corp. admits the allegations contained in Paragraph 866 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

867. Defendant Safeway Environmental Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 867 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

868. Defendant Safeway Environmental Corp. denies the allegations contained in Paragraph 868 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

869. Defendant Safeway Environmental Corp. denies the allegations contained in Paragraph 869 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

870. Defendant Safeway Environmental Corp. denies the allegations contained in Paragraph 870 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

871. Defendant Safeway Environmental Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 871 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

872. Defendant Safeway Environmental Corp. denies the allegations contained in Paragraph 872 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

873. Defendant Safeway Environmental Corp. denies the allegations contained in Paragraph 873 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

874. The document identified or referenced in Paragraph 874 speaks for itself, and therefore no additional response is required. Without waiving this objection, defendant Safeway Environmental Corp. denies the allegations contained in Paragraph 874 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

875. The document identified or referenced in Paragraph 875 speaks for itself, and therefore no additional response is required. Without waiving this objection, defendant Safeway Environmental Corp. denies the allegations contained in Paragraph 875 of the

Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site, including performing asbestos abatement; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

876.    The document identified or referenced in Paragraph 876 speaks for itself, and therefore no additional response is required.  Without waiving this objection, defendant Safeway Environmental Corp. denies the allegations contained in Paragraph 876 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site, including performing asbestos abatement; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## SEASONS INDUSTRIAL CONTRACTING

877.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 877 of the Complaint.

878.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 878 of the Complaint.

879.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 879 of the Complaint.

880. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 880 of the Complaint.

881. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 881 of the Complaint.

882. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 882 of the Complaint.

883. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 883 of the Complaint.

884. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 884 of the Complaint.

885. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 885 of the Complaint.

886. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 886 of the Complaint.

887. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 887 of the Complaint.

888. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 888 of the Complaint.

889. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 889 of the Complaint.

890. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 890 of the Complaint.

891. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 891 of the Complaint.

892. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 892 of the Complaint.

893. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 893 of the Complaint.

894. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 894 of the Complaint.

### SEMCOR EQUIPMENT & MANUFACTURING CORP.

895. Defendant Semcor Equipment & Manufacturing Corporation admits the allegations contained in Paragraph 895 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

896. Defendant Semcor Equipment & Manufacturing Corporation denies the allegations contained in Paragraph 896 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

897. Defendant Semcor Equipment & Manufacturing Corporation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 897 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

898. Defendant Semcor Equipment & Manufacturing Corporation denies the allegations contained in Paragraph 898 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

899. Defendant Semcor Equipment & Manufacturing Corporation denies the allegations contained in Paragraph 899 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

900. Defendant Semcor Equipment & Manufacturing Corporation denies the allegations contained in Paragraph 900 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

901. Defendant Semcor Equipment & Manufacturing Corporation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 901 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

902. Defendant Semcor Equipment & Manufacturing Corporation denies the allegations contained in Paragraph 902 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

903. Defendant Semcor Equipment & Manufacturing Corporation denies the allegations contained in Paragraph 903 of the Complaint except admits that it assisted with the

rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

904. The document identified or referenced in Paragraph 904 speaks for itself, and therefore no additional response is required. Without waiving this objection, Defendant Semcor Equipment & Manufacturing Corporation denies the allegations contained in Paragraph 904 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site, including drilling work; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

905. The document identified or referenced in Paragraph 905 speaks for itself, and therefore no additional response is required. Without waiving this objection, Defendant Semcor Equipment & Manufacturing Corporation denies the allegations contained in Paragraph 905 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

906. Defendant Semcor Equipment & Manufacturing Corporation denies the allegations contained in Paragraph 906 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## SILVERITE CONTRACTING CORP.

907. Defendant Silverite Contracting Corporation admits the allegations contained in Paragraph 907 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

908. Defendant Silverite Contracting Corporation admits the allegations contained in Paragraph 908 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

909. Defendant Silverite Contracting Corporation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 909 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

910. Defendant Silverite Contracting Corporation denies the allegations contained in Paragraph 910 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

911. Defendant Silverite Contracting Corporation denies the allegations contained in Paragraph 911 of the Complaint except admits that it assisted with the rescue, recovery,

and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

912. Defendant Silverite Contracting Corporation denies the allegations contained in Paragraph 912 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

913. Defendant Silverite Contracting Corporation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 913 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

914. Defendant Silverite Contracting Corporation denies the allegations contained in Paragraph 914 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

915. Defendant Silverite Contracting Corporation denies the allegations contained in Paragraph 915 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

916. Defendant Silverite Contracting Corporation denies the allegations contained in Paragraph 916 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## SKIDMORE OWINGS & MERRILL, LLP

917. Defendant Skidmore Owings & Merrill, LLP admits the allegations contained in Paragraph 917 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

918. Defendant Skidmore Owings & Merrill, LLP denies the allegations contained in Paragraph 918 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

919. Defendant Skidmore Owings & Merrill, LLP denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 919 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

920. Defendant Skidmore Owings & Merrill, LLP denies the allegations contained in Paragraph 920 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC

Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

921. Defendant Skidmore Owings & Merrill, LLP denies the allegations contained in Paragraph 921 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

922. Defendant Skidmore Owings & Merrill, LLP denies the allegations contained in Paragraph 922 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

923. Defendant Skidmore Owings & Merrill, LLP denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 923 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

924. Defendant Skidmore Owings & Merrill, LLP denies the allegations contained in Paragraph 924 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

925.    Defendant Skidmore Owings & Merrill, LLP denies the allegations contained in Paragraph 925 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

926.    Defendant Skidmore Owings & Merrill, LLP denies the allegations contained in Paragraph 926 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

927.    Defendant Skidmore Owings & Merrill, LLP denies the allegations contained in Paragraph 927 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

928.    Defendant Skidmore Owings & Merrill, LLP denies the allegations contained in Paragraph 928 of the Complaint except admits that it performed structural engineering

services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

929.     Defendant Skidmore Owings & Merrill, LLP denies the allegations contained in Paragraph 929 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

930.     Defendant Skidmore Owings & Merrill, LLP denies the allegations contained in Paragraph 930 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## SIMPSON GUMPERTZ & HEGER, INC.

931.     Defendant Simpson Gumpertz & Heger, Inc. denies the allegations contained in Paragraph 931 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

932. Defendant Simpson Gumpertz & Heger, Inc. denies the allegations contained in Paragraph 932 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

933. Defendant Simpson Gumpertz & Heger, Inc. admits the allegations contained in Paragraph 933 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

934. Defendant Simpson Gumpertz & Heger, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 934 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

935. Defendant Simpson Gumpertz & Heger, Inc. denies the allegations contained in Paragraph 935 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

936. Defendant Simpson Gumpertz & Heger, Inc. denies the allegations contained in Paragraph 936 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

937. Defendant Simpson Gumpertz & Heger, Inc. denies the allegations contained in Paragraph 937 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

938. Defendant Simpson Gumpertz & Heger, Inc. denies the allegations contained in Paragraph 938 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

939. Defendant Simpson Gumpertz & Heger, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 939 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

940. Paragraph 940 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, Defendant Simpson Gumpertz & Heger, Inc. denies the allegations contained in Paragraph 940 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

941. Paragraph 941 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, Defendant Simpson Gumpertz & Heger, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 941 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

942. The document identified or referenced in Paragraph 942 speaks for itself, and therefore no additional response is required. Without waiving this objection, Defendant Simpson Gumpertz & Heger, Inc. denies the allegations contained in Paragraph 942 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control

and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

943. Defendant Simpson Gumpertz & Heger, Inc. denies the allegations contained in Paragraph 943 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site and that at certain times Simpson Gumpertz & Heger, Inc. provided engineering consultation in connection with the debris removal at the World Trade Center Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

944. Defendant Simpson Gumpertz & Heger, Inc. denies the allegations contained in Paragraph 944 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## **SURVIVAIR**

945. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 945 of the Complaint.

946.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 946 of the Complaint.

947.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 947 of the Complaint.

948.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 948 of the Complaint.

949.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 949 of the Complaint.

950.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 950 of the Complaint.

951.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 951 of the Complaint.

## **THORNTON-TOMASETTI GROUP, INC**.

952.    Defendant Thornton Tomasetti, Inc. admits the allegations contained in Paragraph 952 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

953.    Defendant Thornton Tomasetti, Inc. admits the allegations contained in Paragraph 953 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

954.    Defendant Thornton Tomasetti, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 954 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

955.  Defendant Thornton Tomasetti, Inc. denies the allegations contained in Paragraph 955 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

956.  Defendant Thornton Tomasetti, Inc. denies the allegations contained in Paragraph 956 of the Complaint except admits that, at the City's request, it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

957.  Defendant Thornton Tomasetti, Inc. denies the allegations contained in Paragraph 957 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

958.  Defendant Thornton Tomasetti, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 958 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

959.  Defendant Thornton Tomasetti, Inc. denies the allegations contained in Paragraph 959 of the Complaint except admits that, at the City's request, it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the

WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

960. Defendant Thornton Tomasetti, Inc. denies the allegations contained in Paragraph 960 of the Complaint except admits that, at the City's request, it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

961. Defendant Thornton Tomasetti, Inc. admits that it worked with Skidmore Owings & Merrill, LLP to perform structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 961 of the Complaint.

962. Defendant Thornton Tomasetti, Inc. admits that it worked with Mueser Rutledge Consulting Engineers to perform structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 962 of the Complaint.

963. Defendant Thornton Tomasetti, Inc. denies the allegations contained in Paragraph 963 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

964. Defendant Thornton Tomasetti, Inc. admits that it worked with Cantor Seinuk Group to perform structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 964 of the Complaint.

965. Defendant Thornton Tomasetti, Inc. admits that it worked with Gilsanz Murray Steficek, LLP to perform structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 965 of the Complaint.

966. Defendant Thornton Tomasetti, Inc. admits that it worked with Robert Silman Associates, P.C. to perform structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 966 of the Complaint.

967. Defendant Thornton Tomasetti, Inc. admits that it worked with Vollmer Associates to perform structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 967 of the Complaint.

968. The document identified or referenced in Paragraph 968 speaks for itself, and therefore no additional response is required. Without waiving this objection, Defendant Thornton Tomasetti, Inc. denies the allegations contained in Paragraph 968 of the Complaint except admits that, at the City's request, it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

969. The document identified or referenced in Paragraph 969 speaks for itself, and therefore no additional response is required. Without waiving this objection, Defendant Thornton Tomasetti, Inc. denies the allegations contained in Paragraph 969 of the Complaint except admits that, at the City's request, it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the

9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site. The document identified or referenced in Paragraph 969 speaks for itself, and therefore no additional response is required; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

### TORETTA TRUCKING, INC.

970. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 970 of the Complaint.

971. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 971 of the Complaint.

972. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 972 of the Complaint.

973. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 973 of the Complaint.

974. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 974 of the Complaint.

975. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 975 of the Complaint.

976. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 976 of the Complaint.

977. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 977 of the Complaint.

978. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 978 of the Complaint.

979. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 979 of the Complaint.

980. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 980 of the Complaint.

## TOTAL SAFETY CONSULTING, LLP

981. Defendant Total Safety Consulting, L.L.C. denies the allegations contained in Paragraph 981 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

982. Defendant Total Safety Consulting, L.L.C. denies the allegations contained in Paragraph 982 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

983. Defendant Total Safety Consulting, L.L.C. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 983 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

984. Defendant Total Safety Consulting, L.L.C. denies the allegations contained in Paragraph 984 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

985. Defendant Total Safety Consulting, L.L.C. denies the allegations contained in Paragraph 985 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

986.     Defendant Total Safety Consulting, L.L.C. denies the allegations contained in Paragraph 986 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

987.     Defendant Total Safety Consulting, L.L.C. denies the allegations contained in Paragraph 987 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

988.     Defendant Total Safety Consulting, L.L.C. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 988 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

989.     Defendant Total Safety Consulting, L.L.C. denies the allegations contained in Paragraph 989 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

990.     Defendant Total Safety Consulting, L.L.C. denies the allegations contained in Paragraph 990 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City

and/or other authorities at the WTC Site, including the performance of safety consultation; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

991.     Defendant Total Safety Consulting, L.L.C. denies the allegations contained in Paragraph 991 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

992.     The document identified or referenced in Paragraph 992 speaks for itself, and therefore no additional response is required.  Without waiving this objection, Defendant Total Safety Consulting, L.L.C. denies the allegations contained in Paragraph 992 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site, including the performance of safety inspections; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

993.     The document identified or referenced in Paragraph 993 speaks for itself, and therefore no additional response is required.  Without waiving this objection, Defendant Total Safety Consulting, L.L.C. denies the allegations contained in Paragraph 993 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined

location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

994. The document identified or referenced in Paragraph 994 speaks for itself, and therefore no additional response is required. Without waiving this objection, Defendant Total Safety Consulting, L.L.C. denies the allegations contained in Paragraph 994 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site, including the performance of safety training; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## TUCCI EQUIPMENT RENTAL CORP.

995. Defendant Tucci Equipment Rental Corporation denies the allegations contained in Paragraph 995 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

996. Defendant Tucci Equipment Rental Corporation admits the allegations contained in Paragraph 996 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

997. Defendant Tucci Equipment Rental Corporation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 997 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

998. Defendant Tucci Equipment Rental Corporation denies the allegations contained in Paragraph 998 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

999. Defendant Tucci Equipment Rental Corporation denies the allegations contained in Paragraph 999 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations..

1000. Defendant Tucci Equipment Rental Corporation denies the allegations contained in Paragraph 1000 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1001. Defendant Tucci Equipment Rental Corporation denies the allegations contained in Paragraph 1001 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1002. Defendant Tucci Equipment Rental Corporation denies the allegations contained in Paragraph 1002 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## ULTIMATE DEMOLITIONS HAULING/CS HAULING

1003. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1003 of the Complaint.

1004. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1004 of the Complaint.

1005. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1005 of the Complaint.

1006. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1006 of the Complaint.

1007. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1007 of the Complaint.

1008. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1008 of the Complaint.

1009. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1009 of the Complaint.

1010. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1010 of the Complaint.

1011. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1011 of the Complaint.

1012. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1012 of the Complaint.

1013. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1013 of the Complaint.

1014. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1014 of the Complaint.

## **VOLLMER ASSOCIATES, LLP**

1015. Defendant Vollmer Associates, LLP denies the allegations contained in Paragraph 1015 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.[8]

1016. Defendant Vollmer Associates, LLP denies the allegations contained in Paragraph 1016 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1017. Defendant Vollmer Associates, LLP denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1017 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1018. Defendant Vollmer Associates, LLP denies the allegations contained in Paragraph 1018 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1019. Defendant Vollmer Associates, LLP denies the allegations contained in Paragraph 1019 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the

---

[8] On April 2, 2007, Vollmer Associates LLP was acquired by Stantec Consulting Services, Inc. Accordingly, Vollmer Associates LLP is now operating as Stantec Consulting Services, Inc.

control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1020. Defendant Vollmer Associates, LLP denies the allegations contained in Paragraph 1020 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1021. Defendant Vollmer Associates, LLP denies the allegations contained in Paragraph 1021 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1022. Defendant Vollmer Associates, LLP denies the allegations contained in Paragraph 1022 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1023. Defendant Vollmer Associates, LLP denies the allegations contained in Paragraph 1023 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1024. Defendant Vollmer Associates, LLP denies the allegations contained in Paragraph 1024 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1025. Defendant Vollmer Associates, LLP denies the allegations contained in Paragraph 1025 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1026. Defendant Vollmer Associates, LLP denies the allegations contained in Paragraph 1026 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1027. Defendant Vollmer Associates, LLP denies the allegations contained in Paragraph 1027 of the Complaint except admits that it performed structural engineering services relating

to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1028.   Defendant Vollmer Associates, LLP denies the allegations contained in Paragraph 1028 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## WEEKS MARINE, INC.

1029.   Defendant Weeks Marine, Inc. admits the allegations contained in Paragraph 1029 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1030.   Defendant Weeks Marine, Inc. denies the allegations contained in Paragraph 1030 of the Complaint except admits that it does business in the State of New York; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1031.   Defendant Weeks Marine, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1031 of the Complaint; all

other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1032. Defendant Weeks Marine, Inc. denies the allegations contained in Paragraph 1032 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1033. Defendant Weeks Marine, Inc. denies the allegations contained in Paragraph 1033 of the Complaint except admits that, at the City's request, it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1034. Defendant Weeks Marine, Inc. denies the allegations contained in Paragraph 1034 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1035. Defendant Weeks Marine, Inc. denies the allegations contained in Paragraph 1035 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1036. Defendant Weeks Marine, Inc. denies the allegations contained in Paragraph 1036 of the Complaint except admits that, at the City's request, it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1037. Defendant Weeks Marine, Inc. denies the allegations contained in Paragraph 1037 of the Complaint except admits that, at the City's request, it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1038. Defendant Weeks Marine, Inc. denies the allegations contained in Paragraph 1038 of the Complaint except admits that, at the City's request, it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1039. Defendant Weeks Marine, Inc. denies the allegations contained in Paragraph 1039 of the Complaint except admits that, at the City's request, it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1040. Defendant Weeks Marine, Inc. denies the allegations contained in Paragraph 1040 of the Complaint except admits that, at the City's request, it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction

of the City and/or other authorities; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1041. Defendant Weeks Marine, Inc. denies the allegations contained in Paragraph 1041 of the Complaint except admits that, at the City's request, it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## WEIDLINGER ASSOCIATES, INC.

1042. Defendant Weidlinger Associates, Consulting Engineers, P.C. denies the allegations contained in Paragraph 1042 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1043. Defendant Weidlinger Associates, Consulting Engineers, P.C. denies the allegations contained in Paragraph 1043 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1044. Defendant Weidlinger Associates, Consulting Engineers, P.C. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1044 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1045. Defendant Weidlinger Associates, Consulting Engineers, P.C. denies the allegations contained in Paragraph 1045 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1046.  Defendant Weidlinger Associates, Consulting Engineers, P.C. denies the allegations contained in Paragraph 1046 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1047.  Defendant Weidlinger Associates, Consulting Engineers, P.C. denies the allegations contained in Paragraph 1047 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1048.  Defendant Weidlinger Associates, Consulting Engineers, P.C. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1048 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1049.  Defendant Weidlinger Associates, Consulting Engineers, P.C. denies the allegations contained in Paragraph 1049 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1050.  Defendant Weidlinger Associates, Consulting Engineers, P.C. denies the allegations contained in Paragraph 1050 of the Complaint except admits that it performed structural

engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1051. Defendant Weidlinger Associates, Consulting Engineers, P.C. denies the allegations contained in Paragraph 1051 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1052. Defendant Weidlinger Associates, Consulting Engineers, P.C. denies the allegations contained in Paragraph 1052 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1053. Defendant Weidlinger Associates, Consulting Engineers, P.C. denies the allegations contained in Paragraph 1053 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in

area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1054. Defendant Weidlinger Associates, Consulting Engineers, P.C. denies the allegations contained in Paragraph 1054 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1055. Defendant Weidlinger Associates, Consulting Engineers, P.C. denies the allegations contained in Paragraph 1055 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1056. Defendant Weidlinger Associates, Consulting Engineers, P.C. denies the allegations contained in Paragraph 1056 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the

WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## WHITNEY CONTRACTING, INC.

1057. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1057 of the Complaint.

1058. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1058 of the Complaint.

1059. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1059 of the Complaint.

1060. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1060 of the Complaint.

1061. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1061 of the Complaint.

1062. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1062 of the Complaint.

1063. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1063 of the Complaint.

1064. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1064 of the Complaint.

1065. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1065 of the Complaint.

1066. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1066 of the Complaint.

## WOLKOW BRAKER ROOFING CORP.

1067.  Defendant Wolkow-Braker Roofing Corp. denies the allegations contained in Paragraph 1067 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1068.  Defendant Wolkow-Braker Roofing Corp. admits the allegations contained in Paragraph 1068 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1069.  Defendant Wolkow-Braker Roofing Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1069 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1070.  Defendant Wolkow-Braker Roofing Corp. denies the allegations contained in Paragraph 1070 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1071.  Defendant Wolkow-Braker Roofing Corp. denies the allegations contained in Paragraph 1071 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1072.  Defendant Wolkow-Braker Roofing Corp. denies the allegations contained in Paragraph 1072 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1073.  Defendant Wolkow-Braker Roofing Corp. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1073 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1074.  Defendant Wolkow-Braker Roofing Corp. denies the allegations contained in Paragraph 1074 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1075.  Defendant Wolkow-Braker Roofing Corp. denies the allegations contained in Paragraph 1075 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site and that at certain times Wolkow-Braker Roofing Corp. patched and repaired roofs at the Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1076.  Defendant Wolkow-Braker Roofing Corp. denies the allegations contained in Paragraph 1076 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1077. Defendant Wolkow-Braker Roofing Corp. denies the allegations contained in Paragraph 1077 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1078. Defendant Wolkow-Braker Roofing Corp. denies the allegations contained in Paragraph 1078 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1079. Defendant Wolkow-Braker Roofing Corp. denies the allegations contained in Paragraph 1079 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site and that at certain times Wolkow-Braker Roofing Corp. worked for Turner Construction Company at the Site;; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## W. HARRIS & SONS, INC.

1080. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1080 of the Complaint.

1081. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1081 of the Complaint.

1082. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1082 of the Complaint.

1083. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1083 of the Complaint.

1084. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1084 of the Complaint.

1085. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1085 of the Complaint.

1086. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1086 of the Complaint.

1087. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1087 of the Complaint.

1088. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1088 of the Complaint.

1089. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1089 of the Complaint.

**WSP CANTOR SEINUK**

1090.  Defendant WSP Cantor Seinuk admits the allegations contained in Paragraph 1090 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1091.  Defendant WSP Cantor Seinuk admits the allegations contained in Paragraph 1091 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1092.  Defendant WSP Cantor Seinuk admits the allegations contained in Paragraph 1092 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1093.  Defendant WSP Cantor Seinuk admits the allegations contained in Paragraph 1093 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1094.  Defendant WSP Cantor Seinuk denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1094 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1095.  Defendant WSP Cantor Seinuk denies the allegations contained in Paragraph 1095 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1096.  Defendant WSP Cantor Seinuk denies the allegations contained in Paragraph 1096 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist

attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1097. Defendant WSP Cantor Seinuk denies the allegations contained in Paragraph 1097 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1098. Defendant WSP Cantor Seinuk denies the allegations contained in Paragraph 1098 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1099. Defendant WSP Cantor Seinuk denies the allegations contained in Paragraph 1099 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1100. Defendant WSP Cantor Seinuk denies the allegations contained in Paragraph 1100 of the Complaint except admits that it performed structural engineering services relating to

the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1101. The document identified or referenced in Paragraph 1101 speaks for itself, and therefore no additional response is required. Without waiving this objection, Defendant WSP Cantor Seinuk denies the allegations contained in the first sentence of Paragraph 1101 of the Complaint except admits that it performed structural engineering services relating to the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; Defendant WSP Cantor Seinuk denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 1101; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## YANNUZZI DEMOLITION & RECYCLING SERVICES, CORP.

1102. Defendant Yannuzzi & Sons, Inc. denies the allegations contained in Paragraph 1102 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1103. Defendant Yannuzzi & Sons, Inc. denies the allegations contained in Paragraph 1103 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1104. Defendant Yannuzzi & Sons, Inc. admits the allegations contained in Paragraph 1104 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1105. Defendant Yannuzzi & Sons, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1105 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1106. Defendant Yannuzzi & Sons, Inc. denies the allegations contained in Paragraph 1106 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1107. Defendant Yannuzzi & Sons, Inc. denies the allegations contained in Paragraph 1107 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1108. Defendant Yannuzzi & Sons, Inc. denies the allegations contained in Paragraph 1108 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1109. Defendant Yannuzzi & Sons, Inc. denies the allegations contained in Paragraph 1109 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1110. Defendant Yannuzzi & Sons, Inc. denies the allegations contained in Paragraph 1110 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1111. Defendant Yannuzzi & Sons, Inc. denies the allegations contained in Paragraph 1111 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1112. Defendant Yannuzzi & Sons, Inc. denies the allegations contained in Paragraph 1112 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City

and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## YONKERS CONTRACTING COMPANY, INC.

1113. Defendant Yonkers Contracting Company, Inc. admits the allegations contained in Paragraph 1113 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1114. Defendant Yonkers Contracting Company, Inc. admits the allegations contained in Paragraph 1114 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1115. Defendant Yonkers Contracting Company, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1115 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1116. Defendant Yonkers Contracting Company, Inc. denies the allegations contained in Paragraph 1116 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1117. Defendant Yonkers Contracting Company, Inc. denies the allegations contained in Paragraph 1117 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1118. Defendant Yonkers Contracting Company, Inc. admits the allegations contained in Paragraph 1118 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1119. Defendant Yonkers Contracting Company, Inc. denies the allegations contained in Paragraph 1119 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1120. Defendant Yonkers Contracting Company, Inc. denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1120 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1121. Defendant Yonkers Contracting Company, Inc. denies the allegations contained in Paragraph 1121 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1122. Defendant Yonkers Contracting Company, Inc. denies the allegations contained in Paragraph 1122 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site, including performing steel-cutting; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1123. Defendant Yonkers Contracting Company, Inc. denies the allegations contained in Paragraph 1123 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in

a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1124. Defendant Yonkers Contracting Company, Inc. denies the allegations contained in Paragraph 1124 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site, including providing ironworkers; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1125. Defendant Yonkers Contracting Company, Inc. denies the allegations contained in Paragraph 1125 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site, including assisting with the restoration of the Port Authority of New York and New Jersey's PATH railway system; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1126. Defendant Yonkers Contracting Company, Inc. denies the allegations contained in Paragraph 1126 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and

direction of the City and/or other authorities at the WTC Site; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1127. Defendant Yonkers Contracting Company, Inc. admits the allegations contained in Paragraph 1127 of the Complaint; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

1128. Defendant Yonkers Contracting Company, Inc. denies the allegations contained in Paragraph 1128 of the Complaint except admits that it assisted with the rescue, recovery, and debris removal operations in the aftermath of the 9/11 terrorist attacks, in a restricted and defined location, limited in area and scope, under the control and direction of the City and/or other authorities at the WTC Site, including assisting with the restoration of the Port Authority of New York and New Jersey's PATH railway system;; all other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

## YORK HUNTER CONSTRUCTION, LLC

1129. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1129 of the Complaint.

1130. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1130 of the Complaint.

1131. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1131 of the Complaint.

1132. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1132 of the Complaint.

1133. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1133 of the Complaint.

1134. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1134 of the Complaint.

1135. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1135 of the Complaint.

1136. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1136 of the Complaint.

1137. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1137 of the Complaint.

1138. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1138 of the Complaint.

1139. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1139 of the Complaint.

## ZIEGENFUSS DRILLING, INC.

1140. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1140 of the Complaint.

1141. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1141 of the Complaint.

1142. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1142 of the Complaint.

1143. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1143 of the Complaint.

1144.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1144 of the Complaint.

1145.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1145 of the Complaint.

1146.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1146 of the Complaint.

1147.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1147 of the Complaint.

1148.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1148 of the Complaint.

1149.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1149 of the Complaint.

## VI.  GENERAL ALLEGATIONS

1150.   Deny the allegations contained in Paragraph 1150 of the Complaint.

1151.   The document identified or referenced in Paragraph 1151 speaks for itself, and therefore no additional response is required.  Without waiving this objection, the Contractor defendants deny the allegations contained in Paragraph 1151 of the Complaint, except affirmatively assert that the City employed the Contractors to assist in the rescue, recovery and debris removal operations in the aftermath of the 9/11 terrorist attacks, under the control and direction of the City and other authorities at the WTC Site.

1152.   The documents identified or referenced in Paragraph 1152 speak for themselves, and therefore no additional response is required.  Without waiving this objection, the Contractor defendants deny the allegations contained in Paragraph 1152 of the

Complaint except affirmatively assert that the contractors responded to the disaster at the City's request for emergency assistance on or after September 11, 2001 under the control and direction of the City and other authorities at the WTC Site.

1153. The documents identified or referenced in Paragraph 1153 speak for themselves, and therefore no additional response is required. Without waiving this objection, the Contractor defendants deny the allegations contained in Paragraph 1153 of the Complaint.

1154. Deny the allegations contained in Paragraph 1154 of the Complaint.

1155. Deny the allegations contained in Paragraph 1155 of the Complaint, except that the Contractor defendants admit that Site access was the product of a coordinated effort between the City, New York State ("State") and Federal agencies, with each responding agency determining which of its staff should be permitted on-site. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations directed against the entities described as the "Four Prime General Contractors."

1156. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1156 of the Complaint.

1157. The documents identified or referenced in Paragraph 1157 speak for themselves, and therefore no additional response is required. Without waiving this objection, the Contractor defendants deny the allegations contained in Paragraph 1157 of the Complaint, except affirmatively assert that the contractors responded to the disaster at the City's request for emergency assistance on or after September 11, 2001 under the control and direction of the City and other authorities at the WTC Site, and that all funding for the rescue, recovery, debris removal and cleanup ultimately came from

FEMA, with the City only issuing checks upon assurance from FEMA that the City would be reimbursed. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations directed against the entities described as the "Four Prime General Contractors."

1158. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1158 of the Complaint.

1159. The documents identified or referenced in Paragraph 1159 speak for themselves, and therefore no additional response is required. Without waiving this objection, the Contractor defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1159 of the Complaint.

1160. The documents identified or referenced in Paragraph 1160 speak for themselves, and therefore no additional response is required. Without waiving this objection, Defendants deny the allegations contained in Paragraph 1160 of the Complaint.

1161. Paragraph 1161 of the Complaint asserts a legal conclusion to which no response is required. The documents identified or referenced in Paragraph 1161 speak for themselves, and therefore no additional response is required. Without waiving these objections, Defendants deny the allegations contained in Paragraph 1161 of the Complaint.

1162. Paragraph 1162 of the Complaint asserts a legal conclusion to which no response is required. The documents identified or referenced in Paragraph 1162 speak for themselves, and therefore no additional response is required. Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1162 of the Complaint.

1163. Paragraph 1163 of the Complaint asserts a legal conclusion to which no response is required. The documents identified or referenced in Paragraph 1163 speak for themselves, and therefore no additional response is required. Without waiving these objections, Defendants deny the allegations contained in Paragraph 1163 of the Complaint.

1164. Paragraph 1164 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, Defendants deny the allegations contained in Paragraph 1164 of the Complaint.

1165. The document identified or referenced in Paragraph 1165 speaks for itself, and therefore no additional response is required. Without waiving this objection, the Contractor defendants deny the allegations contained in Paragraph 1165 of the Complaint.

1166. The statement referenced in Paragraph 1166 of the Complaint is unsupported by Plaintiffs' first two citations. The document identified or referenced in the third sentence of Paragraph 1166 speaks for itself, and therefore no additional response is required. Without waiving these objections, the Contractor defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1166 of the Complaint.

1167. The documents identified or referenced in Paragraph 1167 speak for themselves, and therefore no additional response is required. The statement referenced in Paragraph 1167 of the Complaint is unsupported by Plaintiffs' citations. Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1167 of the Complaint, except for the third sentence, where the document identified or referenced speaks for itself, and therefore no additional response is required.

1168.  Paragraph 1168 of the Complaint asserts a legal conclusion to which no response is required.

1169.  The documents identified or referenced in Paragraph 1169 speak for themselves, and therefore no additional response is required.  Furthermore, Paragraph 1169  asserts a legal conclusion to which no response is required.

1170.  The documents identified or referenced in Paragraph 1170 speak for themselves, and therefore no additional response is required.  The statement referenced in Paragraph 1170 of the Complaint is unsupported by Plaintiffs' citations.  Without waiving these objections, Paragraph 1170 of the Complaint asserts a legal conclusion to which no response is required.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations directed against the entities described as the "Four Prime General Contractors."  Without waiving this objection, the Contractor defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1170 of the Complaint.

1171.  The document identified or referenced in Paragraph 1171 speaks for itself, and therefore no additional response is required.  The statement referenced in Paragraph 1171 of the Complaint is unsupported by Plaintiffs' citations with respect to the Contractor defendants.  Paragraph 1171 asserts a legal conclusion to which no response is required.  Furthermore, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations directed against the entities described as the "Four Prime General Contractors."  Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1171 of the Complaint with respect to the Contractor defendants.

1172. The document identified or referenced in Paragraph 1172 speaks for itself, and therefore no additional response is required. The statement referenced in Paragraph 1172 of the Complaint is unsupported by Plaintiffs' citations with respect to the Contractor defendants. Paragraph 1172 asserts a legal conclusion to which no response is required. Furthermore, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations directed against the entities described as the "Four Prime General Contractors." Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1172 of the Complaint with respect to the Prime Contractors.

1173. The document identified or referenced in Paragraph 1173 speaks for itself, and therefore no additional response is required. Paragraph 1173 of the Complaint asserts a legal conclusion to which no response is required. The statement referenced in Paragraph 1173 of the Complaint is unsupported by Plaintiffs' citations. Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1173 of the Complaint, except affirmatively assert that the Contractor defendants had no responsibility to enforce OSHA rules and regulations with respect to persons who were not their employees. Without waiving this objection, the Contractor defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1173 of the Complaint with respect to the "Four Prime General Contractors."

1174. The document identified or referenced in Paragraph 1174 speaks for itself, and therefore no additional response is required. Paragraph 1174 of the Complaint asserts a legal conclusion to which no response is required. The statement referenced in Paragraph

1174 of the Complaint is unsupported by Plaintiffs' citations. Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1174 of the Complaint, except affirmatively assert that the Contractor defendants had no responsibility to enforce OSHA rules and regulations with respect to persons who were not their employees. Without waiving this objection, the Contractor defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1174 of the Complaint with respect to the Prime Contractors.

1175. The document identified or referenced in Paragraph 1175 speaks for itself, and therefore no additional response is required. Paragraph 1175 of the Complaint asserts a legal conclusion to which no response is required. Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1175 of the Complaint, except to affirmatively assert that the Contractor defendants had no responsibility to enforce OSHA rules and regulations with respect to persons who were not their employees.

1176. The document identified or referenced in Paragraph 1176 speaks for itself, and therefore no additional response is required. Paragraph 1176 of the Complaint asserts a legal conclusion to which no response is required. Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1176 of the Complaint, except affirmatively assert that the Contractor defendants had no responsibility to enforce OSHA rules and regulations with respect to persons who were not their employees.

1177. The document identified or referenced in Paragraph 1177 speaks for itself, and therefore no additional response is required. Paragraph 1177 of the Complaint asserts a legal

conclusion to which no response is required. Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1177 of the Complaint, except affirmatively assert that the Contractor defendants had no responsibility to enforce OSHA rules and regulations with respect to persons who were not their employees.

1178. The document identified or referenced in Paragraph 1178 speaks for itself, and therefore no additional response is required. Paragraph 1178 of the Complaint asserts a legal conclusion to which no response is required. Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph  1178 of the Complaint, except to affirmatively assert that the Contractor defendants had no responsibility to enforce OSHA rules and regulations with respect to persons who were not their employees and that after September 24, 2001, OSHA became the lead agency for respirator fit-testing and distribution at the World Trade Center Site.

1179. The document identified or referenced in Paragraph 1179 speaks for itself, and therefore no additional response is required. Paragraph 1179 of the Complaint asserts a legal conclusion to which no response is required. The statement referenced in Paragraph 1179 of the Complaint is unsupported by Plaintiffs' citations. Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1179 of the Complaint, except affirmatively assert that the Contractor defendants had no responsibility to enforce OSHA rules and regulations with respect to persons who were not their employees. Without waiving this objection, the Contractor defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1179 of the Complaint with respect to the Prime Contractors.

1180. The document identified or referenced in Paragraph 1180 speaks for itself, and therefore no additional response is required. Paragraph 1180 of the Complaint asserts a legal conclusion to which no response is required. The statement referenced in Paragraph 1180 of the Complaint is unsupported by Plaintiffs' citations. Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1180 of the Complaint, except to affirmatively assert that the Contractor defendants had no responsibility to enforce OSHA rules and regulations with respect to persons who were not their employees.

1181. The documents identified or referenced in Paragraph 1181 speak for themselves, and therefore no additional response is required. Paragraph 1181 of the Complaint asserts a legal conclusion to which no response is required. Furthermore, the statement referenced in Paragraph 1181 of the Complaint is unsupported by Plaintiffs' citations with respect to the Contractor defendants, as all citations reference transcripts of Prime Contractor personnel. Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1181 of the Complaint and affirmatively assert that the Contractor Defendants typically had no responsibility to provide respirators to persons other than their employees, and that after September 24, 2001, OSHA became the lead agency for respirator fit-testing and distribution at the World Trade Center Site. Without waiving this objection, the Contractor defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1181 of the Complaint with respect to the Prime Contractors.

1182. The documents identified or referenced in Paragraph 1182 speak for themselves, and therefore no additional response is required. Paragraph 1182 of the Complaint asserts a

legal conclusion to which no response is required. Furthermore, the statement referenced in Paragraph 1182 of the Complaint is unsupported by Plaintiffs' first citation with respect to the Contractor defendants. Without waiving these objections, the Contractor defendants deny the allegations contained in the first sentence of Paragraph 1182 of the Complaint, except affirmatively assert that the Contractor defendants had no responsibility to enforce OSHA rules and regulations with respect to persons who were not their employees. Without waiving these objections, the Contractor defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 1182 of the Complaint with respect to the Prime Contractors.

1183. The document identified or referenced in Paragraph 1183 speaks for itself, and therefore no additional response is required. The statement referenced in Paragraph 1183 of the Complaint is unsupported by Plaintiffs' citations. Without waiving these objections, the Contractor defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1183 of the Complaint.

1184. The document identified or referenced in Paragraph 1184 speaks for itself, and therefore no additional response is required. Paragraph 1184 of the Complaint asserts a legal conclusion to which no response is required. Furthermore, the statement referenced in Paragraph 1184 of the Complaint is unsupported by Plaintiffs' citation with respect to the Contractor defendants. Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1184 of the Complaint, except affirmatively assert that the Contractor defendants had no responsibility to enforce OSHA rules and regulations with respect to persons who were not their employees.

1185.   The document identified or referenced in the third sentence of Paragraph 1185 speaks for itself, and therefore no additional response is required.  The statement referenced in Paragraph 1185 of the Complaint is unsupported by Plaintiffs' citations.  Without waiving these objections, the Contractor defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 1185 of the Complaint.

1186.   The documents identified or referenced in Paragraph 1186 speak for themselves, and therefore no additional response is required.  Paragraph 1186 of the Complaint asserts a legal conclusion to which no response is required.  Furthermore, the statement referenced in Paragraph 1186 of the Complaint is unsupported by Plaintiffs' citations with respect to the Contractor defendants, as all citations reference transcripts of Prime Contractor personnel.  Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1186 of the Complaint, except affirmatively assert that the Contractor defendants had no responsibility to enforce OSHA rules and regulations with respect to persons who were not their employees.

1187.   The documents identified or referenced in Paragraph 1187 speak for themselves, and therefore no additional response is required.  Without waiving this objection, the Contractor defendants deny the allegations contained in Paragraph 1187 of the Complaint, and affirmatively assert that FEMA had and exercised independent authority over which the Contractor defendants had no control.

1188.   The documents identified or referenced in Paragraph 1188 speak for themselves, and therefore no additional response is required.  Without waiving this objection, the

Contractor defendants deny the allegations contained in Paragraph 1188 of the Complaint.

1189. Deny the allegations contained in Paragraph 1189 of the Complaint.

1190. The documents identified or referenced in Paragraph 1190 speak for themselves and therefore no additional response is required. Without waiving this objection, the Contractor defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 1190 of the Complaint.

1191. The documents identified or referenced in Paragraph 1191 speak for themselves, and therefore no additional response is required. Without waiving this objection, the Contractor defendants deny the allegations contained in Paragraph 1191 of the Complaint.

1192. The document identified or referenced in Paragraph 1192 speaks for itself and therefore no additional response is required. The statement referenced in Paragraph 1192 of the complaint is also unsupported by Plaintiffs' citation. Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1192 of the Complaint, except admit that, to the extent the debris from the WTC had fiberglass content, these characteristics fluctuated depending on the location, date and time.

1193. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1193 of the Complaint.

### B. LACK OF WORKER SAFETY AT WORLD TRADE CENTER SITE

1194. The documents identified or referenced in Paragraph 1194 of the Complaint speak for themselves and therefore no additional response is required. The statement referenced

in Paragraph 1194 of the Complaint is unsupported by Plaintiffs' citations. Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1194 of the Complaint with respect to the Contractor defendants. Without waiving these objections, the Contractor defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 1194 of the Complaint with respect to the referenced "other defendants."

1195.  The documents identified or referenced in Paragraph 1195 of the Complaint speak for themselves and therefore no additional response is required. Without waiving this objection, the Contractor defendants deny the allegations contained in Paragraph 1195 of the Complaint, except affirmatively assert that Contractor Defendants typically had no responsibility to enforce OSHA rules and regulations with respect to persons who were not their employees, and that OSHA had agents patrolling and speaking with workers, as well as making respirators available, and OSHA always had discretion to enforce its standards.

1196.  The documents identified or referenced in Paragraph 1196 of the Complaint speak for themselves and therefore no additional response is required. The statement referenced in Paragraph 1196 of the Complaint is unsupported by Plaintiffs' citations. Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1196 of the Complaint.

1197.  The documents identified or referenced in Paragraph 1197 of the Complaint speak for themselves and therefore no additional response is required. The statement referenced in Paragraph 1197 of the Complaint is unsupported by Plaintiffs' citations. Without

waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1197 of the Complaint, except affirmatively assert that Site access was the product of a coordinated effort between the City, State and Federal agencies.

1198. The documents identified or referenced in Paragraph 1198 of the Complaint speak for themselves, and therefore no additional response is required. The statement referenced in Paragraph 1198 of the Complaint is also unsupported by Plaintiffs' citations. Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1198 of the Complaint.

1199. The documents identified or referenced in Paragraph 1199 of the Complaint speak for themselves, and therefore no additional response is required. The statement referenced in Paragraph 1199 of the Complaint is also unsupported by Plaintiffs' citations. Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1199 of the Complaint, except affirmatively assert that Contractor Defendants typically had no responsibility to enforce site safety rules and regulations or fit test and provide respirators with respect to persons who were not their employees, and that after September 24, 2001, OSHA assumed the lead role for the fit-testing and distribution of respirators at the WTC Site.

1200. Paragraph 1200 of the Complaint asserts a legal conclusion to which no response is required. The documents identified or referenced in Paragraph 1200 of the Complaint speak for themselves, and therefore no additional response is required. Furthermore, the statement in Paragraph 1200 is unsupported by Plaintiffs' citations. Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1200 of the Complaint.

1201. The documents identified or referenced in Paragraph 1201 of the Complaint speak for themselves, and therefore no additional response is required. Without waiving this objection, the Contractor defendants deny the allegations contained in Paragraph 1201 of the Complaint, with respect to the Contractor defendants. Without waiving these objections, the Contractor defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1201 of the Complaint with respect to the City of New York.

1202. The documents identified or referenced in Paragraph 1202 of the Complaint speak for themselves, and therefore no additional response is required. Without waiving this objection, the Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 1202 of the Complaint.

1203. The documents identified or referenced in Paragraph 1203 of the Complaint speak for themselves, and therefore no additional response is required. Furthermore, the statement in Paragraph 1203 is unsupported by Plaintiffs' citations with respect to the Contractor defendants. Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1203 of the Complaint, except affirmatively assert that Contractor Defendants had no responsibility to enforce site safety rules and regulations or fit test and provide respirators with respect to persons who were not their employees, and that after September 24, 2001, OSHA assumed the lead role for the fit-testing and distribution of respirators at the WTC Site. Without waiving these objections, the Contractor defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1203 of the Complaint with respect to the City of New York.

1204. The documents identified or referenced in Paragraph 1204 of the Complaint speak for themselves, and therefore no additional response is required. Furthermore, the statement in Paragraph 1204 is unsupported by Plaintiffs' citations with respect to the Contractor defendants. Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1204 of the Complaint, except affirmatively assert that Contractor Defendants typically had no responsibility to enforce site safety rules and regulations or fit test and provide respirators with respect to persons who were not their employees, and that after September 24, 2001, OSHA assumed the lead role for the fit-testing and distribution of respirators at the WTC Site. Without waiving these objections, the Contractor defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1204 of the Complaint with respect to the "Four Prime General Contractors."

1205. The documents identified or referenced in Paragraph 1205 of the Complaint speak for themselves, and therefore no additional response is required. Without waiving this objection, the Contractor defendants deny the allegations contained in Paragraph 1205 of the Complaint.

1206. The document identified or referenced in Paragraph 1206 of the Complaint speaks for itself, and therefore no additional response is required. The statement in Paragraph 1206 is unsupported by Plaintiffs' citation with respect to the Contractor defendants. Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1206 of the Complaint, except affirmatively assert that Contractor Defendants typically had no responsibility to enforce site safety rules and regulations or fit test and provide respirators with respect to persons who were not their

employees, and that after September 24, 2001, OSHA assumed the lead role for the fit-testing and distribution of respirators at the WTC Site.

1207. The statement in Paragraph 1207 is unsupported by Plaintiffs' citation with respect to the Contractor defendants. Without waiving this objection, the Contractor defendants deny the allegations contained in Paragraph 1207 of the Complaint, except affirmatively assert that Contractor Defendants typically had no responsibility to enforce site safety rules and regulations or fit test and provide respirators with respect to persons who were not their employees, and that after September 24, 2001, OSHA assumed the lead role for the fit-testing and distribution of respirators at the WTC Site. Without waiving this objection, the Contractor defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1207 of the Complaint with respect to the "Four Prime General Contractors."

1208. The document identified or referenced in Paragraph 1208 of the Complaint speaks for itself, and therefore no additional response is required. Without waiving this objection, the Contractor defendants deny the allegations contained in Paragraph 1208 of the Complaint, except affirmatively assert that Contractor Defendants typically had no responsibility to enforce site safety rules and regulations or fit test and provide respirators with respect to persons who were not their employees, and that after September 24, 2001, OSHA assumed the lead role for the fit-testing and distribution of respirators at the WTC Site. Without waiving this objection, the Contractor defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1208 of the Complaint with respect to the referenced "all other defendants."

1209. The document identified or referenced in Paragraph 1209 of the Complaint speaks for itself, and therefore no additional response is required. Furthermore, Paragraph 1209 of the Complaint asserts a legal conclusion to which no response is required. Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1209 of the Complaint.

1210. The Contractor defendants deny the allegations contained in Paragraph 1210 of the Complaint.

1211. The documents identified or referenced in Paragraph 1211 of the Complaint speak for themselves, and therefore no additional response is required. Furthermore, the statement in the fourth sentence of Paragraph 1211 is unsupported by Plaintiffs' citations with respect to the Contractor defendants. Without waiving this objection, the Contractor defendants deny the allegations contained in Paragraph 1211 of the Complaint.

1212. The Contractor defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1212 of the Complaint.

1213. The Contractor defendants deny the allegations contained in Paragraph 1213 of the Complaint.

1214. The documents identified or referenced in Paragraph 1214 speak for themselves, and therefore no additional response is required. Furthermore, the statement in Paragraph 1214 is unsupported by Plaintiffs' citations with respect to the Contractor defendants. Without waiving these objections, The Contractor defendants deny the allegations contained in Paragraph 1214 of the Complaint.

1215. Paragraph 1215 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, the Contractor defendants deny the allegations contained in Paragraph 1215 of the Complaint.

1216. Paragraph 1216 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, the Contractor defendants deny the allegations contained in Paragraph 1216 of the Complaint, except affirmatively assert that the DDC, along with other federal, state, and local authorities, directed and controlled the work and safety at the WTC site.

1217. Paragraph 1217 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, the Contractor defendants deny the allegations contained in Paragraph 1217 of the Complaint.

1218. Paragraph 1218 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, the Contractor defendants deny the allegations contained in Paragraph 1218 of the Complaint, except affirmatively assert that after September 24, 2001, OSHA assumed the lead role for the fit-testing and distribution of respirators at the WTC Site.

1219. Paragraph 1219 of the Complaint asserts a legal conclusion to which no response is required. The document identified or referenced in Paragraph 1219 of the Complaint speaks for itself, and therefore no additional response is required. Furthermore, the statement in Paragraph 1219 is unsupported by Plaintiffs' citation. Without waiving these objections, the Contractor defendants deny the allegations contained in Paragraph 1219 of the Complaint, except affirmatively assert that NYDEP conducted environmental testing in conjunction with other City, State, Federal and private entities,

with the EPA assuming the lead role. Almost all contaminants were below established levels of concern in nearly every test result.

1220. Paragraph 1220 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, the Contractor defendants deny the allegations contained in Paragraph 1220 of the Complaint, except affirmatively assert that NYDEP conducted environmental testing in conjunction with other City, State, Federal and private entities, with the EPA assuming the lead role. Almost all contaminants were below established levels of concern in nearly every test result.

1221. Paragraph 1221 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, the Contractor defendants deny the allegations contained in Paragraph 1221 of the Complaint, except affirmatively assert that NYDEP conducted environmental testing in conjunction with other City, State, Federal and private entities, with the EPA assuming the lead role. Almost all contaminants were below established levels of concern in nearly every test result. Without waiving this objection, the Contractor defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations directed against the "Four Prime General Contractors."

1222. Paragraph 1222 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, the Contractor defendants deny the allegations directed against the "Prime General Contractors."

1223. Paragraph 1223 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, the Contractor defendants deny the allegations contained in Paragraph 1223 of the Complaint, except affirmatively assert

that after September 24, 2001, OSHA assumed the lead role for the fit-testing and distribution of respirators at the WTC Site.

1224. Paragraph 1224 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, the Contractor defendants deny the allegations contained in Paragraph 1224 of the Complaint.

1225. Paragraph 1225 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, the Contractor defendants deny the allegations contained in Paragraph 1225 of the Complaint.

1226. Paragraph 1226 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, the Contractor defendants deny the allegations contained in Paragraph 1226 of the Complaint.

### C. Plaintiffs' Injuries

1227. Deny the allegations contained in Paragraph 1227 of the Complaint.

### i. CONSEQUENTIAL DAMAGES

1228. Deny the allegations contained in Paragraph 1228 of the Complaint.

### ii. FEAR OF CANCER

1229. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1229 of the Complaint.

1230. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1230 of the Complaint.

1231. Deny the allegations contained in Paragraph 1231 of the Complaint.

1232. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1232 of the Complaint.

### iii.  MEDICAL MONITORING

1233.  Deny the allegations contained in Paragraph 1233 of the Complaint.

1234.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1234 of the Complaint.

1235.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1235 of the Complaint.

1236.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1236 of the Complaint.

1237.  Deny the allegations contained in Paragraph 1237 of the Complaint.

1238.  Deny the allegations contained in Paragraph 1238 of the Complaint.

### D.  Role of the Contractor Defendants

1239.  Deny the allegations contained in Paragraph 1239 of the Complaint, except affirmatively assert the City employed the Contractor Defendants to assist in the rescue, recovery and debris removal operations in the aftermath of the 9/11 terrorist attacks, under the control and direction of the City and other authorities at the WTC Site.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1239 of the Complaint with respect to the contractual dealings between the City of New York, the DDC and the "Four Prime General Contractor defendants."

1240.  Deny the allegations contained in the first sentence of Paragraph 1240 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 1240 of the Complaint.

1241. Deny the allegations contained in Paragraph 1241 of the Complaint. Without waiving this objection, the Contractor defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations directed against the "Prime General Contractors."

1242. Deny the allegations contained in Paragraph 1242 of the Complaint, except affirmatively assert that OSHA had agents patrolling and speaking with workers, as well as making respirators available, and OSHA always had discretion to enforce its standards.

1243. Admit the allegations contained in Paragraph 1243 of the Complaint, except deny the allegations contained in subsections (a) through (f) of Paragraph 1243 of the Complaint to the extent they allege that all of the Contractors were responsible or performed site-wide safety responsibilities for all workers. The Contractor defendants also affirmatively assert that the DDC, along with other federal, state and local authorities, directed and controlled the work and safety at the WTC site, and that OSHA assumed the lead role for respirator fit-testing and distribution after September 24, 2001, OSHA had agents patrolling and speaking with workers, as well as making respirators available, OSHA always had discretion to enforce its standards, and that the DDC was the lead agency on health and safety matters at the WTC site.

1244. Deny the allegations contained in the first sentence of Paragraph 1244 of the Complaint with respect to the Contractor defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 1244 of the Complaint with respect to the "Prime General Contractor

defendants." Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 1244 of the Complaint.

1245. Paragraph 1245 of the Complaint asserts a legal conclusion to which no response is required. Without waiving this objection, the Contractor defendants deny the allegations contained in Paragraph 1245 of the Complaint.

## VIII.  CAUSES OF ACTION

### A.    AS AND FOR A FIRST CAUSE OF ACTION: PURSUANT TO THE NEW YORK STATE LABOR LAW

1246. Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 1245 as if they were set forth here in full.

1247. Deny the allegations contained in Paragraph 1247 of the Complaint.

1248. Deny the allegations contained in Paragraph 1248 of the Complaint.

1249. Deny the allegations contained in Paragraph 1249 of the Complaint.

1250. Deny the allegations contained in Paragraph 1250 of the Complaint.

1251. Deny the allegations contained in Paragraph 1251 of the Complaint.

1252. Deny the allegations contained in Paragraph 1252 of the Complaint.

### B.    AS AND FOR A SECOND CAUSE OF ACTION: PURSUANT TO LABOR LAW 241(6).

1253. Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 1252 as if they were set forth here in full.

1254. Deny the allegations contained in Paragraph 1254 of the Complaint.

1255. Deny the allegations contained in Paragraph 1255 of the Complaint.

1256. Deny the allegations contained in Paragraph 1256 of the Complaint.

1257. Deny the allegations contained in Paragraph 1257 of the Complaint.

1258. Deny the allegations contained in Paragraph 1258 of the Complaint.

1259. Deny the allegations contained in Paragraph 1259 of the Complaint.

### C. AS AND FOR A THIRD CAUSE OF ACTION: PURSUANT TO GENERAL MUNICIPAL LAW SECTION 205-A.

1260. Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 1259 as if they were set forth here in full.

1261. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1261 of the Complaint.

1262. Deny the allegations contained in Paragraph 1262 of the Complaint.

1263. Deny the allegations contained in Paragraph 1263 of the Complaint.

### D. AS AND FOR A FOURTH CAUSE OF ACTION: PURSUANT TO GENERAL MUNICIPAL LAW SECTION 205-E.

1264. Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 1263 as if they were set forth here in full.

1265. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1265 of the Complaint.

1266. Deny the allegations contained in Paragraph 1266 of the Complaint.

1267. Deny the allegations contained in Paragraph 1267 of the Complaint.

### E. AS AND FOR A FIFTH CAUSE OF ACTION: BASED UPON COMMON LAW NEGLIGENCE

1268. Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 1267 as if they were set forth here in full.

1269. Deny the allegations contained in Paragraph 1269 of the Complaint.

1270. Deny the allegations contained in Paragraph 1270 of the Complaint.

1271. Deny the allegations contained in Paragraph 1271 of the Complaint.

### F.    AS AND FOR A SIXTH CAUSE OF ACTION: FOR WRONGFUL DEATH

1272.  Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 1271 as if they were set forth here in full.

1273.  Deny the allegations contained in Paragraph 1273 of the Complaint.

1274.  Deny the allegations contained in Paragraph 1274 of the Complaint.

1275.  Deny the allegations contained in Paragraph 1275 of the Complaint.

1276.  Deny the allegations contained in Paragraph 1276 of the Complaint.

1277.  Deny the allegations contained in Paragraph 1277 of the Complaint.

1278.  Deny the allegations contained in Paragraph 1278 of the Complaint.

### G.    AS AND FOR A SEVENTH CAUSE OF ACTION: FOR THE DERIVATIVE PLAINTIFF

1279.  Defendants incorporate by reference their responses to the allegations set forth in Paragraphs 1 through 1278 as if they were set forth here in full.

1280.  Deny the allegations contained in Paragraph 1280 of the Complaint.

## SEPARATE DEFENSES

## AS AND FOR A FIRST
## SEPARATE DEFENSE

To the extent that Plaintiff is not an employee of any of the Defendants, Defendants did not owe such Plaintiff any duty.

## AS AND FOR A SECOND
## SEPARATE DEFENSE

To the extent that Plaintiff is a uniformed services personnel (e.g., FDNY, NYPD or PAPD), Defendants did not exercise any supervisory control over such Plaintiff, and thus, owed no duty to such Plaintiff.

## AS AND FOR A THIRD
## SEPARATE DEFENSE

To the extent that any Plaintiffs are governmental, municipal, utility, or other non-Prime Contractor personnel (e.g., NYC Sanitation, Con Ed, Verizon, etc.), Defendants did not exercise any supervisory control over such Plaintiff, and thus, owed no duty to such Plaintiff.

## AS AND FOR A FOURTH
## SEPARATE DEFENSE

Any and all risks, hazards, defects, and dangers to the extent alleged are of an open, obvious, apparent and inherent nature, known or should have been known to the Plaintiffs, and the risk of injuries and damages alleged to have been sustained were assumed in whole or in part by the Plaintiffs.

## AS AND FOR A FIFTH
## SEPARATE DEFENSE

Plaintiffs failed to commence the action within the applicable statute of limitations.

## AS AND FOR A SIXTH
## SEPARATE DEFENSE

Any injury alleged to have been sustained was caused or contributed to (in whole or in part) by Plaintiffs' own culpable or negligent conduct.

## AS AND FOR A SEVENTH
## SEPARATE DEFENSE

Defendants are immune under the New York State and Local Natural and Manmade Disaster Preparedness Act, N.Y. Executive Law § 25 with respect to all claims asserted against them in this action..

## AS AND FOR AN EIGHTH
## SEPARATE DEFENSE

Any and all decisions and actions challenged by Plaintiffs involved the exercise of discretion and judgment by the Defendants, its officers, agents, and employees, and the Defendants are therefore immune from suit.

## AS AND FOR A NINTH
## SEPARATE DEFENSE

To the extent that any liability is established against the Defendants, which Defendants expressly deny, Plaintiff's damages should be reduced by any collateral source payments received pursuant to New York Civil Practice Law and Rules ("CPLR") § 4545.

## AS AND FOR A TENTH
## SEPARATE DEFENSE

That any sums or consideration paid to or promised to Plaintiffs by any person(s) or corporation(s) claimed to be liable for the injuries or damages alleged in the Complaint shall reduce any judgment rendered in favor of Plaintiffs as against the Defendants to the extent of the greater of either the sums or consideration paid or promised to Plaintiffs or the amount of the released tortfeasor's(s') equitable share(s) of the damages in accordance with New York General Obligations Law § 15-108.

## AS AND FOR AN ELEVENTH
## SEPARATE DEFENSE

This action must be dismissed because Plaintiffs have failed to comply with this Court's prior Orders directed to cases consolidated under 21 MC 100.

## AS AND FOR A TWELFTH
## SEPARATE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

## AS AND FOR A THIRTEENTH
## SEPARATE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

## AS AND FOR A FOURTEENTH
## SEPARATE DEFENSE

Plaintiffs' claims are barred by the doctrines of res judicata and/or collateral estoppel.

## AS AND FOR A FIFTEENTH
## SEPARATE DEFENSE

The Defendants are immune from vicarious liability for the actions or inaction of federal, state and/or City agencies and employees, where those agencies and employees would themselves be immune from vicarious liability.

## AS AND FOR A SIXTEENTH
## SEPARATE DEFENSE

Pursuant to the Air Transportation Safety and System Stabilization Act, to the extent that Plaintiffs have submitted claims to the Victim Compensation Fund, which was created by the Air Transportation Safety and System Stabilization Act, Plaintiffs are barred from recovery in this action.

54733

## AS AND FOR A SEVENTEENTH
## SEPARATE DEFENSE

One or more of Plaintiffs' claims for relief must be dismissed because Plaintiffs have another action pending against one or more of the Defendants for the same claims for relief in this Court or another court.

## AS AND FOR AN EIGHTEENTH
## SEPARATE DEFENSE

The conditions at and around the World Trade Center site and other relevant locations about which Plaintiffs complain constituted open and obvious hazards against which the Defendants had no duty to warn.

## AS AND FOR A NINETEENTH
## SEPARATE DEFENSE

Any injuries and/or damages complained of were caused by the unforeseeable, intervening, and/or superseding acts of third parties who were not under the care, custody, control, or supervision of the Defendants and, therefore, the Defendants cannot be held liable for Plaintiffs' alleged injuries and/or damages.

## AS AND FOR A TWENTIETH
## SEPARATE DEFENSE

Plaintiffs' injuries, if any, were caused by intervening and/or superseding factors and unprecedented and such extraordinary circumstances relieve the Defendants from any liability in this action.

## AS AND FOR A TWENTY-FIRST
## SEPARATE DEFENSE

Plaintiffs failed to mitigate or otherwise act to lessen or reduce the injuries, disabilities, and damages alleged in the Complaint.

## AS AND FOR A TWENTY-SECOND
## SEPARATE DEFENSE

The allegedly injured Plaintiffs failed to take reasonable and/or adequate steps and precautions for their own safety.

## AS AND FOR A TWENTY-THIRD
## SEPARATE DEFENSE

Pursuant to CPLR § 1411, the amount of damages, if any, recoverable by Plaintiffs must be diminished in the proportion which the allegedly injured Plaintiffs' negligence, assumption of the risk and/or other culpable conduct bears on the overall culpable conduct that caused the damages.

## AS AND FOR A TWENTY-FOURTH
## SEPARATE DEFENSE

Defendants were not general contractors or owners within the meaning of the Labor Law, nor had they been delegated authority to supervise and control Plaintiff's work so as to render them "agents" within the meaning of the Labor Law.

## AS AND FOR A TWENTY-FIFTH
## SEPARATE DEFENSE

To the extent that any Plaintiff asserts claims under the New York Labor Law, such claims must be dismissed because the Labor Law is inapplicable to this action given the facts and circumstances involved in the rescue, recovery and debris removal operations at the WTC Site.

## AS AND FOR A TWENTY-SIXTH
## SEPARATE DEFENSE

To the extent that Plaintiffs assert claims against one or more of the Defendants arising under Section 200 of the New York Labor Law, such claims must be dismissed because no action or

inaction on the Defendants' part was or could be the proximate cause of the injuries alleged by Plaintiffs.

## AS AND FOR A TWENTY-SEVENTH
## SEPARATE DEFENSE

To the extent that Plaintiffs assert claims against Defendants arising under Section 241(6) of the New York Labor Law, such claims must be dismissed because no applicable rules or regulations were violated by the Defendants.

## AS AND FOR A TWENTY-EIGHTH
## SEPARATE DEFENSE

To the extent that Plaintiffs assert claims against Defendants arising under Section 241(6) of the New York Labor Law, such claims must be dismissed because any alleged violation of any of the regulations set forth in the Complaint did not proximately cause the injuries complained of.

## AS AND FOR A TWENTY-NINTH
## SEPARATE DEFENSE

To the extent that Plaintiffs assert claims against Defendants arising under Section 241(6) of the New York Labor Law, such claims must be dismissed insofar as they are based on alleged violations of rules or regulations that do not constitute a concrete or specific standard of conduct.

## AS AND FOR A THIRTIETH
## SEPARATE DEFENSE

To the extent that any Plaintiff(s) is/are entitled to a recovery in this action, which the Defendants expressly deny, Plaintiff(s) is/are limited to a single recovery of his/her/their damages and may not recover the same damages multiple times under different causes of action.

## AS AND FOR A THIRTY-FIRST
## SEPARATE DEFENSE

Plaintiffs' claims are barred by the learned intermediary doctrine.

## AS AND FOR A THIRTY-SECOND
## SEPARATE DEFENSE

To the extent that Plaintiffs are determined to be employees, special employees, and/or ad hoc employees of Defendant(s), which Defendant(s) expressly and specifically deny, this action is barred by the applicable Workers' Compensation laws.

## AS AND FOR A THIRTY-THIRD
## SEPARATE DEFENSE

To the extent that the derivative Plaintiffs' claims have not been adequately pled or to the extent that the appropriate derivative Plaintiffs (i.e., spouses) do not exist, no derivative claims can be sustained as a matter of law.

## AS AND FOR A THIRTY-FOURTH
## SEPARATE DEFENSE

Defendants are not liable to Plaintiffs to the extent that Defendants did not have sufficient control over the allegedly injury-producing work and/or environment.

## AS AND FOR A THIRTY-FIFTH
## SEPARATE DEFENSE

Defendants exercised no control over the WTC Site. Defendants did not direct or control the site, the work, safety, or personal protective equipment ("PPE") for non-employees. Defendants did not possess the authority to direct, supervise or control the activity that resulted in any non-employee plaintiff's injury. Defendants did not control the manner or methods by which any non-employee plaintiff performed his work.

## AS AND FOR A THIRTY-SIXTH
## SEPARATE DEFENSE

Plaintiffs' claims against Defendants must be dismissed and/or transferred to the extent that Plaintiffs' alleged injuries and/or damages occurred during the course of work activity that was wholly unrelated to the events of 9/11.

## AS AND FOR A THIRTY-SEVENTH
## SEPARATE DEFENSE

Plaintiffs' claims against Defendants must be dismissed because the summonses with notice filed by Plaintiffs are insufficient.

## AS AND FOR A THIRTY-EIGHTH
## SEPARATE DEFENSE

The amounts recoverable by Plaintiffs, if any, are subject to limitation pursuant to Section 1601 of the New York Civil Practice Law and Rules by reason of the conduct of other persons who are, or with reasonable diligence, could have been made party defendants to this action.

## AS AND FOR A THIRTY-NINTH
## SEPARATE DEFENSE

To the extent that this action seeks direct or derivative recovery on behalf of a firefighter or police officer for injuries suffered while serving in that capacity, the "Firefighter's Rule" bars any recovery herein by Plaintiffs.

## AS AND FOR A FORTIETH
## SEPARATE DEFENSE

Defendants are immune from suit under the New York State Defense Emergency Act, N.Y. Unconsolidated Laws § 9193.

## AS AND FOR A FORTY-FIRST
## SEPARATE DEFENSE

To the extent that it is determined that the Defendants owed any duty to Plaintiffs, which the Defendants expressly and specifically deny, the scope of any such duty is limited and circumscribed pursuant to New York's emergency doctrines.

## AS AND FOR A FORTY-SECOND
## SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A FORTY-THIRD
## SEPARATE DEFENSE

Plaintiffs have failed to join as parties in this litigation one or more persons or entities that are needed for a just and complete adjudication of the matters in controversy.

## AS AND FOR A FORTY-FOURTH
## SEPARATE DEFENSE

Defendants are entitled to derivative governmental immunity in this action.

## AS AND FOR A FORTY-FIFTH
## SEPARATE DEFENSE

Defendants did not owe a duty to Plaintiffs.

## AS AND FOR A FORTY-SIXTH
## SEPARATE DEFENSE

To the extent that it is determined that Defendants owed any duty to Plaintiffs, which Defendants expressly and specifically deny, Defendants did not breach such duty.

## AS AND FOR A FORTY-SEVENTH
## SEPARATE DEFENSE

The Complaint must be dismissed as against the Defendants due to insufficiency of process.

## AS AND FOR A FORTY-EIGHTH
## SEPARATE DEFENSE

To the extent that the claims Plaintiffs assert are inconsistent and/or contradict each other, such claims are barred.

## AS AND FOR A FORTY-NINTH
## SEPARATE DEFENSE

Although the Defendants expressly deny that any one or more of them took any action or failed to take any action following the 9/11 attacks for which any one or more of them might properly be held liable for Plaintiffs' claimed injuries, to the extent that any of the Defendants are found to have taken any such action(s) or failed to take any such action(s), Defendants are immune from suit for those actions or inactions performed under the direction and control of federal agencies, pursuant to the federal official immunity doctrine under the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § § 5121, et seq.

## AS AND FOR A FIFTIETH
## SEPARATE DEFENSE

Although the Defendants specifically deny that any one or more of them took any action or failed to take any action following the 9/11 attacks for which any one or more of them might properly be held liable for Plaintiffs' claimed injuries, to the extent that any of the Defendants are found to have taken any such actions or failed to take any such actions, all such actions or inactions were taken in performance of discretionary governmental functions undertaken by EPA, OSHA and/or other federal, state or city agencies and employees; and, therefore, the Defendants are immune from suit for those actions or inactions pursuant to federal common law and/or New York State common law.

## AS AND FOR A FIFTY-FIRST
## SEPARATE DEFENSE

To the extent that Plaintiffs seek to impose liability upon the Defendants based upon any alleged violation of any statute, regulation or other law, no such liability may be founded on any statute, regulation or other law that did not impose a duty or obligation upon the specific Defendant under the factual circumstances presented relevant to this action.

## AS AND FOR A FIFTY-SECOND
## SEPARATE DEFENSE

To the extent that Plaintiffs seek to impose liability upon the Defendants based upon any alleged violation of any statute, regulation or other law, no such liability may be founded on any statute, regulation or other law that does not apply to the specific Defendant against which it is alleged.

## AS AND FOR A FIFTY-THIRD
## SEPARATE DEFENSE

To the extent that Plaintiffs seek to impose liability upon the Defendants based upon any alleged violation of any statute, regulation or other law, no such liability may be founded on any statute, regulation or other law that does not regulate the conduct of any category or categories of persons or entities to which the specific Defendant(s) belongs(ed).

## AS AND FOR A FIFTY-FOURTH
## SEPARATE DEFENSE

To the extent that any one or more of the Defendants is found to have owed a duty to Plaintiffs, which Defendants specifically deny, each of the Defendants acted reasonably under the circumstances and complied with all applicable statutes, regulations, codes, and industry standards.

## AS AND FOR A FIFTY-FIFTH
## SEPARATE DEFENSE

Plaintiffs' claims against the Defendants must be dismissed because subsequent to the terrorist attacks of 9/11 and on the date(s) of Plaintiffs' alleged injuries, none of the Defendants directed, supervised, controlled, authorized or consented to any of the work that allegedly resulted in the claimed injuries.

## AS AND FOR A FIFTY-SIXTH
## SEPARATE DEFENSE

Plaintiffs' claims against the Defendants must be dismissed because Plaintiffs' alleged injuries were not caused by someone or something under exclusive control of any one or more of the Defendants.

## AS AND FOR A FIFTY-SEVENTH
## SEPARATE DEFENSE

Defendants did not create any defect and/or unsafe condition on the property at issue.

## AS AND FOR A FIFTY-EIGHTH
## SEPARATE DEFENSE

None of the Defendants had actual or constructive notice of any defect and/or unsafe condition on the property at issue.

## AS AND FOR A FIFTY-NINTH
## SEPARATE DEFENSE

To the extent that the Defendants are deemed to have actual knowledge of any defect and/or unsafe condition on the property, which the Defendants expressly deny, the Defendants acted reasonably under all the circumstances with respect to any such defect and/or unsafe condition.

## AS AND FOR A SIXTIETH
## SEPARATE DEFENSE

To the extent that any of the Defendants is found to have actual or constructive notice of any defect or unsafe condition on the property at issue, that Defendant did not have the opportunity prior to the time of Plaintiffs' claimed injuries to remediate or ameliorate any such defect and/or unsafe condition on the property in question before Plaintiffs' claimed injuries occurred.

## AS AND FOR A SIXTY-FIRST
## SEPARATE DEFENSE

The alleged injuries and/or damages complained of were not proximately caused by any negligence or culpable conduct on the part of any of the Defendants, their agents, or their employees.

## AS AND FOR A SIXTY-SECOND
## SEPARATE DEFENSE

Any injuries and/or damages sustained by Plaintiffs were caused solely by the actions or inactions of persons or entities for whose conduct the Defendants are not legally responsible.

## AS AND FOR A SIXTY-THIRD
## SEPARATE DEFENSE

To the extent that Plaintiffs were hired to mitigate, remediate and/or eliminate the same hazard that Plaintiffs claim caused the alleged injuries, Plaintiffs cannot recover for injuries caused by the same hazard.

## AS AND FOR A SIXTY-FOURTH
## SEPARATE DEFENSE

To the extent that Plaintiffs were not lawfully on the premises at which Plaintiffs claim to have been injured, Plaintiffs cannot recover from the Defendants for the claimed injuries.

## AS AND FOR A SIXTY-FIFTH
## SEPARATE DEFENSE

Plaintiffs have not suffered any compensable injury.

## AS AND FOR A SIXTY-SIXTH
## SEPARATE DEFENSE

Plaintiffs' alleged damages are speculative, uncertain and/or contingent, have not accrued, and are not recoverable.

## AS AND FOR A SIXTY-SEVENTH
## SEPARATE DEFENSE

Plaintiffs' alleged injuries were caused directly, solely and proximately by idiosyncrasies, sensitivities and other reactions peculiar to the allegedly injured Plaintiffs and not found among the general public.

## AS AND FOR A SIXTY-EIGHTH
## SEPARATE DEFENSE

Any injuries and/or damages sustained by Plaintiffs were caused, in whole or in part, by the allegedly injured Plaintiffs' failure to exercise caution, reasonable and ordinary care and/or vigilance under the circumstances.

## AS AND FOR A SIXTY-NINTH
## SEPARATE DEFENSE

Any recovery by Plaintiffs for the injuries alleged is barred, in whole or in part, by the allegedly injured Plaintiffs' failure to use appropriate safety devices made available to them by the DDC, OSHA, Plaintiffs' Employers, and/or other Defendants that would have reduced or prevented their alleged injuries.

## AS AND FOR A SEVENTIETH
## SEPARATE DEFENSE

The negligence of the allegedly injured Plaintiffs and/or their employer(s) proximately caused the claimed injuries and damages, and, if Plaintiffs are entitled to damages from any of the Defendants, which Defendants specifically deny, any amount recovered from any of the Defendants must be reduced by the Workers' Compensation payments received by Plaintiffs.

## AS AND FOR A SEVENTY-FIRST
## SEPARATE DEFENSE

In accordance with CPLR Article 16, if the liability of any of the Defendants is found to be 50% or less of the total liability assigned to all persons liable, that Defendant's liability to Plaintiffs for noneconomic loss shall not exceed that Defendant's equitable share determined in accordance with the relative culpability of each person or entity causing or contributing to the total liability for non-economic loss. Plaintiffs are not entitled to any of the exceptions to Article 16 of the New York Civil Practice Law and Rules, which are enumerated in Section 1602 of the New York Civil Practice Law and Rules.

## AS AND FOR A SEVENTY-SECOND
## SEPARATE DEFENSE

To the extent that Plaintiffs seek recovery from any one or more of the Defendants for medical monitoring damages, such damages may not be awarded to Plaintiffs in the absence of the clinically-demonstrable presence in the allegedly injured Plaintiffs' bodies of a toxin for which the Court determines that Defendant is responsible or of some other indication of a disease currently suffered by the allegedly injured Plaintiffs that was induced by a toxin to which the Court determines the Plaintiff would not have been exposed absent the intentional or negligent conduct of the Defendant or Defendants.

## AS AND FOR A SEVENTY-THIRD
## SEPARATE DEFENSE

To the extent that Plaintiffs seek recovery of damages from any one or more of the Defendants arising from the allegedly injured Plaintiffs' claimed fear of developing cancer, such damages may not be awarded to Plaintiffs in the absence of the clinically-demonstrable presence in the allegedly injured Plaintiffs' bodies of a toxin for which the Court determines that Defendant is responsible or of some other indication of a disease currently suffered by the allegedly injured Plaintiffs that was induced by a toxin to which the Court determines the Plaintiff would not have been exposed absent the intentional or negligent conduct of the Defendant or Defendants.

## AS AND FOR A SEVENTY-FOURTH
## SEPARATE DEFENSE

To the extent that Plaintiffs were present on the premise(s) at which they allege to have suffered their claimed injuries in any capacity or status other than an employee engaged to perform the alleged work, Plaintiffs were not members of the class of persons that the New York Labor Law was enacted to protect, and, thus, cannot recover damages for their claimed injuries under any provision of the New York Labor Law, including § § 200 and 241(6).

## AS AND FOR A SEVENTY-FIFTH
## SEPARATE DEFENSE

To the extent that Plaintiffs assert claims against the Defendants arising under Section 200 of the New York Labor Law, such claims must be dismissed because none of the Defendants actually authorized or authorized by operation of law the activities on the property that allegedly caused Plaintiffs' injuries.

## AS AND FOR A SEVENTY-SIXTH
## SEPARATE DEFENSE

To the extent Plaintiffs assert claims against the Defendants under Section 200 of the New York Labor Law, such claims must be dismissed because none of the Defendants exercised supervision or control over the activities alleged to have caused Plaintiffs' injuries.

## AS AND FOR A SEVENTY-SEVENTH
## SEPARATE DEFENSE

To the extent that Plaintiffs assert claims against the Defendants arising under Section 241(6) of the New York Labor Law, such claims must be dismissed because none of the Defendants actually authorized or authorized by operation of law the activities on the property that allegedly caused Plaintiffs' injuries.

## AS AND FOR A SEVENTY-EIGHTH
## SEPARATE DEFENSE

To the extent that Plaintiffs assert claims against the Defendants arising under the New York General Municipal Law, such claims must be dismissed because Defendants did not violate any applicable laws, statutes, regulations, or rules.

## AS AND FOR A SEVENTY-NINTH
## SEPARATE DEFENSE

To the extent that Plaintiffs assert claims against the Defendants arising under the New York General Municipal Law, such claims must be dismissed because any alleged violation of any of the regulations set forth in the Complaint did not proximately cause the injuries alleged.

## AS AND FOR AN EIGHTIETH
## SEPARATE DEFENSE

Defendants are not liable to the extent that Plaintiffs were present at the property at issue as volunteers or in some other non-employment-related capacity.

### AS AND FOR AN EIGHTY-FIRST
### SEPARATE DEFENSE

To the extent that Plaintiffs assert claims against the Defendants under Section 241(6) of the New York Labor Law based upon violations of any rules or regulations that regulated only the conduct of any category or categories of persons or entities to which the Defendants did not and do not belong, such claims must be dismissed as against each of the Defendants.

### AS AND FOR AN EIGHTY-SECOND
### SEPARATE DEFENSE

To the extent that Plaintiffs assert any claims against Defendants arising under Section 241(6) of the New York Labor Law, such claims must be dismissed because Plaintiffs did not engage in construction, demolition or excavation work, as defined in the applicable regulations at the time of their alleged injuries for which the Defendants are claimed to be responsible and as required to receive the benefit of that statute.

### AS AND FOR AN EIGHTY-THIRD
### SEPARATE DEFENSE

To the extent that Plaintiffs assert any claims against Defendants arising under Section 241(6) of the New York Labor Law, such claims must be dismissed insofar as they rely and are based upon regulations or statutes not set forth within, or incorporated into, Part 23 of 12 N.Y. Comp. Codes R. & Regs.

### AS AND FOR AN EIGHTY-FOURTH
### SEPARATE DEFENSE

To the extent that Plaintiffs assert claims against Defendants arising under Section 241(6) of the New York Labor Law, such claims must be dismissed insofar as they rely and are based upon rules or regulations that are factually inapposite to the circumstances allegedly giving rise to Plaintiffs' claimed injuries.

## AS AND FOR AN EIGHTY-FIFTH
## SEPARATE DEFENSE

Plaintiffs' Labor Law Section 241(6) claims must be dismissed because Plaintiffs have failed to allege in the Complaint the violation of any regulation upon which such Section 241(6) liability could rest.

## AS AND FOR AN EIGHTY-SIXTH
## SEPARATE DEFENSE

To the extent that Plaintiffs assert claims against the Defendants arising under the New York General Municipal Law, such claims must be dismissed insofar as they seek recovery based upon supposed violations of any laws, statutes, rules or regulations that do not apply to any of the Defendants.

## AS AND FOR AN EIGHTY-SEVENTH
## SEPARATE DEFENSE

To the extent that Plaintiffs assert claims against the Defendants arising under the New York General Municipal Law, such claims must be dismissed because the right of action established by certain provisions of the General Municipal Law does not extend to the recovery of damages for injuries suffered during the demolition of a building(s) or during debris removal from a collapsed or condemned building(s).

## AS AND FOR AN EIGHTY-EIGHTH
## SEPARATE DEFENSE

To the extent that Plaintiffs assert claims against the Defendants arising under the New York General Municipal Law, such claims must be dismissed insofar as they are founded upon alleged violations of any statute, law, rule or regulation arising from alleged defects on the property at issue that the Defendants were unable to detect or remedy prior to the claimed exposure(s) that purportedly gave rise to Plaintiffs' alleged injuries.

## AS AND FOR AN EIGHTY-NINTH
## SEPARATE DEFENSE

To the extent that Plaintiffs assert claims against the Defendants arising under the New York General Municipal Law, such claims must be dismissed insofar as they are founded upon alleged violations of any statute, law, rule or regulation that is not related to the safety, condition or maintenance of the property at issue (*e.g.*, laws, statutes, regulations, or rules related to the availability or utility of respiratory protection).

## AS AND FOR A NINETIETH
## SEPARATE DEFENSE

To the extent that Plaintiffs assert claims against the Defendants arising under the New York General Municipal Law, such claims must be dismissed insofar as they seek recovery for alleged violations of any statutes, laws, rules or regulations that regulated only the conduct of a category or categories of persons or entities to which Defendants did not and do not belong.

## AS AND FOR A NINETY-FIRST
## SEPARATE DEFENSE

To the extent that Plaintiffs assert claims against the Defendants arising under the New York General Municipal Law, such claims must be dismissed insofar as they are founded upon alleged common law duties not codified in a law, statute, regulation, or rule enacted by a governmental entity of the State of New York.

## AS AND FOR A NINETY-SECOND
## SEPARATE DEFENSE

To the extent that Plaintiffs assert claims against the Defendants arising under the New York General Municipal Law, such claims must be dismissed insofar as they are based on alleged violations of laws, statutes, regulations, or rules that do not mandate the performance or nonperformance of specific acts.

## AS AND FOR A NINETY-THIRD
## SEPARATE DEFENSE

To the extent that Plaintiffs assert claims against the Defendants arising under the New York General Municipal Law, such claims must be dismissed insofar as they fail to specify the precise laws, statutes, regulations, or rules allegedly violated by each of the Defendants that allegedly gave rise to Plaintiffs' claimed injuries.

## AS AND FOR A NINETY-FOURTH
## SEPARATE DEFENSE

To the extent that Plaintiffs assert claims against the Defendants arising under the New York General Municipal Law § 25-a or § 25-e, those provisions are inapplicable to this action because the Plaintiffs' alleged injuries were not sustained as the result of an "accident" as required under the statute.

## AS AND FOR A NINETY-FIFTH
## SEPARATE DEFENSE

Plaintiffs do not have standing to bring a wrongful death claim on behalf of their purported decedents.

## AS AND FOR A NINETY-SIXTH
## SEPARATE DEFENSE

The conditions precedent to the maintenance of a wrongful death claim have not been satisfied.

## AS AND FOR A NINETY-SEVENTH
## SEPARATE DEFENSE

Plaintiffs' decedents' death was caused, in whole or in part, by Plaintiffs' decedents' own culpable or negligent conduct.

## AS AND FOR A NINETY-EIGHTH
## SEPARATE DEFENSE

Plaintiffs have suffered no economic loss as a result of the death of their decedents.

## AS AND FOR A NINETY-NINTH
## SEPARATE DEFENSE

To the extent Plaintiffs attempt to found a wrongful death claim against any of the Defendants based on the concept of "strict liability," no facts are alleged in the Complaint that would support imposition of strict liability.

## AS AND FOR A ONE HUNDREDTH
## SEPARATE DEFENSE

Any and all of the Defendants' actions to respond to and recover from the 9/11 terrorist attacks were undertaken in good faith and involved matters and decisions for which the Defendants have immunity from suit, and, accordingly, Plaintiffs are not entitled to the relief sought or to recover any damages from the Defendants.

## AS AND FOR A ONE HUNDRED FIRST
## SEPARATE DEFENSE

Plaintiffs do not have the standing, capacity or authority to bring this action, in whole or in part.

## AS AND FOR A ONE HUNDRED SECOND
## SEPARATE DEFENSE

As a matter of law, Plaintiffs' loss of consortium claims are barred to the extent that the alleged injuries pre-date the date of Plaintiffs' marriages.

## AS AND FOR A ONE HUNDRED THIRD
## SEPARATE DEFENSE

Any injuries and/or damages sustained by Plaintiffs were the direct result of Plaintiffs' deliberate misuse of the personal protective equipment supplied to Plaintiffs.

## AS AND FOR A ONE HUNDRED FOURTH
## SEPARATE DEFENSE

Any injuries and/or damages sustained by Plaintiffs were proximately caused by Plaintiffs' unauthorized alteration of the personal protective equipment, including the use of respirators, at issue.

## AS AND FOR A ONE HUNDRED FIFTH
## SEPARATE DEFENSE

Any recovery by Plaintiffs for the injuries alleged is barred, in whole or in part, by the allegedly injured Plaintiffs' misuse of appropriate safety devices made available to them that would have reduced or prevented their alleged injuries.

## AS AND FOR A ONE HUNDRED SIXTH
## SEPARATE DEFENSE

Plaintiffs contributed to their injuries by the use and/or misuse, either in whole or in part, of other products, substances, drugs and/or medications, including, but not limited to, any tobacco products.

## AS AND FOR A ONE HUNDRED SEVENTH
## SEPARATE DEFENSE

Plaintiffs' significant pre-existing medical conditions and/or injuries caused their alleged damages, injuries, and/or losses.

## AS AND FOR A ONE HUNDRED EIGHTH
## SEPARATE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## AS AND FOR A ONE HUNDRED NINTH
## SEPARATE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## AS AND FOR A ONE HUNDRED TENTH
## SEPARATE DEFENSE

Any injuries and/or damages sustained by the Plaintiffs were the direct result of the Plaintiffs' recalcitrance in refusing and/or failing to use and/or utilize safety equipment, devices, personal protective equipment, instruction and training.

## AS AND FOR A ONE HUNDRED ELEVENTH
## SEPARATE DEFENSE

Even if Plaintiffs' alleged injuries are the result of actions or omissions by the Defendants, which Defendants expressly deny, all of Plaintiffs' claims are barred under the doctrine of impossibility as a result of the physical conditions and circumstances at the WTC Site and other work locations specified in the Complaint.

## AS AND FOR A ONE HUNDRED TWELFTH
## SEPARATE DEFENSE

Even if Plaintiffs' alleged injuries are the result of actions or omissions by the Defendants, which Defendants expressly deny, all of Plaintiffs' claims are barred under the doctrine of impracticability as a result of the physical conditions and circumstances at the WTC Site and other work locations specified in the Complaint.

## AS AND FOR A ONE HUNDRED THIRTEENTH
## SEPARATE DEFENSE

Plaintiffs' claims are barred by the sophisticated user doctrine (also known as the knowledgeable user doctrine).

## AS AND FOR A ONE HUNDRED FOURTEENTH
## SEPARATE DEFENSE

To the extent that Plaintiffs assert claims arising under New York General Municipal Law § 205-a or § 205-e, such claims must be dismissed because Plaintiffs have failed to allege that the Plaintiffs (or Plaintiffs' decedents) are/were firefighters or police officers.

## AS AND FOR A ONE HUNDRED FIFTEENTH
## SEPARATE DEFENSE

To the extent that Plaintiffs assert claims arising under New York General Municipal Law § 205-a or § 205-e, such claims must be dismissed unless Plaintiffs (or Plaintiffs' decedents) are/were firefighters or police officers because Plaintiffs are/were not members of the class of persons protected by the statute and upon whom the statute confers a right of action.

## AS AND FOR A ONE HUNDRED SIXTEENTH
## SEPARATE DEFENSE

Sections 205, 205-a, and/or 205-e of the New York General Municipal Law are inapplicable to this action as respects the Defendants.

## AS AND FOR A ONE HUNDRED SEVENTEENTH
## SEPARATE DEFENSE

Defendants are immune from suit under the New York State and Local Natural Disaster and Man-Made Disaster Preparedness Law, N.Y. Executive Law §§ 20-29-g (McKinney 2002).

## AS AND FOR A ONE HUNDRED EIGHTEENTH
## SEPARATE DEFENSE

Plaintiffs' claims are barred by contributory negligence and comparative fault.

## AS AND FOR A ONE HUNDRED NINETEENTH
## SEPARATE DEFENSE

Plaintiffs' claims are barred by assumption of the risk.

## AS AND FOR A ONE HUNDRED TWENTIETH
## SEPARATE DEFENSE

Upon information and belief, the injuries and damages alleged to have been sustained by Plaintiffs were not reasonably foreseeable.

## AS AND FOR A ONE HUNDRED TWENTY-FIRST
## SEPARATE DEFENSE

To the extent that Plaintiffs were not directly employed by any of the Defendants, such Plaintiffs were not under the Defendants' supervision, direction, or control.

## AS AND FOR A ONE HUNDRED TWENTY-SECOND
## SEPARATE DEFENSE

Defendants are not liable to Plaintiffs to the extent that the locations where Plaintiffs' injuries allegedly occurred were not areas where Defendants worked at the relevant times.

## AS AND FOR A ONE HUNDRED TWENTY-THIRD
## SEPARATE DEFENSE

Defendants are not liable for Plaintiffs' alleged injuries which were caused by allegedly harmful substances manufactured, sold, and distributed by others.

## AS AND FOR A ONE HUNDRED TWENTY-FOURTH
## SEPARATE DEFENSE

The New York State Labor Laws as alleged in the Complaint are inapplicable to this action with respect to Defendants.

## AS AND FOR A ONE HUNDRED TWENTY-FIFTH
## SEPARATE DEFENSE

At all times during the conduct of its operations, the agents, servants, and/or employees of the Defendants used proper methods in the conduct of their operations, in conformity to the available scientific and industrial knowledge.

## AS AND FOR A ONE HUNDRED TWENTY-SIXTH
## SEPARATE DEFENSE

To the extent that Plaintiffs are found to have been exposed to harmful substances at the World Trade Center site and related locations, which Defendants expressly deny, such exposure was only brief and not substantial, minimal in nature, and not the cause of any conditions or illnesses allegedly suffered by Plaintiffs.

## AS AND FOR A ONE HUNDRED TWENTY-SEVENTH
## SEPARATE DEFENSE

If it is determined that Plaintiffs were injured as set forth in the Complaint, which Defendants expressly and specifically deny, Defendants allege that such hardship is outweighed by the convenience and public service rendered by Defendants' actions.

## AS AND FOR A ONE HUNDRED TWENTY-EIGHTH
## SEPARATE DEFENSE

Plaintiffs' claims are barred because local, state, and federal authorities and agencies have mandated, directed, approved, and/or ratified the alleged actions or omissions of Defendants.

## AS AND FOR A ONE HUNDRED TWENTY-NINTH
## SEPARATE DEFENSE

Plaintiffs' claims against Defendants must be dismissed because no applicable statutes, laws, rules, or regulations were violated by Defendants.

## AS AND FOR A ONE HUNDRED THIRTIETH
## SEPARATE DEFENSE

The Defendants are not liable for the Plaintiffs' alleged injuries, including but not limited to those that occurred while the World Trade Center Site was a search, rescue, recovery, and debris removal operation, a crime scene, and/or a federal, state and/or City emergency disaster response scene.

## AS AND FOR A ONE HUNDRED THIRTY-FIRST
## SEPARATE DEFENSE

Upon information and belief, Plaintiffs disregarded warnings, safety measures, and training, and refused to utilize safety equipment that was available to them. Therefore, Plaintiffs recoverable damages shall be diminished by the proportion to which the same disregard of warnings, safety measures, and training attributed to Plaintiffs bears to the conduct which caused and/or contributed to the alleged damages or injuries.

## AS AND FOR A ONE HUNDRED THIRTY-SECOND
## SEPARATE DEFENSE

Defendants reserve the right to adopt any defenses raised by other defendants in this case.

## AS AND FOR A ONE HUNDRED THIRTY-THIRD
## SEPARATE DEFENSE

To the extent that claims against Defendants are Maritime related, Defendants' liability is limited by 46 U.S.C. App. § 183.

## AS AND FOR A ONE HUNDRED THIRTY-FOURTH
## SEPARATE DEFENSE

To the extent that the Defendants have any property interest in any part of the named location, such property interest or interests were confined to a leasehold or leaseholds; accordingly, because the Defendants' leasehold interest(s) were out-of-possession to those interests at the time

of all relevant events alleged in the Complaint, Plaintiffs' claims against the Defendants must be dismissed.

## AS AND FOR A ONE HUNDRED THIRTY-FIFTH
## SEPARATE DEFENSE

Any recovery by Plaintiffs for the injuries alleged is barred, in whole or in part, by the allegedly injured Plaintiffs' failure to use appropriate safety devices made available to them that would have reduced or prevented their alleged injuries.

## AS AND FOR A ONE HUNDRED THIRTY-SIXTH
## SEPARATE DEFENSE

Any recovery by Plaintiffs for the injuries alleged is barred, in whole or in part, by the allegedly injured Plaintiffs' misuse of appropriate safety devices made available to them that would have reduced or prevented their alleged injuries.

## AS AND FOR A ONE HUNDRED THIRTY-SEVENTH
## SEPARATE DEFENSE

To the extent that Plaintiffs assert claims against the Defendants arising under the New York Labor Law or General Municipal Law, any such claims must be dismissed because any property interest in any part of the specific location held by the Defendants was confined to an out-of-possession leasehold interest at the time of all relevant events alleged in the Complaint.

## AS AND FOR A ONE HUNDRED THIRTY-EIGHTH
## SEPARATE DEFENSE

To the extent that Plaintiffs assert claims against the Defendants arising under Section 200 of the New York Labor Law, such claims must be dismissed because the Defendants did not owe any duty to the allegedly injured Plaintiffs.

## AS AND FOR A ONE HUNDRED THIRTY-NINTH
## SEPARATE DEFENSE

To the extent that any of Plaintiffs' allegations may involve claims related to qualifying vessels, or if it is determined that the City is the owner of a seagoing vessel, the City's contractors, agents, employees, subcontractors, or volunteers working for it, claim the benefits of the Limitation of Liability Act, 46 U.S.C. app. § § 181, et seq.

## AS AND FOR A ONE HUNDRED FORTIETH
## SEPARATE DEFENSE

Plaintiff(s) were recalcitrant workers as a result of their refusal to use and/or utilize safety equipment, devices, instruction and training.

## AS AND FOR A ONE HUNDRED FORTY-FIRST
## SEPARATE DEFENSE

Some or all of the Defendants were off site and/or had substantially completed their work at the time the Plaintiffs claim to have worked, been exposed, or sustained injury relating to the WTC project and, therefore, may not be liable to Plaintiffs as a matter of law.

## AS AND FOR A ONE HUNDRED FORTY-SECOND
## SEPARATE DEFENSE

To the extent that any claim or defense to that claim is raised herein and is made relevant or is impacted by the non-payment of services rendered herein by the Prime Contractors by the City of New York, the Prime Contractors reserve their rights to assert this non-payment or any related defense thereto or to affirmative prosecute a claim therefore

## AS AND FOR A ONE HUNDRED FORTY-THIRD
## SEPARATE DEFENSE

The defendants are not liable for the Plaintiffs alleged injuries because during the rescue, recovery, and debris removal operations, the WTC site was an emergency, disaster scene of unprecedented, extraordinary circumstances.

## AS AND FOR A ONE HUNDRED FORTY-FOURTH
## SEPARATE DEFENSE

Defendants expressly reserve the right to contest the applicability of the limitations of liability set out in the Air Transportation Safety and System Stabilization Act, 49 U.S.C. s.40101 (2002), whether under Sections 408(a)(1) , 408(a)(3) or otherwise, to any of the claims asserted, or that may be asserted, in this case or any other litigation or proceeding related to the rescue, recovery and debris removal operations at the WTC site.  In the event, however, that any such limitations of liability are found to apply to any of the claims asserted, or that may be asserted, by the plaintiffs in this case, such limitations of liability would operate to limit Defendants' liability.

## AS AND FOR A ONE HUNDRED FORTY-FIFTH
## SEPARATE DEFENSE

Upon information and belief, one or more of the Plaintiffs' alleged injuries pre-date the terrorist attacks on 9/11

## AS AND FOR A ONE HUNDRED FORTY-SIXTH
## SEPARATE DEFENSE

Plaintiffs' alleged injuries were proximately caused by the terrorist attacks on 9/11, not the actions or inactions of the Defendants.

## AS AND FOR A ONE HUNDRED FORTY-SEVENTH
## SEPARATE DEFENSE

Plaintiffs' decedents' death was caused, in whole or in part, by the acts of terrorists.

## AS AND FOR A ONE HUNDRED FORTY-EIGHTH
## SEPARATE DEFENSE

Plaintiffs' claims against Yannuzzi Demolition & Recycling Services, Corp. have been discharged through prior bankruptcy proceedings.

## RESERVATION OF RIGHTS

Defendants reserve unto themselves all of the defenses set forth in Rule 8 (c) of the Federal Rules of Civil Procedure and such other defenses, affirmative or otherwise, as may prove through discovery to be applicable. Because of the generality of the allegations in the Complaint, Defendants reserve the right to amend their Answer and Separate Defenses if investigation, discovery, and further information warrants such amendment, and further to assert any applicable matters of law during the pendency of this action. Defendants reserve the right to assert such claims, counterclaims, third-party claims, or other claims as investigation and discovery may prove applicable, and hereby reserve unto themselves all of their rights associated with any such claim or potential claim. Defendants also reserve all rights to pursue all claims, cross-claims, third-party claims or otherwise, which are currently stayed pursuant to this Court's Order dated August 29, 2005 (the "Evergreen Order").

**WHEREFORE**, Defendants demand judgment in their favor and against Plaintiff(s), dismissing the Complaint, and awarding Defendants the costs of suit, including attorneys' fees, and such other and further relief as the Court may deem just and reasonable.

Dated:  New York, New York
        April 3, 2008

                     **PATTON BOGGS LLP**

                     By:     /s/ James E. Tyrrell, Jr._____
                     James E. Tyrrell, Jr. (JT-6837)
                     1675 Broadway
                     New York, New York 10019-5820
                     (212) 246-5100

                     -and-

                     One Riverfront Plaza, 6th Floor
                     Newark, New Jersey 07102-0301
                     (973) 848-5600

                     Attorneys for Defendants
                     A Russo Wrecking, Inc., Anthony Cortese Specialized Hauling, LLC, Inc., Atlantic Heydt Corporation Inc., Bechtel Defendants, Berkel & Co. Contractors, Inc., LLC, Big Apple Wrecking & Construction Corp., Inc., Breeze Carting Corp., Breeze National, Inc., Brer-Four Transportation Corp., Buro Happold Consulting Engineers, P.C., Canron Construction Corp., C.B. Contracting Corporation, Cord Contracting Co., Inc., Component Assembly Systems, Inc., Dakota Demo-Tech., Diamond Point Excavating Corp., Diego Construction, Inc., Diversified Carting, Inc., DMT Enterprise, Inc., D'Onofrio General Contractors Corp., Eagle One Roofing Contractors, Inc., EJ Davies, Inc., En-Tech Corp., Evergreen Recycling of

Corona, Ewell W. Finley, P.C., Executive Medical Services, P.C., Fleet Trucking Corp, Francis A. Lee Company, FTI Trucking Corp., Gilsanz Murray Steficek, LLP., Goldstein Associates Consulting Engineers, PC, Hallen Welding Service, Inc., HGC Contracting Corp., High-Rise Hoisting & Scaffolding Inc., HP Environmental, JP Equipment Rental Material, Inc., Koch Skanska, Inc., Laquila Construction, Inc., La Strada General Contracting Corp., Leslie E. Robertson Associates Consulting Engineers, P.C., Liberty Mutual Group, Lockwood, Kessler & Bartlett, Lucius Pitkin, Inc., Manafort Brothers, Inc., Mazzocchi Wrecking Inc., Meridian Construction Group, LLC, Moretrench American Corp., MRA Engineering, P.C., Mueser Rutledge Consulting Engineers, Nacirema Industries Incorporated, Nicholson Construction Company., Peter Scalamandre & Sons., Pinnacle Environmental Corp., Plaza Construction Corp., Pro Safety Services, LLC., Robert L. Gerosa, Inc., Robert Silman Associates, Rodar Enterprises, Inc., Royal GM, Inc., Safeway Environmental Corp., Semcor Equipment & Manufacturing Corp., Silverite Contracting Corp., Skidmore Owings & Merrill, LLP, Simpson, Gumpertz & Herger, Inc., Thornton – Tomasetti Group, Inc., Inc., Total Safety Consulting, LLP, Vollmer Associates, LLP, Weeks Marine, Inc., Weidlinger Associates, Inc., Wolkow Braker Roofing Corp., Yannuzzi & Sons, Inc., Yonkers Contracting Company, Inc., and WSP Cantor Seinuk

<u>\_\_\_\_/s/ Larry F. Gainen_____</u>
Larry F. Gainen (LG-9351)
Melissa T. Billig (MB-3357)
INGRAM YUZEK GAINEN CARROLL &
BERTOLOTTI, LLP
250 Park Avenue
New York, New York 10177
(212) 907-9651
Counsel For Robert Silman & Associates,
P.C.


<u>\_\_\_\_/s/ Mark Joseph Weber_____</u>
Mark Joseph Weber (MW-6200)
MOUND COTTON WOLLON &
GREENGRASS
One Battery Park Plaza
New York, New York 10004
(212) 804-4296
Counsel For Amec Construction
Management, Evergreen Recycling of
Corona, LMB, Tully Construction Co., Inc.


<u>\_\_\_\_/s/ Francesca E. Connolly_____</u>
Francesca E. Connolly (FC-2558)
MALAPERO & PRISCO
295 Madison Avenue
New York, New York 10017
(212) 661-7300
Counsel For Bovis Lend Lease, LMB, Grace
Industries, Inc., Plaza Construction
Corporation, Tully Construction Co., Inc.,
Turner Construction Co., Inc.


<u>\_\_\_\_/s/ Michael DeChiara_____</u>
Michael DeChiara (MKD-1719)
ZETLIN & DECHIARA
801 Second Avenue
New York, New York 10017
(212) 682-6800
Counsel For Skidmore, Owings & Merrill,
LLP

_____/s/ Ronald Betancourt_____

Ronald Betancourt (RB-5838)
BETANCOURT, VAN HEMMEN,
GRECO & KENYON LLC
46 Trinity Place
New York, New York 10006
(212) 297-0050
Counsel For Weeks Marine, Inc.


_____/s/ Kevin J. O'Neill_____

Kevin J. O'Neill (KO-5113)
GOGICK, BYRNE & O'NEILL, LLP
11 Broadway, Suite 1560
New York, New York 10004-1314
(212) 422-9424
Counsel For WSP Cantor Seinuk


_____/s/ Eric S. Hechler_____

Eric S. Hechler (EH-1797)
L'ABBATE, BALKAN, COLAVITA &
CONTINI, LLP
1001 Franklin Avenue
Garden City, New York 11530
(516) 294-8844
Counsel For Berkel & Company
Contractors, Inc. and Buro Happold
Consulting Engineers, P.C.


_____/s/ Jason Harrington_____

Jason Harrington (JH-7273)
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000 ext. 2891
Counsel For Gilsanz, Murray & Steficek,
LLP

_____/s/ Danielle M. White_____

Danielle M. White (DW-5475)

Brian Moran (BM-7651)

PAUL, HASTINGS, JANOFSKY &
WALKER, LLP

75 East 55th Street

New York, New York 10022

(212) 318-6732

Counsel For Plaza Construction Corporation