UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
IN RE WORLD TRADE CENTER          :   **ORDER DENYING PLAINTIFFS'**
DISASTER SITE LITIGATION          :   **MOTION TO STRIKE CERTAIN**
                                                      :   **AFFIRMATIVE DEFENSES**
                                                      :
                                                      :   21 MC 100 (AKH)
                                                      :
------------------------------------------------------X

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiffs move to strike defendants' affirmative defenses to the effect that plaintiff cannot recover beyond a set ceiling provided in section 408(a)(3) of the Air Transportation Safety and System Stabilization Act ("ATSSSA" or "the Act"), 49 U.S.C. § 40101. Plaintiffs ask me to make at least one of three findings: (1) that the ceiling does not apply to debris removal work, or (2) to the contractors who performed that work; or (3) that the ceiling is unconstitutional retroactive legislation.

      The last time I reviewed the scope and application of the ceiling was in a jurisdictional context. I held that the Act applied to the first two weeks following September 11, 2001, when activities were focused on rescue and recovery. After that period, I ruled, the City and the contractors should be considered to be engaged in demolition, clean-up and debris removal, governed by New York's significant expertise in regulating such sites under its Labor Law. In re World Trade Center Disaster Site Litigation (Hickey v. City of New York, et al.), 270 F. Supp. 2d 357, 374 (S.D.N.Y. 2003). The Second Circuit disagreed, ruling, in dicta, that the entire clean-up period arose from, and related to, the terrorist-related aircraft crashes into the World Trade Center. In re WTC Disaster Site (McNally v. The Port Authority of New York and New Jersey, et al.), 414 F.3d 352, 379-80 (2d Cir. 2005).

1

Plaintiffs now ask me to revisit those rulings in a different context. Plaintiffs also ask me to define the scope of the recovery ceiling more clearly, and to rule on its constitutionality. I decline to rule on any of these issues. The record is imperfect and in the process of being developed, and a ruling would be limited, unworkable and premature.

The potentially applicable insurance, covering the City and covering the contractors, has not yet been adequately produced and, given the surrounding uncertainty and confidentiality, sufficiently inspected or evaluated. The record of the relationship between federal, state and municipal authority, control of the workplace, and supervision and direction of the work force also has not been evaluated. The relevant facts, medical history, and bona fides of 10,000 claimants have been neither shown nor evaluated. Without such information and much else, the questions posed by plaintiffs' motion are essentially academic. Rulings at this juncture would be premature.

Accordingly, even before opposition papers are filed, I deny the motions, without prejudice to renewal at some later time.

SO ORDERED.

Dated:      April 16, 2008
              New York, New York

ALVIN K. HELLERSTEIN
United States District Judge