UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                              :
IN RE WORLD TRADE CENTER                      :        **ORDER GRANTING ON**
DISASTER SITE LITIGATION                      :        **RECONSIDERATION**
                                              :        **BECHTEL DEFENDANTS'**
                                              :        **MOTION TO DISMISS**
                                              :
                                              :        21 MC 100 (AKH)
                                              :
------------------------------------------------------X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Bechtel Associates Professional Corporation, Bechtel Construction, Inc., Bechtel Corporation and Bechtel Environmental, Inc. (collectively, "Bechtel" or "Bechtel Defendants") move, pursuant to Federal Rule of Civil Procedure 12 (b)(6), to dismiss the claims alleged against them in the Amended Master Complaint Against the Contractor Defendant filed in the World Trade Center Disaster Site Litigation, 21 MC 100.  On March 21, 2008, I summarily denied Bechtel's motion, holding that Plaintiffs' allegations satisfied the requirements of Federal Rule of Civil Procedure 8(a).  I reasoned that the sufficiency of Plaintiffs' notice pleadings had been discussed several times previously, and I had ruled that considerations of fairness and efficiency in this unique and complicated litigation would be better served by deferring evaluations of legal sufficiency of the claims against particular contractors to a later stage of the proceedings.  I had previously called upon plaintiffs' counsel to perform his own evaluations, and to dismiss claims that could not be sustained and which were not useful toward obtaining an overall recovery.

        After I issued my order, I reviewed Bechtel's reply brief, which pointed out the contradictions in pleading any case against Bechtel, and came to a strong conviction that plaintiffs could not state a legally sufficient claim against Bechtel, and that it would be unjust to Bechtel, and counter-productive to the overall advancement of the case, not to dismiss plaintiffs'

1

claim against Bechtel. Hence, I grant Bechtel's motion to dismiss and I vacate my March 21, 2008 order which denied its motion.

My previous ruling was based primarily on Plaintiffs' argument that the allegations contained in the Complaint satisfy the requirements of Federal Rule of Civil Procedure 8(a). However, as the Bechtel reply correctly points out, Bechtel's motion was brought pursuant to Federal Rule of Civil Procedure 12(b)(6), not Rule 8. Bechtel argues (1) that Plaintiffs fail to make any specific allegation against Bechtel which can support a claim upon which relief can be granted, and instead rely on the boilerplate allegations made against all defendants without differentiation, and (2) that the specific allegations made against Bechtel both establish that Plaintiffs have no claim against Bechtel and contradict the general allegations lodged against all defendants.

All of the allegations against the Contractor Defendants, of which Bechtel is one, sound in negligence, gross negligence, carelessness or willful or wanton disregard. The specific facts alleged regarding Bechtel's involvement in the World Trade Center site clean-up effort can be found in the Amended Complaint Against the Contractor Defendants at paragraph 1202. The paragraph makes it clear that plaintiffs can state no case against Bechtel. Paragraph 1202 reads:

> 1202. Working with the City, Bechtel developed two preliminary Environmental Health and Safety Plans for the site. After the first week, Bechtel's involvement at the site was minimized by the City as AMEC, Bovis, Turner and Tully pressured the City to remove Bechtel from the WTC project. These contractors feared that Bechtel was using the debris removal operation as an opportunity to enter the New York City construction market. Each of the Contractors, as well as the City's DDC, lobbied against Bechtel remaining at the site. Accordingly, the Contractor defendants willfully ignored Bechtel's advice on health and safety so as to undermine their effectiveness and force Bechtel out of the job. Bechtel reported the safety discrepancies they observed to the Four Prime General Contractors and Michael Burton of the City's DDC, however, these reports were wholly ignored.

These allegations establish that Bechtel's role in the World Trade Center clean-up effort was purely advisory to the City, minimal, and inconsistent with any claim against it.

Indeed, plaintiffs concede that its advice was not heeded and that it was "force[d] . . . out of the job. Plaintiffs concede that Bechtel tried to report safety issues to the other defendants, and that its advice was ignored. There is no allegation of what Bechtel could or should have done once its reports of safety concerns had fallen on deaf ears. Nor do the allegations suggest that Bechtel had any supervisory role or authority in making decisions about safety issues at the site. Far from evidencing negligence, carelessness, or willful or wanton disregard, these allegations indicate that Bechtel attempted in good faith to perform its functions at the World Trade Center site, but that its efforts were thwarted by other defendants.

Throughout the course of this litigation, I have instructed Plaintiffs repeatedly on the importance of making specific allegations as to which, if any, plaintiffs can state a claim against particular contractors. I have warned Plaintiffs on several occasions that boilerplate allegations directed at all defendants will not suffice. Plaintiffs have refused to heed my warnings.

The first claims in this lawsuit were filed in 2002. Six years later, I can no longer allow plaintiffs to make vague allegations against countless defendants without support or justification. Defendants cannot develop their defenses, nor can the litigation proceed, if plaintiffs do not provide specific notice of the allegations of wrongdoing against each defendant.

Currently, the parties are litigating issues relating to the insurance protection of each contractor defendant. The issue of each contractor's insurance is relevant, potentially, only to the claims of the particular plaintiffs to whom each such contractor may have had a duty of care. If a duty of care is found, issues of liability may vary according to when a particular plaintiff suffered injury from the fault of a particular defendant, that is, where, for whom, and when each plaintiff worked during the clean-up period. Currently, plaintiffs are producing discovery to inform just such questions.

There are two modalities of proceedings in this litigation. One is against the City, for plaintiffs allege that its Department of Design and Construction was responsible for the entire work site, and that the City's negligence affected, and caused injury to, all plaintiffs complaining of injuries suffered because of their participations in the clean-up effort. The other modality is against the contractors and, with respect to that modality, it has become necessary, in the interest of fairness and efficiency, that plaintiffs particularize which of them have claims against which of these contractor defendants. Because of plaintiffs' repeated and continuing failures so to particularize, in both their pleadings and their discovery, the alternative of appropriate motion practice by such defendants becomes attractive.

I invite the contractor defendants to begin filing such motions, according to schedules planned with plaintiffs' counsel. The first motions should raise the cases of defendants, like Bechtel, which should not have been sued at all. As discovery progresses, and if plaintiffs continue to avoid making appropriate distinctions for each plaintiff and with respect to each defendant, the motions (Rule 12 or Rule 56 motions, as appropriate) can progress to seek dismissal of particular plaintiffs' claims against particular defendants.

For the foregoing reasons, Bechtel's motion to dismiss is granted, and my order of March 21, 2008 is vacated. Plaintiffs shall prepare, within 10 days of the issuance of this order, a proposed order dismissing Bechtel from all cases in the 21 MC 100 litigation. Plaintiffs shall also prepare an annex, to be approved by Bechtel, of each case in which Bechtel is named as a Defendant, and, consequently, in which the order dismissing Bechtel should be filed.

SO ORDERED.

Dated: April 22, 2008
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge