UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
:
IN RE WORLD TRADE CENTER : **ORDER DENYING PLAINTIFFS'**
DISASTER SITE LITIGATION : **MOTION TO RECONSIDER**
: **ORDER DISMISSING BECHTEL**
: **DEFENDANTS**
:
: 21 MC 100 (AKH)
:
------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        On March 21, 2008 I denied a motion brought by Bechtel Associates Professional Corporation, Bechtel Construction, Inc., Bechtel Corporation and Bechtel Environmental, Inc. (collectively, "Bechtel" or "Bechtel Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the claims alleged against them in the Amended Master Complaint Against the Contractor Defendants filed in the World Trade Center Disaster Site Litigation, 21 MC 100. I denied the motion prior to receiving the reply. I granted leave for the Bechtel Defendants to file their reply, and upon review of the reply, and further consideration of the issue, I granted Bechtel's motion to dismiss on April 30, 2008. Plaintiffs now seek reconsideration of my April 30, 2008 order, or, in the alternative, certification of the issue for interlocutory appeal. Plaintiffs also seek leave to amend their complaint. All aspects of plaintiffs' motion are denied.

        A motion for reconsideration may be granted to (1) correct clear error; (2) prevent manifest injustice; or (3) review the court's decision in light of the availability of new evidence. USA Certified Merch. LLC v. Koebel, 273 F. Supp. 2d 501, 503 (S.D.N.Y. 2003). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might

1

reasonably be expected to alter the conclusion reached by the court". Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  A court's reconsideration of a previous order "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources".  In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal quotation marks and citation omitted).  A motion for reconsideration does not provide the parties with an opportunity to reargue issues that have already been decided just because a party is displeased with the original outcome.  In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996).  Local Civil Rule 6.3 sets forth the procedures for filing a motion for reconsideration, and directs the party to "set forth concisely the matters or controlling decisions which counsel believes the court has overlooked".

None of plaintiffs' arguments in support of its motion for reconsideration meets this exacting standard.  In support of its motion, plaintiffs first argue that Bechtel changed its tactics and raised new arguments in support of its motion to dismiss in its reply, to which plaintiffs did not get an opportunity to respond.  This argument lacks merit.  I have reviewed both Bechtel's opening memorandum of law in support of the motion to dismiss as well as its reply brief, and find that Bechtel's reply submission was proper.  The Bechtel Defendants did not raise new arguments in the reply, but rather responded to the arguments raised by the plaintiffs and reinforced their original arguments.  Plaintiffs' argument for reconsideration fails on this ground, and also because it generally is not persuasive.

Second, plaintiffs argue that my April 30, 2008 order granting Bechtel's motion to dismiss conflicts with earlier "holdings" and "findings" I made in In re World

2

Trade Center Disaster Site Litigation, 456 F. Supp. 2d 520 (S.D.N.Y. 2006), a ruling I made in October 2006 rejecting as premature defendants' arguments that they were immune from suit under federal and state law. Plaintiffs' argument is disingenuous. First, I did not present any "holdings" or "findings" with regard to Bechtel's role in the World Trade Center clean-up. Plaintiffs cite the factual background from that opinion, a section in which I explicitly stated at the outset that, because the Defendants had moved for judgment on the pleadings, I was "limited to consideration of the facts as alleged in the parties' pleadings and thus may not consider matters outside the pleadings", but that I would also make reference to the exhibits filed in support of defendants' motion for summary judgment where appropriate in order to present the most accurate factual record. Id. at 526 n.1. Thus, the statements made regarding Bechtel's role in the World Trade Center clean-up effort were not "holdings", but rather a summary of plaintiffs' allegations taken from their complaint.

Second, and more important, in the description of the factual background of the case, I stated that (1) Bechtel worked at the World Trade Center site beginning September 12, 2001, at the request of the DDC, and assisted in monitoring compliance with health and safety standards; (2) Bechtel assisted the DDC in establishing health and safety protocols for the site, as well as in inspecting the site to ensure compliance with those standards; and (3) Bechtel had discovered and reported to the City ongoing problems with compliance. Thus, the factual history set out in my earlier opinion, consistent with plaintiffs' pleadings and my April 30, 2008 ruling, states that Bechtel was engaged by the City to assist in establishing protocols and monitoring the site for discrepancies, and, furthermore, that Bechtel performed those tasks. What the factual

history does not show, also consistent with plaintiffs' allegations, is any duty to the plaintiffs accepted by Bechtel, or any services directed to any one or more plaintiffs, or, generally, any failure of Bechtel that would establish the propriety of their continued status as defendants in this case.

Finally, plaintiffs argue in support of their motion for reconsideration that the general allegations contained in the Master Complaint are sufficient to withstand Bechtel's motion to dismiss, and that the specific allegations contained in the Master Complaint, found at paragraph 1202, are not contradictory, but rather should be construed as pleading in the alternative. This argument, too, fails. As noted above, a motion for reconsideration is not an opportunity for a losing party to reargue its case or to change its theories. See Houbigant, 914 F. Supp. at 1001. All of the arguments raised by the plaintiffs were either raised unsuccessfully, or could have been raised, in its opposition to its motion to dismiss. And moreover, the argument fails because it is simply not persuasive.

As I already ruled in my April 30, 2008 order, plaintiffs' allegations in the Master Complaint lodged against all the defendants are at odds with the specific allegations contained in paragraph 1202:

> 1202. Working with the City, Bechtel developed two preliminary Environmental Health and Safety Plans for the site. After the first week, Bechtel's involvement at the site was minimized by the City as AMEC, Bovis, Turner and Tully pressured the City to remove Bechtel from the WTC project. These contractors feared that Bechtel was using the debris removal operation as an opportunity to enter the New York City construction market. Each of the Contractors, as well as the City's DDC, lobbied against Bechtel remaining at the site. Accordingly, the Contractor defendants willfully ignored Bechtel's advice on health and safety so as to undermine their effectiveness and force Bechtel out of the job. Bechtel reported the safety discrepancies they observed to the Four

Prime General Contractors and Michael Burton of the City's DDC, however, these reports were wholly ignored.

As I previously held,

> These allegations establish that Bechtel's role in the World Trade Center clean-up effort was purely advisory to the City, minimal, and inconsistent with any claim against it. Indeed, plaintiffs concede that its advice was not heeded and that it was 'force[d] . . . out of the job'. Plaintiffs concede that Bechtel tried to report safety issues to the other defendants, and that its advice was ignored. There is no allegation of what Bechtel could or should have done once its reports of safety concerns had fallen on deaf ears. Nor do the allegations suggest that Bechtel had any supervisory role or authority in making decisions about safety issues at the site.

Plaintiffs make many allegations of negligence, gross negligence, or willful or wanton disregard against all contractor defendants in the Master Complaint, but it is clear from paragraph 1202 that Bechtel does not belong among these defendants. Indeed, accepting plaintiffs' allegations as true, there is no basis upon which I can find that Bechtel still belongs in this case.[1]

In the reply, plaintiffs raise a new theory on why my prior ruling should be reconsidered: they blame their current situation on Bechtel, arguing that the pleadings were insufficient due to Bechtel's incomplete discovery responses. This argument is without merit. My April 30, 2008 order dismissed Bechtel under Rule 12(b)(6), which considers only the sufficiency of the allegations contained in the complaint, without regard to what may later be learned in discovery. In considering the allegations against

---

[1] I focus on this paragraph because this is the only paragraph in which Bechtel is specifically discussed. Plaintiffs ask, in the alternative, that I allow them to amend their complaint against Bechtel, and attach a proposed amended complaint to their motion for reconsideration. I deny this request. The amended complaint is nothing more than conclusory boilerplate allegations similar to those contained in the master pleadings with paragraph 1202 removed. I will not entertain such gamesmanship at this stage in the litigation.

Bechtel in plaintiffs' complaint, I found them to be deficient.  Plaintiffs cannot blame that deficiency on perceived problems with Bechtel's discovery practices.[2]

Moreover, at the same time that plaintiffs complain about the insufficient discovery which precluded plaintiffs from making more specific allegations, plaintiffs now, six years after the inception of this lawsuit, attempt to create for the first time a fuller picture of Bechtel's involvement at the site based on sources available at the time that the Amended Master Complaint was filed.  See, e.g., Pl. Reply Br. Ex. 1 (article dated December 2001); Ex. 3 (excerpt from publication dated August 2002); Ex. 4 (excerpts from transcript dated December 2001).  Plaintiffs, having failed to present sufficient allegations against Bechtel, cannot at this late time attempt to revamp their allegations against Bechtel, either through an amended complaint or in motion practice.

This motion is not the first occasion on which the issue of adequacy of the pleadings has been raised.  After several rulings questioning the sufficiency of the pleadings, I advised the lawyers that I would desist from continuing so to rule in order to allow proceedings to move more quickly,[3] so that new cases could be filed without an overhanging uncertainty and so that all of the cases could move into discovery.  I did not give immunity to pleadings that named defendants who should not have been named.  To the contrary, I urged counsel to discuss such marginal cases, to enter into voluntary dismissals and, if appropriate, to file motions to dismiss particular defendants.  The Bechtel Defendants' motion followed.

---

[2] Plaintiffs even go as far as to ask, in the last line of the reply, that I impose sanctions on Bechtel for these alleged discovery abuses.  I decline to do so.  In my view, all parties have endeavored to comply with the hefty discovery obligations presented by this case in a responsible and timely manner.  Moreover, focusing on complaints regarding Bechtel's discovery practices, unfortunately for plaintiffs, will not save their pleadings.

[3] When I first received Bechtel's motion, I believed that it was an effort to thwart this ruling, and consequently, I denied the motion.  However, I was persuaded by the reply that the motion had merit, and upon fuller consideration of the issue, I determined that the motion should be granted.

When the first claims in the disaster site litigation were filed, plaintiffs named fifty defendants, and have added more and more defendants over time. Now, six years later, despite numerous invitations to narrow the list of defendants to include only those against whom a claim is legally supportable, plaintiffs remain with over one-hundred defendants in the lawsuit, many of which are but tangentially involved. It seems that efforts to add insurance coverage, rather than analysis of responsibility for the workplace, have informed plaintiffs' motivations. Plaintiffs' approach to these cases appears to the Court to be haphazard and imprecise, as from the Court's point of view, there appears to have been no intake procedure and no analysis of whether the defendants named early in the litigation were properly named defendants or whether they should be dismissed. The progress of the litigation is hampered by plaintiffs' omnibus and blunderbuss approaches.

Notwithstanding these concerns, I note with approval the fact that all parties to this litigation have been cooperating to comply with my Order regarding Core Discovery, and substantial progress is being made. Involvement in protracted motion practice through motions for reconsideration and to amend pleadings where the pleadings have already been determined to be insufficient will only distract the parties from the important task of continued discovery. For all of these reasons, I deny plaintiffs' motion for reconsideration.

Plaintiffs ask, as an alternative to reconsideration, that I certify the question of the appropriateness of Bechtel as a defendant in this litigation for interlocutory appeal. Section 1292(b) provides, "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion

that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such an order." This standard has not been met. My decision to allow Bechtel out of the case is not a "controlling question of law". And whether this litigation proceeds with or without Bechtel as a defendant has little to no bearing on the ultimate termination of the litigation. I decline to certify my rulings for interlocutory appeal.

The parties promptly shall cooperate to identify all cases in which the Bechtel defendants are parties and, within 10 days, submit an order that dismisses them from the cases in 21 MC 100.

SO ORDERED.

Dated:  July 9, 2008
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge