UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/1/08
```

| | |
|---|---|
| IN RE: WORLD TRADE CENTER DISASTER SITE LITIGATION | Master Docket No. 21 MC 100 (AKH)<br><br>ORDER DIRECTING ENTRY AND USE OF THE ATTACHED MEDICAL, HEALTHCARE, AND OTHER AUTHORIZATION FORMS |
| THIS DOCUMENT APPLIES TO ALL WORLD TRADE CENTER DISASTER SITE LITIGATION | |

       **THIS MATTER** having been brought before the Court upon the joint application of Patton Boggs LLP and Schiff Hardin LLP, in their capacity as Defendants' Liaison Counsel in the above-referenced litigation and by Worby Groner Edelman & Napoli Bern LLP and Sullivan Papain Block McGrath & Cannavo P.C. ("Plaintiffs' Co-Liaison Counsel"), on behalf of the Plaintiffs in the above-referenced litigation, for an Order permitting Plaintiffs' Co-Liaison Counsel to move upon Order to Show Cause for appropriate relief, including seeking a contempt order, if, and to the extent that The New York University Langone Medical Center and its Departments, Affiliates, and Programs, including (collectively, "the Provider"), fails to comply fully and within ten (10) business days of its receipt of a duly executed Subpoena for documents in the form annexed hereto as Exhibit A.

       **WHEREAS**, Plaintiffs Counsel has made repeated attempts to obtain medical records from the Provider, including, most importantly, records from The New York University Medical Center Pulmonary Function Laboratory; the Department of Pulmonary and Critical Care Medicine; and the Department of Environmental Medicine, and through its affiliated entities via duly executed HIPAA-compliant authorizations and/or Subpoenas; and

66190

**WHEREAS**, despite being served with such duly executed authorizations and subpoenas, the Provider has failed to fully comply with its obligations by timely producing all requested records and information or otherwise has unilaterally attempted to limit the scope or effect of such authorizations or subpoenas without stating objections, seeking protective order or Court approval; and

**WHEREAS**, the Provider's delay in responding to the authorizations and subpoenas and providing records and information responsive to such authorizations and subpoenas has effectively precluded the parties from completing basic discovery and has delayed the progress of the above-captioned actions; and

**WHEREAS**, the timely production of the medical records and information in the possession, custody or control of the Provider is necessary for the parties to move forward in this action

**IT IS** on this 26 day of Nov 2008,

**HEREBY ORDERED** that Plaintiff's Co-Liaison Counsel shall serve the Provider with a duly executed subpoena (in the form annexed hereto as Exhibit A) for each individual plaintiff and that the Provider shall thereafter have ten (10) business days to furnish any and all responsive documents to Plaintiffs' Co-Liaison Counsel, and it is

**FURTHER ORDERED** that if the Provider fails to provide all responsive documents within the specified time or otherwise respond, Plaintiffs' Co-Liaison Counsel shall move this Court, upon Motion or Order to Show Cause, for an Order compelling the Provider to produce such responsive documents and for any other appropriate relief, including a contempt order, and it is

2

**FURTHER ORDERED** that a copy of this Order accompany any subpoena served upon the Provider by Plaintiffs' Liaison Counsel, and it is

**FURTHER ORDERED** that Co-Liaison Counsel shall serve a copy of this Order on all other counsel of record within seven (7) days from receipt of same.

                                                                                     _____
                                                                                     HON. ALVIN K. HELLERSTEIN, U.S.D.J.

New York, New York
November 26, 2008

3

# Issued by the
# UNITED STATES DISTRICT COURT

_____SOUTHERN_____ DISTRICT OF _____NEW YORK_____

IN RE WORLD TRADE CENTER
DISASTER LITIGATION

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

IndexNumber

TO:

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**See attached Schedule "A"**

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c) and (d) on next page)
[1] If action is pending in district other than district of issuance, state district under case number.

# PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

# DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____            _____
                   DATE                                    SIGNATURE OF SERVER

                                                           _____
                                                           ADDRESS OF SERVER

                                                           _____

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE "A"

All documents in your possession concerning medical consultation and treatment rendered to any of the individuals named at Schedule "B" attached hereto, provided, as required by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated thereunder, that this Subpoena is accompanied by either:

1. A HIPAA-compliant authorization executed by the individual (or a duly empowered representative thereof) for whom such records are sought as contemplated by the HIPAA Security and Privacy regulations, 45 C.F.R. 164.500 *et seq.*; *or*

2. An Order signed by a United States District Judge and compelling the production set forth herein, as contemplated at 45 C.F.R. 164.512(e)(1)(i).

Production of records pursuant to the attached Subpoena shall be limited to documents dated January 1, 1995 up to the present, and which concern the individual's: (a) medical consultation and treatment history; (b) psychiatric and/or psychological consultation and treatment history (c) dental consultation and treatment history; (d) substance abuse consultation and treatment history; (e) self-reported physical conditions and dysfunctions; and (f) laboratory tests, diagnostic tests and the results thereof.

## DEFINITIONS

1. The terms "concern" or "concerning" as used in the Subpoena and attachments thereto shall mean referring to, describing, reflecting, containing, embodying, identifying, mentioning, showing, comprising, constituting, discussing, pertaining to, assessing, recording, evidencing, touching upon or summarizing.

2. The term "document(s)" as used in the Subpoena and attachments thereto shall mean any hand-written, typed, printed, recorded, digital electronic and/or video matter and/or tangible thing upon which any words, phrases, numbers, data and/or images are affixed or conveyed. The term "documents" includes, but is not limited to attendance records, internal and external memoranda, recorded evaluations, medical charts, appointment and meeting logs, office notes, doctors', nurses' and technicians' notes, reports, analyses, diagnoses, laboratory results, prescriptions, account records, bills, checks, sound recordings, photographs, videos, e-mails, letters, inter- and intra-office communications, and images resulting from diagnostic testing.

3. The terms "you" or "your" as used in the Subpoena and attachments thereto shall mean the recipient of the attached Subpoena, its predecessor and successor entities, its officers, directors, shareholders, parent and subsidiary companies (whether direct or indirect), employees, consultants, independent contractors, agents, attorneys, representatives and/or other persons or entities acting or authorized to act on its behalf.