```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
IN RE WORLD TRADE CENTER                         :    ORDER REGARDING
DISASTER SITE LITIGATION                         :    DISCOVERY ISSUES PRESENTED
                                                 :    IN TWO JOINT LETTERS OF
                                                 :    MAY 15, 2009
                                                 :
                                                 :
                                                 :    21 MC 100 (AKH)
-------------------------------------------------------- x
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

Pursuant to my Individual Rule 2E, the parties submitted separate joint letters, both dated May 15, 2009, asking me to rule on a number of discovery issues. My rulings follow:

**I. Letter on Patton Boggs stationery:**

A. Plaintiffs, in cases selected for trial, shall promptly give to defendants' liaison counsel full authorizations for plaintiffs' medical and mental health records, without time limit.

   1. Since plaintiffs seek recovery for damages to their physical and mental health, defendants are entitled to learn about the medical and mental health conditions preceding the damages that were allegedly caused by the defendants' negligence.

   2. Since preceding conditions may explain or mitigate current medical and mental conditions, and since medical and mental conditions may germinate over a long period of time, no time boundaries rationally can be set with regard to such records.

   3. The restricted limitations provided by state and federal laws do not apply here. The medical and mental conditions are relevant and have been put in issue. People v. Wilkins, 480 N.E.2d 373, 375 (N.Y. 1985); Levine v.

<blockquote>Morris, 550 N.Y.S.2d 289, 289 (App. Div. 1990); see 45 C.F.R. §§ 164.502(a); 164.508(a)(1); N.Y. C.P.L.R. § 3121.</blockquote>

    4. The intensity of proceedings required under my Case Management Order No. 8, ordered with the consent of the parties, is inconsistent with constant supervision by the Court. The good faith of counsel and the protective orders in place are sufficient protections.

B. Regarding procedures for submitting disputes to the Court, the parties shall proceed as follows:

    1. The proponent of the discovery demand to which the adverse party resists shall call for a meeting upon one day's notice.

    2. If the issues are not resolved, the proponent shall set out his demand and supporting arguments in a proposed joint letter to the Court, within two days of the meeting.

    3. The respondent shall set out his response and argument, limited to the issues pursuant to him and without raising any other issue, within two days after receiving the proponent's proposal.

    4. Within one day thereafter, the proponent, without changing his or the respondent's submissions, shall submit both to the Court under his letterhead.

    5. The Court will then rule on the issues thus presented.

II. **Letter on Worby Groner stationery:**

A. The requirements of Fed. R. Civ. P. 34 are clear and should be followed.

1. The document production must be responsive and timely, that is, each respondent's production must be made soon after its response, that is, soon after the 30th day following the demand for production, or as otherwise agreed by the parties.

2. The production must be organized in relation to, and clearly identified by, the specific demand for production to which it responds, or as the party maintains its files in the regular course of business.

3. The production of documents shall be in the form that the documents were kept or, if kept electronically, in a reasonably usable form, preferably in a form suitable for automatic search.

B. Defendants have not followed the clear requirements of Fed. R. Civ. P. 34(b)(2)(E).

1. Plaintiffs complain that the defendants produce documents *en masse,* which defendants acknowledge, but seek to explain. Defendants promptly shall identify which of the documents they produced pertain to which plaintiffs' demand, and which particular defendant produced which particular document. That defendants' productions were made in machine readable format is laudatory, but not a sufficient excuse for disregarding the commands of Fed. R. Civ. P. 34(b)(2)(E).

2. Defendants shall represent when their production will be completed.

C. The deposition of witnesses shall not be postponed, neither by defendants nor plaintiffs. The discovery phases of this litigation must be pursued expeditiously.

      1. If documents are produced after a witness testified, and if the documents raise good-faith questions relevant to the witness' knowledge, the witness may be recalled for questioning limited to the late-produced documents.

D. All documents withheld from production must be specifically identified at the time of production. Within thirty days after timely production, a privilege log must be produced, conforming to Fed. R. Civ. P. 26(b)(5) and Local Rule 26.2. Failure to produce such a log will waive privilege for each document not adequately identified and explained in such log.

E. Each answering defendant shall identify timely all persons having knowledge of indicated events, responsive to specific interrogatories and document requests, and referring to the defendant making such identification. Fed. R. Civ. P. 26(c)(3).

F. Spreadsheets shall be produced in the form in which they were kept, as required by Fed. R. Civ. P. 34(b)(2)(E).

G. I make no rulings in response to the parts of the letter that appear to respond to the discovery complaints of the initiating party by raising additional complaints.

    SO ORDERED.

Dated:    May 20, 2009
             New York, New York

                                ALVIN K. HELLERSTEIN
                                United States District Judge