USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/20/2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
IN RE WORLD TRADE CENTER DISASTER : **ORDER**
SITE LITIGATION :
: 21 MC 100 (AKH)
:
:
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

Invoking my Individual Rule 2E procedure, plaintiffs and defendants advise me, by joint letter dated January 15, 2010, that three plaintiffs wish to enter into voluntary dismissals. However, a stipulation cannot be filed because the parties disagree as to the dismissal being with, or without, prejudice.

The three cases are: James Albach (05 Civ 1582), Daniel Taylor (08 civ 9046) and John Dunne (05 civ 1578). Pursuant to the procedures in Case Management Order 8, plaintiffs' co-liaison counsel selected Albach and Taylor, respectively, for early discovery in Group A3 and early trial in Group E1. Dunne is a Group A4 Plaintiff.

The requests and arguments regarding the terms of stipulations are denied. A stipulation requires agreement on all material terms and conditions of agreement. A judge cannot supply terms as to which the parties disagree.

The proper procedure is for the three plaintiffs to file a motion pursuant to Rule 41 (a)(2) of the Federal Rules of Civil Procedure. Under that rule, an action may be dismissed at a plaintiff's request "on terms that the court considers proper." The parties' joint letter presents two issues regarding such dismissals:

1. whether a plaintiff may preserve the right to sue the dismissed defendants if a "new" or "second" injury arises, and
2. whether defendants may select replacements to be considered for early trial and discovery.

I decline to rule on the first issue. If one or more of the three plaintiffs wish to dismiss their cases while preserving rights to sue dismissed defendants again, they will have to be precise in disclosing all present ailments and injuries which could be the basis of recovery in the present litigation, and define the criteria the court should consider to determine the relationship or non-relationship of a "second injury" claim to the dismissed claim.

As to the second issue, it is not right for defendants to gain rights to make selections in place of plaintiffs. If one or more of the three plaintiffs are dismissed, plaintiffs will have lost that many opportunities to advance their selections for early trial and discovery.

Accordingly, the requests of both plaintiffs and defendants are denied, without prejudice to proceed by formal motion under Rule 41(a)(2).

SO ORDERED.

Dated: New York, New York
January 20, 2010

ALVIN K. HELLERSTEIN
United States District Judge