USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/23/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

IN RE WORLD TRADE CENTER DISASTER
SITE LITIGATION

**CASE MANAGEMENT ORDER NO. 10**

21 MC 100 (AKH)

------------------------------------------------------------ x
ALVIN K. HELLERSTEIN, U.S.D.J.:

This Case Management Order No. 10 shall apply to all plaintiffs with cases pending as of April 12, 2010, and all new plaintiffs filing cases after April 12, 2010 ("Plaintiff" or "Plaintiffs"). The requirements imposed upon Plaintiffs by this Order shall apply only as against those actual or potential defendants identified on Exhibit A hereto ("Listed Defendants").

1. Filing of Amended Complaints. Each Plaintiff with an existing case as of April 12, 2010, shall file and thereafter serve an Amended Complaint satisfying the requirements of the Federal Rules of Civil Procedure ("FRCP") and this Case Management Order ("CMO") on Listed Defendants' Counsel by the one hundred and thirtieth (130th) day after the execution of the Affirmation of Final Settlement Agreement, if that Plaintiff's case is not dismissed with prejudice prior to this deadline pursuant to the final settlement agreement. Plaintiff's counsel shall comply with Rule 11 of the FRCP when filing any Complaint provided for herein.

2. Content of Complaints. New Plaintiffs that file cases or Plaintiffs that amend their cases pursuant to Section 1 of this CMO shall include in their Complaint or Amended Complaint, in addition to the information required pursuant to the FRCP, the detailed information identified in Section 5 (e) through (h) herein and also information sufficient to respond adequately to the following:

a. <u>Reason Plaintiff's Claim Not Time-Barred</u>. The reason Plaintiff's claim is not barred by the statute of limitations as to each Listed Defendant, and, as to the City of New York, not barred by notice of claim requirements;

b. <u>Facts Supporting Contention That Listed Defendants Not Immune From Liability.</u> A statement of the facts supporting Plaintiff's contention that each particular Listed Defendant is not immune from liability under state and federal law. *See In re World Trade Ctr. Disaster Site Litig.*, 456 F. Supp. 2d 520 (S.D.N.Y. 2006).

c. <u>Listed Defendants Against Whom Liability is Alleged.</u> The particular Listed Defendants that Plaintiff alleges are liable for his or her alleged injuries at the World Trade Center Site, and the particular factual and legal basis for such alleged liability specific to each particular Listed Defendant that Plaintiff sued. Or, a Plaintiff may provide responses to Request Nos. 11, 12 and 13 of the November 21, 2007 CMO, with specificity as to each particular Listed Defendant that Plaintiff sued.

3. <u>Completion of Database Information.</u> Each Plaintiff with an existing case as of April 12, 2010, shall populate (if not already populated) all required information to the Court database by the one hundred and sixtieth (160th) day after the execution of the Affirmation of Final Settlement Agreement, if that Plaintiff's case is not dismissed with prejudice pursuant to the final settlement agreement. New Plaintiffs that file cases after April 12, 2010, shall populate all required information to the Court Database within thirty (30) days after filing a Complaint in accordance with the FRCP and the requirements of this CMO.

2

4. <u>Requirement to Serve Case-Specific Expert Report.</u> Each Plaintiff (including each personal representative of an estate of any deceased or incompetent participant in the World Trade Center rescue, recovery and/or debris removal operation claiming injury), and the Plaintiff's counsel, in consultation with such medical advisor(s) as they see fit to consult, shall serve a case-specific expert report stating that there is a causal relationship between the individual Plaintiff's claimed injury and his or her World Trade Center Site service and exposure and the good faith basis for that opinion, executed under oath and subject to the penalties of perjury (a "Case-Specific Expert Report"). Each Plaintiff with an existing case as of April 12, 2010 shall serve his or her Case-Specific Expert Report on Listed Defendants' counsel by the one hundred and eightieth (180th) day after the execution of the Affirmation of Final Settlement Agreement, if that Plaintiff's case is not dismissed with prejudice pursuant to the final settlement agreement. New Plaintiffs that file cases after April 12, 2010, shall serve the Case-Specific Expert Report within ninety (90) days after filing a Complaint in accordance with the FRCP and the requirements of this CMO.

5. <u>Contents of Case-Specific Expert Report.</u> Each Case-Specific Expert Report shall include the following information:

    a. <u>Plaintiff's Information.</u> The Plaintiff's name and date of birth;

    b. <u>Plaintiff's Employer.</u> The name(s) of each and every employer for whom Plaintiff worked at the World Trade Center Site;

    c. <u>Expert's Information.</u> The name, professional address, and curriculum vitae of the physician or medical expert, including a list of all publications authored by the expert within the preceding ten (10) years, and the

3

foundation for the expert's opinion in relation to his or her professional experience;

d. <u>Plaintiff's Medical Records</u>. A copy of the Plaintiff's medical records reviewed by the expert prior to the preparation of the Case-Specific Expert Report;

e. <u>Exposure Dates</u>. The dates during which the Plaintiff alleges to have been exposed at the World Trade Center Site and copies of documents relied upon, if any, as evidence of such alleged exposure;

f. <u>Exposure Locations</u>. The location(s) at which the Plaintiff alleges to have been exposed at the World Trade Center Site and copies of documents relied upon, if any, as evidence of such alleged exposure. In identifying the alleged locations of exposure, the Plaintiff will make reference to one or more of the locations set forth in the pull down menu or "pick list" used in conjunction with completion of the fields in the Court database administered by TCDI.

g. <u>Plaintiff's Injury</u>. If Plaintiff does not allege exacerbation of a condition existing prior to Plaintiff's work at the World Trade Center Site, whether the Plaintiff's medical records reviewed by the expert indicate that the Plaintiff experienced an injury causally related to alleged exposures at the World Trade Center Site and, if so: (i) the nature of the alleged injury; (ii) the date of the alleged injury and the date the Plaintiff knew of the alleged injury; (iii) that the alleged injury was not a condition existing prior to

4

Plaintiff's work at the World Trade Center Site; and (iv) references to the particular medical record(s) relied upon as evidence of such alleged injury;

    h.    <u>Exacerbation of Pre-existing Condition</u>. If Plaintiff alleges exacerbation of a condition existing prior to Plaintiff's work at the World Trade Center Site, whether the Plaintiff's medical records reviewed by the expert indicate that the Plaintiff experienced an exacerbation of a pre-existing condition causally related to alleged exposures at the World Trade Center Site and, if so: (i) the nature of the alleged exacerbated condition; (ii) the date of the alleged exacerbated condition and the date the Plaintiff knew of the alleged exacerbation; and (iii) references to the particular medical record(s) relied upon as evidence of such alleged exacerbated condition;

    i.    <u>Opinion Regarding Causation Sworn to by Medical Expert</u>. An opinion that there is a causal relationship between the individual Plaintiff's claimed injury and his or her World Trade Center Site service and exposure, prepared by a physician or other medical expert and sworn/affirmed to and subject to the penalties of perjury.

6.    <u>Responding to Complaints.</u> The time for Listed Defendants to file a response to any Complaint or Amended Complaint subject to the requirements of this CMO shall not begin to run until after the receipt by counsel for the Listed Defendants of the Case-Specific Expert Report required pursuant to this CMO.

7.    <u>Dismissal of Plaintiffs Who Fail to Comply With This Order.</u>

    a.    <u>Notice of Non-compliance and Opportunity to Cure</u>. If any Plaintiff fails to comply with any provision of this Order, including without limitation

the timely service of a Complaint or Amended Complaint, the timely population of information to the Court Database, and/or the timely service of the Case-Specific Expert Report, counsel for Listed Defendants shall place Plaintiff on written notice of such non-compliance ("Notice of Non-Compliance") specifying the non-compliance. Upon receipt of a Notice of Non-Compliance, Plaintiff shall have sixty (60) days to cure his or her Non-Compliance specified in the Notice of non-compliance. During the period wherein non-compliance has not yet been cured, all litigation deadlines applicable to Listed Defendants, including without limitation the deadline to file and serve a pleading responsive to Plaintiff's Complaint or Amended Complaint, shall be held in abeyance.

    b.    <u>Failure to Cure</u>. If, after the passage of sixty (60) days of service of a Notice of Non-Compliance, a Plaintiff fails to cure his or her non-compliance, upon application by the Listed Defendants, the Plaintiff will be subject to having his or her claims, as well as any derivative claim(s), dismissed pursuant to FRCP 41(b) as against the Listed Defendants only.

    c.    <u>Extensions of Time</u>. The Court, on motion and for good cause shown, may order an extension of the time to comply with this Order.

8.    <u>Order Shall Become Void If Final Settlement Agreement Not Executed.</u> This Order shall become void and of no prospective or retroactive effect as to any Plaintiff or Listed Defendant if affirmation of a final settlement agreement is not executed by all required signatories under the settlement agreement by October 21, 2010, such date subject to extension of time on motion and for good cause shown by any Listed Defendant.

9. <u>Objections</u>. Any party objecting to the entry of this Order shall file such objection by July 8, 2010.

**SO ORDERED.**

Date:    June 23, 2010
         New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

# EXHIBIT A

## LIST OF DEFENDANTS TO WHICH THIS ORDER APPLIES

| |
|---|
| CITY OF NEW YORK, including the: |
|     BOARD OF EDUCATION OF THE CITY OF NEW YORK |
|     BOROUGH OF MANHATTAN COMMUNITY COLLEGE |
|     CITY UNIVERSITY OF NEW YORK |
|     NEW YORK CITY DEPARTMENT OF EDUCATION |
|     NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY |
| A RUSSO WRECKING |
| ACROW |
| ALLCOM ELECTRIC |
| AMEC CONSTRUCTION MANAGEMENT, INC. |
| AMEC EARTH AND ENVIRONMENTAL |
| ANTHONY CORTESE SPECIALIZED HAULING LLC |
| ASG PEST CONTROL |
| ATC GROUP SERV/DBA ATC ASSOCIATES |
| ATLANTIC HEYDT CORP. |
| ATLAS CONCRETE |
| AVANTI DEMOLITION & CARTING CORP. |
| BECHTEL CONSTRUCTION, INC. |
| BERGEN CONCRETE CUTTING |
| BERKEL & CO. CONTRACTORS, INC. |
| BIG APPLE WRECKING & CONSTRUCTION |
| BOVIS LEND LEASE LMB, INC. |
| BREEZE CARTING |
| BREEZE NATIONAL, INC. |
| BRER FOUR TRANSPORTATION |
| BURO HAPPOLD CONSULT ENG. |
| C & D FIREPROOFING |
| C & D PAINTING, INC. |
| C.B. CONTRACTING CORP. |
| CANRON CONSTRUCTION CORP. |
| CANTOR SEINUK GROUP |
| CERTIFIED FENCE CORP. |
| CIVETTA COUSINS |
| CLARCO ENTERPRISE CORP. |
| COMPONENT ASSEMBLY SYS |
| COORDINATED METALS, INC. |
| CORD CONTRACTING CO., INC. |

| |
|---|
| CRAIG TEST BORING |
| CRITICOM INTERNATIONAL CORP |
| DAKOTA DEMO-TECH |
| DESIMONE CONSULTING ENGINEERS, PLLC |
| DCM ERECTORS, INC. |
| DIAMOND POINT EXCAVATION CORP |
| DIEGO CONSTRUCTION |
| DIVERSIFIED CARTING |
| DMT ENTERPRISE |
| D'ONOFRIO GENERAL CONTRACTORS CORP. |
| EAGLE LEASING & INDUSTRIAL SUPPLY (SEASONS) |
| EAGLE ONE ROOFING CONTRACTORS, INC. |
| EAGLE SCAFFOLDING CO. (SEASONS) |
| EJ DAVIES, INC. |
| EN-TECH CORP. |
| ENTERTAINMENT PARTNERS |
| ET ENVIRONMENTAL |
| EVERGREEN RECYCLING OF CORONA (EROC) |
| EWELL W. FINLEY, P.C. |
| EXECUTIVE MED SERVICES, PC |
| F&G MECHANICAL CORPORATION |
| FELIX EQUITIES, INC. |
| FLEET TRUCKING |
| FRANCIS A. LEE EXTERIOR RESTORATION |
| FRANK MICELLI JR CONTRACTING |
| FTI TRUCKING |
| G & G CONTRACTING, INC. |
| GILSANZ, MURRAY, & STEFICEK |
| GINO CRACOLICI & SONS, INC. |
| GOLDSTEIN ASSOCIATES PLLC |
| GRACE INDUSTRIES |
| GUY NORDENSON AND ASSOCIATES |
| HALLEN WELDING SERVICE |
| HELMSMAN MANAGEMENT SERVICES, INC. |
| HGC CONTRACTING CORP. |
| HIGH RISE HOISTING AND SCAFFOLDING |
| HIGH-RISE ELECTRIC, INC. |
| HP ENVIRONMENTAL |
| JP EQUIPMENT RENTAL MATERIALS, INC. |

| |
|---|
| KEVIN MCMANUS |
| KOCH SKANSKA, INC. |
| LAQUILLA CONSTRUCTION, INC. |
| LASTRADA GENERAL CONTRACTING CORP. |
| LESLIE E. ROBERTSON ASSOCIATES |
| LIBERTY MUTUAL GROUP |
| LIRO |
| LOCKWOOD, KESSLER & BARTLETT (LKB) |
| LUCIUS PITKIN |
| LZA TECH-DIVISION OF THORTON TOMASETTI |
| M. G. MCLAREN, P.C. |
| MANAFORT BROTHERS, INC. |
| MAZZOCCHI WRECKING, INC. |
| MEDCOR, INC. |
| MENT BROTHERS |
| MERIDIAN CONSTRUCTION GROUP |
| MG MCLAREN P.C. |
| MORETRENCH AMERICAN, CORP. |
| MRA ENGINEERING, PC |
| MUESER RUTLEDGE CONSULTING ENGINEERS |
| MUSCO SPORTS LIGHTING, LLC |
| NACIREMA INDUSTRIES |
| NEW YORK CRANE & EQUIPMENT CORP. |
| NICHOLSON CONSTRUCTION CO. |
| NICHOLSON/HEYWOOD JOINT VENTURE |
| OFF ROAD WELDING, INC. |
| THE OFFICES OF JAMES RUDERMAN, LLP |
| OLYMPIC PLUMBING AND HEATING |
| OVE ARUP & PARTNERS |
| PARSON GROUP |
| PETER SCALAMANDRE & SONS |
| PINNACLE ENVIRONMENTAL |
| PLAZA CONSTRUCTION CORP. |
| PRO SAFETY SERVICES, LLC |
| PT & L CONTRACTING CORP. |
| REGIONAL SCAFFOLD & HOISTING CO, INC. |
| RICH MARK ENVIRONMENTAL SERVICES, INC. |
| ROBER SILMAN ASSOCIATES |
| ROBERT C STEWART |

| |
|---|
| ROBERT ERRAT |
| ROBERT L GEROSA |
| RODAR ENTERPRISES, INC. |
| ROYAL GM, INC. |
| SAB TRUCKING |
| SAFEWAY ENVIRONMENTAL |
| SEMCOR EQUIPMENT |
| SEVERUD ASSOCIATES CONSULTING ENGINEERS |
| SHELDRAKE ORGANIZATION, INC. |
| SILVERADO CONTRACTORS |
| SILVERITE CONTRACTING |
| SIMPSON, GUMPERTZ, & HEGER |
| SKIDMORE, OWINGS & MERRILL LLP |
| STAR DELTA ELECTRIC |
| STIER, ANDERSON & MALONE |
| SUMMIT STRUCTURES LLC |
| TELENET COMMUNICATIONS |
| THYSSEN KRUPP ELEVATOR CO. |
| TOMASETTI GROUP |
| TORETTA TRUCKING |
| TOTAL SAFETY CONSULTING LLC |
| TUCCI EQUIPMENT RENTAL CORP |
| TULLY CONSTRUCTION |
| TURNER CONSTRUCTION COMPANY |
| ULTIMATE DEMOLITION/CS HAULING (JOINT VENTURE) |
| UNITED STATES REBAR |
| VANGUARD EQUIPMENT RENTALS |
| VERTICAL TECHNOLOGIES |
| VOLLMER ASSOCIATES |
| W HARRIS & SON INC. |
| WALTER WHITE TRUCKING |
| WEEKS MARINE, INC. |
| WEIDLINGER ASSOCIATES |
| WHITNEY CONTRACTING |
| WOLKOW BRAKER ROOFING |
| YANNUZZI & SONS, INC. |
| YONKERS CONTRACTING |
| YORK HUNTER CONSTRUCTION, LLC |
| ZIEGENFUSS DRILLING |