UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE WORLD TRADE CENTER DISASTER SITE LITIGATION | 21 MC 100 (AKH) |
| JAMES MCFADDEN,<br><br>                              Plaintiffs,<br>- against -<br><br>CITY OF NEW YORK, *et al.*,<br>                             Defendants. | 05 CV 8459<br><br><br><br>DECLARATION OF ROBERT A. GROCHOW IN SUPPORT OF PLAINTIFF'S MOTION |

I, ROBERT A. GROCHOW, ESQ., being duly sworn, deposes and says:

1.     I am Counsel for Plaintiff James McFadden ("Plaintiff") in this matter. I submit this Declaration in support of Plaintiff's motion for relief from the order of March 3, 2009 dismissing with prejudice Plaintiffs' action numbered 05 CV 8459 (Exhibit 13).

2.     This action was dismissed for failure to comply with the discovery obligations outlined in Case Management Order No. 8 (hereinafter "CMO 8"). (Exhibit 5) Plaintiffs move for relief from the subject Order pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6). As set forth below, we respectfully submit the failure to timely provide a series of data points, by a date certain, concerning this Plaintiff's injuries in compliance with CMO 8 was inadvertent and with ample excuse, notwithstanding diligent efforts to comply with CMO 8. **Compliance was accomplished within days of the technical compliance date. Prior to submitting the data points, Plaintiff kept all parties and the Court, informed as to difficulties encountered concerning Mr. McFadden, who we could not locate, and did, within days send our data points to TCDI, all of the above occurring prior to the Order dismissing the action. We**

1

**timely communicated the specifics of Mr. McFadden's data point response status to Judge Hellerstein's Chambers, Special Masters Twerski and Henderson, Plaintiffs Liaison and Defense Liaison and within the compliance time to TCDI, the company designated by the parties and the Court as the agent to whom the information should be sent.**

3. Plaintiff first notified TCDI, the company approved by the Court as the recipient of that data, acting as the designated agent of the parties and the Court, of the difficulties we were encountering in locating Mr. McFadden and thus in providing the information for Mr. McFadden, while at the same time and in full compliance with CMO 8, timely provided the data points on our other clients whose information was due at the same time. **Our office notified the following: Judge Hellerstein's Chambers, the Special Masters, Plaintiffs Liaison and Defense Liaison and continued to keep all informed as to the status of Mr. McFadden's on-line filing.** Below (and also attached as Exhibit 19), is a chronological time line of the actions taken by this office of behalf of McFadden which shows a continuous prosecution of the case, compliance with orders and directives, a full exchange of information to the parties, all before, during, and after the time periods referenced in CMO 8 and which continued after the Order of Dismissal, an Order of which we had no knowledge at the time and first gained knowledge of several weeks ago. Those exchanges have continued to present.

| DATE | ACTION | EXHIBIT |
|---|---|---|
| November 22, 2004 | Plaintiff files a Notice of Claim upon the City of New York | 1 |
| September 30, 2005 | Plaintiff commences law suit by filing of Summons and Complaint | 2 |
| March 7, 2008 | Plaintiff serves Discovery Response in Compliance with Court generated Core Discovery Demands | 3 |
| November 13, 2008 | Plaintiff serves First Supplemental Response to Core Discovery | 4 |
| December 12, 2008 | With the guidance of the Special Masters, the Court directs the Plaintiffs to provide TCDI, a company retained by the | 5 |

| Date | Description | Exhibit |
|---|---|---|
|  | parties with the consent and directive of the Court, a limited series of data points concerning damages. Compliance was to be in a series of Waves, into which plaintiffs were placed. A number of our firms plaintiffs, including Mr. McFadden were in Wave A. Wave A data points were due 40 days after the entering of the Order. The Order was entered on December 12, 2008 and Wave A data points were due on February 10, 2009. |  |
| January 12, 2009 – February 10, 2009 | Multiple communications between the parties evidencing confusion and the incomplete nature of the TCDI database and the inability to access the online database, as such was still being finalized. | 6 |
| February 10, 2009 | Within the allotted time, and in compliance with CMO 8, Plaintiff sends its data points to TCDI for all of its cases in Wave A, **including reference to Mr. McFadden**, as being missing, and thus we could not provide the data points for him at that time | 7 |
| February 19, 2009 | Order amending CMO 8 with database attachments | 8 |
| February 23, 2009 | Plaintiff received an email from Chris LoPalo of Plaintiffs Liaison that TCDI advised them that we had not provided Mr. McFadden's data points (a fact that we had already transmitted to TCDI with our other clients submissions on February 10, 2009) | 9 |
| February 23, 2009 | Plaintiff emails back to Mr. LoPalo the circumstances concerning Mr. McFadden (which we had in a timely manner communicated to Mr. Adams of TCDI). Mr. LoPalo advises that "[yo]u should email the Special Masters, Leo Kittay and cc liaison counsel below immediately." | 9 |
| February 23, 2009* | We immediately communicate by email with Judge Hellerstein's Chambers, the Special Masters, Plaintiffs' Liaison and Defense Liaison of the situation about which we had already notified TCDI. We advise the above referenced about the delay we were having concerning Mr. McFadden, who was missing, of which we had already communicated such to TCDI, at the time we timely provided TCDI with our other Wave A clients data points | 10 |
| February 26, 2009 | Our office locates Mr. McFadden, whom we were trying to locate for months, and we immediately prepare our data points submission and send them to TCDI | 11 |
| February 26, 2009* | We immediately communicate by email with Judge Hellerstein's Chambers, the Special Masters, Plaintiffs Liaison and Defense Liaison, that we had located Mr. | 12 |

---

* Plaintiff's computer system does not retain older "sent" emails. However, annexed as Exhibits 11 and 13 are Mr. Grochow's internal docket maintaining copies of same.

|  | McFadden and had complied with CMO 8 by sending to TCDI the data points. |  |
|---|---|---|
| March 3, 2009 | The Court issues an Order dismissing Mr. McFadden's case along with several other cases from other law firms. We have since learned from defense counsel that **TCDI did in fact receive our data points for submission of Mr. McFadden, as referenced above prior to the Court Order of Dismissal but did not actually upload them to its on-line data base until after the Order of Dismissal.** | 13 |
|  | **All of the above points reflecting actions by plaintiff pre-date the Order of Dismissal** |  |
| March 27, 2009<br><br>April 30, 2009 | **The Court re-instates all the other cases brought by other law firms that were similarly dismissed by the March 3, 2009 Order.** | 14 |
|  | Plaintiff was unaware of this March 3, 2009 Court Order. Although we did not see this Court Order, it was not something we were looking for either, in that we had provided all of our Wave A clients data points to TCDI within the designated time period and had, within the designated time period notified TCDI of the problem concerning Mr. McFadden, and then immediately notified Judge Hellerstein's Chambers, the Special Masters, Plaintiffs Liaison and Defense Liaison of the fact that we were having difficulties locating Mr. McFadden. When we did locate our client and sent the data points to TCDI, we notified all the above individuals again, including the Court that we had provided the data points to TCDI. |  |
|  | **Plaintiff continues to diligently prosecute the case, with multiple discovery exchanges, without any indication from any defendant that the matter had been dismissed.** |  |
| July 8, 2009 | Plaintiff files additional Responses including medical records and authorizations | 15 |
| July 14, 2009 | Plaintiff files further additional Responses including medical records and authorization for several clients including Mr. McFadden | 16 |
| April 2, 2010 | Plaintiff submits Exhibit U/Eligibility List of the Settlement Plan to Defense and the Captive Counsel and includes Mr. McFadden on the list (not knowing the matter had been dismissed) | 17 |
| July 22, 2010 | Plaintiff receives an email requesting Mr. McFadden's name be removed in that the case was dismissed. This is our first knowledge of the dismissal | 18 |
| August 30, 2010 | Plaintiff makes the within application to the Court for relief |  |

4

4. By way of summary, and further enunciating that which is referenced in the chart above, the Plaintiff was to provide certain minimal information concerning i.e. the type of injury alleged as relates to his service at the World Trade Center Disaster Site ("WTC Site"), the duration of exposure and severity of illnesses (hereinafter referred to as "data points"). Prior to CMO 8, plaintiff had already provided defense with much of this information if not all in its discovery responses. The purpose of the on line data base was to cull the information together for all clients in the docket for possible settlement or trial and to give a snapshot of the level of injuries being asserted. CMO 8, filed on December 12, 2008, was issued to provide parties with a protocol how to submit these data points in an organized manner. (Exhibit 5) The CMO was in the an administrative organizational tool, not substantive in nature. CMO 8 divided the some 10,000 World Trade Center respiratory injury claims into five "waves" of approximately 2,000 plaintiffs each. The waves were identified by letter, A through E. The data points for each Wave were due on a staggered schedule based upon forty day intervals. Mr. McFadden was a member of wave A and as such, his data points were due on February 10, 2009.

5. On February 10, 2009, and in a timely manner and in compliance with CMO 8, Counsel for Mr. McFadden submitted to TCDI the data points for our other clients which were members of Wave A (Exhibit 7). Included in this letter was a notation that we were not including data point response at this time as were trying to locate Mr. McFadden.

6. On February 23, 2009 Christopher LoPalo of Worby Groner Edelman & Napoli Bern LLP emailed, informing Counsel that Mr. McFadden's data had yet to be provided to TCDI, (a fact we were already aware of as we had affirmatively conveyed such to TCDI on February 10, 2009) and, per the Special Masters, your Honor would dismiss cases who missed deadlines (Exhibit 9). In response and on that same day, Counsel informed Mr. LoPalo that

Plaintiff had been located and that the data would be available shortly. Counsel sought Liaison's office guidance as to whom else should be informed of this issue. *Id.* Mr. LoPalo requested that Counsel contact Professors Twerski and Henderson, the Special Masters appointed by the Court, as well as Leo Kittay and liaison counsel. Counsel for Mr. McFadden immediately complied. (Exhibit 10). Then, and upon locating Mr. McFadden, on February 26, 2009 Counsel provided TCDI with the data points for Mr. McFadden. (Exhibit 11) and similarly notified Judge Hellerstein's Chambers, Special Masters Twerski and Henderson and the respective Liaison Counsel of such. (Exhibit 12) The data at issue is annexed in Excel format as Exhibit 11 along with the cover letter sent to Mr. Adams. This was all accomplished prior to the march 3, 2009 Order of Dismissal.

7. On March 3, 2009, this Court issued an Order dismissing with prejudice Mr. McFadden's action for his failure to comply with CMO 8 or request an extension from the Court. At the time such Order was entered, Counsel admittedly failed to become aware of this Order and this is addressed below. However, on July 22, 2010, plaintiffs' liaison counsel forwarded to our office in an e-mail, issues raised by defense liaison in response to the Exhibit U/Eligibility list submitted in April, 2010 as relates to the potential settlement plan. In that e-mail, a request was made to remove Mr. McFadden as a party potentially eligible for settlement in that his case was dismissed. (Exhibit 18) This was our office's first actual notification of the dismissal.

8. At the time of the March 3, 2009 Order, the 21 MC 102 docket was extremely active. As the Court is aware, our office serves as Plaintiffs Liaison Counsel in the 21MC102 (AKH) docket. During that time period our office was engaged in much discussion and negotiation with other plaintiffs firms, defense liaison, a potential special master for the 21MC102 litigation and Judge Hellerstein concerning the appointment of a Special Master as

well as the progress of that docket. **Further, as indicated above, this Order was not something we were looking for in that we had in a timely and immediate manner kept all, including Judge Hellerstein's Chambers and the Special Masters, abreast of the circumstances involving Mr. McFadden, and within days of the technical due date, did, after locating our client, submit our data points to TCDI, such having occurred prior to date the Court Order of dismissal was entered.**

9. Plaintiff did not intentionally fail to meet the February 10, 2009 deadline. In fact Plaintiff addressed it and notified all concerned with its production, including the Court and Special Masters. Any delay or inconvenience that was caused by the minor tardiness in submitting the data points or failing to submit this motion sooner was unintentional and with ample excuse.

10. For the reasons stated above, Plaintiff therefore formally moves for relief from the March 3, 2009 Order.

11. Parenthetically, and in equitable fashion, we should note that cases brought by other law firms that were dismissed in the same Order as Mr. McFadden have all been since reinstated by the Court (see Exhibit 6).

12. We ask the Court to rule on the instant application recognizing that there was no intentional default by plaintiff. In fact, just the opposite. Plaintiff in a timely and immediate manner notified all concerned, including Judge Hellerstein's Chambers and the Special Masters, the respective Liaison and TCDI, of the difficulty in reaching our client and that we intended to send TCDI our data points as soon as we located him. Further, within days of these notifications, (we had been trying to reach him for months) Mr. McFadden was located and the data points

were sent to TCDI, all the while, and prior to the Order of Dismissal, advising all concerned of the circumstances as they unfolded.

13. There has been no prior application for the relief sought. As indicated above, it was not until very recently that we realized an application was even necessary.

14. There is and has been no prejudice to the defendant nor have the circumstances indicated above in any way negatively impacted the entire docket. In fact, it was not until February 19, 2010 that the Court entered an Amended CMO 8. (Exhibit 8)

15. Given the overwhelming extent to which plaintiff proceeded in a reasonable and timely manner, with full disclosure and notification to all concerned, we anticipated with a reasonable degree of expectation that defense would enter into a consent stipulation to re-instate this matter subject to the Court's approval and without the necessity of this time consuming motion practice, a burden upon plaintiff's counsel and the Court. Defense has refused our request and thus the instant application.

16. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and ability.

Dated: New York, New York
August 30, 2010

Gregory J. Cannata and Associates.
By: _____
Robert Grochow (RG1890)
Attorneys for Plaintiffs
233 Broadway, Floor 5
New York, New York 10271
Tel. (212) 553-9206
Fax (212) 227-4141