USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/13/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IN RE WORLD TRADE CENTER DISASTER  :    21 MC 100 (AKH)
SITE LITIGATION                                    :    (All Cases)
                                                              :
------------------------------------------------------------x
IN RE WORLD TRADE CENTER LOWER       :    21 MC 102 (AKH)
MANHATTAN DISASTER SITE LITIGATION :    (All Cases)
                                                              :
------------------------------------------------------------x
IN RE COMBINED WORLD TRADE CENTER :   21 MC 103 (AKH)
AND LOWER MANHATTAN DISASTER SITE :   (All Cases)
LITIGATION (straddler plaintiffs)               :
                                                              :
------------------------------------------------------------x
                                                              :    STIPULATION
THIS DOCUMENT RELATES TO:              :    CONCERNING
All Actions Identified                                 :    FILING OF
on the list annexed hereto as Exhibit "1"    :    NOTICES OF
                                                              :    CLAIM AND
                                                              :    AMENDMENT
                                                              :    OF COMPLAINTS
------------------------------------------------------------x

Inasmuch as the parties to this Stipulation dispute whether subdivision 4 of General Municipal Law § 50-i, L. 2009, ch. 440, § 1 ("Jimmy Nolan's Law"), is constitutional and whether persons within its scope must serve a notice of claim and/or file an application to serve a late notice of claim pursuant to General Municipal Law § 50-e as a condition precedent to suit against the City of New York, the New York City Department of Education, the New York City School Construction Authority, and the Borough of Manhattan Community College (collectively referred to herein as "the City Defendants"); and

Inasmuch as the parties agree that it would be detrimental to the underlying purpose of the parties' Settlement Process Agreement, As Amended, dated June 10, 2010, and any amendment thereto ("SPA") if the plaintiffs were to henceforth file, and the City Defendants oppose, applications for leave to serve late notices of claim at this time; and

Inasmuch as all of the plaintiffs in the actions identified on the list annexed hereto as Exhibit "1" and who are a party to this stipulation are identified on the Eligible Plaintiff List ("EPL") submitted by Oshman & Mirisola, LLP on August 16, 2010, in accordance with the SPA, as Amended; and

Inasmuch as the plaintiffs in the actions identified on Exhibit "1" served notices of claim on the City Defendants as set forth and on the date(s) listed on Exhibit "1";

IT IS HEREBY STIPULATED AND AGREED by and between the City Defendants and the plaintiffs in the actions listed on Exhibit "1" and made a part hereof, that,

(1) solely as to the actions listed on Exhibit "1", and, except as set forth in paragraph (6) of this stipulation, the notices of claim served on the dates listed on Exhibit "1" shall be deemed to have been timely and properly served pursuant to General Municipal Law §§ 50-e and 50-i as amended by Jimmy Nolan's Law;

(2) solely as to the actions listed on Exhibit "1", the subject plaintiffs' complaints shall be deemed amended thirty-one (31) days after the service of a notice of claim to include the following allegation in paragraph "7", in addition to any other allegations contained therein, with respect to the City Defendants:

(a) a notice of claim was timely served on the date(s) listed on Exhibit "1" (which may be amended, within thirty (30) days of this order, but only as to the date of service of a notice of claim);

(b) the City Defendants have yet to hold a hearing as required by General Municipal law § 50-h; and

(c) more than thirty days have passed and the City Defendants have not adjusted the claim;

(3) any such amended complaint shall be deemed (i) filed and served thirty-one

2

(31) days after the service of a notice of claim; and (ii) to be in compliance with General Municipal Law § 50-i(1)(b);

(4) solely as to the actions listed on Exhibit "1", the City Defendants shall be deemed to have timely noticed such action for a hearing pursuant to General Municipal Law § 50-h and such hearings are adjourned and subject to the Court-ordered stay currently in effect and upon expiration or lifting of the stay shall be rescheduled to a mutually agreeable date no earlier than sixty (60) days after the Final Settlement Agreement Effective Date, as that date is defined in the SPA, and, in any event, no earlier than September 30, 2010, and no motion or cross-motion may be made to dismiss any of these actions on the ground(s) that the plaintiff did not appear for a hearing pursuant to General Municipal Law § 50-h prior to the commencement of the action;

(5) notwithstanding any other term, nothing in this stipulation shall in any way limit, restrict or waive the City Defendants' rights (i) to contest the constitutional validity and/or applicability of Jimmy Nolan's law; (ii) to contest whether the notices of claim listed on Exhibit "1" comply with the requirements of subdivision 2 of General Municipal Law § 50-e; (iii) to contest any and all allegations contained in the notices of claim listed on Exhibit "1"; and (iv) to conduct a hearing pursuant to General Municipal Law § 50-h;

(6) in the event Jimmy Nolan's Law is determined to be unconstitutional or inapplicable, nothing in this stipulation, including but not limited to paragraphs (1), (2), (3), and (4) shall in any way limit, restrict, or waive the City Defendants' rights to contest the notices of claim listed on Exhibit "1" on any and all grounds, including but not limited to the failure to timely serve a notice of claim or file an application to file a late notice of claim pursuant to General Municipal Law §§ 50-e and 50-i;

(7) notwithstanding any other term, nothing in this stipulation shall in any way

3

limit, restrict or waive the rights of the plaintiffs in the actions listed in Exhibit "1" (i) to contest the applicability of General Municipal Law § 50-e; (ii) to contest the applicability of subdivisions 1 and 3 of General Municipal Law § 50-i; (iii) to contest the applicability of General Municipal Law § 50-h; and (iv) to assert that actions within the scope of Jimmy Nolan's Law are exempt from any and all notice of claim requirements, including, but not limited to those referenced in this paragraph; and

(8)  this stipulation shall remain valid and binding upon the parties irrespective of whether the actions listed on Exhibit "1" are resolved pursuant to the SPA, and irrespective of whether these actions are otherwise ultimately settled.

Dated: September 10, 2010

David L. Kremen
OSHMAN & MIRISOLA, LLP
42 Broadway, 10th floor
New York, NY 10004
(212) 233-2100
*Counsel for plaintiffs in the actions listed on Exhibit 1*

James E. Tyrrell, Jr.
PATTON BOGGS LLP
1185 Avenue of the Americas, 30th floor
New York, NY 10036
-and-
One Riverfront Plaza, 6th floor
Newark, NJ 07012
(973) 848-5600
*Counsel for Defendants the City of New York, the New York City Department of Education, the New York City School Construction Authority, and the Borough of Manhattan Community College*

SO ORDERED:

Hon. Alvin K. Hellerstein, U.S.D.J.

Dated: September 12, 2010

## Exhibit 1

| | | | | | |
|---|---|---|---|---|---|
| Carpio | Maria | Cuzco | Eloy | 08CV4350 | Notices of Claim 11/25/09 to City and to Dept of Ed. and 3/26/10 to School Constr. Auth. |
| Castro | Hercen | Lopez-Castro | Maria | 07CV3480 | Notice of Claim to City 11/25/09 |
| Feeney | Frank | Feeney | Elizabeth | 08CV3918 | Notice of Claim to City 3/26/10 |
| Freire | Martha | N/A | N/A | 09CV685 | Notice of Claim to BMCC 11/25/09 |
| Garcia | Pedro | Gonzalez | Gladys | 07CV5702 | Notice of Claim to City 11/25/09 |
| Garofalo | Joseph | N/A | N/A | 07CV5703 | Notice of Claim to City 3/26/10 |
| Huilca | Gustavo | N/A | N/A | 08CV01638 | Notice of Claim to City 3/26/10 |
| Lazo | Maria | N/A | N/A | 07CV6414 | Notice of Claim to City 11/25/09 |
| Lopez | Merci | N/A | N/A | 07CV7168 | Notice of Claim 11/25/09, City and to Dept of Ed. and 3/26/10 to School Constr. Auth. |
| Miller | Kelly | N/A | N/A | 05CV874 | Notice of Claim to City 3/26/2010 |
| Negrete | Oscar | N/A | N/A | 07CV04128 | Notice of Claim to City 11/25/09 |
| Pena | Jorge | Pena | Ana | 07CV7780 | Notice of Claim to City 11/25/09 |
| Pinza | Freddy | N/A | N/A | 07CV10486 | Notice of Claim to City 11/25/09 |
| Romanowich | John | N/A | N/A | 07CIV9833 | Notice of Claim to City 3/26/10 |
| Sansoni | David | Sansoni (personal representative) | Susan | 07CV6117 | Notice of Claim to City 3/26/10 |
| Santana | Enilda | N/A | N/A | 08CV01637 | Notice of Claim to BMCC 11/25/09 |
| Solano | Betty | Pacheco | Cesar | 08CV01645 | Notice of Claim to City 11/25/09 |