UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE WORLD TRADE CENTER
DISASTER SITE LITIGATION

21 MC 100 (AKH)

THIS DOCUMENT RELATES TO ALL
CASES

**CERTIFICATION OF ANDREW J. CARBOY OPPOSING THE APPLICATION OF PARKER WAICHMAN ALONSO LLP TO EXTEND THE "CUT-OFF" DATE FOR CLAIMANTS TO PARTICIPATE IN THE SETTLEMENT PROCESS AGREEMENT**

Andrew J. Carboy, an attorney duly admitted to practice law in the State of New York and the Southern District of New York, certifies the following under the penalty of perjury:

1. I am a member of the law firm of Sullivan Papain Block McGrath & Cannavo P.C. ("Sullivan Papain"), a firm serving as Co-Liaison Counsel for the plaintiffs in 21 MC 100. This office represents 689 plaintiffs eligible to participate in the settlement governed by the Amended World Trade Center Settlement Process Agreement ("SPA"). Section VI (A) of the SPA provides that plaintiffs with claims filed on or before April 12, 2010 are to be included on the Eligible Plaintiff List ("EPL"), an inventory of individuals eligible for the settlement.

2. Sullivan Papain submits this certification in opposition to the application of Parker Waichman Alonso LLP ("Parker firm") for an extension of what it refers to as the "cut-off" date for settlement participation, April 12, 2010.

3. We oppose the application for a number of reasons.

4. First, this Court previously rejected an identical application of the Parker firm at the fairness hearing held on June 23, 2010 (**Exhibit 1** at pp. 192-195).

5. Second, this application is untimely. On June 23, 2010, this Court issued an order that the entirety of the SPA, <u>including</u> the provision for the April 12, 2010 cut-off, was *"fair, reasonable, adequate, just and in the best interests of justice."* (**Exhibit 2**). The Parker firm failed to move for reconsideration or reargument of the June 23, 2010 order within ten (10) days of the order being entered, thereby waiving its rights to do so under Local Rule 6.3. We also note that the Parker firm failed to appeal the order within thirty (30) days of its entry on June 23, 2010, the time limit set forth in Rule 4 (a)(1) of the Federal Rules of Appellate Procedure.

6. Third, should the Court wish to revisit the merits of the application, we maintain that the reasons for the Court's initial denial, issued in June, are even more relevant today. Over the past four months, various counsel for eligible plaintiffs have worked very hard to educate their clients about the settlement terms so that the plaintiffs may make an informed decision to accept or decline participation. In order to assess the amount of financial compensation available to them, eligible plaintiffs requested, and received, assurances as to the potential number of participants and the size of the settlement fund. Based upon such representations, many plaintiffs have already decided to opt in to the settlement.

7. To add additional participants at this late stage would create havoc by: i) diluting settlement awards; and ii) necessitating that plaintiffs' counsel contact all clients, advise them of this development and determine whether this change in conditions impacts upon the clients' decisions.

2

8.   As Your Honor ruled on June 23, 2010:

*there has to be a cutoff period. To admit more people after the cutoff period would affect, because of their recoveries, everybody else's recoveries. It wouldn't be fair to the people before, because the settlements were negotiated in the context of the list that was available as of the cutoff date.*

**Exhibit 1** at p. 193

9.   Fourth, in no way does the continued imposition of the April 12, 2010 cut-off preclude new World Trade Center plaintiffs from seeking compensation. As the Court noted on June 23rd: *"I don't say that (such) clients are not going to be able to settle, but they can't be included in this settlement."*

10.   No one electing to commence a World Trade Center lawsuit at this time, *nine years after the first Notices of Claim were filed against the City of New York,* is foreclosed from litigation. Indeed, new plaintiffs, including those represented by the Parker firm, have all rights and remedies under law available to them, and may pursue litigation and their own settlements.

11.   Anticipating such a second wave of World Trade Center cases after the finalization of the Amended Settlement Process Agreement, this Court entered a new Case Management Order on June 23, 2010 (**Exhibit 3**). Among other things, this order regulates the specificity and contents of new complaints, the completion of database fields for new cases, and the preparation of case-specific expert reports.

3

12.     Fifth, based upon the negotiated April 12, 2010 cut-off, and its approval by the Court, Sullivan Papain declined to accept new World Trade Center clients. If there had been any prospect of extending the cut-off, enabling the inclusion of these individuals in the settlement, we certainly would have acted accordingly and accepted their cases. We, of course, could not accept any new cases <u>after</u> the cut-off. Provision VI (E) of the SPA provides that the WTC Captive *"shall retain the exclusive right to void this Agreement at any time prior to the Final Settlement Agreement Effective Date if more than one hundred and twenty (120)"* new case are asserted against the insureds. To have done so would have placed this office in a conflict of interest with pre-April 12, 2010 plaintiffs eligible for the settlement, as their ability to receive compensation under the SPA would have been jeopardized by the acceptance of new cases.

## **CONCLUSION**

13.     For all of the reasons detailed, above, we respectfully request that the application of the Parker firm be denied in all respects.

Dated: New York, New York
       September 27, 2010

                         Respectfully submitted,

                         SULLIVAN PAPAIN BLOCK
                         MCGRATH & CANNAVO P.C.

                         By: _____/S/_____
                         Andrew J. Carboy (AC 2147)
                         Attorneys for Plaintiffs
                         120 Broadway
                         New York, New York 10271
                         (212) 732-9000