UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE WORLD TRADE CENTER DISASTER SITE LITIGATION | **21 MC 100 (AKH)** |
| JAMES MCFADDEN, Plaintiff, - against - CITY OF NEW YORK, *et al.*, Defendants. | **05 CV 8459** |

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S MOTION
FOR RELIEF FROM THE MARCH 3, 2009 ORDER**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT...................................................................................1

ARGUMENT..............................................................................................................3

I.   THE PLAINTIFF HAS BROUGHT HIS MOTION FOR RELIEF UNDER THE
     APPLICABLE SECTIONS OF RULE 60(B), GIVEN THE EXTREME
     CIRCUMSTANCES THAT OCCURRED, THE FACT THAT THE ORDER
     WAS COMPLIED WITH PRIOR TO THE CASE'S DISMISSAL, THE
     UNDULY BURDENSOME AND HARSH RESULTS THAT FOLLOWED
     THIS FINAL JUDGMENT AND THE EXTREME HARDSHIP BESTOWED
     UPON MR. MCFADDEN...........................................................................3

     A.   Given That the Plaintiff Complied With the Minimal Notice of the
          Potential for Dismissal, This Judgment is Void.....................................4

     B.   Rule 60(b)(6) Is the Appropriate Section for these Extraordinary
          Circumstances of this Case Which, Despite the Defendant's Contentions
          Otherwise Does Not Include "Mistake, Inadvertence, Surprise, or
          Excusable Neglect"...............................................................................6

II.  COUNSEL'S FAILURE TO DISCOVER THAT THE CASE WAS DISMISSED
     UNTIL RECENTLY IS NOT THE SUBJECT OF THE WITHIN MOTION NOR
     THE NEXUS THAT ALLOWS THE APPLICABILITY OF THE FRCP RULE
     60(b)............................................................................................................8

III. THE DEFENDANTS DO NOT COME TO THE TABLE WITH CLEAN HANDS........8

CONCLUSION...........................................................................................................10

## PRELIMINARY STATEMENT

Counsel for Plaintiff James McFadden, Robert A. Grochow, Esq. (hereinafter "Mr. Grochow"), and James McFadden (hereinafter "Mr. McFadden") respectfully submit this Reply Memorandum of Law in further support of their motion for relief from the Court's March 3, 2009 Order pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6).

The Court's March 3, 2009 Order (Exhibit 13)[1] dismissed Mr. McFadden's action with prejudice for a failure to timely comply with Case Management Order No. 8 (hereinafter "CMO"). CMO 8 required each plaintiff to send to TCDI, an on-line data base company, a limited number of data points. (Exhibit 5). TCDI, was the internet based company appointed or approved by the Court as the agent to receive this information. The information would then be posted to an online database for the parties to access.

The underlying facts of this motion are clearly laid out in both Mr. Grochow's Memorandum of Law and Declaration. However, a brief summarization of the timeline is as follows: According to CMO 8, Mr. McFadden's limited data points were to be submitted to TCDI by February 10, 2009 (Exhibit 5). Our office was unable to locate Mr. McFadden to obtain the information necessary to fill out the data points prior to the February 10, 2009 deadline. However, we notified Ned Adams of TCDI of such on February 10, 2009 (Exhibit 7) at the same time that we sent the data points to TCDI for our other cases also in Wave A, as directed by the Court. On February 23, 2009, by email, Plaintiff's counsel was informed by plaintiff liaison's office that, per instructions from the Special Masters, if Mr. McFadden's data points were not immediately submitted to TCDI, his complaint would be dismissed. In response, Mr. Grochow explained that he was actively looking for Mr. McFadden (Exhibit 9). He then

---

[1] All Exhibit numbers refer to the previously served Exhibits to Robert A. Grochow's Memorandum of Law in Support of Plaintiff's Motion

immediately emailed Judge Hellerstein's Chambers, Special Masters Henderson and Twerski, Plaintiff Liaison, and Defendant Liaison, informing them of the situation, that he had located Mr. McFadden, and that all data points would be submitted shortly (Exhibit 10). Three short days later, Mr. McFadden's data points were submitted to TCDI and again Mr. Grochow notified by email, Judge Hellerstein's Chambers, Special Masters Henderson and Twerski, Plaintiff Liaison and Defendant Liaison (Exhibits 11 and 12). Although Mr. McFadden's data points were sent to TCDI on February 26, 2009, as asserted in the moving papers and now confirmed in communication between our office and Ned Adams of TCDI, although received by TCDI, they were not uploaded to the online database until March 7, 2009. All of Plaintiff's actions and affirmative notifications to the individuals above were prior to the March 3, 2009 dismissal. Despite the submission of these data points, the Court dismissed Mr. McFadden's cause of action.

It is clear from the timeline outlined above that Mr. McFadden complied with the requirements of CMO 8 prior to the Court's dismissal of this lawsuit. Further, it is clear that Plaintiff's counsel notified Judge Hellerstein's Chambers, Special Masters Henderson and Twerski, Plaintiff Liaison and Defendant Liaison of both the difficulties that he was having in locating Mr. McFadden and of his submission of the data points in compliance with the order. At no point were our communications rejected as insufficient and upon submission of the data points to TCDI, prior to the dismissal, they were received and accepted. All transactions occurred prior to the dismissal. As such, Mr. McFadden contends that this dismissal with prejudice was not only unduly harsh and burdensome, but void as well. Therefore, Mr. McFadden respectfully requests that the Court reinstate his cause of action.

## ARGUMENT

I.   **THE PLAINTIFF HAS BROUGHT HIS MOTION FOR RELIEF UNDER THE APPLICABLE SECTIONS OF RULE 60(B), GIVEN THE EXTREME CIRCUMSTANCES THAT OCCURRED, THE FACT THAT THE ORDER WAS COMPLIED WITH PRIOR TO THE CASE'S DISMISSAL, THE UNDULY BURDENSOME AND HARSH RESULTS THAT FOLLOWED THIS FINAL JUDGMENT AND THE EXTREME HARDSHIP BESTOWED UPON MR. MCFADDEN**

The Plaintiff has brought this motion under two subsections of Rule 60(b) of the Federal Rules of Civil Procedure, subsection (4) and (6). Subsection (4) permits a judge to reverse a final judgment if that judgment is void. Subsection (6) allows the amendment of a final judgment for any reason which "justifies relief" and is not provided for in subsections (1) though (5) of the Rule. These two subsections are applicable to the unique set of facts and circumstances currently before the Court: that a final judgment was rendered based upon the Plaintiff's purported failure to comply with an order, when the plaintiff's attorney made the Court aware, through email to TCDI and multiple emails to Judge Hellerstein's Chambers, Special Masters Twerksi and Henderson, Plaintiff Liaison, and Defendant Liaison of the inability to submit the data points for Mr. McFadden at that time, and then confirming the submission to TCDI, all occurring prior to the dismissal of the action.

It is the Plaintiff's contention that pursuant to Rule 60(b)(4), the March 3, 2009 order is void due for two reasons: (1) a lack of prior notice that a failure to comply with CMO 8 would result in dismissal and (2) compliance with CMO 8 prior to the case's dismissal. Similarly, and in the alternative, Mr. McFadden argues that a reversal of this unduly harsh and burdensome final judgment "justifies relief" given the relatively minor delay in submitting the actual data points, as well as lack of prejudice to the defendants. There are "extraordinary circumstances" specific to Mr. McFadden's case including: the timely notification to TCDI, followed almost

immediately by notifications to Judge Hellerstein's Chambers, Special Masters Twerski and Henderson, and the Plaintiff and Defendant Liaison, followed almost immediately again by a submission of the data points to TCDI, and followed immediately by a notification again to Judge Hellerstein's Chambers, Special Masters Twerski and Henderson, and the Plaintiff and Defendant Liaison and the fact that all of these transactions occurred prior to the Court's dismissal. The final judgment of dismissal with prejudice, if left unturned, will clearly cause "extreme hardship" upon Mr. McFadden *United States v. Cirami*, 563 F.2d 26 (2d Cir. 1977).

**A.    Given That the Plaintiff Complied With the Minimal Notice of the Potential for Dismissal, This Judgment is Void**

Mr. McFadden received only one notice that his non-compliance with CMO 8 could result in the dismissal of the case. This notice, that the Plaintiff must "immediately" submit the data points otherwise his case would be dismissed, was by email from Plaintiff Liaison and was given **after** plaintiff's counsel timely, and by the deadline, notified TCDI that Mr. McFadden could not be located.  The Plaintiff asserts that this notification was improper; the notice should have come directly from the Court in an order and/or in any event the notice should have been **prior** to the deadline so that he would have full knowledge of the severe implications for not timely submitting the actual data points.

Defendants make reference at length in their opposing papers that notice was provided by liaison counsel, but conveniently ignore that such notice, (assuming such email referenced be deemed notice) was after the fact. Thus, defendants' argument fails and/or should be deemed absurd, in essence arguing that a *subsequent* email notification from Plaintiff Liaison's office (subsequent to the due date and not part of the original CMO 8), was sufficient to constitute notice of the consequences.

4

Beyond that, Defendants opposing papers, specifically at page "3" and page "9" make the point that notice was given to the plaintiffs of an impending dismissal if plaintiffs did not send its data points to TCDI immediately. They acknowledge that this "notice" was on February 23, 2009 in the form of an email from plaintiff liaison referencing information it had received from the Special Masters. Defendants then immediately jump to the dismissal of March 3, 2009, in an attempt to misdirect the Court's attention and suggest that plaintiff did nothing in response to this "warning." **The simple fact, is that after receiving the email that Mr. McFadden must "immediately" comply with CMO 8, he did so and did so prior to the dismissal and so notified the Court.** Counsel received the email on February 23, 2009. He then responded to that email by communicating with Judge Hellerstein's Chambers, Special Masters Henderson and Twerski, Plaintiff Liaison, and Defendant Liaison. **At no point did the Plaintiff ignore CMO 8 or the warning from the Special Masters via the liaison subsequent to the due date. At no point did Plaintiff fail to act or take action.** In fact, Mr. Grochow did affirmatively notify TCDI, the Court appointed representative for purposes of the data point submissions, and did so within the time requirements of CMO 8, by February 10, 2009, of the difficulty he was having in locating his client. (As previously stated, this was done as part of the submission of this firms other clients data points as part of Wave A). Mr. Grochow also affirmatively emailed Judge Hellerstein's Chambers, Special Masters Henderson and Twerski, Plaintiff Liaison, and Defendant Liaison immediately upon receiving the email from liaison about potential dismissal. Further, when he submitted Mr. McFadden's data points on February 26, 2009, he had satisfied all requirements under CMO 8 and again so notified Judge Hellerstein's Chambers, Special Masters Henderson and Twerski, Plaintiff Liaison, and Defendant Liaison. Despite these affirmative actions to comply with CMO 8, as well as advising all concerned including the Court

as to the status of the submission, Mr. McFadden's case was still dismissed and he was still penalized. This dismissal, therefore, goes against his basic due process rights and is unduly harsh and burdensome and should be voided.

**B.      Rule 60(b)(6) Is the Appropriate Section for these Extraordinary Circumstances of this Case Which, Despite the Defendant's Contentions Otherwise Does Not Include "Mistake, Inadvertence, Surprise, or Excusable Neglect"**

In its opposition papers, Counsel for the defendants claim that Mr. McFadden's motion should have been brought under Rule 60(b)(1), which allows for an amending of a final judgment based upon "mistake, inadvertence, surprise, or excusable neglect." The defendants argue that the dismissal of Mr. McFadden's case was based upon three instances of mistake by Plaintiff's Counsel (1) the failure to provide Mr. McFadden's data points by February 9, 2009; (2) the failure to seek an extension prior to February 9, 2009; and (3) the failure to recognize that Mr. McFadden's case was dismissed at the time of dismissal (Opposition, 6). The defendants claim, that since Counsel's "error" resulted in the judgment, relief under 60(b)(6) is inapplicable. These arguments are misguided and the entire opposition raised, inapplicable.

Mr. McFadden's case was dismissed for his purported failure to submit data points. In fact, Plaintiff complied with the CMO to the extent possible, to wit: to advise TCDI, the entity appointed by the Court to receive the information, of the difficulties it was having concerning locating Mr. McFadden. Shortly thereafter, following an email from Plaintiff Liaison's office, Plaintiff, immediately notified Judge Hellerstein's Chambers, Special Masters Twerski and Henderson, and the Plaintiff and Defendant Liaisons. Plaintiff was located and within days, the data points were sent to TCDI and again Plaintiff immediately notified Judge Hellerstein's Chambers, Special Masters Twerski and Henderson, and the Plaintiff and Defendant Liaisons. All of these actions occurred prior to the Court's dismissal of March 3, 2009. Plaintiff is not

asserting it made a mistake, committed an inadvertence, nor was neglectful in its prosecution of this matter and then seeking relief from such. The only surprise was suffered by Plaintiff when, in response to an eligibility list filing for the purposed of a potential settlement, it received an email, for the first time, (see Point III below) from defense advising the case had been dismissed. Counsel was unable to locate Mr. McFadden to obtain the information necessary to complete the data points. He timely and affirmatively notified TCDI of the difficulty he was having locating Mr. McFadden. As the Court-appointed agent for receiving data points, Mr. Grochow informed the appropriate entity, and in essence, the Court. Once Mr. McFadden's data points were completed, they were submitted to TCDI days before the March 3, 2009 Order. Further, the Court was notified of this submission. Thus, no mistake, inadvertence, or neglect the part of the Plaintiff or his counsel resulted in the case's dismissal. Rule 60(b)(1) is therefore inappropriate.

The defendants seek to misdirect the basis of the applicability of the section under which they assert Plaintiff should move. The events precipitating this motion are those actions noted above and throughout the moving papers, to wit: the timely submission to TCDI followed by further notification to Judge Hellerstein's Chambers, Special Masters Twerski and Henderson, and the Plaintiff and Defendant Liaisons. As stated previously, such does not constitute "mistake, inadvertence, surprise or excusable neglect." Those acts asserted were in fact affirmative actions by Plaintiff to timely comply with CMO 8 and appropriately notify TCDI, the Court, the Special Masters and respective liaison of the status of that submission. Not being aware of the dismissal, the basis of the defense opposition, does not speak to the underlying actions that resulted in the dismissal itself and is not therefore a basis under which to move, as the defendants would assert. The "mistake, inadvertence, surprise, or excusable neglect" delineated in Rule 60(b)(1) refers to

the underlying action which resulted in the case's dismissal and not the actions taken in determining whether to make a Rule 60(b) motion.

**II.    COUNSEL'S FAILURE TO DISCOVER THAT THE CASE WAS DISMISSED UNTIL RECENTLY IS NOT THE SUBJECT OF THE WITHIN MOTION NOR THE NEXUS THAT ALLOWS THE APPLICABILITY OF THE FRCP RULE 60(b)**

Defendants' opposition attempts to cast aspersion upon Plaintiff for ignoring six docket entries which would have made us aware of the case's dismissal is ill placed. There are no other docket entries referring to CMO 8 or the March 3, 2009 order with Mr. McFadden's name or docket number associated to it besides the March 3, 2009 order itself. Defendants are, by admission, referring to the docket entries related to the other cases, from other firms, dismissed in the March 3, 2009 order, as well as specifically endorsed letters, motions or orders pertaining to those other cases alone. Thus, this firm would have had no basis to look at those documents nor can they be considered notice of the dismissal of the McFadden case.  They only related to those specific clients and not Mr. McFadden.

**III.    THE DEFENDANTS DO NOT COME TO THE TABLE WITH CLEAN HANDS**

The defendants spend considerable time in their Opposition papers claiming that this firm should have been aware that Mr. McFadden's case had been dismissed because we received no discovery from defendants after the March 3, 2009 dismissal. However, this argument is disingenuous at best for two reasons. The discovery from defendants was across the docket and was applicable to all clients.  If the defendants removed Mr. McFadden's name from any exhibit list of applicability, this omission cannot constitute affirmative notice.  Further, defendants mistakenly go out of the way to point to multiple docket entries (albeit not in the McFadden case) that constitute notice to the plaintiff of the dismissal.

Second, since March 3, 2009, Mr. McFadden has submitted discovery responses to the defendants on at least two separate occasions: July 8, 2009 (Exhibit 15) and July 14, 2009 (Exhibit 16). This is in addition to the submission of the subject data points. At no point upon receipt of this discovery or of the data points, did the defendants ever notify this firm that the case had been dismissed. By their own admission in their opposing papers, defendants were keenly aware of the case's dismissal. (See pg 5, Memorandum in Opposition, Tyrell: "following the March 3, 2009 dismissal Order, defendants stopped providing Plaintiff's Counsel with discovery responses regarding McFadden"). Therefore, when defendants received our subsequent voluminous discovery responses, medical records and authorizations, which was plaintiff-case-specific to the McFadden case, it was clear that we were unaware of the case's dismissal. Rather than informing our office that we were litigating a dismissed case, rather than rejecting those exchanges and submissions, counsel first made us aware of the case's dismissal almost a year and a half after the order was filed. Defendants cannot now seek to capitalize on what is arguably their failure to reject and/or return our discovery premised upon the dismissal of which they had actual knowledge, by now seeking to place the plaintiff in jeopardy and at disadvantage. Regardless, their opposition is non-responsive to the motion before the Court and only further substantiates what plaintiff has asserted, that being, compliance with the CMO prior to the dismissal and virtually immediate compliance with the CMO in response to the "warning" from the Special Masters.

**CONCLUSION**

For the above reasons, Counsel respectfully requests that Plaintiff's action numbered 05 CV 8459 be reinstated, and the Order of dismissal dated March 3, 2009 be vacated.


Dated:  New York, New York
        September 28, 2010

        Gregory J. Cannata and Associates,

        By: _____
           Robert Grochow (RG1890)
        Attorneys for Plaintiffs
        233 Broadway, Floor 5
        New York, New York 10271
        Tel.    (212) 553-9206
        Fax    (212) 227-4141