```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/22/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
IN RE WORLD TRADE CENTER DISASTER SITE       :   **NOTICE OF RESPONSE TO**
LITIGATION                                    :   **NAPOLI BERN'S LETTER**
-------------------------------------------------------------------  :   **ANNOUNCING INTENT TO**
IN RE WORLD TRADE CENTER LOWER               :   **WITHDRAW INTEREST**
MANHATTAN DISASTER SITE LITIGATION            :   **EXPENSE**
-------------------------------------------------------------------  :
IN RE COMBINED WORLD TRADE CENTER            :   21 MC 100 (AKH)
AND LOWER MANHATTAN DISASTER SITE            :   21 MC 102
LITIGATION                                    :   21 MC 103
                                              :
------------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

Today, the law firm Worby Groner Edelman & Napoli Bern LLP has written a letter to the Court that disclaims any further intent to recover the interest-related expense they incurred. I acknowledge the letter with appreciation. Because of the disclaimer, I need not write on the subject.

The effect of this disclaimer, and of previous activities and disclaimers of the Worby Groner firm, is to add approximately $7 million to the settlement comprising the foregone interest expense as well as expenses for experts, consultants, and publicity and legislative activities. Additionally, the Worby Groner firm continues to work with workmen's compensation carriers to forego their statutory right to recover liens against plaintiffs' recoveries. These efforts have been successful, as the workmen's compensation carriers recently have agreed to a joint stipulation and order providing helpful relief to the plaintiffs, which I have signed. <u>Workers' Compensation Lien Compromise, In re World Trade Center Disaster Site Litigation</u>, 21 MC 100, 21 MC 102, 21 MC 103 (Doc. No. 2182) (S.D.N.Y. Sept. 14, 2010). The stipulation and order provides that there will be no satisfaction of liens whatever in relation to the first $11,000 of plaintiffs' recoveries, and a heavy discount on the satisfaction of liens for any

recoveries that exceed $11,000. At present, it is believed that this agreement will have the effect of adding $50 million to the pool of available settlement funds.

These recent activities by the lawyers representing plaintiffs substantially improve a settlement that already was fair and reasonable. The Worby Groner and Sullivan Papain firms have been ready, willing, and able to represent plaintiffs when other firms were unwilling to accept the risk. They have prosecuted theses cases zealously for more than six years, incurring substantial expense in the face of uncertain chances for recovery. Their ongoing concern for the best interests of their clients is evident in their most recent disclaimers and activities.

I have been concerned throughout that the settlement should not only be fair and reasonable, but that it have integrity and fairness of process as well. The Allocation Neutral will continue, by audits and reviews, to assure that every deduction from anticipated recoveries be appropriate and reasonable.

SO ORDERED.

Dated: September 22, 2010
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

# WORBY GRONER EDELMAN & NAPOLI BERN LLP

A Partnership of Limited Liability Partnerships
350 Fifth Avenue, Suite 7413
New York, New York 10118
(212) 267-3700

DENISE A. RUBIN
GENERAL COUNSEL
DRUBIN@NAPOLIBERN.COM
WRITER'S EXT.: 112

September 22, 2010

*Via Electronic Transmission*
Alvin K. Hellerstein
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007-1312

        Re:    *In re: World Trade Center Disaster Site Litigation*
                  21 MC 100 (AKH), 21 MC 102 (AKH) and 21 MC 103 (AKH)

Dear Judge Hellerstein:

     By this letter, we respectfully advise the Court that we have determined that we will take no further steps toward seeking recovery from our clients of the substantial interest expense we have incurred in litigating these matters.

     Our numerous conversations with our clients have impressed us of their great need to obtain prompt and fair resolutions of their cases. By withdrawing our claim for reimbursement of these interest expenses and by the stipulation we recently made providing that expenses incurred for payment of certain experts, consultants, public relations and legislative efforts will not be charged as disbursements, we increase our clients' recoveries by approximately $ 7 million. We will continue to work with Your Honor to insure that the expenses charged are acceptable to this Court.

     As you know, we have been working very hard to persuade workmen's compensation carriers to forego their statutory right to liens against our clients' recoveries. Our efforts have been successful. Earlier this week, you signed a stipulation by which the signatory carriers agreed not to assert any lien whatever against plaintiffs who recover $11,000 or less and to limit liens to the lesser of (a) 25% of the claimed lien for benefits paid as of the date of the lien certification notice and as set forth therein or (b) 25% of the claimed lien for benefits paid as of the date of the lien certification notice and as set forth therein against larger recoveries.

The Hon. Alvin K. Hellerstein
Re: In re: World Trade Center Disaster Site Litigation
    21 MC 100, 21 MC 102, 21 MC 103 (AKH)
September 22, 2010, page 2

      We estimate that these agreements add at least another $50 million to the settlement - this number will be updated as we learn more. As you know, we have waived our statutory right to collect our 25 per cent contingent attorneys' fee on these lien reductions. This waiver by the lien carriers, moreover, *is in addition to* the many carriers who previously agreed to waive their liens outright.

      Respectfully submitted,

WORBY GRONER EDELMAN & NAPOLI BERN, LLP
*Plaintiffs' Co-Liaison Counsel*

Denise A. Rubin (DR5591)

cc:

Margaret Warner, Esq.
James E. Tyrrell, Esq.
Andrew Carboy Esq.
Special Master James Henderson
Special Master Aaron Twerski