USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/4/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
IN RE WORLD TRADE CENTER DISASTER  :   **ORDER SUA SPONTE**
SITE LITIGATION                                    :   **DISMISSING COMPLAINT**
------------------------------------------------------------ :
WAYNE F. ROUILLIER,                             :   21 MC 100 (AKH)
                                                                :
                              Plaintiff,             :   10 Civ. 6984
                                                                :
     -against-                                             :
                                                                :
THE CITY OF NEW YORK, et al.,               :
                                                                :
                              Defendants.         :
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiff Wayne F. Rouillier filed a complaint on September 15, 2010, asserting several causes of action arising out of his participation in the clean-up effort after the terrorist attacks of September 11, 2001, against the City and 92 contractors. The complaint is clearly deficient under Federal Rule of Civil Procedure 8. It is important that others similarly situated be made aware of its deficiencies lest they use it as a model. Hence, I make these rulings promptly following its having come to my attention, dismissing the complaint because of its deficiencies with leave to replead and without waiting for a formal motion.

      At the outset, Plaintiff alleges that his complaint is timely because, among other reasons, he falls within the exception to New York's statute of limitations carved out by N.Y. Gen. Mun. Law § 50-i ("Jimmy Nolan's Law") (McKinney 2010). On the merits, Plaintiff alleges that the destruction of the World Trade Center buildings on and after September 11, 2001, emitted toxic dust throughout lower Manhattan. Plaintiff alleges exposure to this dust while working for Marcor Remediation, Inc., as a heavy-

1

equipment operator at the Freshkills Landfill, the depository for much of the dust, between September 25, 2001, and March 31, 2002. For his injuries from this work, Plaintiff alleges the onset of Asthma, Chronic Sinusitis, COPD, Obstructive Airway Disease, RADS, and Restrictive Lung Disease on April 12, 2009; onset of Hypertension and Sleep Apnea on February 4, 2010; onset of Cardiac Problems on November 21, 2008; and onset of Fear of Cancer, which has not yet developed, on October 1, 2008. Plaintiff alleges that except for Fear of Cancer, a doctor associated all his illnesses and injuries with his work at Freshkills on October 1, 2008.

On the basis of these injuries, Plaintiff alleges four causes of action against all defendants: (1) a statutory claim under New York law for failure to provide for his safety, protection, health, and well-being; (2) a common-law claim of negligence for failure to supervise; (3) a common-law claim that plaintiff fears developing cancer in the future; and (4) a common-law claim of fraud and misrepresentation by the defendants that the worksites were safe.

Federal Rule of Civil Procedure 8 requires " a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)(2). To satisfy the rule, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or formulaic recitations of the elements of a cause of action will not do; rather, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (quoting Twombly, 554 U.S. at 555). Put differently, "[a] claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). For several reasons, the allegations are not sufficient to state a claim under these requirements.

The complaint alleges that it is timely filed under Jimmy Nolan's law and therefore is not time-barred by N.Y.C.P.L.R. § 214-c (McKinney 2003), which provides a three-year statute of limitations running from the date the plaintiff knew or reasonably should have known of the injury. Jimmy Nolan's law, however, extends the statute of limitations only for claims against "public corporations." N.Y. Gen. Mun. Law § 50-i(4)(a). A public corporation is defined as either a municipal corporation, a district corporation, or a public-benefit corporation. N.Y. Gen. Constr. Law § 66(1) (McKinney 2003). These definitions fit the City of New York as a defendant. However, none of these categories encompass the 92 construction companies named also as defendants. Id. § 66(8); New York Bus. Corp. Law § 102 (McKinney 2003). As to these corporations, N.Y.C.P.L.R. § 214-c still controls the limitations period. Plaintiff provides insufficient allegations that his injuries fall within the section 214-c limitations period.

Plaintiff alleges an extraordinary array of illnesses and injuries but provides no factual allegations to support the claim that he has contracted or continues to have any of them. Plaintiff alleges that many of these illnesses had "onset dates" in common, a claim that is not credible on its face, particularly since Plaintiff alleges that doctors correlated his illnesses to the post-September 11 cleanup work before he contracted any of them. These insufficiencies raise serious questions as to the timeliness

3

of the complaint against the contractor defendants, and otherwise cause the complaint to be deficient under Rule 8.

Other deficiencies in the complanit also render it insufficient under Rule 8. Plaintiff named 93 defendants, in what appears to be an effort to state a claim against any conceivable entity that could ever be held liable, but makes no factual allegations to show how each, or any, of these defendants specifically were negligent. Instead, the complaint alleges a wide variety of hypothetical alternative sources of causation as to each defendant, in an apparent effort to capture the entire universe of potential theories of applicable bases for claims. The complaint goes further, ascribing to defendants a facially implausible array of roles played during the cleanup efforts, also in an apparent effort to ensure that, if possible, each defendant will be liable. To take one example, the complaint alleges that a single defendant, Phillips & Johnson, can be held liable as a general contractor and/or subcontractor; construction manager; subcontractor; employer of other contractors; supervisor; employer of plaintiff's employer; and agent of the City of New York. Similar issues pervade the allegations against other defendants. The complaint is legally deficient against each of the contractors named as defendants.

Plaintiff's unduly lengthy complaint is replete with hypothetical factual allegations, and is formed from stock information gleaned from interrogatory answers and other discovery provided by other plaintiffs. Such a complaint of hypotheticals, alternatives, and evidence given by others to create a form complaint for this new plaintiff is not tolerable. It only complicates and multiplies proceedings, and adds unduly to expense and delay. Plaintiff, if he wishes to continue in this litigation, must replead a complaint that conforms to the requirement of the Federal Rules of Civil Procedure.

Counsel for Plaintiff should heed the guidance of Federal Rule 11 when considering whether Plaintiff can allege a sufficient claim.

The complaint is dismissed without prejudice. Plaintiff has 20 days to file an amended complaint.

SO ORDERED.

Dated:   October 4, 2010
         New York, New York

/s/ Alvin K. Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge