# WORBY GRONER EDELMAN & NAPOLI BERN LLP

A Partnership of Limited Liability Partnerships
350 Fifth Avenue, Suite 7413
New York, New York 10118
(212) 267-3700

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/6/10

DENISE A. RUBIN
ASSOCIATE
DRUBIN@NAPOLIBERN.COM

September 30, 2010

*Via Electronic Transmission*
The Hon. Alvin K. Hellerstein
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007-1312

Re:  In re: World Trade Center Disaster Site Litigation
     21 MC 100 (AKH)

Dear Judge Hellerstein:

This letter is respectfully offered in support of the September 27, 2010 letter application from attorney David Kremen, Esq. of the office of Oshman & Mirisola, LLP, concerning the *sua sponte* dismissals of *Walter O'Donnell v. City of New York* and *Maria Penafiel v. City of New York* on September 21, 2010. Mr. Kremen's letter also sought clarification of Case Management Order No. 10 ("CMO 10") entered by this Court in the 21 MC 100 master docket. All references herein to CMO 10 also concern Case Management Order No. 7 ("CMO 7") in the 21 MC 102 master docket, which mirrors the language of CMO 10. A review of Mr. Kremen's letter and the analysis of the authority cited therein appears to support his contention that the *sua sponte* dismissal orders relating to those two matters should be rescinded or, at minimum, amended as suggested in Mr. Kremen's letter.

A crucial point of CMO 10 is to distinguish between (a) Plaintiffs who opt in to the Settlement Process Agreement, As Amended ("SPA") and (b) Plaintiffs who opt out of the SPA *and* Plaintiffs who file claims subsequent to April 12, 2010. The latter group of Plaintiffs faces heightened pleading requirements, case-specific expert reports, Court database population, and other challenging requirements under the CMO. The recent sua sponte dismissals highlights an area where this Court's application of CMO 10 seems to be at odds with the clear language of the SPA and CMO 10.

Section VI.A. of the SPA outlines which Plaintiffs are eligible to participate in the SPA:

> Only Plaintiffs with Debris Removal Claims filed against the Insureds or any of them, including in any Master Docket, on or before April 12, 2010 or who have instituted Debris Removal Claims against the Insureds or any of them through other legal process recognized by New York law (e.g., **a notice of claim submitted to the City of New York**) on or before April 12, 2010

*[Handwritten annotation by Judge: Motion denied. Neither O'Donnell nor Penafiel made application to Special Counsel as to eligibility. No showing made to warrant review. 10-6-10 AKH]*

The Hon. Alvin K. Hellerstein
Re: In re World Trade Center Disaster Site Litigation
   21 MC 100 (AKH)
September 30, 2010, page 2

> shall be eligible for inclusion on the Eligible Plaintiff List.
> (emphasis added).

Paragraph I.O. the SPA defines a "Debris Removal Claim" as follows:

> "Debris Removal Claims" shall mean all claims, causes of action, **notices of claims**, notices of suits, suits, and actions relating in any way to or arising out of the rescue, recovery, and/or debris removal operations, activities and/or other alleged or actual conduct or omissions on and/or after September 11, 2001, pending or received on or before April 12, 2010, including without limitation all Plaintiffs' claims against the Insureds or any of them in any Master Docket. (emphasis added).

The SPA clearly contemplates eligibility where a plaintiff does no more than serve a notice of claim on the City prior to April 12, 2010. There is apparently some confusion between this Court's application of the ambiguous term "cases" in the first sentence of CMO 10: "[t]his Case Management Order No. 10 shall apply to all plaintiffs with **cases** pending as of April 12, 2010, and all new plaintiffs filing **cases** after April 12, 2010" (emphasis added). We urge this Court to clarify that the term "case" as used in CMO 10 contemplates a timely-filed notice of claim. Thus it should be clear that the term "case" in CMO 10 includes plaintiffs who have done no more than serve a notice of claim prior to April 12, 2010 to obtain eligibility for the SPA.

It is clear that Mr. Kremen's clients timely filed their notices of claim prior to April 12, 2010 and were thus eligible for inclusion in the SPA and their claims were timely filed pursuant to Jimmy Nolan's law. Moreover, CMO 10 contains no language about *sua sponte* dismissals of actions by this Court. Rather, the CMO provides ample opportunity through the requirement that a defendant serve a "Notice Of Non-Compliance" (none had been sent to Mr. Kremen by any of the defendants) and the plaintiff being provided an opportunity and sixty days' time to cure such non-compliance, for a plaintiff to remain eligible for inclusion in the SPA where s/he has filed a timely notice of claim. Even though this Court's *sua sponte* dismissal orders provided an opportunity to recommence the action and re-plead, there is no clear indication of whether the action will retain the timeliness of the notice of claim as to the City of New York and its related agencies despite the expiration of the safety net period created under Jimmy Nolan's Law. Other issues raised in Mr. Kremen's letter also demonstrate the confusion arising from the *sua sponte* dismissals.

We trust that this additional work and confusion were not this Court's intent in drafting CMO 10 and certainly this Court did not intend to undermine the SPA and Mr. Kremens' timely compliance with its deadlines and requirements. We thus respectfully ask that this Court rescind the sua sponte dismissals of the *O'Donnell* and *Penafiel* matters.

Additionally, we ask that Your Honor clarify (i) that plaintiffs who served a notice of claim on the City prior to April 12, 2010 are considered "plaintiffs with cases pending as of April 12, 2010"; and (ii) that the stay of litigation in the 21 MC 100 docket for plaintiffs eligible to participate in the SPA precludes the necessity of filing complaints prior to the deadline outlined

The Hon. Alvin K. Hellerstein
Re: In re World Trade Center Disaster Site Litigation
    21 MC 100 (AKH)
September 30, 2010, page 3

in paragraph one (1) of CMO 10 notwithstanding Jimmy Nolan's law. As always, we are available to discuss these matters at Your Honor's convenience.

Respectfully submitted,

WORBY GRONER EDELMAN & NAPOLI BERN, LLP
*Plaintiffs' Co-Liaison Counsel*

Denise A. Rubin

cc:

David Kremen, Esq.
Margaret Warner, Esq.
James E. Tyrrell, Jr., Esq.
Andrew Carboy, Esq.
Gregory Cannata, Esq.

Judge Hellerstein wrote:

"Motion denied. Neither O'Donnell nor Penafiel made rulings as to eligibility to settle. Plaintiffs' counsel raises no issue requiring reconsideration.

10-6-10
Alvin K. Hellerstein"