UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE WORLD TRADE CENTER DISASTER SITE LITIGATION | **21 MC 100 (AKH)** |
| PETER PHALON, Plaintiff | **09 CV 10547** |
| v. | |
| THE CITY OF NEW YORK, Defendant | |

**CERTIFICATION OF WENDELL Y. TONG IN SUPPORT OF MOTION FOR
AN ORDER "SO ORDERING" A SUBPOENA DUCES TECUM UPON
THE STATE OF NEW YORK WORKERS' COMPENSATION BOARD**

Wendell Y. Tong, an attorney duly admitted to practice law in the State of New York, being duly sworn, deposes and says as follows:

1.      I am associated with the law firm of Sullivan Papain Block McGrath & Cannavo P.C., co-liaison counsel for the Plaintiffs herein, and as such am fully familiar with the facts and circumstances of the within action.

2.      This certification is submitted in support of the instant motion, which seeks a "so ordered" subpoena to serve upon the State of New York Workers' Compensation Board. The subpoena is needed to obtain records of decision regarding Workers' Compensation and all supporting documents, including: medical records, narrative reports, affidavits, notices of award, claims forms, disability determination, transmittal forms and internal memoranda regarding the Plaintiff Peter Phalon.   The sought documents are essential to proving Plaintiff's eligibility for an award in the Settlement Process Agreement ("SPA").

2.      Accordingly, it is respectfully requested that this Court "so order" the

1

subpoena attached as **Exhibit A** pursuant to New York Civil Practice Law and Rules 2307.

Plaintiff will then immediately serve the "so ordered" subpoena upon the New York

Workers' Compensation Board.

    3.    If the sought documents are not produced, Plaintiff will suffer great

detriment in that he will be left unable to prove eligibility for an award under the SPA.

    4.    I declare under penalty of perjury that the foregoing is true and correct.

    WHEREFORE, it is requested that the within motion be granted in all respects.

Respectfully submitted,

SULLIVAN PAPAIN BLOCK
MCGRATH & CANNAVO P.C.

By: _____
    Wendell Y. Tong (WT 0717)
    Attorneys for Plaintiffs
120 Broadway
New York, New York 10271
(212) 732-9000

STATE OF NEW YORK    )
                    ) SS.:
COUNTY OF NEW YORK  )

WENDELL Y. TONG, being duly sworn, deposes and says:

I am associated with the law firm of SULLIVAN PAPAIN BLOCK MCGRATH &

CANNAVO P.C., attorneys for the Plaintiff Peter Phalon herein.

I have read the foregoing Certification and know the contents thereof, and upon

information and belief deponent believes the matters alleged therein to be true.

The source of deponent's information and the grounds of his beliefs are communications, papers, reports, and investigations contained in the file.

WENDELL Y. TONG (WT 0717)

Sworn to before me this
13th day of October, 2010.

Notary Public

DENISE STRACUZZA
Commissioner Of Deeds, City Of New York
No. 4-6970
Cert. Filed In New York County
Commission Expires 3/11/2011

# Exhibit A

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| PETER PHALON | ) |
| *Plaintiff* | ) |
| v. | ) |
| City of New York, et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.    21 MC 100, 09 CV 10547

(If the action is pending in another district, state where:
                                                                    )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  State of New York Workers' Compensation Board, P.O. Box 5205, Binghamton, NY 13902

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:          Records of decision regarding Workers' Compensation and all supporting documents, including: medical records, narrative reports, affidavits, notices of award, claims forms, disability determination, transmittal forms and internal memoranda for Plaintiff Peter Phalon.

| Place: Sullivan Papain Block McGrath & Cannavo, P.C.<br>120 Broadway, 18th Floor<br>New York, NY 10271 | Date and Time:<br><br>10/20/2010 10:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____

            *CLERK OF COURT*
                                                    OR

_____          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*          Peter Phalon
_____ , who issues or requests this subpoena, are:

Wendell Y. Tong, Esq. (WT 0717)
Sullivan Papain Block McGrath & Cannavo, P.C., 120 Broadway, 18th Floor, New York, NY 10271
(212) 732-9000 wtong@triallaw1.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   21 MC 100, 09 CV 10547

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                _____
                                                          *Server's signature*

                                                        _____
                                                          *Printed name and title*

                                                        _____
                                                          *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

   **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;

   **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

   **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

   **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

   **(i)** expressly make the claim; and

   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).