UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE WORLD TRADE CENTER DISASTER SITE LITIGATION | 21 MC 100 (AKH) |
| ROBERT ASCOLILLO, Plaintiff<br><br>v.<br><br>THE CITY OF NEW YORK, Defendant | 10 CV 2024 |

**CERTIFICATION OF WENDELL Y. TONG IN SUPPORT OF MOTION FOR AN ORDER "SO ORDERING" A SUBPOENA DUCES TECUM UPON THE STATE OF NEW YORK WORKERS' COMPENSATION BOARD**

Wendell Y. Tong, an attorney duly admitted to practice law in the State of New York, being duly sworn, deposes and says as follows:

1.  I am associated with the law firm of Sullivan Papain Block McGrath & Cannavo P.C., co-liaison counsel for the Plaintiffs herein, and as such am fully familiar with the facts and circumstances of the within action.

2.  This certification is submitted in support of the instant motion, which seeks a "so ordered" subpoena to serve upon the State of New York Workers' Compensation Board. The subpoena is needed to obtain records of decision regarding Workers' Compensation and all supporting documents, including: medical records, narrative reports, affidavits, notices of award, claims forms, disability determination, transmittal forms and internal memoranda regarding the Plaintiff Robert Ascolillo. The sought documents are essential to proving Plaintiff's eligibility for an award in the Settlement Process Agreement ("SPA").

2.  On October 7, 2010, I caused a subpoena to be personally served upon the

1

State of New York Workers' Compensation Board for production of records pertaining to Plaintiff's Worker Compensation application. Attached as **Exhibit A** are true and correct copies of the subpoena, authorization for release of records, and the affidavit of service.

3. Later on October 7, 2010, I received a telephone call from the New York Workers' Compensation Board. I was informed that while the New York Workers' Compensation Board was in receipt of our subpoena, the Board was unable to respond unless a subpoena is "so ordered" by this Court, pursuant to New York Civil Practice Law and Rules 2307.

4. Accordingly, it is respectfully requested that this Court "so order" the subpoena attached as **Exhibit B**. Plaintiff will then immediately serve the "so ordered" subpoena upon the New York Workers' Compensation Board.

5. If the sought documents are not produced, Plaintiff will suffer great detriment in that he will be left unable to prove eligibility for an award under the SPA.

6. I declare under penalty of perjury that the foregoing is true and correct.

WHEREFORE, it is requested that the within motion be granted in all respects.

Respectfully submitted,

SULLIVAN PAPAIN BLOCK
MCGRATH & CANNAVO P.C.

By: _____
Wendell Y. Tong (WT 0717)
Attorneys for Plaintiffs
120 Broadway
New York, New York 10271
(212) 732-9000

STATE OF NEW YORK        )
                         ) SS.:
COUNTY OF NEW YORK       )

WENDELL Y. TONG, being duly sworn, deposes and says:

I am associated with the law firm of SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C., attorneys for the Plaintiff Robert Ascolillo herein.

I have read the foregoing Certification and know the contents thereof, and upon information and belief deponent believes the matters alleged therein to be true.

The source of deponent's information and the grounds of his beliefs are communications, papers, reports, and investigations contained in the file.

                                              _____
                                              WENDELL Y. TONG (WT 0717)

Sworn to before me this
13th day of October, 2010.

_____
Notary Public

DENISE STRACUZZA
Commissioner Of Deeds, City Of New York
No. 4-6970
Cert. Filed In New York County
Commission Expires 3/11/2011

3

# Exhibit A

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

IN RE: ROBERT ASCOLILLO  )
)  Civil Action No. 21 MC 100
)  Pending in the Southern District
)  of New York, before the Honorable
)  Alvin K. Hellerstein

## SUBPOENA TO DOCUMENTS IN A CIVIL ACTION

TO: State of New York Workers' Compensation Board
PO Box 5205
Binghamton, NY 13902

__X__ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**Records of decision regarding Workers' Compensation and all supporting documents, including: medical records, narrative reports, affidavits, notices of award, claims forms, disability determination, transmittal forms and internal memoranda for the following clients:**

**Name: Robert Ascolillo**           **DOB: 01/18/1959**           **SS: 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**

| **PLACE:** Sullivan Papain Block McGrath & Cannavo P.C. 120 Broadway, 18th Floor New York, New York 10271 | **DATE AND TIME:** Tuesday, October 12th at 10:00 am |
|---|---|

The provisions of Federal Rule of Civil Procedure 45(c), relating to your protection as a person subject to a subpoena, and Federal Rule of Civil Procedure 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: September 27, 2010

*CLERK OF COURT*                          OR

_____                 _____
*Signature of Clerk or Deputy Clerk*                *Attorney's Signature*

The name, address, e-mail, and telephone number of the attorney representing the Plaintiffs, who issues or requests this subpoena, are:

Wendell Y. Tong, Esq. (WT 0717)
Sullivan Papain Block McGrath & Cannavo P.C.
120 Broadway, 18th Floor
New York, New York 10271
wtong@triallaw1.com

**Please call Wendell Y. Tong, Esq. at (212) 732-9000** if you have any questions.

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

### (c) Protecting a Person Subject to a Subpoena.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

### (d) Duties in Responding to a Subpoena.

  **(1)** *Producing Documents or Electronically Stored Information.*
  These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonable accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

DOWNSTATE CENTRALIZED MAILING
(for New York City, Hempstead, Hauppauge & Peekskill Districts)
PO Box 5205   Binghamton, NY 13902-5205
NYC (800)877-1373 / Hemp. (866)805-3630 / Haup. (866)681-5354 / Peek. (866)746-0552

| 100 Broadway Menands ALBANY 12241 (866) 750-5157 | State Office Building 44 Hawley Street BINGHAMTON 13901 (866) 802-3604 | 369 Franklin Street BUFFALO 14202 (866) 211-0645 | 130 Main Street W. ROCHESTER 14614 (866) 211-0644 | 935 James St. SYRACUSE 13203 (866) 802-3730 |

## State of New York
## WORKERS' COMPENSATION BOARD

## CLAIMANT'S AUTHORIZATION TO DISCLOSE WORKERS' COMPENSATION RECORDS
(Pursuant to Workers' Compensation Law Section 110-a)

**PLEASE COMPLETE ALL ITEMS. AN INCOMPLETE FORM WILL DELAY THE PROCESSING OF YOUR REQUEST.**

Claimant's Name: **Robert Ascolillo**
Claimant's Social Security No.: **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**
Case Number and/or Date of Accident: **00734410**
☑ WCB   ☐ DB   ☐ Discrimination

IF RELEASE IS AUTHORIZED FOR ADDITIONAL CASE FILE(S), IDENTIFY BELOW BY WCB/DB/DC CASE NUMBER AND/OR DATE OF ACCIDENT(S).

**CLAIMANT IS PROHIBITED FROM AUTHORIZING RELEASE OF WORKERS' COMPENSATION INFORMATION TO PROSPECTIVE EMPLOYERS OR IN CONNECTION WITH ASSESSING FITNESS OR CAPABILITY OF EMPLOYMENT.**

**INSTRUCTIONS:**
Submit original to the Workers' Compensation Board and retain a copy for your records. *Authorization for disclosure of records for certain purposes is not valid under the law. See excerpt of WCL Section 110-a on the reverse of this form.* This authorization is effective until it is revoked by the claimant. Claimant may revoke this authorization at any time upon written notice to the Workers' Compensation Board.

THIS AUTHORIZATION DOES NOT PERMIT YOU TO OPEN AN INDIVIDUAL eCASE ACCOUNT OR TO VIEW CASES VIA eCASE OUTSIDE OF A BOARD LOCATION.

Pursuant to Section 110-a of the Workers' Compensation Law, I, **Robert Ascolillo**, represent that I am a person who is/was the subject of the Workers' Compensation case(s) indicated above, and I authorize the Workers' Compensation Board to discuss the above-referenced Workers' Compensation Board records with and/or release a copy of the above-referenced records to **Sullivan, Papain, Block, McGrath + Cannavo, P.C.**, at **120 Broadway, 18th Floor, New York, NY 10271**.

I understand that the requesting party may be required to pay a statutory fee prior to being provided copies of these records by the Workers' Compensation Board.

Claimant's Signature: *[signed]*   Date: **9/21/10**
(ink only -- use blue ballpoint pen if possible)

Failure to provide the information requested on this form will not result in the denial of your authorization, but may delay the processing of your request. The voluntary release of your social security number enables the Board to ensure that information is associated with, and quick action is taken on, your request.

**OC-110A (12-09)**   Prescribed by the Chair, Workers' Compensation Board   www.wcb.state.ny.us

Pursuant to Workers' Compensation Law Section 110-a:

3. Individual authorization. Notwithstanding the restrictions on disclosure set forth under subdivision one of this section, a person who is the subject of a workers' compensation record may authorize the release, re-release or publication of his or her record to a specific person not otherwise authorized to receive such record, by submitting written authorization for such release to the board on a form prescribed by the chair or by a notarized original authorization specifically directing the board to release workers' compensation records to such person. However, in accordance with section one hundred twenty-five of this article, no such authorization directing disclosure of records to a prospective employer shall be valid; nor shall an authorization permitting disclosure of records in connection with assessing fitness or capability for employment be valid, and no disclosure of records shall be made pursuant thereto. It shall be unlawful for any person to consider for the purpose of assessing eligibility for a benefit, or as the basis for an employment-related action, an individual's failure to provide authorization under this subdivision.

4. It shall be unlawful for any person who has obtained copies of board records or individually identifiable information from board records to disclose such information to any person who is not otherwise lawfully entitled to obtain these records.

5. Any person who knowingly and willfully obtains workers' compensation records which contain individually identifiable information under false pretenses or otherwise violates this section shall be guilty of a class A misdemeanor and shall be subject upon conviction, to a fine of not more than one thousand dollars.

6. In addition to or in lieu of any criminal proceeding available under this section, whenever there shall be a violation of this section, application may be made by the attorney general in the name of the people of the state of New York to a court or justice having jurisdiction by a special proceeding to issue an injunction, and upon notice to the defendant of not less than five days, to enjoin and restrain the continuance of such violations; and if it shall appear to the satisfaction of the court or justice that the defendant has, in fact, violated this section, an injunction may be issued by such court or justice, enjoining and restraining any further violation, without requiring proof that any person has, in fact, been injured or damaged thereby. In any such proceeding, the court may make allowances to the attorney general as provided in paragraph six of subdivision (a) of section eighty-three hundred three of the civil practice law and rules, and direct restitution. Whenever the court shall determine that a violation of this section has occurred, the court may impose a civil penalty of not more than five hundred dollars for the first violation, and not more than one thousand dollars for the second or subsequent violation within a three year period. In connection with any such proposed application, the attorney general is authorized to take proof and make a determination of the relevant facts and to issue subpoenas in accordance with the civil practice law and rules.

OC-110A (12-09) Reverse

ATTORNEYS CASE COST ACCOUNT

DATE         : Sep 27/2010
CHECK #      : 205848
AMOUNT       : $15.00
ACCOUNT      : 18
PAID TO      : WORKERS COMPENSATION BOARD
               P.O. BOX 5205
               BINGHAMTON
               NY
               13902

INVOICE                                    PAYMENT      205848
ASCOLILLO 9/27/1:                           15.00

CK #205848 AJC/JD) ASCOLILLO/071434/SUBPOENA FOR WC RECORDS
VENDOR NAME : WORKERS COMPENSATION BOARD
VENDOR ACCT :

---

SULLIVAN PAPAIN BLOCK McGRATH & CANNAVO P.C.
ATTORNEYS CASE COST ACCOUNT
120 BROADWAY, 18TH FLR.
NEW YORK, NY 10271
(212) 732-9000

205848

1-1357/260

PAY Fifteen ************************************************
TO THE
ORDER
OF
WORKERS COMPENSATION BOARD
P.O. BOX 5205
BINGHAMTON, NY 13902

(CK #205848 AJC/JD) ASCOLILLO/071434/SUBPOENA FOR WC RECORDS

DATE          Sep 27/2010
AMOUNT        $15.00

SIGNATURE BANK
NUMBER  205848

⑈205848⑈ ⑆026013575⑆ 150090244⑈

STATE OF NEW YORK                NORTHERN DIST. COUNTY
DOCUMENTS SERVED WITH INDEX # 21 MC 100    AND FILED ON                    U. S. DISTRICT COURT
ATTORNEY(S)

In re: Robert Ascolillo

Plaintiff(s)/Petitioner(s)

vs

Defendant(s)/Respondent(s)

STATE OF NEW YORK: COUNTY OF **Chemung**, SS.:

**Dallas Teeter**, being duly sworn deposes and says deponent is not a party herein, is over the age of eighteen years and resides in the State of New York. That on **Oct 7 2010** at **1:30 pm** at **44 Hawley St, Binghamton, N.Y., 13901** deponent (did) did not serve the following:

Subpoena to documents in civil Action    authorization, Federal Rule of civil procedure  With Witness Fee

on:    State of New York Workers' Compensation Board                                    , Respondent
(herein called recipient) therein named.

**#1 INDIVIDUAL** ☐ By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

**#2 CORP.** ☒ A _____ corporation, by delivering thereat a true copy of each to **Maria Mathis** personally, deponent knew said corporation so served to be the corporation, described in same as said recipient and knew said individual to be **Authorized Agent** thereof.

Service was made in the following manner after your deponent was unable, with due diligence, to serve the defendant in person, including an effort to reach the defendant by telephone. (If such telephone number was available) and an attempt to locate the defendant's place of employment.

**#3 SUITABLE AGE PERSON** ☐ By delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is recipient's [ ] actual place of business    [ ] dwelling house (usual place of abode) within the state

**#4 AFFIXING TO DOOR** ☐ By affixing a true copy of each to the door of said premises, which is recipient's [ ] actual place of business [ ] dwelling house (usual place of abode) within the state.

**#5 MAILING COPY** ☐ On _____ deponent completed service under the last two sections by depositing a copy of the _____ to the above address in a First Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.

Deponent called at the aforementioned address on the following dates and times:
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____

**#6 NON-SERVICE** ☐ After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served because of the following:
[ ] Unknown at Address   [ ] Evading    [ ] Moved left no forwarding   [ ] Address does not exist   [ ] Other

**#7 DESCRIPTION** ☒ A description of the Defendant, or other person served, on behalf of the Defendant is as follows:
(use with #1, 2 or 3)  Sex **F** Color of skin **White** Color of hair **Brown** Approx.Age **42** Approx.Height **5'5"** Approx. weight **180** Other **Glasses**

**#8 WIT. FEES** ☐ $ **15.00** the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient.

Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or on active duty in the military service in the State of New York and was informed he/she was not.

Sworn to before me on this
____ day of **Oct, 2010**

Barbara Fecht
NOTARY PUBLIC, STATE OF NEW YORK
TIOGA COUNTY NO: 01FE5051850
COMMISSION EXPIRES 11/13/20**13**

Dallas Teeter

Invoice-Work Order # 1018601

ALEXANDER, POOLE & CO., INC. • 11 NORTH PEARL STREET • ALBANY, NEW YORK, 12207

# Exhibit B

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| ROBERT ASCOLILLO  *Plaintiff*  v.  City of New York, et al.  *Defendant* | Civil Action No. 21 MC 100, 10 CV 2024  (If the action is pending in another district, state where: ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   State of New York Workers' Compensation Board, P.O. Box 5205, Binghamton, NY 13902

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:   Records of decision regarding Workers' Compensation and all supporting documents, including: medical records, narrative reports, affidavits, notices of award, claims forms, disability determination, transmittal forms and internal memoranda for Plaintiff Robert Ascolillo.

| Place: Sullivan Papain Block McGrath & Cannavo P.C. 120 Broadway, 18th Floor New York, New York 10271 | Date and Time: 10/20/2010 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

CLERK OF COURT

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Robert Ascolillo
_____ , who issues or requests this subpoena, are:
Wendell Y. Tong, Esq. (WT 0717)
Sullivan Papain Block McGrath & Cannavo P.C., 120 Broadway, 18th Floor, New York, New York 10271
(212) 732-9000  wtong@triallaw1.com

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  21 MC 100, 10 CV 2024

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Case 1:21-mc-00100-AKH   Document 2212   Filed 10/13/10   Page 15 of 15

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).