```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/14/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------- x
IN RE WORLD TRADE CENTER            :
DISASTER SITE LITIGATION            :     **ORDER REGULATING**
                                    :     **PROCEEDINGS**
-----------------------------------------------------:
IN RE COMBINED WORLD TRADE          :
CENTER AND LOWER MANHATTAN          :     **21 MC 100**
DISASTER SITE LITIGATION            :     **21 MC 103**
----------------------------------------------------- x

ALVIN K. HELLERSTEIN, USDJ

    I have been informed by plaintiffs' counsel, Worby Groner Edelman & Napoli, and counsel for The Port Authority of New York and New Jersey ("Port Authority") that they have reached a settlement in principle regarding claims filed on or before August 1, 2010 by 9,055 plaintiffs in the 21 MC 100 and 21 MC 103 dockets against the Port Authority. The details of this settlement are as follows:

    1.    The Port Authority has agreed to pay a total of $47.5 million to settle these claims. Of this amount $509,901 has been allocated for administrative costs.

    2.    Counsel for the plaintiffs have voluntarily reduced their fees to 25% of the settlement amount.

    3.    The Port Authority is not a party to the WTC Captive Settlement Agreement.

    4.    The settlement is not contingent on the WTC Captive Settlement Agreement, but it is contingent on certain percentages of plaintiffs, depending on the category such plaintiffs are in, agreeing to participate.

    5.    Each settling plaintiff shall provide the following verified information to Schiff Hardin, LLP:
        a) Name;
        b) Social security number;
        c) Diagnosing medical records; and
        d) Verification of work at the WTC site.

    6.    The settlement is contingent on approval by the Port Authority's Board of Commissioners and the expiration of the applicable gubernatorial review period.

    While the Port Authority is not a party to the settlement reached between the City and its contractors and approved by this Court on June 23, 2010, plaintiffs' counsel has determined that the injury categories and severities will be determined in accordance with the same objective criteria and allocation process as contained in that agreement, which I have found fair and

reasonable. Plaintiffs may use the same allocation neutral and appeals neutral, the Garretson Firm Resolution Group and Ken Feinberg, respectively, for this settlement.

Plaintiffs shall be assigned the same "Tiers" as in that settlement. Tiers 1, 2 and 3 will receive fixed payments as follows: $2,000 for plaintiffs in Tier 1; $2,500 to plaintiffs in Tier 2; and $3,000 for plaintiffs in Tier 3. The remaining funds will be distributed to the Tier 4 plaintiffs according to their injury classification with adjustment factors. The overall settlement amount will be reduced by the amount that the plaintiffs who opt out would have received under the settlement.

I find that this settlement is fair and reasonable. In addition, I find that plaintiffs' counsels' approach to allocation of the settlement is fair and reasonable.

Alvin K. Hellerstein, U.S.D.J.

10/14/10



900 THIRD AVENUE, 23RD FLOOR
NEW YORK, NEW YORK 10022
t 212.753.5000
f 212.753.5044
www.schiffhardin.com

Paul A. Scrudato
212-745-0833
pscrudato@schiffhardin.com

October 14, 2010

**BY EMAIL**

Honorable Alvin K. Hellerstein
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York

    Re:    <u>In re World Trade Center Disaster Site Litigation, 21 MC 100, 21 MC 103</u>

Dear Judge Hellerstein:

    We represent The Port Authority of New York and New Jersey ("Port Authority"). This letter is sent in response to the Court's request for a report concerning the ongoing settlement negotiations between the Port Authority and Worby Groner Edelman & Napoli Bern LLP ("Worby Groner"). Specifically, the Court directed that it be informed as to the status of the negotiations, the projected timetable for the conclusion of the discussions, and whether the Court's involvement would be appropriate.

    At a conference before the Court on June 23, 2010, the Court urged Port Authority counsel and Worby Groner to engage in settlement negotiations regarding the 21 MC 100 and 103 dockets. The Court also directed that Special Masters Aaron Twerski and James Henderson be involved in the discussions.

    We are pleased to report that the Port Authority and Worby Groner have reached an agreement in principle to resolve the 21 MC 100 and 103 dockets for plaintiffs who have asserted claims against the Port Authority on or before August 1, 2010 and are represented by Worby Groner. This agreement will not be final unless and until the Port Authority Board of Commissioners approves the settlement, and the applicable gubernatorial review periods have expired. It is not anticipated that this process can be completed before the end of October.

    Before we outline the essential terms of the settlement, it is important to note that Special Masters Twerski and Henderson were engaged in the settlement negotiations from the outset. Their involvement was crucial to the parties in reaching an agreement. The assistance and direction of the Special Masters was appreciated and effective.



Judge Alvin K. Hellerstein
October 14, 2010
Page 2

The essential terms of the settlement are as follows:

- The settlement amount is $47,500,000 if all (9,055) plaintiffs represented by Worby Groner opt into the settlement. This amount includes up to $509,901.00 to be allocated for administrative costs.

- Payments to individual plaintiffs shall be subject to agreed upon objective criteria, which shall not involve the Port Authority, and to Court approval.

- The settlement requires that certain percentages of plaintiffs opt into the settlement for it to be effective (95% or 80%, depending on the category each plaintiff is in).

- The total settlement amount will be reduced by individual settlement amounts for any plaintiffs who do not opt in.

- Settling plaintiffs will release all present and future claims against the Port Authority.

- Each settling plaintiff shall provide the following verified information to Schiff Hardin, LLP:

    a) Name;
    b) Social security number;
    c) Diagnosing medical records; and
    d) Proof of work at the WTC site.

- Indemnification claims by other defendants against the Port Authority will be waived, and the Port Authority will waive any such indemnification claims as to other defendants.

- The settlement is not contingent on the WTC Captive Settlement Agreement ("SPA"). The Port Authority is not a party to the SPA.

- The Port Authority and its excess liability insurers agree to waive their workers' compensation liens and future credits, if any, for plaintiffs who settle their claims pursuant to the SPA.



Judge Alvin K. Hellerstein
October 14, 2010
Page 3

- The settlement is subject to approval of the Port Authority's Board of Commissioners and the expiration of the applicable gubernatorial review period.

As the Court knows, the Port Authority believes that it possesses compelling jurisdictional, legal and factual defenses to the plaintiffs' claims. This is said with full appreciation and respect for the plaintiffs who served their Country, and the City of New York, by participating in the rescue, recovery and clean up effort at the World Trade Center disaster site. Counsel for the plaintiffs believe, just as strongly, that they will overcome the Port Authority's defenses and state a persuasive case to a jury. Despite these core beliefs of the parties, the objective of the negotiations was to reach a settlement that was fair to both sides. We trust that the Court will agree that we have achieved that objective.

Respectfully,

*Paul A. Scrudato*

Paul A. Scrudato
*On Behalf of the Port Authority*

*Paul J. Napoli*

Paul J. Napoli
*On Behalf of the Plaintiffs*

cc: Dean Aaron Twerski
    Prof. James Henderson
    William H. Groner, Esq.

NY\50885201.3