UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
IN RE WORLD TRADE CENTER DISASTER
SITE LITIGATION

**ORDER REGULATING PROCEEDINGS**

21 MC 100 (AKH)

IN RE COMBINED WORLD TRADE CENTER
AND LOWER MANHATTAN DISASTER SITE
LITIGATION

21 MC 103

------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      I have been informed by Special Masters Dean Aaron Twerski and Professor James Henderson that a settlement in principle has been reached between Plaintiffs' Liaison Counsel, Worby Groner Edelman & Napoli Bern; Certain Underwriters at Lloyd's of London and London Insurance Companies that issued marine liability insurance policies to the City of New York and Weeks Marine, Inc. ("Marine Insurers"); and the WTC Captive Insurance Company, Inc. This settlement resolves a dispute over the Marine Insurers' alleged duty to contribute to the settlement described in the World Trade Center Litigation Settlement Process Agreement, As Amended ("Amended Settlement Process Agreement"). The Special Masters mediated this insurance dispute, and their efforts were of invaluable assistance in reaching a settlement.

      The most significant details of the settlement are as follows:

1. The Marine Insurers shall pay a total of $28 million to settle the alleged marine insurance liability claims against the City and Weeks Marine. Of this amount, $500,000 shall be paid toward Allocation Costs as that term is defined by the Amended Settlement Process Agreement. The remaining $27.5 million shall be added to the funds already committed by the WTC Captive under the settlement approved by this Court on June 23, 2010.

1

2. Counsel for the plaintiffs agree that the settlement amount is an amount acceptable as a contribution to the settlement memorialized in the Amended Settlement Process Agreement.

3. Counsel for the plaintiffs have voluntarily reduced their fees to 25 percent of the settlement amount.

4. The settlement payment by the Marine Insurers is contingent on the settlement between the City and its contractors on the one hand, and plaintiffs on the other hand, becoming final.

5. Pursuant to Section II.F of the Amended Settlement Process Agreement, the settlement amount:

> shall be apportioned among Primary Plaintiffs who opt into the Final Settlement Agreement by executing the Release and Covenant Not to Sue and whose Debris Removal Claims against the Insureds or any of them derive in whole or in part from alleged exposure on the barges and/or piers covered potentially by the London Marine Policies (hereinafter, "Marine Primary Plaintiffs"). In addition, all funds recovered from the London Marine Insurers shall be apportioned among the Marine Primary Plaintiffs in proportion to the sum of their respective Initial Payments, Accelerated Final Payments, Interim Payments and Final Distributions, if any, under the Final Settlement Agreement.

Consistent with this Section II.F, the Marine Insurers' settlement payment shall be allocated proportionally among the Marine Primary Plaintiffs based upon their Tier placements and monetary recoveries under the settlement approved by this Court on June 23, 2010. These Tier placements and monetary recoveries will be determined in accordance with the objective criteria and allocation process contained in the Amended Settlement Process Agreement, which I have found fair and reasonable.

To enable speedy distribution of funds, and consistent with Section II.F, Marine Primary Plaintiffs in Tiers 1, 2 and 3 with cases in the 21 MC 100 Master Calendar shall receive fixed payments as follows: $2,000 for plaintiffs in Tier 1; $3500 for plaintiffs in Tier 2; and $5500 for plaintiffs in Tier 3. Marine Primary Plaintiffs in Tiers 1, 2 and 3 with cases in the 21

MC 103 Master Calendar shall receive fixed payments as follows: $2,000 for plaintiffs in Tier 1; $2,275 for plaintiffs in Tier 2; and $3,250 for plaintiffs in Tier 3. The remaining funds will be distributed to the Tier 4 Marine Primary Plaintiffs in both Master Dockets in proportion to the payments they will receive under the initial settlement approved by this Court on June 23, 2010. These eligible Tier 4 Plaintiffs will receive approximately 95 percent of the funds made available under this settlement. The parties do not anticipate that any plaintiffs with cases in the 21 MC 102 Master Calendar will qualify as Marine Primary Plaintiffs.

      I find that this settlement is fair and reasonable. In addition, I find that the approach to allocation of the Marine Insurers' settlement payment agreed upon by plaintiffs' counsel and the WTC Captive is fair and reasonable.

      I previously overruled the parties' objections to my exercise of authority and jurisdiction over the Amended Settlement Process Agreement and all proceedings in connection with, and arising from, that agreement. The parties' objections to this Order similarly are overruled.

SO ORDERED.

Dated: November 5, 2010
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

## FURMAN KORNFELD & BRENNAN LLP

61 Broadway, 26th Floor, New York, NY 10006
Tel: 212-867-4100 Fax: 212-867-4118
www.fkbllp.com

November 5, 2010

**BY EMAIL**
Honorable Alvin K. Hellerstein
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York

Re: In re World Trade Center Disaster Site Litigation, 21 MC 100-103

Dear Judge Hellerstein:

This letter is sent in response to the Court's request for a report concerning the ongoing settlement negotiations between WTC Captive Insurance Company, Inc. (the "WTC Captive"), Certain Underwriters at Lloyd's of London and London Insurance Companies subscribing to Primary Marine Liability Policy Nos. HF9604A00/HF0728A00, Excess Marine Liability Policy Nos. 02-0923-01/02-0918-01 (collectively, the "Marine Insurers" and the "Marine Policies"), and Plaintiffs with Debris Removal Claims ("Plaintiffs") (the WTC Captive, the Marine Insurers and the Plaintiffs will collectively be referred to as the "Parties."). The Court directed that Special Masters Aaron Twerski and James Henderson be involved in the settlement discussions from the outset. We are pleased to report that the Parties have reached an agreement.

To recap, the Marine Insurers issued the Marine Policies to the City of New York and the City of New York Department of Design and Construction (collectively, the "City") and Weeks Marine, Inc. ("Weeks"), for which the City had agreed by contract to furnish insurance for work performed as part of the World Trade Center Emergency Clean-Up Project in New York (the "WTC Project"). The WTC Captive and the Marine Insurers insure the City and Weeks with respect to the WTC Project, subject to the terms and conditions of their respective Policies.

Numerous claims (the "WTC Claims") have been filed against the City and Weeks, and other various entities and persons performing work in connection with the WTC Project, all or most of which claims have been consolidated in various actions under dockets 21 MC 100, 102, and 103 before Your Honor in the United States District Court for the Southern District of New York (the "Disaster Site Litigation"). The City and Weeks tendered certain WTC Claims to the Marine Insurers and demanded defense and indemnity against those WTC Claims, and the Marine Insurers accepted the defense of certain WTC Claims under a reservation of rights while disclaiming or reserving their rights to disclaim any obligation to defend or indemnify the City and Weeks against others, citing the terms of the Marine Policies in support of this position.

The WTC Captive is defending and has defended the City and Weeks pursuant to WTC Captive Liability Insurance Policy No. 0001 ("WTC Captive Policy") against WTC Claims asserted in the Disaster Site Litigation, and has demanded that the Marine Insurers reimburse the WTC Captive for defense costs already incurred, and the Marine Insurers declined this demand, citing the terms of the Marine Polices and the terms of the WTC Captive Policy in support of this position. The WTC Captive on behalf of its insureds, including the City and Weeks, negotiated the World Trade Center Litigation Settlement Process Agreement, As Amended ("Amended SPA"), which established a process whereby Plaintiffs in the Disaster Site Litigation identified on the Eligible Plaintiff List, as defined by the Amended SPA, may settle their WTC Claims against the WTC Captive's insureds, including but not limited to the City and Weeks, for an amount to be funded by the WTC Captive ("Settlement Amount").

The WTC Captive demanded that the Marine Insurers contribute to the Settlement Amount in accordance with Section II.F of the Amended SPA, and the Marine Insurers declined this demand, again citing the terms of the Marine Policies and the terms of the WTC Captive Policy in support of this position. The Marine Insurers, the WTC Captive, and the Plaintiffs are desirous of avoiding the expense, inconvenience, and distraction of further disagreement and litigation. The Marine Insurers, the WTC Captive, and the Plaintiffs further seek to resolve fully and finally all past, present, and future disputes and alleged entitlements to insurance coverage under the Marine Policies relating to Debris Removal Claims.

The essential terms of the settlement are as follows:

- The Marine Insurers shall pay into the Separate Account established by the WTC Captive pursuant to Section III.A of the Amended SPA the sum of Twenty-Seven Million Five Hundred Thousand Dollars and No Cents ($27,500,000.00) (the "Payment Amount").

- For purposes of Section II.F of the Amended SPA, Plaintiffs agree that the Payment Amount is an amount acceptable as a contribution to the settlement memorialized in the Amended SPA.

- In addition to and separate from the Payment Amount, the Marine Insurers shall pay to the WTC Captive the sum of Five Hundred Thousand Dollars and No Cents ($500,000.00) in Allocation Costs, as defined by the Amended SPA ("Allocation Cost Payment"), to be paid subsequently by the WTC Captive to the Allocation Neutral.

- The WTC Captive, on the one hand, and the Marine Insurers, on the other hand, shall fully release and waive any and all claims against each other under the Marine Policies for past, present, and/or future disputes and/or alleged entitlements to insurance coverage under the Marine Policies and/or the WTC Captive Policy for Debris Removal Claims.

- The Payment Amount shall be allocated among the Marine Primary Plaintiffs pursuant to the terms of the Amended SPA, and in particular, Section II.F. of the Amended SPA.

*Re: In re World Trade Center Disaster Site Litigation, 21 MC 100-103*
November 5, 2010
Page 3 of 4

- Upon completion of the Allocation Process contemplated under the Amended SPA:
    - The WTC Captive shall advise the Marine Insurers in writing of (i) the amounts allocated to individual Marine Plaintiffs from the Payment Amount, (ii) the number and identity of all Marine Plaintiffs known to the WTC Captive who choose to opt out of the Amended SPA (the "Marine Plaintiff Opt-Outs"), (iii) the total amount of the Payment Amount that has been paid to Marine Plaintiffs, and (iv) the total amount of the Payment Amount that has not been paid to Marine Plaintiffs, if any.
    - The WTC Captive agrees that it will respond fully to the Marine Insurers' periodic requests for updated information concerning the Marine Plaintiff Opt-Outs.
    - If the Payment Amount is not apportioned among the Marine Primary Plaintiffs in accordance with Section II.F. of the Amended SPA, the Marine Insurers' rights, if any, against the WTC Captive are reserved.

- Upon receipt of the Payment Amount and the Allocation Cost Payment, the WTC Captive shall indemnify and hold harmless the Marine Insurers from and against any and all Debris Removal Claims against the City and Weeks and/or any and all claims against the Marine Insurers relating to the Debris Removal Claims against the City and Weeks.

- Plaintiffs' counsel or its designee shall cooperate with the WTC Captive or its designee and respond to their reasonable requests for information required to fulfill the settlement reporting duties associated with Section 111 of the Medicare, Medicaid and SCRIP Extension Act of 2007.

As the Court knows, the Marine Underwriters believe that they possess compelling legal and factual defenses to the WTC Captive/plaintiffs' claims. The WTC Captive/plaintiffs believe, just as strongly, that they can overcome Marine Underwriters' defenses and set forth a persuasive declaratory case for contribution. Despite these opposing core beliefs, following extensive negotiations assisted by the Special Masters, the parties believe and trust that the Court will agree that the parties have reached a settlement that is fair and reasonable to all parties.

Again, Special Masters Twerski and Henderson were engaged in the settlement negotiations from the outset. Their involvement was crucial to the parties in reaching an agreement. The assistance and direction of the Special Masters was effective and appreciated.

Re: *In re World Trade Center Disaster Site Litigation, 21 MC 100-103*
November 5, 2010
Page 4 of 4

Respectfully Submitted,

On behalf of the Marine Insurers
Subscribing to Marine Liability Policy
No. HF9604A00/HF0728A00:

_____
John M. Woods
William Cooney
Clyde & Co. US LLP
405 Lexington Avenue
New York, New York 10174
(212) 710-3900

On behalf of the Marine Insurers
Subscribing to Marine Liability Policy
Nos. 02-0923-01 and 02-0918-01:

_____
A. Michael Furman
Andrew R. Jones
Furman Kornfeld & Brennan LLP
61 Broadway, 26th Floor
New York, New York 10006

On behalf of Plaintiffs:

_____
Paul J. Napoli
*Plaintiffs' Liaison Counsel*
Worby Groner Edelman & Napoli Bern, LLP
115 Broadway, 12th Floor
New York, New York 10006

cc:

Dean Aaron Twerski   Prof. James Henderson

Margaret H. Warner
*Counsel for the WTC Captive*
McDermott Will & Emery LLP
600 13th Street, NW
Washington, DC 20005-3096

*Re: In re World Trade Center Disaster Site Litigation, 21 MC 100-103*
November 5, 2010
Page 4 of 4

Respectfully Submitted,

On behalf of the Marine Insurers
Subscribing to Marine Liability Policy
No. HF9604A00/HF0728A00:

John M. Woods
William Cooney
Clyde & Co. US LLP
405 Lexington Avenue
New York, New York 10174
(212) 710-3900

On behalf of the Marine Insurers
Subscribing to Marine Liability Policy
Nos. 02-0923-01 and 02-0918-01:

A. Michael Furman
Andrew R. Jones
Furman Kornfeld & Brennan LLP
61 Broadway, 26th Floor
New York, New York 10006

On behalf of Plaintiffs:

Paul J. Napoli
*Plaintiffs' Liaison Counsel*
Worby Groner Edelman & Napoli Bern, LLP
115 Broadway, 12th Floor
New York, New York 10006

cc:

Dean Aaron Twerski  Prof.
James Henderson

Margaret H. Warner
*Counsel for the WTC Captive*
McDermott Will & Emery LLP
600 13th Street, NW
Washington, DC 20005-3096