USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/15/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

IN RE WORLD TRADE CENTER DISASTER SITE LITIGATION

------------------------------------------------------------

IN RE COMBINED WORLD TRADE CENTER DISASTER SITE AND LOWER MANHATTAN DISASTER SITE LITIGATION

------------------------------------------------------------ x

**ORDER APPROVING SETTLEMENTS**

21 MC 100 (AKH)

21 MC 103

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Liaison counsel for Plaintiffs and Defendants involved litigation arising from the reception and burial of World Trade Center debris at Fresh Kills, Staten Island, have reached a partial settlement of the claims made by Plaintiffs against such Defendants. The aggregate settlement amount against all the Fresh Kills Defendants, who are identified below, is $24.3 million inclusive of $300,000 payable to defray administrative expenses. The present partial settlement for two-thirds of this amount, or $16.2 million, is with two of the three sets of these Defendants. The third set of Defendants have not yet settled, and may not settle, and the lawsuits will continue against them.

      I have reviewed the partial settlement and I find it to be fair, reasonable, and adequate, in the context of previous settlements previously announced and found fair, reasonable, and adequate. I accept the partial settlement, and I order it to be implemented simultaneously with all other settlement distributions to Plaintiffs who made claims or filed lawsuits against the Fresh Kills Defendants or any of them.

      Plaintiffs' liaison counsel, Worby Groner Edelman & Napoli Bern, represent that there are 1,918 Plaintiffs who made claims or filed lawsuits against the Fresh Kills Defendants or

1

any of them in the 21 MC 100 and 103 Master Calendars. The present partial settlement will be distributed to these Plaintiffs according to their entitlements under the Settlement Process Agreement, As Amended, with $2,000 payable to eligible Tier One Plaintiffs, $3,500 payable to eligible Tier Two plaintiffs, and $5,500 payable to eligible Tier Three plaintiffs. The balance, estimated to be 90 percent of the partial settlement amount, will be distributed to Tier Four Plaintiffs in accordance with the allocation provisions provided in the Settlement Process Agreement, As Amended. Plaintiffs' counsel may charge no more than a 25 percent contingent fee, with expenses limited in accordance with previous orders, rulings, and agreements.

The settling Defendants are Phillips & Jordan, Inc., and Evans Environmental & Geological Science and Management LLC ("EE&G"), together with their respective insurers, in the amount of $8.1 million each.

The non-settling Defendant is Taylor Recycling Facility, LLC ("Taylor Recycling"), together with its several insurers. The amount of settlement had been agreed to. The distribution of payments among Taylor Recycling's several insurers could not be agreed to. All lawsuits are to continue against Taylor Recycling, including the possibility of various actions against its insurers, without limitation as to any settlement amount.

I note that today's partial settlement with Phillips & Jordan and EE&G is one of several now completed between Plaintiffs in the 21 MC 100, 21 MC 102, and 21 MC 103 Master Calendars and the various Defendants whom they sued. These various agreements, and the settlement amounts, are as follows.

- The Settlement Process Agreement, As Amended, provides a range of $625 to $716 million for settlements with New York City and its various contractors, depending on the percentage of Eligible Plaintiffs who opt in.

2

- The settlement agreement with the Port Authority of New York and New Jersey adds $47.5 million, with additional amounts to follow for Plaintiffs still engaged in settlement negotiations.

- The settlement with Lloyd's of London on behalf of Weeks Marine, Inc., adds $28 million.

- The settlement with Phillips & Jordan and EE&G adds $16.2 million.

- Finally, the recent settlement with Survivair, Inc., adds $4.1 million.

All told, Plaintiffs eligible to settle their cases presently stand to recover an amount between $720.8 million and $811.8 million, along with additional amounts that may flow from settlement discussions that are still ongoing. If Plaintiffs satisfy the requisite op-in thresholds, and to ensure the speedy and effective distribution of individual settlement amounts, all these funds shall be submitted to the Allocation Neutral, who shall remit individual settlement amounts to each of the Plaintiffs in a timely manner, and as provided for in each of the various settlement agreements.

SO ORDERED.

Dated: November 15, 2010
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

# McGIVNEY & KLUGER, P.C.
80 BROAD STREET, 23rd FLOOR
NEW YORK, NEW YORK 10004

TELEPHONE (212) 509-3456
FACSIMILE (212) 509-4420

rleff@mcgivneyandkluger.com

November 11, 2010

**BY EMAIL:**

Honorable Alvin K. Hellerstein
United States District Judge
United States District Court for
the Southern District of New York
500 Pearl Street
New York, New York 10007

RE: In Re: World Trade Center Disaster Site Litigation, 21 MC 100. 21 MC 103

Dear Judge Hellerstein:

    We represent the defendant Phillips & Jordan, Inc. This letter is sent on behalf of the defendants Phillips & Jordan, Inc., ("P&J") and Evans Environmental & Geological Science and Management LLC d/b/a "Evans Environmental and Geosciences ("EE&G") in response to the Court's request for a report concerning the ongoing settlement negotiations concerning these parties and the Worby Groner Edelman & Napoli Bern LLP firm as well as in their capacity as plaintiffs' liaison counsel.

    We are pleased to report that on October 25, 2010, with the assistance of the Court and the Special Masters, an agreement in principle was reached to resolve the 1918 21 MC 100 and 21 MC 103 claims asserted against these two (2) defendants in the amount of $16.2 million. The defendant Taylor Recycling Inc., is not a party to this settlement. This agreement will not be finalized until the plaintiffs' liaison counsel, defendants and their respective contributing insurance carriers approve the terms and conditions, which is expected to be completed prior to the end of November.

    The essential terms of the settlement are as follows:

- The settlement amount is $16,200,000.00 if all (1918) plaintiffs represented by all plaintiffs' counsel opt into the settlement. This includes up to $300,000.00 to be allocated for administrative costs;

- Payments to individual plaintiffs shall be subject to agreed upon objective criteria, which shall not involve the two settling parties, and to Court approval;

BOSTON    FARMINGTON    FORT LAUDERDALE    FLORHAM PARK    NEW YORK
PHILADELPHIA    PROVIDENCE    SPARTA    SYRACUSE    WILMINGTON

Judge Alvin K. Hellerstein
November 11, 2010
Page 2 of 4

- The settlement requires that certain percentages of plaintiffs opt into the settlement for it to be effective (95% for Tier 4 plaintiffs and 90% for Tiers 1, 2 and 3 plaintiffs);

- The total settlement amount will be reduced by individual settlement amounts for any eligible plaintiffs who do not opt in.

- Settling plaintiffs will release all present and future claims against the two settling defendants;

- Each settling plaintiff will provide the following verified information to counsel for the two settling plaintiffs:

    - Name;
    - Date of birth; and
    - Civil docket number, if applicable.

- Indemnification claims by other defendants against these two settling defendants will be waived and P&J will waive any such indemnity claims along with claims for additional insured status and defense costs against EE&G;

- P&J does not waive any such indemnity claims as against Taylor Recycling Inc.;

- Plaintiffs have obtained an assignment of P&J's rights for indemnification against the non-settling defendant Taylor Recycling, Inc., in the amount up to $8.1 million and other consideration;

- The settlement is not contingent on the WTC Captive Settlement Agreement ("SPA"). These two settling defendants are not parties to the SPA;

- The settlement terms are subject to the approval of plaintiffs' liaison counsel, the settling defendants and their respective contributing insurers.

As the Court is aware, these defendants believe they possess compelling legal and factual defenses to plaintiffs' claims. This is stated with full appreciation and respect for the plaintiffs who participated in the recovery and debris handling efforts at Fresh Kills Landfill. Counsel for plaintiffs believe, as strongly, they have the ability to overcome the defenses of these two defendants and can

Judge Alvin K. Hellerstein
November 11, 2010
Page 3 of 4

state a persuasive case to a jury. Despite these core beliefs of the parties, the objective of the negotiations was to reach a settlement that was fair to both sides. We trust the Court will agree that we have achieved that objective.

Respectfully submitted,

*[signature]*
Richard E. Leff
On behalf of Phillips & Jordan, Inc.

*[signature]*
Joseph L. Pellis II
On behalf of Phillips & Jordan, Inc.

*[signature]*
Marc H. Pillinger
On behalf of Evans Environmental & Geological Science and Management LLC d/b/a "Evans Environmental and Geosciences"

*[signature]*
Paul J. Napoli
On behalf of Plaintiffs

Cc:

Dean Aaron Twerski
Prof. James Henderson
William H. Groner, Esq.