

**PATTON BOGGS** LLP
ATTORNEYS AT LAW

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
973-848-5600

Facsimile 973-848-5601
www.pattonboggs.com

November 9, 2010

James E. Tyrrell, Jr.
(973) 848-5620
jtyrrell@pattonboggs.com

**VIA ELECTRONIC MAIL AND OVERNIGHT MAIL**

Hon. Alvin K. Hellerstein, U.S.D.J.
United States District Court for the
Southern District of New York
500 Pearl Street, Rm. 1050
New York, NY 10007

> Re:     *Brian Tuitt v. City of New York, et al.*, 10 cv 3742 (AKH)

Dear Judge Hellerstein:

This office represents Defendant the City of New York (the "City") in the above-referenced matter. For the reasons set forth below, we respectfully request that the Court consolidate this action with the litigation captioned *In Re: World Trade Center Disaster Site Litigation*, 21 MC 100 (AKH) (the "21 MC 100 docket").[1]

*Pro se* Plaintiff Brian Tuitt is a former NYPD Detective who alleges that he suffered injuries as a result of his work at the World Trade Center Site ("WTC Site") on and after September 11, 2001.[2] In specific, Plaintiff alleges that he "was made to work very long hours, days and worked without proper safety equipment" (Amended Complaint ¶ 7) and that "[t]here were no safety measures or protocols to protect the claimant and the claimant was faced with massive damages, potential health hazards consisting of smoke, toxic fumes, and massive death and destruction" (Amended Complaint ¶ 34). Plaintiff further alleges that the City was "negligen[t] in the conduct, control and supervision during the September 11th incident" (Amended Complaint ¶ 18) and seeks, among other relief, monetary damages for "emotional and mental injuries incur[r]ed in the claimant[']s line of duty when the claimant had to respond to the

---

[1] We recently became aware of this action and the City and the WTC Captive Insurance Co. are assessing whether this Plaintiff may be eligible for inclusion on the Eligible Plaintiff List ("EPL") and may be able to participate in the World Trade Center Litigation Settlement Process Agreement, as Amended ("SPA").

[2] Plaintiff's late notice of claim ("LNOC") motion alleging various respiratory injuries and post traumatic stress disorder (PTSD) due to his work at the World Trade Center Site originally was filed on December 1, 2009 and subsequently was denied by the Supreme Court, New York County (Index 403017/09). Plaintiff's appeal from that denial is pending.


PATTON BOGGS LLP
ATTORNEYS AT LAW

Hon. Alvin K. Hellerstein, U.S.D.J.
November 9, 2010
Page 2

World Trade Center location." (Amended Complaint ¶ 34.) Plaintiff alleges that he suffered "heart and chest pains . . . coughing up dirt and blood, anxiety attacks" and various other mental and physical ailments. (Amended Complaint ¶ 8.) Accordingly, Plaintiff's Amended Complaint also requests that the Court "allow this claim to be merged with the 9/11 September 11ᵗʰ, 2001 on-going litigation from rescue workers." (Amended Complaint ¶ 33.)

Notwithstanding Plaintiff's request and the similarity of this case to the more than 10,000 WTC-related personal injury cases pending before the Court, this case was not consolidated with the 21 MC 100 docket when it was filed on May 28, 2010. Thereafter, on October 13, 2010, the Court directed (by way of endorsed letter) that all Defendants answer and/or file "all R. 12 motions" against Plaintiff's Amended Complaint by November 20, 2010. Because this case indisputably involves (among other claims) personal injuries allegedly sustained during the rescue, recovery, debris-removal, and clean-up efforts following the September 11, 2001 terrorist attacks, we respectfully request that this action be consolidated with the cases pending in the 21 MC 100 docket. Consolidation would serve the interests of justice and would be both efficient and convenient for the Court and the parties. Such consolidation would impose in this action the stay currently in effect for the 21 MC 100 docket and subject this action to the Case Management Orders entered in the 21 MC 100 docket.

As the Court is aware, the parties and counsel in the 21 MC 100 docket are in the final stages of effectuating the World Trade Center Settlement Process Agreement, as Amended ("SPA"). Requiring the City's counsel to divert its resources at this critical juncture to make dispositive motions in the *Tuitt* matter by November 20, 2010, would be both unduly burdensome and counterproductive. Moreover, because Plaintiff's claims here are essentially identical to those of thousands of other Plaintiffs in the 21 MC 100 litigation, the City's dispositive motions in this matter undoubtedly would raise critical issues of importance to many other Plaintiffs and Defendants in the 21 MC 100 docket including, for example, immunity arguments, the appropriate application of the Notice of Claim statute, statute of limitations issues, and the constitutionality of Jimmy Nolan's Law. Consequently, it is likely that counsel for other Plaintiffs and Defendants would feel compelled to appear to argue their positions on such issues when their efforts at this time also should be focused on the SPA instead of litigation.

103664



Hon. Alvin K. Hellerstein, U.S.D.J.
November 9, 2010
Page 3


      Accordingly, the fair and efficient administration of justice calls for consolidation of the *Tuitt* matter with the cases pending in the 21 MC 100 docket so that Plaintiff's claims will be adjudicated in a manner consistent with the thousands of other claims it so closely resembles. We therefore respectfully request that the Court consolidate this action with the cases pending before Your Honor in the 21 MC 100 docket and direct that any obligation to submit responsive pleadings or dispositive motions in connection with this action be stayed and subject to the Case Management Orders entered in the 21 MC 100 docket.

      Respectfully submitted,

*James E. Tyrrell Jr.*

James E. Tyrrell, Jr.
of Patton Boggs LLP

cc:    Brian Tuitt, Plaintiff (via regular mail)
       James M. Moschella, Esq. (via overnight mail)
       Paul J. Napoli, Esq. (via electronic mail)
       Andrew J. Carboy, Esq. (via electronic mail)
       Beth D. Jacob, Esq. (via electronic mail)

103664