UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————X

IN RE WORLD TRADE CENTER					21 MC 100 (AKH)
DISASTER SITE LITIGATION
————————————————————X

ELMER G. SANTIAGO

           *Plaintiff,*					DOCKET NO.
												10 cv. 7927 (AKH)
    -against-

THE CITY OF NEW YORK, et al.,						MOTION TO
           *Defendant.*					REOPEN UNDER
————————————————————X				FED R. CIV. 8 (a)(1)(2)(3)

*[Handwritten: Denied. Under my order, plaintiff may state a legally sufficient cause of action as appropriate re-filing before 12/22/10. 12/3/10 /s/ AKH]*

TO JUDGE ALVIN HELLERSTEIN, THE SOUTHERN DISTRICT OF NEW YORK:

The Plaintiff *Pro Se*, in the above entitled action respectfully requests that the Court reopen, and reconsider, 10 Cv. 7927, in order for the Plaintiff to seek relief under the World Trade Center Presumption Law for personal injuries incurred during the World Trade Center rescue and recovery operations during and after September 11, 2001.

The World Trade Center Presumption Law **establishes a presumption** that certain disabilities for certain New York City employees were caused by rescue, recovery or clean-up operations at the WTC and entitle the employee to accidental disability retirement benefits (unless evidence proves otherwise) if the person:

    1.    Worked at a WTC site (see below) at least 40 hours during the period beginning on September 11, 2001 and ending on September 12, 2002 (or was unable to work 40 hours due to a **physical injury** incurred during WTC-related work on September 11 or September 12, 2001) OR

    2.    Worked at Ground Zero during the first 48 hours after the terrorist attack on September 11, 2001; AND

    3.    Has developed, or develops in the future, certain physical and mental conditions.

The law covers the following individuals who responded to the collapse of the WTC: Uniformed members of NYPD, FDNY, DSNY and DOC.

The bill allows police officers, firefighters, and other civilian employees hired before

1

July 26, 1976 who retired for non-WTC accidental disability to have their retirement reclassified as accidental disability related to the WTC disaster. The essence of this law is the **personal injury** aspect of it which must have been incurred during the WTC-related activity. If a participant on September 11, 2001 meets the requirements of the presumption, thus the participant is eligible to file for an Accidental Disability Retirement Pension, as long as a Notice of Participation is filed before the prescribed period. The Plaintiff has met the eligibility requirements, and his Notice of Participation has been filed and accepted by the NYC Police Pension Fund. An attached copy of this letter is affixed to this motion.

By law, the Southern District of New York has *exclusive* jurisdiction over **all claims** related to **personal injuries** allegedly caused by the rescue, recovery and debris removal work performed after the September 11, 2001 terrorist attack at the World Trade Center, and therefore, 10 Cv. 7927 is in the right jurisdiction under U.S.C. §40101 (2001). The Plaintiff respectfully requests that the above entitled action be treated as a separate litigation, since the 'SPA' does not have a clause which covers the World Trade Center Presumption Law. It must be noted that the relief sought in 10 cv. 7927, an Accidental Disability Pension, which should be viewed in the light of Fed R. Civ. 8 (a)(3), and is a different compensatory relief than the relief sought in the 'SPA', and the Plaintiff respectfully requests that it be treated as such.

Furthermore, if the Plaintiff was to return this action to State Court, because of the personal injury aspect of this litigation, it will again be moved to federal court where jurisdiction has been settled, and it will not make economical sense for either court.

To meet the requirements of Fed. R. Civ. 8 (a)(1)(2)(3), an Amended Complaint is attached to this motion for your consideration.

DATED: December 1, 2010    New York, New York

Elmer G. Santiago
310 E. 151 St, 3W
Bronx, NY 10451
718.585.6183
347.819.1253

2

cc:

**JOSEPH E. HOPKINS**

**Patton Boggs, LLP.**
*Attorney for the City of New York*
**The Legal Center
One Riverfront Plaza
Newark, NJ 07102**

3

Judge wrote:

"Denied. Under my order, plaintiff may state a legally sufficient cause of action upon appropriate re-filing on or before 12/22/10.

12/3/10
Alvin K. Hellerstein"