USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/16/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
IN RE WORLD TRADE CENTER DISASTER   :   **ORDER SETTING HEARING**
SITE LITIGATION                     :   **CONCERNING EXTENSION**
------------------------------------------------------------- :
IN RE LOWER MANHATTAN DISASTER      :   21 MC 100 (AKH)
SITE LITIGATION                     :   21 MC 102
------------------------------------------------------------- :   21 MC 103
IN RE COMBINED WORLD TRADE CENTER   :
AND LOWER MANHATTAN DISASTER SITE   :
LITIGATION                          :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

Certain Case Management Orders ("CMOs") in the Settlement Process Agreement, As Amended ("SPA") require the parties to execute individual affirmations of final settlement by December 21, 2010. Defendants' Counsel ask for an extension of this deadline to January 31, 2011 to allow certain events in the settlement process to continue. I am reluctant to grant the request, and certainly not to grant an extension to January 31, 2011.

Counsel propose two justifications for an extension of the deadline in the CMOs, the work of the Special Counsel with the nonresponsive Eligible Plaintiffs and the problem of certain deficiencies in the settlement forms provided by several hundred settling Eligible Plaintiffs.

The Special Counsel has been assigned to address the questions and concerns of a small pool of Eligible Plaintiffs who did not respond to queries about their intent to settle. His efforts in this regard end on Friday, December 17, 2010, and a report is due to this Court within two business days thereafter. The work of Special Counsel does not change the effectiveness of the settlement, which I approved based on the data provided by the Allocation Neutral and the Parties' representation that the data represented clear intentions to settle by a sufficient number of Eligible Plaintiffs. Order, Doc. No. 2256, 21 MC 100 (S.D.N.Y. Nov. 24, 2010).

1

Nor do concerns about deficiencies in existing settlement certifications warrant the kind of delay requested. I am advised that 747 certifications require corrections, but I have not been advised of the nature of these deficiencies or the time it would take to cure them. Moreover, Defendants accepted these certifications as indicative of the individual Eligible Plaintiffs' intent to settle, and represented to this Court that the overall thresholds had been satisfied. These releases are in all likelihood legally effective regardless of the technical shortcomings now being resolved.

After many years of litigation, thousands of Plaintiffs are now set to receive settlement funds, and likely are eager for the funds to begin flowing to them. From this, it is apparent that both Plaintiffs' and Defendants' Counsel are under substantial pressure to finalize the settlement process. In particular, Plaintiffs' counsel are under pressure to fix any deficiencies, for until they do so, their affected clients will not receive any settlement funds—and, by extension, Counsel will not receive related fees. The extension sought by Defendants' Counsel is likely to interfere with the settling Plaintiffs' reasonable expectations unnecessarily. Counsel may discuss all of this with me at a status conference to be held Wednesday, December 22, 2010, at 2:30pm. The date for executing settlement affirmations in the CMOs is extended to December 23, 2010, to abide the conference.

SO ORDERED.

Dated: December 16, 2010
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

2