USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/11/11

**MARION S. MISHKIN**
ATTORNEY AT LAW
155 East 77th Street
New York, New York 10075
Tele: 917-515-5600
Facsimile: 212-585-1800
Email: MarionMishkin
@marionmishkin.com

*[handwritten notes across upper right of page, partially legible]*
*The applicant shall, w/in 10 days, file her appl'n, limited to time expended & all expense incurred, including reasonable supporting information. Counsel served with such order have 10 days thereto to respond. ___ AKHellerstein 1/11/11*

December 29, 2010

By Electronic Mail
Honorable Alvin K. Hellerstein
United States District Court Judge
500 Pearl Street - Courtroom 14 D
New York, New York 10007

Re:   In Re: World Trade Center Disaster Site Litigation
      Bodily Injury, Non-Respiratory, Non-Ingestion
      Cases - 21 MC 100 (AKH)

Dear Judge Hellerstein:

        As you may recall, the undersigned is liaison counsel for plaintiffs in the Bodily-
Injury, Non-Respiratory, Non-Ingestion cases ("Non-Respiratory Plaintiffs").[1]

        Pursuant to Your Honor's instruction at the October 5, 2010 Status Conference,
the undersigned has been working on an application to the Court for fees and expenses
concerning work performed on behalf of the Non-Respiratory Plaintiffs.  Intrinsic to the proper
formulation of this application is the identification of settlement-related information, particularly
the sums paid in these cases and the source.  This information is foundational in lending context
and support to a request for payment and competently apprising the Court of factors relevant to
its assessment of such an application.

                                                *1 of 2 cont . . .*

---

[1]        A listing of these cases, their individual docket numbers and settlement status is annexed
at Appendix A.

Hon. Alvin K. Hellerstein
*World Trade Center Disaster Site Litigation*
21 mc 100 (AKH) Non-Respiratory Cases
December 28, 2010
Page 2 of 2

        While the undersigned has made diligent efforts to obtain this information in lieu of turning to the Court, these efforts have unfortunately proved unfruitful.  At the same time, this information is by all reason readily available, particularly given that the pool of defendants mutually named among these plaintiffs is fairly estimated to number less than ten, counsel representing these defendants number even fewer, and the universe of insurance carriers in this group of cases is similarly limited, often with a single insurance policy having paid on multiple Non-Respiratory claims.[2]

        In view of all of these factors, it is most respectfully requested that an Order be issued directing that defendants furnish the undersigned with the above-referenced information (settlement sums paid in these cases and source of payment) within twenty (20) days, or by a date the Court may otherwise deem appropriate.  Additionally, given that these cases are continuing to settle, it is further requested that any such Order require this information to be updated on a rolling basis through the disposition of the balance of these cases.

        I thank the Court for any consideration that may be afforded in this matter.

        Respectfully yours,

*encl.*

    _____/s._____
MARION S. MISHKIN (MM - 3701)
Marion S. Mishkin Law Office
155 East 77th Street
New York, New York 10075
Tele: 917-515-5600
Fax:  212-585-1800

*cc:*    *See attached.*

---

[2]    The majority of claims are understood to have been paid through Liberty Mutual Fire Insurance Company under policy No. RG2-621-004607-001, excess policies of insurance issued to the City of New York through Lloyd's General Security and Indemnity Company of Arizona, and Assicurazioni Generalli S.p.A.,under policy numbers 576/UFZ7278400 and 576/UF7280600, and World Trade Center Captive.

<u>By Electronic Mail</u>

James E. Tyrrell, Jr., Esquire
*jtyrrell@pattonboggs.com*

Joseph Hopkins, Esquire
*jhopkins@pattonboggs.com*

Margaret H. Warner, Esquire
*mwarner@mwe.com*

Beth Jacob, Esquire
*bjacob@schiffhardin.com*

**Appendix A**

World Trade Center Disaster Site Litigation
21-mc-100 (AKH) Bodily-Injury,
<u>Non-Respiratory, Non-Ingestion Cases</u>[1]

*Antonio Alves and Maria Alves*
*v. Tully Construction Company, Inc, et, al*
2005-cv-7266 (AKH) *

*Thomas Beattie*
*v. Bovis Lend Lease, L.M.B., Inc., et. al.*
2005-cv-7164 (AKH) *

*Chester Botch*
*v. The City of New York*
2005-cv-7165 (AKH) *

*Anthony Buonomini*
*v. The City of New York, AMEC Construction, AMEC Construction*
*Management, Inc., Bovis Lend Lease, L.M.B., Inc., Tully*
*Construction Company, Inc., Breeze National, Inc., and The Port*
*Authority of New York and New Jersey*
2005-cv-7162 (AKH)[2]

*Thomas Burke*
*v. The City of New York*
2005-cv-7191 (AKH)

*John Campo*
*v. The City of New York; Tishman Construction Corporation;*
*Verizon New York, Inc., s/h/a Verizon Communications, Inc.*
2005-cv-7191 (AKH) *

*Kevin Daly and Lisa Daly*
*v. Yonkers Contracting and Robert Gerosa*
2005-cv-7415 (AKH) *

---

[1]     * Cases marked with an asterisk are settled.

[2]     Consolidated action (2005-cv-7162, 2005-cv-7163, and 2005-cv-7986 (AKH)).

*Kevin Daly and Lisa Daly*
*v. Port Authority of New York and New Jersey*
2005-cv-7212 (AKH)

*Frank DiPhilipo and Diedre DiPhillipo*
*v. The City of New York, Philips Jordan, Inc., Yanuzzi*
*& Sons, Inc., and Hugo New Schnitzer*
2005-cv-10195 (AKH) \*

*Frank DiGiacomo and Gail DiGiacomo*
*v. The City of New York, Department of Sanitation of the City of*
*New York, Philips & Jordan, Inc., Big East Equipment Company,*
*Inc., and Yanuzzi Group of Companies d/b/a Yanuzzi & Sons*
*Construction Equipment Company, Inc.*
2006-cv-00137 (AKH) \*

*John Feal*
*v. Turner Construction Company*
2005-cv-7268 (AKH) \*[3]

*Abraham Fergus*
*v. The City of New York, The New York city Transit Authority,*
*Port Authority of New York and New Jersey*
2005-cv-7142 (AKH) \*

*Christopher Graybill*
*v. The City of New York and Port Authority of New York*
*and New Jersey*
2005-cv-7167 (AKH)

*Paul Johnson*
*v. Bovis Lend Lease, L.M.B., Inc., Tully Construction Company,*
*Inc., AMEC Construction Management, Inc.*
2005-cv-6748 (AKH) \*

*Mieczyslaw Kosmaczewski and Eva Kosmaczewski*
*v. The City of New York and Port Authority of New York*
*and New Jersey*
2005-cv-7206 (AKH)

---

[3]     Companion action, Feal v. Plaza Construction Corp., (2005-cv-7235 (AKH)) was discontinued with prejudice.

*Thomas Magee*
*v. The City of New York, Silverstein Properties and Port Authority*
*of New York and New Jersey*
2005-cv-7210 (AKH)[4]

*Sandra Milling and Elliot Milling*
*v. The City of New York*
2005-cv-7189 (AKH)[5]

*John Montalvo and Darlene Montalvo*
*v. The City of New York and Port Authority of New York*
*and New Jersey*
2005-cv-7208 (AKH)

*John Nimmo*
*v. The City of New York, Port Authority of New York and New*
*Jersey and Tully Construction Company*
2005-cv-7207 (AKH) *

*Matthew Ostrander v. The City of New York and Port Authority of*
*New York and New Jersey*
2005-cv-7161 (AKH)

*Francis Paul Pursley*
*v. The Port Authority of New York and New Jersey*
2005-cv-7205 (AKH) *[6]

*Francis Paul Pursley*
*v. Port Authority of New York and New Jersey*
2005-cv-7213 (AKH) *[7]

*Kenneth Roche and Lisa Roche*
*v. Bovis Lend Lease, L.M.B., Inc., Bovis Lend Lease Interiors, Inc.,*
*Seasons Contracting, Corp., F.G.P., 90 West Street, L.L.C.*
2005-cv-7150 (AKH)

---

[4]    Claim against Silverstein Properties discontinued by stipulation.

[5]    Remanded.

[6]    Settled in principle.

[7]    Settled in principle.

*Salvatore Sferrazza*
*v. Port Authority of New York and New Jersey and AMEC*
*Construction Management, Inc.*
2005-cv-7154 (AKH) *[8]

*Americo Spaguolo*
*v. Port Authority of New York and New Jersey and Bovis Lend*
*Lease, L.M.B., Inc.*
2005-cv-7211 (AKH) *

*Robert Strohschein*
*v. Silverstein Properties, Inc.*
2005-cv-7148 (AKH) *

\* \* \* \*

---

[8]    Claim against Defendant, AMEC settled.  Claim against Port Authority pending.

Judge wrote:

"The applicant shall file her application, within 10 days, limited to time expended and expenses incurred, including reasonable supporting information.  Counsel served with such order have 10 days thereafter to respond.

1/10/11
Alvin K. Hellerstein"