UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
                                                            :
                                                            :   **ORDER REGULATING**
IN RE WORLD TRADE CENTER DISASTER                           :   **DECEDENTS' CASES**
SITE LITIGATION                                             :
                                                            :   21 MC 100 (AKH)
----------------------------------------------------------- x   21 MC 102
                                                            :   21 MC 103
IN RE LOWER MANHATTAN DISASTER                              :
SITE LITIGATION                                             :
                                                            :
----------------------------------------------------------- x
                                                            :
                                                            :
IN RE COMBINED WORLD TRADE CENTER                           :
AND LOWER MANHATTAN DISASTER SITE                           :
LITIGATION                                                  :
                                                            :
----------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/11/11

        Special Counsel appointed by my order of November 24, 2010, has identified

thirteen cases eligible to settle under the Settlement Process Agreement, as Amended ("SPA")

but where the named Plaintiffs have died. In four of these, an executor or administrator has been

appointed to represent the decedents' estates. In the other nine, no such appointment has been

made.

        Federal Rule of Civil Procedure 25(a)(1) provides that upon death, a successor

plaintiff must be substituted for the decedent. If the substitution does not occur within ninety

days of the notice of death, the case must be dismissed. The rule provides,

>        If a party dies and the claim is not extinguished, the court may
> order substitution of the proper party. A motion for substitution
> may be made by any party or by the decedent's successor or
> representative. If the motion is not made within 90 days after
> service of a statement noting the death, the action by or against the
> decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

Table A, attached to this Order, identifies the four cases in which executors or administrators were appointed and states whether in those cases the parties have opted to settle, continue without settlement, or dismiss. A motion for substitution of the administrators and executors must be filed in each of these cases by January 20, 2011, and the decision to settle, continue without settlement, or dismiss must be ratified in that motion by the administrator or executor. In addition, in the case of the party wishing to settle, the settlement and release documents required by the SPA must be executed and delivered to the Allocation Neutral by January 20, 2011. Failure to file a timely motion—and, in the case of the settling party, to timely execute the proper settlement documents—will be cause for dismissal with prejudice.

In the nine remaining cases, no administrator or executor has been appointed.

In four of these nine cases, the decedents' next of kin have failed or refused to communicate with both the counsel who represented the decedents and Special Counsel. These four cases, identified in Table B-1, are dismissed with prejudice and without costs, for the reasons and under the terms provided in my order of December 30, 2010. See Order Dismissing Cases with Prejudice for Failure to Prosecute, 21 MC 100 et al., Doc. No. 2268 (S.D.N.Y. Dec. 30, 2010).

In another four of these nine cases, the next of kin, identified in Table B-2, have expressed an intention to dismiss with prejudice, and have also advised that they do not plan to incur the expense and bother of having an administrator or executor appointed. These cases are dismissed with prejudice and without costs, for the reasons and under the terms set forth in my order of December 30, 2010. Order Dismissing Cases with Prejudice, 21 MC 100 et al., Doc. No. 2267 (S.D.N.Y. Dec. 30, 2010).

2

In the final case, identified in Table B-3, the next of kin has expressed the intention to continue with the case. In this case, a motion for substitution of the administrator or executor must be filed and the decision of the next of kin ratified. Failure to effect such substitution within ninety days will be cause for dismissal of the action with prejudice.

SO ORDERED.

Dated:       January 11, 2011
             New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3

**TABLE A**

| Plaintiff Name | Representative | Response |
|---|---|---|
| Frank Langan | Howard Brewer | Discontinue - Verbal |
| Giovanni Leone | Lucia Eagers | Opt In - Verbal |
| Robert Schor | Michele Schor | Opt out - verbal |
| Joseph Trembone | Maria Trembone | Opt out - verbal |

**TABLE B-1**

| Plaintiff Name | Representative |
| --- | --- |
| Leslie Huggins | Michelle Huggins |
| Edward Mauro | Louis Mauro |
| George McGrath | N/A |
| Robert Mehmel | Lisa Millwood |

**TABLE B-2**

| Plaintiff Name | Representative |
|---|---|
| Christopher Fanning | Leslie A. Fanning |
| Matthew Gilmartin | Helen Gilmartin |
| Thomas Harrigan | Thomas Harrigan Sr. |
| Mark Mandel | Lynn Mandel |

**TABLE B-3**

| Plaintiff Name | Representative |
|---|---|
| Edward M. Ferraro | Rosa M. Ferraro |