# HOFMANN & SCHWEITZER

COUNSELLORS AT LAW AND PROCTORS IN ADMIRALTY

PAUL T. HOFMANN*
TIMOTHY F. SCHWEITZER*

DARIO ANTHONY CHINIGO*
JAMES G. FITZSIMONS
ELIZABETH BLAIR STARKEY
JESSICA JUSTE*
*ALSO ADMITTED IN NJ

360 WEST 31st STREET

NEW YORK, NEW YORK 10001-2727

(212) 465-8840

FAX (212) 465-8849

E-MAIL: INFO@HOFMANNLAWFIRM.COM

WEB PAGE: WWW.HOFMANNLAWFIRM.COM

NEW JERSEY OFFICE:
1130 ROUTE 202 SOUTH
SUITE A7
RARITAN, NJ 08869
(908) 393-5662

January 19, 2011

Hon. Alvin K. Hellertein
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 14D
New York, NY 10007

In Re:  World Trade Center Disaster Litigation
        21-MC-100 (AKH)

Dear Judge Hellerstein:

  My firm had the privilege of representing six of the courageous WTC 'first responders' and construction workers who risked their health and lives working on the 'pile' and at the west side staging area, being exposed to the same toxins as the approximately 10,500 other claimants settling their claims. My clients all have respiratory claims, and under the settlement are entitled to rather small payouts. These six men came to my firm for assistance as they had been previous clients, or friends of previous clients. They wanted personal attention to their claims, and did not wish to be lumped in with thousands of other claimants nearly anonymous to the Worby/Napoli consortium.

  I am appalled at the Worby/Napoli attempt to seek, essentially, 20% of the fees my firm would receive under this settlement through their attempt to have the court impose an excise against the few of us with small numbers of claims through its seeking a 5% of the gross recovery "common benefit fund' surcharge on the clients' recovery to be deducted from their attorneys' fees. Worby/Napoli have agreed to exclude seeking such common benefit fund money from the Sullivan Papain clients and apparently from Mr. Cannata's clients. Significantly, these latter two firms, which have the majority of the non-Worby/Napoli clients under retainer, have 'waived' any right to 'common benefit' deductions from other claimants, yet, Worby/Napoli persists in making such a claim against the 200 or so other claimants they don't represent.

  Worby/Napoli stands to make about $140 million in fees for their efforts on their own clients' cases. I cannot begrudge them that. But I can begrudge them seeking even more money from those of us who ably represented our clients, as well.

HOFMANN & SCHWEITZER

-Page 2-

My firm is abiding by the 25% cap on fees directed previously. In total, the settlements my firm will bring in for our six clients, at most, will be around $15-$20,000. After expenses, at best, my firm will be entitled to about $5000 in fees. For the hundreds of hours we have expended over the years, we will be earning little more than having done that work *pro bono*. It was a privilege to help these clients, and I am not complaining about my fee recovery. However, for Worby/Napoli to try to take 20% of that amount is absurd.

One more comment about the "common benefits" Worby/Napoli provided. On their own, without benefitting the non-Worby/Napoli clients, that firm worked out a side-deal with the Port Authority for additional settlement money. This side-deal was negotiated without most of the other claimants participating, and ended with non Worby/Napoli clients being excluded. With the Zadroga bill recently being passed by Congress which would prevent benefits being paid under that bill if there are pending claims in this litigation, effectively no claim can be further asserted against the Port Authority. **The Worby/Napoli consortium did not work for the common benefit in that regard!**

When news of the Worby/Napoli Port Authority settlement became public, our office spoke to two other liason counsel, Sullivan Pappain and Gregory Cannata, and they advised that they too were mystified by how the side-deal was accomplished with the Port Authority. When my firm had a representative in court who wished to address the court concerning the deal and how the non-Worby/Napoli claimants were not being benefitted, we were precluded from raising the issue. If anything, Worby/Napoli's additional fees obtained from that side deal with the Port Authority should be determined to be all that they are further entitled to under their 'common benefit' application. Mr. Napoli told an attorney of my office that negotiations with the Port Authority were being held in chambers and only by liason counsel. Mr. Napoli concluded the discussion by saying words to the effect of "don't worry, we are negotiating for everyone's benefit". As stated, that did not happen. As liason counsel, they failed miserably. We were not kept apprized of hardly any matters, and learned about most events in the New York Times rather than through them.

Although there is case law that permits 'common benefit fund' attorney's fees for lead counsel, they are not mandatory. The court here should exercise its equitable powers and deny the request. As one attorney said to me recently, "how much is enough?"

I have said my peace. If you grant the motion, it will have no relative deleterious effect on my firm, as the fees in issue for my firm are so small anyway. However, to the other firms that also have a small number of cases and which have expended large amounts of time representing their clients, which have already had their fees limited by court order, this would be unjust.

HOFMANN & SCHWEITZER

-Page 3-

    Thank you for your attention to my position. In closing, I wish to complement the court for working on and resolving what at first blush seemed to be a nearly impossible task.

Respectfully yours,

HOFMANN & SCHWEITZER

By: _____

Paul T. Hofmann

PTH/gh

c:    All Interested Parties via ECF