UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ELMER G. SANTIAGO                           :
                                            :
                            Plaintiff,      :    **ORDER DENYING REQUEST**
                                            :    **FOR APPOINTMENT OF**
        -against-                           :    **COUNSEL**
                                            :
                                            :    10 Civ. 7927 (AKH)
THE CITY OF NEW YORK, et al.,               :    21 MC 100
                                            :
                            Defendants.     :
------------------------------------------------------------------ x
ALVIN K. HELLERSTEIN, U.S.D.J.:

   Plaintiff Elmer Santiago, proceeding *pro se*, has made an application for appointment of counsel, dated February 8, 2011. In light of the decisions of the Second Circuit in Cooper v. A. Sargenti Co., 877 F.2d 170 (2d Cir. 1989), and Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986), I deny the application.

   The threshold question in determining whether to assign counsel to an indigent plaintiff is whether his or her claim is "likely to be of substance." Cooper, 877 F.2d at 172. If a claim is found likely to be of substance, additional factors are to be considered with respect to whether counsel should be appointed. Those factors are "the indigent's ability to investigate the crucial facts; whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; the indigent's ability to present the case; the complexity of the legal issues; and any special reason in the case why appointment of counsel would be more likely to lead to a just determination." Hodge, 802 F.2d at 61-62.

   Volunteer time of lawyers is a scarce resource that should be carefully allocated. Cooper, 877 F.2d at 172. "[C]ourts should not grant such applications indiscriminately." Id. At this point in the proceedings, plaintiff has not shown that his complaint seems "likely to be of

substance," nor the existence of other factors that would satisfy the standard for appointment of counsel. Hodge, 802 F.2d at 61.

A more fully developed record is needed before I can determine if plaintiff's chances of success and the existence of other appropriate factors warrant the appointment of counsel. Therefore, plaintiff's application is denied without prejudice to its renewal when the record is more fully developed.

The Clerk shall mark the motion (Doc. No. 13) terminated.

SO ORDERED.

Dated:   February 22, 2011
         New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

2