UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IN RE: WORLD TRADE CENTER DISASTER SITE        21 MC 100 (AKH)
LITIGATION
-----------------------------------------------------------------X
IN RE: WORLD TRADE CENTER LOWER                21 MC 102 (AKH)
MANHATTAN DISASTER SITE LITIGATION
-----------------------------------------------------------------X
IN RE: COMBINED WORLD TRADE CENTER AND
LOWER MANHATTAN DISASTER SITE                  21 MC 103 (AKH)
LITIGATION (Straddler Plaintiffs)
-----------------------------------------------------------------X


**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN RESPONSE
TO DEFENDANT'S OPPOSITION AND IN FURTHER SUPPORT
OF THE MOTION TO COMPEL WTC CAPTIVE INSURANCE CO.,
INC. TO PAY ELIGIBLE PLAINTIFFS THEIR SETTLMENT
PROCEEDS**


*Of Counsel*                                  Worby Groner Edelman & Napoli Bern, LLP
Denise A. Rubin                               *Plaintiffs' Co-Liaison Counsel*
                                              350 Fifth Avenue, Suite 7413
                                              New York, New York  10118
                                              (212) 267-3700

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................................... i

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    PLAINTIFFS MOTION WAS MADE AT THIS COURT'S DIRECTIVE
    AND SUPPORTED BY EVIDENCE PROVING THE MOVANTS HAD
    EXTENUATING CIRCUMSTANCES CAUSING THEIR DELAY IN
    OPTING IN. ........................................................................................................................ 1

CONCLUSION ............................................................................................................................... 5

**PRELIMINARY STATEMENT**

Plaintiffs respectfully offer the within Reply Memorandum of Law Responding to the Settling Defendant's Opposition And In Further Support Of The Motion To Compel The WTC Captive Insurance Co., Inc. To Pay Eligible Plaintiffs.

**ARGUMENT**
**POINT I.**

<u>**PLAINTIFFS MOTION WAS MADE AT THIS COURT'S DIRECTIVE AND SUPPORTED BY EVIDENCE PROVING THE MOVANTS HAD EXTENUATING CIRCUMSTANCES CAUSING THEIR DELAY IN OPTING IN.**</u>

This Court has the power to allow all "eligible" responders to participate whether or not the Captive consents. In their Memorandum in Opposition to the motion, the settling defendants concede that the deadlines for plaintiffs opting in to the Captive Settlement ("FSA") have been extended on several prior occasions by this Court with the Captive's full agreement. Initially the opt-in deadline was extended from September 8, 2010[1] to November 8, 2010 and then to November 16, 2011. The deadline was then further extended by this Court's Orders and with the Captive's implicit approval[2] until January 5, 2011 for most of the plaintiffs then outstanding and finally, until January 14, 2011 for a "small group of 43 plaintiffs" identified in Mr. Hoenig's report. *See* Defendants' Opp. Brf. at Introduction; *see also* Plaintiffs' Memorandum in Support of the Motion, at p. 3; *see also* Transcript of December 22, 2010 Conference, at pp. 9-11. While the Captive "approved" of these extensions, as did Liaison Counsel, no approvals were needed since this Court has assumed jurisdiction over this settlement. *See* Conference Transcript, March

---

[1] *See* Defs. Memorandum at p. 2.

[2] Although present in court, neither the settling defendants nor the Captive's counsel objected.

1

19, 2010, at p. 54[3]  Accordingly, the Captive's consent is irrelevant; they are not a party to this proceeding and as this Court has repeatedly asserted, the Court has the power to enter such orders as it deems necessary to effect justice in this Settlement. This Court is not merely a rubber stamp of the Captive's whims.

This is but one reason the Captive, its counsel and Defendants Liaison counsel are wrong when they state: "Now, after these deadlines have come and gone, 18 Plaintiffs have filed a Motion to Compel the WTC Captive to extend the deadline once again.  Plaintiffs have not explained why a motion to compel a non-party is the appropriate procedural mechanism to achieve their ends."  The statement and implied failure to understand our motives are simply disingenuous.  The transcript from the February 2, 2011 court conference clearly confirms the motion is the appropriate avenue of redress for this issue.  The Captive's counsel were present when the following exchange occurred between this Court and Mr. Napoli:

> THE COURT: …The next category number 3 is that we have been told that there are 19 plaintiffs who were allegedly eligible to settle under this settlement process agreement and expressed a wish to enter into the settlement after the January 5 confirmation date.  There is an issue whether or not they're entitled.  Under the terms of the agreement they're late.  That January 5 date was a date that was several times enlarged.  If there's a ground to allow them to file for the SPA that should be known, otherwise, I feel it's too late.  ***So a motion has to be made or this claim has to be abandoned.***
>
> Any comments?
>
> MR. NAPOLI: Your Honor, we will file a motion.

---

[3] THE COURT: …Most settlements are private; a plaintiff and defendant come together, shake hands, and it's done with.  Although the judge may look and see if there's some infant or some compromise or something else, basically it's the parties that decide.  It's the parties that grant the fee.  The judge has no part in it.

This is different.  This is 9/11.  This is a special law of commons.  This is a case that's dominated my docket, and because of that, I have the power of review.  If I don't think it is fair, I'm going to tell you that, and you will make the judgment how to deal with it.

2

*See* Transcript, Conference on February 2, 2011, at pp. 24-25 (emphasis added). Plainly, the transcript demonstrates that *this Court invited the motion and we complied*.

We would have to concede that the vast majority of the plaintiffs were able to, as Defendants posit, "organize[] their lives around the time frames in this agreement." Nonetheless, human frailty, and certain individual plaintiffs' difficulty in understanding such matters as the complexities of the settlement obligations and deadlines and other unavoidable circumstances (personal or family members' illness, for example) occur in the best planned of situations and this is the situation faced by the eighteen plaintiffs who are the subject of the motion. Defendants are incorrect, however, in asserting that the inclusion of these additional plaintiffs will dilute the payments to be made to the other settling plaintiffs; <u>indeed the addition of these plaintiffs will only inure to those opt-in plaintiffs' benefit by increasing the raw numbers and relative percentages of settling plaintiffs</u>.

We respectfully disagree that the January 5, 2011 deadline was "established by the WTC Captive," as suggested on page 4 of the Defs. Memorandum. Rather, as we demonstrated in our Memorandum on this motion, citing to the December 22, 2010 Conference Transcript, this Court set that deadline and only moments later extended it to January 14:

> Upon this Court's receipt and review of Mr. Hoenig's report, this Court asked Mr. William H. Groner of our office if we would be able to follow-up with the forty-four plaintiffs who had advised Mr. Hoenig (and through him, this Court) that they desired to opt-in, in order to obtain the executed settlement documents necessary for their inclusion in the SPA. Mr. Groner agreed to do so and this Court asked him to collect the necessary documents from those plaintiffs by January 7, 2011 (*see* December 22, 2010 Transcript at p. 9). A copy of the December 22, 2010 transcript is attached hereto as Exhibit "3". A few moments later in the conference, this Court amended that deadline to January 14 (*see* December 22, 2010 Transcript at p. 11).

3

Again, as noted in that primary Memorandum, both Mr. Tyrrell and his team, as well as Ms. Warner, were present before this Court for that cited exchange. Neither Mr. Tyrrell nor Ms. Warner voiced any objection at the time and their rather cynical attempt to re-write the history of these matters to state that it was *the Captive that extended these deadlines* is simply disingenuous. It was plainly *this Court's directive*, entered with Ms. Warner's acquiescence.

Finally, Defendants argue that "under the clear terms of the FSA, the WTC Captive has the sole discretion to extend the opt-in deadline." While the language of the FSA speaks for itself, so, too, do the transcripts of conferences before this Court on December 22, 2010 and February 2, 2011, taken in conjunction with the Captive's and the Settling Defendants' acquiescence each time this Court extended those same deadlines. Given their apparent concession to this Court's jurisdiction to extend the deadlines for small and specific groups of plaintiffs in each of those instances, we question why the Captive and Settling Defendants suddenly challenge the same jurisdiction here.

We acknowledge the Captive's and the Defendants' willingness to negotiate over the many years of the settlement and their diligent good faith efforts, in particular, in the last year since the first and final "editions" of the Settlement Agreement were presented to this Court and the plaintiffs. We cannot understand, however, their determination to make these last eighteen plaintiffs who desire to settle their claims in good faith the Captive's figurative "line in the sand." Quite simply, there is no good reason to reject these last stragglers' settlement opt-ins only to continue to litigate claims that the City and its contractors could have their peace on.

Accordingly, we ask them to reconsider their position on these last claimants' opt-ins and, in the event of their continued refusal, respectfully ask this Court to deem those eighteen eligible plaintiffs' opt-ins to have been timely proffered and direct them to be paid.

4

**CONCLUSION**

For the foregoing reasons, this Court should grant the motion and issue its order in favor of plaintiffs opting in to the FSA, as well as such other relief as this Court deems just and proper.

Dated: New York, New York
       February 23, 2011

                                  Respectfully Submitted,

                                  WORBY GRONER EDELMAN & NAPOLI BERN LLP
                                  *Attorneys for Plaintiffs*

                                  Denise A. Rubin (DR-5591)

                                  350 Fifth Avenue, Suite 7413
                                  New York, New York 10118
                                  (212) 267-3700

## ATTORNEY'S DECLARATION/AFFIRMATION OF SERVICE

Denise A. Rubin, an Attorney duly licensed to practice before the Courts of the State of New York, hereby affirms/declares the following under penalty of perjury:

I am associated with the law firm Worby Groner Edelman & Napoli Bern, LLP and as such represent the plaintiffs in the within action. On February 23, 2011, I duly served a true copy of the within Memorandum in Reply on the persons listed below by e-mail.

James E. Tyrrell Jr., Esq.
Joseph Hopkins, Esq.
Patton Boggs, LLP
*Defendants' Liaison Counsel*
One Riverfront Plaza, 6th floor
Newark, New Jersey 07102
jtyrrell@pattonboggs.com
jhopkins@pattonboggs.com

Andrew J. Carboy, Esq.
Nicholas Papain, Esq.
Sullivan Papain, Block, McGrath
& Cannavo, P.C.
120 Broadway
New York, New York 10271
Acarboy@triallaw1.com

Margaret Warner Esq.
McDermott Will & Emery, LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
mwarner@mwe.com

_____
Denise A. Rubin (DR5591)