IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*U.S. DISTRICT COURT FILED JAN 31 2011 S.D.N.Y.*

CASE NO. 21 MC 100 (AKH)

"In re World Trade Centers Disaster Site Litigation,"

_____/

Hector Flamenco, #71956-053
Plaintiff,
FCI
Box 2000
Fort Dix, NJ 08640

World Trade Center, et al.;
Defendants,
See Plaintiff's Complaint for full Defendant list;

*[Handwritten annotation: Motion Denied. Plaintiff fails to show evidence of a connection to the City of N.Y. other than the location of the work, or against any def. IT. Plaintiff is not entitled to Tully. all the Costs to do work. to give him free. copies. 2-22-11 /s/ AKH]*

EX PARTE
MOTION FOR THIS COURT TO ORDER THE COURT CLERK OR PROCESS SERVER, OR THE SPECIAL MASTERS AND OR OTHERS TO SERVE PLAINTIFF'S COMPLAINT UPON ALL DEFENDANTS; AND MOTION TO PROCEED IN FORMA PAUPERIS, PURSUANT TO FEDERAL CIVIL RULES 4 & 4.1, AND THE LOCAL RULES OF THIS COURT

Now comes Hector Flamenco, Plaintiff, Pro Se, and moves this Honorable to ORDER the Court Clerk Or Process Server or the Special Masters and or others to serve Plaintiff's Complaint and Summons upon all Defendants, and to grant Plaintiff to proceed in forma pauperis, pursuant to FedCiv.R. 4 & 4.1, and the Local Rules of this Court, based on herein:

There are over 200 Defendants in this case, and that Plaintiff is incarcerated, which makes it impossible for Plaintiff to serve all the Defendants. And that Plaintiff is indigent and can not afford to pay for all the copies, postage, filing fees, and Process Server fees of the Summons. Therefore, in the interest of justice this Court should grant this motion in favor of Plaintiff.

Respectfully Submitted,

*Hector Flamenco* _____ January 21, 2011
Hector Flamenco

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

CASE NO. 21 MC 100 (AKH)
HON. ALVIN K. HELLERSTEIN

"JURY TRIAL DEMAND BY PLAINTIFF"

"PLAINTIFF SEEKS $10,000,000 IN DAMAGES"

In re World Trade Center Disaster Site Litigation;

_____/

Hector Flamenco, # 71956-053
Plaintiff,
FCI
Box 2000
Fort Dix, NJ 08640

The following are Defendants:

1. World Trade Center LLC;
2. WTC Holdings LLC;
3. 100 Church Street LLC;
4. 105 Acquisition LLC;
5. 120 Broadway Holdings, LLC;
6. 150 Broadway NY Associates, LP;
7. 160 Water St, Inc (C/O Robert Shapiro)
8. 2 World Trade Center LLC
9. 2 WTC Holding LLC
10. 222 Broadway, LLC
11. 30 Broad Street Associates, LLC
12. 4 World Trade Center LLC
13. 4 WTC Holdings LLC
14. 5 World Trade Center LLC
15. 5 WTC Holdings LLC
16. 7 World Trade Center Co.
17. 7 World Trade Center Company, LP
18. A Russo Wrecking, Inc.
19. ABM
20. A B M Industries, Inc.
21. A B M Janitorial Northeast, Inc.
22. AJ Pegno Construction
23. AMEC Construction Management, Inc.
24. AMEC Eart & Environmental, Inc.
25. American Airlines
26. American Airlines Security Co.
27. Anthony Cortese Specializd Hauling, LLC
28. Atlantic Heydt Corporation
29. Bacou-Dalloz US Headquarters

1

(30) Bay Crane, Inc
(31) Barkel & Company Contractors, inc
(32) BFP one liberty Plaza Co., LLC
(33) BFP one liberty Plaza Co., LP
(34) Big Apple wrecking & construction corp.
(35) Boeing inc.
(36) Boston Properties
(37) Borton Properties. inc
(38) Bovis Lend lease LMB, inc
(39) Branch services
(40) Breeze carting, inc
(41) Breeze National, inc
(42) Brer-Four Transportation
(43) Brook Field Financial Properties, inc
(44) Brown Harris stevens
(45) Buro Happold Consulting Engineers.pc
(46) C.B. Contracting corp.
(47) caledonian insurance company
(48) Canron Construction corp.
(49) capital properties, inc
(50) Carlos Company Construction sheathing
(51) Carlos construction
(52) Church st. Retail Properties LLC
(53) City of New York
(54) Clarcor Air Filtration products, inc
(55) Component Assembly systems, inc
(56) Consolidated edison Company of New york, inc
(57) Consulting Engineers, PC
(58) Cooper Square Realty, inc
(59) Coordinated Metals inc
(60) Cord contracting Co., inc
(61) Cushman & wakefield. inc
(62) Dakota Demo-Tech

2

(63) Daror Associates LLC
(64) Deutsche Bank Trust Company Americas
(65) Diamont Point Excavating Corporation
(66) Diversified Carting, inc
(67) DMT Enterprise, inc
(68) Eagle Leasing & Industrial Supply
(69) Eagle One Roofing Contractors, inc
(70) E.J. Davies, inc
(71) Empire State Properties, inc
(72) En-Tech Corporation
(73) Environmental Protection Agency
(74) Evans Environmental
(75) Evans Environmental & Geological Science & Management, LLC
(76) Evergreen Recycling of Corona
(77) Ewell W. Finley, P.C.
(78) Executive Medical Services, P.C.
(79) Federal Emergency Management Agency
(80) FGP 90 West Street, inc
(81) Fire Department of New York
(82) Fleet Trucking, inc
(83) Francis A. Lee Company
(84) FTI Trucking
(85) Gilsanz Murray & Steficek, LLP
(86) GLO Management, inc
(87) Gold Stern Associates Consulting Engineers PC
(88) Grubb & Ellis Management Services, inc
(89) Hallen Welding Service, inc
(90) HBC Contracting Group
(91) HP Environmental, inc
(92) Hudson Meridian Construction Group LLC
(93) Hugo New Schnitzer
(94) Hunter Construction
(95) Hunter Construction Co.
(96) J.P. Equipment & Rental Materials, L.L.C.
(97) JEMB Realty Corp.
(98) Joseph F. Daniels

(99) J P Morgan Chase Corporation
(100) Kibel Companies
(101) Laquila Construction, inc
(102) Larry Silverstein
(103) La Strada General contracting corp.
(104) Le Frak Organization inc.
(105) Leslie E. Robertson Associates R.L.L.P.
(106) Liberty Mutual Group
(107) Liberty Mutual Insurance Company
(108) Lockwood Kessler & Bartlett. inc
(109) Lucius Pitkin, inc
(110) LZA Technology — A Division of Thornton Tomasetti
(111) M.G. Mclaren, P.C
(112) Manafort Brothers incorporated
(113) Mayore State LLC
(114) Mazzocchi Wrecking inc.
(115) Milford Management Corp
(116) Milstein properties services
(117) Milstein properties corp.
(117) Moody's Holdings inc
(119) Moody's investors service
(120) Moretrench American Corp.
(121) Morse Diesel Internacional, inc.
(122) MRA Engineering P.C
(123) Mueser Rutledge Consulting Engineers
(124) Murray Hill properties
(125) Murray Silverstein
(126) Nacirema industries. inc.
(127) New York Crane & Equipment Corporation
(128) Nicholson Construction Company
(129) Office of Emergency Management
(130) One Wall Street Corp.
(131) Peter Scalamandre and Sons, inc
(132) Philips and Jordan, inc
(133) Pinnacle Environmental Corp.
(134) Plaza Construction Corp.
(135) Port Authority of New York And New Jersey

(136.) Pro Safety Services Inc.
(137) PT&L Contracting Corp.
(138) Resnick Murray St. Associates
(139.) Robert Silman Associates, P.C.
(140) Robert C. Stewart
(141) Robert L. Gerosa, Inc
(142) Rockrose Development Corp.
(143) Rodar Enterprises, Inc
(144) Royal GM Inc.
(145) RY Management
(146) SAB Trucking, Inc
(147) Safeway Environmental Corp.
(148) Sakele Brothers, LLC
(149) Seasons Contracting Corporation (Eagle Leasing & Industrial Supply)
(150) Seasons Industrial Contracting
(151) Semcor Equipment & Manufacturing Corp.
(152) Silverite Contractors (Contracting Corporation)
(153) Silverstein Contractor
(154) Silverstein Properties
(155) Silverstein Properties, Inc.
(156) Silverstein WTC Facility Manager LLC
(157) Silverstein WTC LLC
(158) Silverstein WTC MGMT Co LLC
(159) Silverstein WTC Properties LLC
(160) Silverstein WTF, LLC
(161) Simpson, Gumpertz & Heger, Inc
(162) Skanska Koch, Inc.
(163) Skidmore, Owings & Merrill LLP
(164) Survivair
(165) Swiss Bank Corporation
(166) Taylor Recycling Facility L.L.C
(167) The Bank of New York
(168) The Deutsche Bank Building
(169) The Related Companies. LP
(170) Thornton Tomasetti, Inc.
(171) Thornton Tomasetti Group, Inc
(172) Tishman Construction
(173) Tishman Construction Corporation of Manhattan
(174) Tishman Construction Corporation of New York

5

(175) Tishman Interiors Corporation
(176) Tishman Speyer Properties
(177) Tomasetti Group
(178) Torreta Trucking, inc
(179) Toscorp, inc.
(180) Total Safety Consulting, LLC
(181) Trammell Crow Company
(182) Trammell Crow Corporation Services, inc
(183) Trinity Centre, LLc
(184) Trio Asbestos Removal
(185) Tucci Equipment Rental Corporation
(186) Tully Construction Co. inc
(187) Tully-Pegno, A Join Venture
(188) Turner Contruction Company
(189) Turner/Plaza, A Join Venture
(190) Ultimate Demolition/CS Hauling (Join Venture)
(191) United Airlines
(192) United Airlines Security Co.
(193) Vanguard Equipment Rentals
(194) Verizon New York inc.
(195) Vertical Lend inc.
(196) Vollmer Associates LLp
(197) Weeks Marine, inc
(198) Weidlinger Associates P.C.
(199) WFP Tower A Co. L.p
(200) WFP Tower B Co. L.p
(201) WFP Tower D Co. L.p
(202) Whitney Contracting
(203) Wolkow Braker Roofing corp
(204) World Trade Center Properties LLC
(205) WSP Cantor Seinuk
(206) Yannuzzi & Sons, inc
(207) Yonkers Contracting Company, inc
(208) Yonkers-Tully-Pegno - A Joint Venture
(209) York Hunter Construction
(210) Zar Realty Management Corp
(211) Ziegenfuss Drilling, inc

6

## COMPLAINT

1. Now comes Hector Flamenco, Plaintiff, and complaining against Defendants as stated herein:

2. That Plaintiff restates the Master Complaint, filed in this case on September 16, 2005, by Liaison Counsel, as if fully set forth herein.

3. That Plaintiff moves this Honorable Court to-- (i) set a trial date; and (ii) award Plaintiff ten-million dollars ($10,000,000.00) in damages, plus costs and attorney fees as a result of this complaint.

4. That Plaintiff is incarcerated at Federal Correction Institution, Fort Dix, New Jersey.

5. In the months following September 11, 2001, Plaintiff and thousands of workers participated in New York City's effort to clean up the vast destruction caused by terrorists. The airplane crashes and explosions at the World Trade Center left acres of twisted metal and crumbled concrete. Noxious dust blanketed the rubble and hung in the air for weeks, producing an acrid smell through downtown Manhattan. Plaintiff and those who helped in the search and rescue operations, and in the effort to clear mountains of debris, had to breath this air as they and Plaintiff worked. Defendants provided cheap paper masks to these workers and Plaintiff, while working in the disaster site. These masks poorly filtered this air.

6. Overlapping government agencies, Defendants, managed the workers and Plaintiff, as did private contractors, Defendants, engaged by the New York City's Department of Design and Construction, Defendants. Over Nine thousand of these workers and now Plaintiff, have filed suits in this Court claiming various respiratory injuries and cancers resulting from their and Plaintiff's exposures to the worksite contaminants.

7. The workers and Plaintiff claims that Defendants provided inadequate & unlawful safety procedures and supervision.

8. That on or about September 22, 2001, Tully Construction Inc., Defendant, located in Queens New York, instructed Plaintiff to immediately begin work at the World Trade Center Disaster site. At this time Plaintiff was already working for Defendant at another site.

9. That on or about September 23, 2001, Plaintiff started to work at the World Trade Center Disaster Site, in the "Hole." The "Hole" is where the building fell down. When Plaintiff arrived to start work on the first day, Tully Construction Inc., foreman and supervisor, Defendants, instructed Plaintiff to pick up debris in the "Hole," that included but not limited to: everything that was in the "hole,"pipes; beams; steel; metals; broken concrete; wire; bricks; soil; glass; burning debris; office equipment; ash; electrical fixtures; heating units; tiles; asbestos on the pipes; liquids of all types that were hot and cold; Air Conditioning units; cealing tiles; plastics; cloths; shoes; human body parts, such as legs, arms, hands, feet, fingers, heads, torsos, all different types ofsizes of human body parts, meaning that everything that was in the World Trade Center that ended up crushed on the ground, in the "Hole," Plaintiff worked to pick it up.

10. That Plaintiff worked at the World Trade Center Disaster Site for about 6-months, 6 or 7-days a week, with overtime. That Tully Construction Inc., Defendant, supplied Plaintiff with a hard hat to wear and cheap dust masks to wear at the WTC site. Many times the Defendants would not have dust mask for Plaintiff to wear.

11. That Defendants failed to provide a safety training class to Plaintiff. That Defendants unlawfully and improperly denied Plaintiff the proper and just breathing equipment, such as a separate back caring air supply tank for Plaintiff to breath out of while working at the WTC in the "Hole."

12. That during the six-months period of Plaintiff's work period at the WTC, Plaintiff breathed in asbestos dust, harmful chemical dusts, burning plastics, chemical smoke fumes, that has now caused serious injuires upon Plaintiff, such as: asthma; emphysema; reactive airways; dysfunction; chronic; rhinosinusitis; gastroesphageal; esophagus; gastritis; ulcers; shortness of breath; wezzing; nausia; stomack problems; sleeping disorder; concentrating problems; postraumatic stress disorder (PTSD); sinus problems; skin rashes; eye vision problems and loss of smell, signs of lung & throat cancers.

13. That on or about March 15, 2010, Plaintiff was seen by FCI-Fort Dix, medical staff, that diagnosed Plaintiff with said injuires, and prescribed many medications **such as but not limited to: polycarbophil; betamethasone; omeprazole; calcipotriene; cromolyn; fluticasone; albuterol inhaler HFA (6.7 GM) 90mcg.**

14. That on or about February 15, 2008, Plaintiff was incarcerated at Nassau County Jail, New York, and [illegible] that Plaintiff was seen by Nassau County Medical Center, medical staff, that diagnosed Plaintiff was said injuries, and prescribed many medications.

15. That on or about September 21, 2010, Plaintiff became aware that said injuries were a result from working at the WTC, Defendants.

16. That Defendants and workers of all Defendants that worked in or around the WTC and in the "Hole," created massive clouds of hazardous dusts that were breathed in by Plaintiff while working at the WTC in the "Hole," that has caused Plaintiff's said injuries.

17. That all Defendants had a duty to protect all workers and Plaintiff from breathing in such hazardous dusts and chemical smoke fumes. All Defendants have breached this duty and is also deemed as acts of negligence.

18. That said hazardous dusts landed and settled on Plaintiff's skin and eyes while working at the WTC for Defendants, and that the dusts were absorbed into Plaintiff eyes, skin pours, which further resulted and amplified the cause of Plaintiff's said injuries.

9

19. That Defendants unlawfully denied Plaintiff a protective suit, that would have protected Plaintiff's skin and eyes from said hazardous dusts and chemical smoke fumes, when Plaintiff worked at the WTC for the Defendants.

20. That during Plaintiff's work period in the WTC, in the "Hole," Defendants and workers of Defendants would instruct Plaintiff to work over here or help over here, in the massive hazardous dust clouds and chemical smoke fumes, that were inhaled in by Plaintiff.

21. That Defendants never provide Plaintiff with eye protection or goggles at the WTC and or in the "Hole," where Plaintiff worked. That Defendants unlawfully denied Plaintiff of said eye protection.

22. That Plaintiff has many pay stubs from a few of the Defendants, and income tax returns showing that Plaintiff worked for the Defendants at the WTC and in the "Hole."

23. That Plaintiff is in a state of shock of the carelessness and negligence on behalf of Defendants, denying said protections to Plaintiff while working at the WTC and in the "Hole."

24. That Defendants unlawfully decided not to provide said protections to Plaintiff because the Defendants would save money. Said protections would cost millions of extra dollars for the workers and Plaintiff, and the Defendants did not want to pay these extra moneys, in order to make higher profits for them selves, etc.

25. That Plaintiff suffers on a daily basis from said injuries that were unlawfully caused by Defendants. That Defendant knew said hazardous dusts and chemical smoke fumes were a hazard to Plaintiff and the workers at the WTC and in the "Hole," but did nothing to protect Plaintiff and the workers.

26.  WHEREFORE, Plaintiff prays that this Honorable Court enters an ORDER for a Jury Trial and awards Plaintiff $10,000,000.00 in damages, plus costs and attorney fees.

Respectfully Submitted.

*Hector Flamenco*  January 21, 2011
Hector Flamenco

11

Hector Flamenco
#71956-053
FCI
Box 2000
Fort Dix, NJ 08640

January 21, 2011

"New additional Plaintiff"

OFFICE OF THE CLERK
U.S. DISTRICT COURT
500 Pearl Street
Room 120
New York, NY 10007-1312

Re: "In re World Trade Center Disaster Site Litigation,"
    CASE NO. 21 MC 100 (AKH);

Dear Clerk;

Please mail me a copy of the Master Complaint, filed in this case on September 16, 2005, by Liaison Counsel. I am a new Plaintiff in the above mentioned case. That said Master Complaint is needed for my review and may include future additions. Also, please waive any fees because I am indigent and can not afford to pay. THank you for all of your time and cooperation in this matter.

Respectfully Submitted,
Hector Flamenco
Hector Flamenco

P.S. Please mail me a Summons form. Also, please mail me a filed copy of my enclosed complaint.

Thank You,