UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
:
IN RE WORLD TRADE CENTER DISASTER SITE :
LITIGATION :
:
------------------------------------------------------------------ :
:
IN RE LOWER MANHATTAN DISASTER SITE :
LITIGATION :
:
:
------------------------------------------------------------------ :
:
IN RE COMBINED WORLD TRADE CENTER AND :
LOWER MANHATTAN DISASTER SITE :
LITIGATION :
:
:
------------------------------------------------------------------ x

**ORDER AWARDING**
**COMMON BENEFIT FEE**

21 MC 100 (AKH)
21 MC 102
21 MC 103

ALVIN K. HELLERSTEIN, U.S.D.J.:

  Worby Groner Edelman & Napoli Bern, LLP ("Napoli Bern"), one of two firms appointed Liaison Counsel in the 21 MC 100 Master Calendar, move to be paid a portion of the contingency fees otherwise payable to non-liaison counsel, identified in the attached schedule. Several of these other counsel object. For the reasons set forth in this Order, I grant the motion of Napoli Bern.

  In the nine years since litigation in these Master Calendars began, more than 10,000 cases have been filed by rescue and clean-up workers, alleging that they have incurred a variety of respiratory injuries and cancers from working on and clearing the debris caused by the terrorist-related aircraft crashes of September 11, 2001.

  Napoli Bern represent more than 90 percent of the Plaintiffs. I appointed them, and Sullivan Papain Block McGrath & Cannavo, P.C., as liaison counsel for these cases, to

1

advance all the cases as well as the cases of their own clients.[1] Napoli Bern became lead counsel, performing substantial work in pleadings and motion practices, discovery, involvement with the Special Masters in negotiating issues with counsel for the City of New York and its contractors, and negotiating a settlement with the World Trade Center Captive Insurance Company. Napoli Bern's work simplified the Court's administration of the cases and advanced the cases of all the Plaintiffs.

Common benefit fees are often awarded in mass-tort cases where one Plaintiffs' counsel serves the broader Plaintiff field. See, e.g., In re Vioxx Prod. Liab. Litig., MDL No. 1657, 2011 WL 572394 (E.D. La. Jan. 20, 2011); In re Oral Sodium Phosphate Solution-Based Prods. Liab. Action, MDL No. 2066, 2010 WL 5058454 (N.D. Oh. Dec. 6, 2010). That is the case here. Napoli Bern's work reduced the efforts that all other firms had to expend in advancing their own clients' cases, and so provided a substantial benefit to every Plaintiff's counsel.

Napoli Bern, and the law firms benefitting from Napoli Bern's work, are being compensated by contingency fees. I limited the fee that could be charged to 25 percent. Because none of these firms apparently maintained time records, a lodestar method of apportionment would not be appropriate. But, a portion of each firm's contingency fee would be appropriate. If the non-liaison counsel identified in the attached schedule were to receive as a fee 20 percent of their clients' net recoveries, that would yield a substantial but fair fee. If the balance of 5 percent were to be paid to Napoli Bern, that would be fair compensation for the benefit to non-liaison counsel provided by Napoli Bern. The Allocation Neutral shall effect this allocation in his payment instructions.

---

[1] Sullivan Papain have not sought a common benefit fee, and are not subject to Napoli Bern's motion. See Stipulation Concerning Common Benefit Fees, 21 MC 100 (Doc. No. 2171) (S.D.N.Y. Sept. 2, 2010).

There is a single exception. A few of the cases before me, in which orthopedic and physical injuries were alleged, were represented by Marion Mishkin, Esq., as liaison counsel. Ms. Mishkin has obtained or is obtaining her own settlements on behalf of these Plaintiffs. Ms. Mishkin's fees are not subject to this Order, and Napoli Bern is not entitled to any partition thereof.

The Clerk shall terminate the motion (Doc. Nos. 2275, 2276, 2277).

SO ORDERED.

Dated: February 25, 2011
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3

| Non-Liaison Plaintiffs' Counsel |
| --- |
| Bamundo Zwal & Schermerhorn, LLP |
| Barasch McGarry Salzman & Penson |
| Borchert, Genovesi, LaSpina & Landicino, P.C. |
| Brecher Fishman |
| Gregory J. Cannata & Robert A. Grochow |
| Stephen M. Cantor, P.C. |
| Cronin & Byczek |
| Law Office of Michael V. Devine |
| Douglas & London, P.C. |
| Friedman, Friedman, Chiaravalloti & Giannini |
| Law Offices of Joseph Giaramita |
| Godosky & Gentile, P.C. |
| Law Office of Ryan S. Goldstein, PLLC |
| Hofman & Associates |
| Law Offices of Andrew C. Laufer |
| Law Offices of Steve Marchelos, P.C. |
| Mayer Ross & Hagan, P.C. |
| Nnebe & Associates, P.C. |
| Oshman & Mirisola |
| Palmeri & Gavin |
| Parker Waichman Alonso, LLP |
| John Rudden, Esq. |
| Sacks & Sacks |
| David E. Thomas, Esq. |
| Wertheimer Associates, P.C. |