UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X    Docket No.:  21 MC 100 (AKH)

IN RE: WORLD TRADE CENTER			NOTICE OF MOTION FOR
DISASTER SITE LITIGATION			RECONSIDERATION AND
						VACATUR OF THE ORDER
						APPOINTING SPECIAL COUNSEL

-------------------------------------------------------------------X

      PLEASE TAKE NOTICE THAT upon the Declaration of Denise A. Rubin dated March 4, 2011, the Affidavit of W. Bradley Wendel, the exhibits and Memorandum of Law annexed thereto, Plaintiffs' Co-Liaison Counsel Worby Groner Edelman & Napoli Bern, LLP will move this Court pursuant to Fed. R. Civ. P. 60(b)(1) and (6), asking this Court to enter the proposed order filed herewith:

    a. Rescinding, vacating and setting aside in all respects its prior Order appointing Special Counsel Noah H. Kushlefsky to represent and counsel Fifty-Nine (59) Worby Groner Edelman & Napoli Bern, LLP clients (the "VCF clients") along with all attendant directives related thereto; and

    b. Granting such other and additional relief as this Court deems just and proper.

Dated:   New York, New York
         March 4, 2011

                        Respectfully submitted,

                        WORBY GRONER EDELMAN & NAPOLI BERN, LLP
                        *Plaintiffs' Co-Liaison Counsel*

                        _____
                        Denise A. Rubin (DR5591)

                        350 5th Avenue, Suite 7413
                        New York, New York  10118
                        (212) 267-3700

To:

James E. Tyrrell Jr., Esq.
Patton Boggs, LLP
*Defendants' Liaison Counsel and*
*Counsel for Defendant City of New York*
One Riverfront Plaza, 6th floor
Newark, New Jersey 07102

Margaret Warner, Esq.
McDermott Will & Emery, LLP
*Counsel for WTC Captive Insurance Co., Inc.*
600 13th Street, N.W.
Washington, D.C. 20005-3096

Andrew J. Carboy, Esq.
Nicholas Papain, Esq.
Sullivan Papain, Block, McGrath & Cannavo, P.C.
120 Broadway
New York, New York 10271

Noah Kushlefsky, Esq.
Kreindler & Kreindler, LLP
750 Third Avenue
New York, New York  10017-2703

Special Master Aaron Twerski
Brooklyn Law School
250 Joralemon Street
Brooklyn, New York 11201

Special Master James A. Henderson
1403 Old Winter Beach Road
Vero Beach, Florida 32963

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

IN RE: WORLD TRADE CENTER
DISASTER SITE LITIGATION

-------------------------------------------------------------------X

Docket No.: 21 MC 100 (AKH)

**DECLARATION**

  DENISE A. RUBIN an attorney duly licensed to practice before the courts of the State of New York and a member of the bar of this Honorable Court, hereby declares the following under penalty of perjury or, if stated upon information and belief, declares that I believe to be true:

  1. I am General Counsel for the law firm Worby Groner Edelman & Napoli Bern, LLP, ("WGENB") Plaintiffs' Co-Liaison Counsel in the above-captioned matters and offer this Declaration in support of the firm's motion pursuant to Fed. R. Civ. P. 60(b)(1) and (6) for this Court's reconsideration and vacatur of its Order of February 7, 2011 and related directives concerning the appointment of Special Counsel Noah H. Kushlefsky, Esq. to counsel and/or represent certain of our clients. The subject Order is annexed as Exhibit 1.

  2. This Declaration is made upon my personal knowledge and a review of the files maintained by the law firm for the prosecution of the plaintiffs' claims herein, including transcripts of conferences before this Court and prior orders of this Court on the matters addressed as well as this Court's verbal directives regarding the same.

## BACKGROUND

  3. WGENB has long represented a group of fifty-nine plaintiffs who, prior to the initiation of this litigation, accepted funds from the Victims Compensation Fund established by the Air Transportation Safety and System Stabilization Act ("ATSSSA").

4. A provision of ATSSSA (PL 107–42, September 22, 2001, 115 Stat 230, §405(c)(3)(B)(i)) provides that upon filing a claim under the original September 11 Victim Compensation Fund:

> (i) IN GENERAL …the claimant waives the right to file a civil action (or to be a party to an action) in any Federal or State court for damages sustained as a result of the terrorist-related aircraft crashes of September 11, 2001. The preceding sentence does not apply to a civil action to recover collateral source obligations.

The legislation further provides:

> (ii) PENDING ACTIONS.—In the case of an individual who is a party to a civil action described in clause (i), such individual may not submit a claim under this title unless such individual withdraws from such action by the date that is 90 days after the date on which regulations are promulgated under section 407.

5. On the basis of the above-quoted ATSSSA waiver provision, the defendants settling under the Settlement Process Agreement ("SPA") refused to include in the SPA any plaintiff who accepted funds from the Victims Compensation Fund ("VCF plaintiffs"). Although plaintiffs' counsel attempted to persuade defendants to change their position, they steadfastly refused. Consistent with our ethical obligations, counsel proceeded to negotiate to successful conclusion an agreement to settle the claims of the remaining plaintiffs who wished to settle with defendants.

6. On June 23, 2010, this Court approved the SPA. At defendants' insistence, the agreement included a provision that provided that "any Plaintiff who received an award from the September 11th Victim Compensation Fund is ineligible to receive any payment referenced in this Agreement and ineligible to enroll in the Cancer Insurance Policy." *See* SPA § VII.A.

7. Like the plaintiffs who opted not to join the settlement, the VCF plaintiffs retain the right to pursue their claims against the defendants through further litigation. WGENB has continued to diligently represent those clients, pursuing further settlement opportunities while simultaneously preparing to litigate their claims on the merits if necessary.

8.     To that end, WGENB has researched, and continues to investigate, responses to the defendants' asserted ATSSSA waiver defense. Among other things, WGENB stands ready to challenge the applicability of the waiver provision to our VCF client's claims for injuries that did not manifest themselves, or became more severe, after their acceptance of VCF funds under the so-called "Second Injury" rule.[1]

9.     Notwithstanding this continuing zealous advocacy on our clients' behalf, some VCF plaintiffs have understandably expressed disappointment in being excluded from the settlement.

10.    Recognizing that these clients were differently situated than most of the other plaintiffs, WGENB has previously scrutinized the possibility of a conflict of interests between the VCF and settling plaintiffs, which in turn could raise conflict problems for WGENB continuing to represent both sets of clients. Counsel Paul Napoli thus reported to this Court during an October 5, 2010 conference that WGENB was in the process of "finding special counsel to *work with and talk with these clients* to work on what is going to happen with these cases, whether it be by motion practice or some other means of resolution and we would ask that we report back to you on finding special counsel." Excerpts from Transcript of October 5, 2010 Conference, at p. 13 (attached as Exhibit 2).

11.    This Court responded by saying that the Court was "anxious to help you, Mr. Napoli." The Court continued:

---

[1] Defining "injury" pursuant to CPLR 214-C(6)(b), the Supreme Court of the State of New York (in a decision that was affirmed on appeal) said that to define injury in subsection (6)(b) as "any injury" would negate the salutary purpose of the statute, which was to provide recourse for victims of toxic substances in cases in which manifestations of injury do not become apparent until many years after exposure. Accordingly, in *Fusaro v. Porter-Hayden Co.*, 145 Misc. 2d 911, 915 (Sup. Ct., N.Y. Cty., 1989) *aff'd,* 170 A.D.2d 239 (1st Dep't 1991) held that the word "injury" in paragraph (b) of the statute should be equated with physical manifestation of the particular disease for which compensation is sought. Thus, in *Fusaro*, plaintiff was permitted to file a claim for mesothelioma when diagnosed, despite an earlier settlement of a claim for asbestosis; the court held that mesothelioma does not reasonable flow from an earlier diagnosis of asbestosis and thus constitutes a wholly separate and distinct claim of injury.

> I received letters from these people, many of them, who complained that they entered the Victim Compensation Fund thinking that their injuries were slight. They say their injuries are now graver. They signed a release in a very broad form giving up all rights to litigate, and they would like to escape the terms of their release. One way or another, we need to have a resolution of this issue. The master settlement process agreement defines eligible plaintiffs in such a way as to exclude these people, but they need to have resolution of their status in the litigation and whether the defense of release is valid or not and to what extent. So I'm very happy that you are exploring the availability of the special counsel to represent this group, and we'll see how this goes.

*Id*. at 13-14.

12. Accordingly, at the time, both counsel and the Court recognized that the critical question for these plaintiffs was how to overcome the ATSSSA waiver defense – not whether the plaintiffs were somehow entitled to join the settlement from which, this Court expressly recognized, and all of the settling parties agreed, they had been excluded. Moreover, neither Mr. Napoli nor this Court contemplated appointment of special counsel to take over the representation of any plaintiff.

13. At a conference on February 2, 2011, the Court asked Mr. Napoli for an update on this matter. *See* Excerpts from Transcript of February 2, 20100 Conference, at p. 22 (attached as Exhibit 3). Mr. Napoli explained that counsel were, among other things, investigating whether the VCF clients would be eligible to participate in the reopened VCF under the Zadroga Bill. *Id*. Counsel then asked the Court to establish a briefing schedule to address the proper way to proceed, but this Court instead immediately appointed attorney Noah Kushlefsky of Kreindler & Kreindler, LLP, another personal injury plaintiff's firm, "to represent this group of people." *Id*. at 23. The Court further ordered that WGENB pay Mr. Kushlefsky's fees "at least for the plaintiff giving advice" because "[y]ou are conflicted." *Id*.

14. The Court reached its conclusion that present counsel were conflicted without the benefit of any briefing and without consulting with the Court's own ethics advisor.

15. The Court subsequently issued an order (on February 7, 2011) confirming the appointment of Mr. Kushlefsky as Special Counsel. The written order made no official finding of a conflict that would disqualify present counsel from continuing to represent their longstanding clients. Nonetheless, the Court displaced WGENB and appointed Mr. Kushlefsky as "counsel to these fifty-nine Plaintiffs." Order at 2. The Court placed virtually no limits on the scope of special counsel's duties, stating only that he should "consult with each of these Plaintiffs and advise them of their respective rights and options with regard to continuing in this litigation." *Id*. At the same time, the Court guaranteed special counsel payment for the full scope of whatever services he deemed appropriate, at WGENB's expense, including not only his own time but the time of any "members and associates of his firm," at Mr. Kushlefsky's discretion. *Id*. Finally, the Court abrogated the VCF clients' existing contracts with WGENB, allowing special counsel to take over the representation of the clients "for general litigation purposes." *Id*.

16. Special counsel subsequently requested WGENB provide him with the full files of each of the fifty-nine VCF clients. *See* Letter dated February 8, 2011 (attached as Exhibit 4).

17. In fact, there is no conflict, much less a conflict that would warrant the extraordinary remedy of disqualification. WGENB may pursue litigation against the defendants on the VCF plaintiffs' behalf without any effect on the recoveries of those who have settled their claims. In this aspect, the VCF plaintiffs are no differently situated than any of the other existing plaintiffs who chose not to opt-in to the settlement. The only conceivable basis for a conflict would be if the VCF plaintiffs had a colorable claim to a right to be included in the settlement agreement over the defendants' objections. But, as the attached memo of law explains, any such claim would be futile – no court has authority to require a defendant to settle a claim it refuses to compromise.

18. As this Court has repeatedly and openly declared, both verbally and in written orders, this firm has complied with every aspect of its ethical obligations to its clients, as well as the directives and local rules of this Court and the Federal Rules of Civil Procedure. This has been true even when this Court vehemently disagreed with a position espoused by the firm or its principals. *See, e.g.,* Hearing Transcript on Litigation Financing Interest Expense, August 27, 2010, p. 44:7-9: "THE COURT: I'm not saying this was unethical. I'm not saying that you didn't try to stay attuned with the rules of professional responsibility."

19. Moreover, from the time this Court appointed Special Masters Twerski and Henderson, we have worked diligently with the Special Masters, as well as with subsequently-appointed Special Master Roy H. Simon, to be sure that the litigation continued to move forward, that our clients' discovery obligations were timely and fully met, that our clients were duly and appropriately represented in settlement negotiations, in motion arguments and in all other aspects of this massive and lengthy litigation. We continue to seek the Special Masters' counsel and to comply with all requests they make in the performance of their mandated obligations for this litigation. This Court has also recognized that WGENB attorneys worked diligently to assist Special Counsel Michael Hoenig in his work to assure this Court that the clients who had not responded to settlement outreach or who had only verbally indicated their desire to voluntarily discontinue their claims had been properly and fully advised of their rights and the gravity of their decisions to discontinue.

20. In addition to the foregoing listed exhibits we also respectfully offer the Affidavit of W. Bradley Wendel, Professor of Legal Ethics, Cornell University School of Law, at Exhibit "5".

Dated: New York, New York
       March 4, 2011

_____
Denise A. Rubin (DR5591)

**ATTORNEY'S DECLARATION/AFFIRMATION OF SERVICE**

Denise A. Rubin, an Attorney duly licensed to practice before the Courts of the State of New York, hereby affirms/declares the following under penalty of perjury:

I am associated with the law firm Worby Groner Edelman & Napoli Bern, LLP and as such represent the plaintiffs in the within action. On March 4, 2011, I duly served a true copy of the within Declaration, Affidavit of W. Bradley Wendel, Exhibits and Memorandum of Law on the persons listed below by e-mail.

James E. Tyrrell Jr., Esq.
Joseph Hopkins, Esq.
Patton Boggs, LLP
*Defendants' Liaison Counsel*
One Riverfront Plaza, 6th floor
Newark, New Jersey 07102
jtyrrell@pattonboggs.com
jhopkins@pattonboggs.com

Margaret Warner, Esq.
McDermott Will & Emery, LLP
600 13th Street, N.W.
Washington, D.C. 20005-3096
mwarner@mwe.com

Andrew J. Carboy, Esq.
Sullivan Papain, Block, McGrath
& Cannavo, P.C.
120 Broadway
New York, New York 10271
Acarboy@triallaw1.com

Noah H. Kushlefsky
Kreindler & Kreindler, LLP
750 Third Avenue
New York, NY 10017-2703
NKushlefsky@kreindler.com

Denise A. Rubin (DR5591)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
IN RE: WORLD TRADE CENTER DISASTER SITE         Index Nos.:  21 MC 100 (AKH)
LITIGATION

------------------------------------------------------------------------X

NOTICE OF MOTION BY PLAINTIFFS' LIAISON COUNSEL WORBY GRONER EDELMAN & NAPOLI BERN, LLP FOR RECONSIDERATION AND VACATUR OF THE ORDER APPOINTING SPECIAL COUNSEL FOR CERTAIN WORBY GRONER *ET AL*., CLIENTS

================================================================

**WORBY GRONER EDELMAN & NAPOLI BERN, LLP**
*Plaintiffs' Co-Liaison Counsel*
350 Broadway, Suite 7413
New York, New York  10118
(212) 267-3700

================================================================

The undersigned attorney hereby certifies, pursuant to Fed. R. Civ. P. 11 and 22 NYCRR §130-1.1-a, that I have read the within papers and that to the best of my knowledge and belief they are not frivolous as that term is defined in 22 NYCRR § 130-1.1(c) and Fed. R. Civ. P. 11.

_____
Attorney name:  Denise A. Rubin

================================================================

PLEASE TAKE NOTICE:
☐ NOTICE OF ENTRY
that the within is a (certified) true copy of an _____ duly entered in the ____ office of the clerk of the within named court on _____ 200__.
☐ NOTICE OF SETTLEMENT
that an order _____ of which the within is a true copy, will be presented for settlement to the HON. _____ one of the judges of the within named Court, at _____ on _____ 200___ at_____ O'clock ___.M.

Dated, _____

                    Yours, etc.

                    **WORBY GRONER EDELMAN & NAPOLI BERN, LLP**