

**ELMER G. SANTIAGO**
310 E. 151 St., 3W
Bronx, NY 10451
347.819.1253
elmersantiago9@msn.com

March 14, 2011

**BY FAX**

**THE HONORABLE ALVIN K. HELLERSTEIN**
United States District Judge
United District Court
Southern District of New York
500 Pearl Street
New York, New York

*In Re: World Trade Center Site Litigation*
*21 MC 100, Docket No. 10 cv. 7927*

Your Honor:

Recently, the Court received a letter from Joseph Hopkins of Patton Boggs, LLP, the attorney for the City of New York, indicating in the future his intentions to have the plaintiff's claim, the Plaintiff's ability to obtain or the right to file for a disability pension under the New York State World Trade Center Presumption Law, dismissed in your Court. In Counsel's letter to the Plaintiff and the Court, he expresses your Court's lack of subject matter jurisdiction as his reason to have this action dismissed. The Plaintiff however believes this Court does have the subject matter jurisdiction to allow this form of compensation to be tried and continue in your Court under 28 U.S.C. § 1367, supplemental jurisdiction.

In so much as this is a September 11, 2001 litigation under the ATSSA to hear claims entered into the Southern District of New York, and who have exclusive jurisdiction over all physical injury claims caused by the 9/11 attacks and thereafter, and with the subsequent passing of New York State Law which passed its own September 11th related law allowing through its presumption because of a personal injury sustained, the ability to file for an Accidental Disability Retirement pension due to the 9/11 attacks and thereafter, by default, this Court has supplemental jurisdiction over "all other claims that are so related . . . that they form part of the same case or controversy" (§ 1367 (a)).

As I understand it from a lay man's perspective, this means a federal court hearing a federal claim can also hear substantially related state law claims, thereby encouraging efficiency by only having one trial at the federal level rather than one trial in federal court and another in state court. Counsel for the Defendant originally removed the Plaintiff's court action which was filed as an Article 78, and which was then later removed a second time when a Bill of Particulars was filed by the Plaintiff for the triable issues under CPLR §214 (c). In both instances, the Plaintiff sought the very same relief, the former being from a jury.

Handwritten annotation: *This letter is rejected. The proper way for the issues to be decided is upon a motion to Rule 12(b), 12(c) or S6 Fed. R. Civ. P. Def. has the right to file app. in such a motion. 3-15-11* /s/ AKHellerstein

In order to stave off Counsel for the Defendant future request for dismissal under Rule 12 (b) (6), the Plaintiff believes that a constitutional question, that of procedural due process, under the 14th Amendment exist. It is also the Plaintiff's hope to further present to the Court the ambiguity of the World Trade Center Presumption Law which becomes evident when the law itself seems to bar an individual who has since left a pension system, according only to how an individual who promulgates its rules interprets the law. For instance, the presumption under the WTC legislation covers a particular period, September 11, 2001 to September 11, 2002, and various locations as defined under the World Trade Center Presumption Law, and uses the language "participated" and "member" in different paragraphs, without truly identifying if one or both of these words have the same or different meaning, or whether each of the party are equally eligible. Due process is furthered denied when the Plaintiff is not allowed to file for an Accidental Disability Retirement pension as a matter of law, a provided a hearing like those similarly situated like the Plaintiff

Under due process, if either a statute or the public employer's *practices* give a person a *"legitimate claim of entitlement"*, then one has property interest, especially if one has met all the qualifying criteria to such a property. Although the WTC Presumption Law was not passed until 2005, the effective date of the law is September 11, 2001, and any illnesses related to the 9/11 attacks are assumed to occur during the 9/11 attacks, thus making the plaintiff eligible to such a benefit. The Court must look to the day the Plaintiff was actually a member of the NYC Police Department, and how this law covers the prescribed days of employment for which the presumption was written and the pension credit accumulated by the Plaintiff still which exist at the pension fund, further giving the Plaintiff a property right to the benefit of the World Trade Center Presumption Law.

The personal injury aspect of this litigation in itself is a hybrid, since both laws, that of the ATSSA and the WTC Presumption Law were written with the similar goal of addressing the injuries incurred during September 11, 2011 and this presents an issue worthy of adjudication. Because a basis for original and sole jurisdiction exists in this case, that of personal injury incurred during the 9/11 attacks, the district court has the discretion to retain jurisdiction over the plaintiff's supplemental state law claim since an Amended Complaint has been filed under Rule 8 as per the Court's request.

Another federal question which may exist is whether the Plaintiff's claim arises under ERISA, 29 U.S.C. § 1132(a) (1), which gives a plan participant or beneficiary a cause of action "to recover benefits due to him under the terms of his plan," and (B), to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to *future benefits* under the terms of the plan. It is this future benefit why the WTC Presumption Law was written in the first place. ERISA's jurisdictional provision, 29 U.S.C. 1132(e) (1), gives state courts and federal

Judge Hellerstein
Page 3

district courts "concurrent jurisdiction of actions under subsection (a) (1) (B)." The Plaintiff seeks recovery of the benefit under the World Trade Center Presumption Law based on (1) the Plaintiff has met the WTC Presumption Law criteria for a total retirement disability pension by meeting the qualifying conditions under the legislation, and (2), the NYC Police Pension Fund refused to allow the Plaintiff to file for an Accidental Disability Retirement pension.

As a note, the Plaintiff is barred from receiving any benefit from the NYS Workers Compensation Fund due to the fact the Plaintiff was a Police Officer on 9/11, putting this issue in a gray area. Secondly, although the Police Pension Fund believes that the legislative writing does not allow the Plaintiff to file for a disability pension, the Notice of Participation itself begins with the impending qualification of ... "Anyone who participated" ... during the 9/11 rescue and recovery and cleanup. I do believe that the Pension Fund is confused on the meaning of a presumption and refuses to acknowledge it although they have accepted the Plaintiff's Notice of Participation. The Plaintiff has met the diseases associated under the World Trade Center Presumption Law.

The Plaintiff has provided the Court documentation for review, and hopes the Court can provide an answer to the above questions, before the Plaintiff decides what is the next best course of action, and whether the Court will retain jurisdiction over the subject matter relating to the WTC Presumption Law. Since this is a physical injury claim, and a triable issue, returning the issue to State Court would not make economical sense for either Court. If it pleases the Court, more documentation can be provided or a motion entered to clarify the Plaintiff's position. The Plaintiff finally respectfully requests that this matter be allowed to proceed before a jury.

I thank you in advance for your attention, and patience in this matter.

Cordially,

Elmer G. Santiago
Plaintiff *Pro Se*

cc:

**Joseph E. Hopkins**
**Patton and Boggs, LLP**
**One Riverfront Plaza, 6th Fl.**
**Newark, NJ 07102**
*Attorney for the City of New York*

Judge said:

"This letter is rejected. The proper way for the issues to be decided is upon a motion filed by defendant pursuant to Rule 12(b), 12(c) or 56, Fed. R. Civ. P. Plaintiff has the right to file opposition papers in response to such a motion.

3-15-11
Alvin K. Hellerstein"