UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

IN RE WORLD TRADE CENTER DISASTER SITE       :
LITIGATION                                                            :

-------------------------------------------------------------   :

IN RE LOWER MANHATTAN DISASTER SITE          :
LITIGATION                                                            :

-------------------------------------------------------------   :

IN RE WORLD TRADE CENTER DISASTER SITE       :
AND LOWER MANHATTAN DISASTER SITE             :
LITIGATION                                                            :

------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

**ORDER GRANTING
MOTION TO PRESERVE
PRIVILEGE**

21 MC 100 (AKH)
21 MC 102
21 MC 103

        Napoli Bern expresses concern that my recent Order affirming the appointment of

Noah H. Kushlefsky, Esq., somehow will cause Napoli Bern to waive its attorney-client and

work product privileges.  See Order Denying Motion to Vacate Order Appointing Counsel, 21

MC 100 (Doc. No. 2383) (S.D.N.Y. March 11, 2011).  Napoli Bern therefore seeks an order

extending these privileges to Mr. Kushlefsky.  Napoli Bern's motion, although academic, is

granted as to such privileges.

        The "common interest" exception to the attorney-client privilege provides,

generally, that an attorney may communicate confidential information to another attorney if they

are engaged in a joint effort.  United States v. Schwimmer, 892 F.2d 237, 243 (2d Cir. 1989).

The exception applies here: Mr. Kushlefsky and his firm, and Napoli Bern, are functioning

jointly, united in the interest of serving these 59 Plaintiffs.  Napoli Bern should make full

disclosures to Mr. Kushlefsky without concern that it will waive the attorney-client privilege.

        The work product privilege is waived only if the disclosure substantially increases

the opportunity for potential adversaries to obtain the information.  Falise v. Am. Tobacco Co.,

193 F.R.D. 73, 80 (E.D.N.Y. 2000).  Sharing documents with a person who has a common

interest with regard to the client does not waive the privilege.  Pascuiti v. New York Yankees, 98

1

Civ. 8186, 1999 WL 983882, at *2 n.3 (S.D.N.Y. Oct. 29, 1999).  Mr. Kushlefsky and his firm

have the same fiduciary obligations to these 59 Plaintiffs as Napoli Bern has.  There is no risk

that disclosure will benefit an adversary.  Disclosure to Mr. Kushlefsky will not work a waiver of

the work product privilege.

As time is of the essence, Napoli Bern shall promptly comply with the terms of

my Order of March 11, 2011.

The Clerk shall terminate the motion (Doc. No. 2386).


SO ORDERED.

Dated:        March 15 2011
              New York, New York                    ALVIN K. HELLERSTEIN
                                                    United States District Judge

2