UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

IN RE WORLD TRADE CENTER
DISASTER SITE LITIGATION

-----------------------------------------------------------------X

IN RE COMBINED WORLD TRADE CENTER
DISASTER SITE LITIGATION AND LOWER
MANHATTAN DISASTER SITE LITIGATION

-----------------------------------------------------------------X

ORDER APPROVING SETTLEMENT
21 MC 100
21 MC 103 (AKH)



[Handwritten annotation by Judge Hellerstein, dated 3-17-11, regarding approval of the settlement upon a specific showing of fairness and reasonableness of the terms contained in the Settlement Agreement with Tishman, and finding that the settlement is fair and reasonable, except for ¶17 of the Settlement Agreement, and without expressing opinion as to "each and every term."]

ALVIN K. HELLERSTEIN, U.S.D.J.:

Liaison counsel for Plaintiffs and counsel for Defendants Tishman Construction Corporation of New York, Tishman Construction Corporation of Manhattan and Tishman Interiors Corporation ("Tishman Defendants") involved in litigation arising out of debris removal at the World Trade Center Site, have reached a settlement of the claims made by Plaintiffs against such Defendants. The settlement amount against the Tishman Defendants is $1.4 million inclusive of $15,000 payable to defray administrative expenses.

Paragraph seventeen of the settlement agreement provides that the settlement agreement is expressly contingent upon approval and Order of the Court as to each and every term contained therein. (See settlement agreement annexed hereto as **Exhibit "1"**) Accordingly, I approve each and every term of the settlement agreement. In addition, I find the settlement to be fair, reasonable, and adequate, in the context of previous settlements previously announced and found fair, reasonable, and adequate. Plaintiffs' liaison counsel, Worby Groner Edelman & Napoli Bern, LLP ("WGENB"), represent that there are 742 Plaintiffs who made claims or filed lawsuits against the Tishman Defendants or any of them in the 21 MC 100 and 103 Master Dockets. The present settlement will be distributed to these Plaintiffs equally, regardless of Tier under the Settlement

Process Agreement, As Amended. Plaintiffs' counsel may charge no more than a 25 percent contingent fee, with expenses limited in accordance with previous orders, rulings, and agreements.

If Plaintiffs satisfy the requisite opt-in thresholds and the terms and conditions of the Settlement Agreement are met, these funds shall be submitted to the WGENB, who shall remit individual settlement amounts to each of the opt-in Plaintiffs in a timely manner, and as provided for in the settlement agreement.

SO ORDERED.

Dated:    March ___, 2011
          New York, New York        _____
                                    ALVIN K. HELLERSTEIN
                                    United States District Judge

Judge said:

"I decline to approve the settlement without a specific showing of the fairness and reasonableness of "each and every term contained" in the Settlement Agreement. In the context of the active litigation, I believe that the settlement with Tishman is fair and reasonable, except for ¶17 of the Settlement Agreement, and without expressing opinions on "each and every term."

3-17-11
Alvin K. Hellerstein"