

**SCHIFF HARDIN LLP**

900 THIRD AVENUE, 23RD FLOOR
NEW YORK, NEW YORK 10022
t 212.753.5000
f 212.753.5044
www.schiffhardin.com

Beth D. Jacob
212-745-0835
bjacob@schiffhardin.com

RECEIVED
MAR 16 2011
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

March 16, 2011

**VIA ELECTRONIC MAIL**

Hon. Alvin K. Hellerstein, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 14D
New York, New York 10007

*[Handwritten note: The issues shall be heard at the status conference to be held 3/24/11, 2:30 pm. 3-18-11  Ok /s/ AKH]*

Re: In re World Trade Center Litigation, 21 MC 100 (AKH)

Dear Judge Hellerstein:

    I write on behalf of Defendant The Port Authority of New York and New Jersey (the "Port Authority") with respect to the joint letter submitted by Defendants the City of New York and the Contractors and Plaintiffs' Co-Liaison Counsel (collectively, the "SPA Parties"), dated March 1, 2011.

    The SPA Parties have proposed that the Court stay all proceedings in the 21 MC 100 Master Docket until at least July 5, 2011. The Port Authority does not object to the proposed stay; however, the Port Authority respectfully requests that motion practice pertaining to the sufficiency of the pleadings (*e.g.*, pursuant to FRCP Rule 8) and the Court's jurisdiction over individual actions (*e.g.* pursuant to New York Unconsolidated Laws § 7107, *et seq.*) be exempted from any stay. Early disposition of such motions would provide clarity to all parties with respect to the issue of the Court's jurisdiction and would assist plaintiffs who are considering their options with respect to the Victims Compensation Fund.

    The SPA Parties also have proposed an Amended CMO 10. The proposed Amended CMO 10 expressly provides that "[t]he requirements imposed upon Plaintiffs by this Order shall apply only as against those actual or potential defendants identified in Exhibit A hereto . . . ." The defendants listed in Exhibit A consist solely of WTC Captive entities -- in fact, we have been advised by counsel to the Captive defendants that the proposed CMO 10 deliberately is intended to apply only to the WTC Captive defendants, and not to other defendants such as the Port Authority. The Port Authority objects to this limitation.

    All defendants in the litigation should have access to the same information at the same time and pursuant to the same procedures. The "requirements imposed" upon plaintiffs by the



Hon. Alvin K. Hellerstein, U.S.D.J.
March 16, 2011
Page 2

proposed Amended CMO 10 include the disclosure of a plaintiff fact sheet (which states the reasons why the plaintiff's claim is not time-barred and facts supporting the plaintiff's contention that the defendants are not immune from liability) and case specific expert reports that substantiate the plaintiff's medical claims, among other things. *See* proposed Amended CMO 10, para. 5(g) (disclosure shall state whether the plaintiff's medical records reviewed by the expert indicate that the plaintiff experienced an injury causally related to alleged exposures at the World Trade Center Site). These disclosures are not tailored to serve only the interests of the WTC Captive defendants.

There is no reason why a case management order governing any aspect of this litigation should be applied only to a subset of the defendants, especially since the CMO determines issues that affect all defendants equally. Although CMO 10 was negotiated between counsel for the WTC Captive and Plaintiffs' Co-Liaison Counsel as part of the SPA negotiations, a defendant in a multi-defendant litigation has no proprietary interest in a case management order that by its very terms governs disclosures applicable to all defendants in that litigation. The Port Authority's interest in the information described in CMO 10 is well established in this record and precedes the settlement between the parties to the SPA. The Port Authority respectfully submits that proposed Amended CMO 10 should be applicable to all parties in the litigation.

Lastly, the City and the Contractors, and the Plaintiffs, have espoused different views as to certain provisions of the proposed CMO relating to the TCDI database and the timing of the plaintiffs' disclosure obligations. To the extent that the proposed Amended CMO 10 ultimately is endorsed by the Court, and deemed applicable to all parties in the litigation, the Port Authority supports the position of the City and the Contractors on these issues as set forth in the SPA Parties' joint letter at pages 3-5.

Respectfully,

Beth D. Jacob

cc:   All Parties

NY:50955998.5