```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/23/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
IN RE WORLD TRADE CENTER DISASTER SITE  :
LITIGATION                              :
                                        :          **ORDER SUMMARIZING**
------------------------------------------------------------------ :  **STATUS CONFERENCE AND**
IN RE LOWER MANHATTAN DISASTER SITE     :          **SETTING NEXT**
LITIGATION                              :          **CONFERENCE**
------------------------------------------------------------------ :
IN RE COMBINED WORLD TRADE CENTER       :
DISASTER SITE AND LOWER MANHATTAN       :          21 MC 100 (AKH)
DISASTER SITE LITIGATION                :
                                        :
------------------------------------------------------------------ x
ALVIN K. HELLERSTEIN, U.S.D.J.:

On March 22, 2011, I held a status conference in the above-captioned Master Calendar, to address the need to progress the cases of those Plaintiffs who were eligible to settle under the Settlement Process Agreement, As Amended ("SPA"), but chose to continue litigating, and to monitor the progress of other aspects of this settlement and litigation process. The following topics were raised and discussed.

1. 85 Plaintiffs were eligible to settle their cases under the SPA but elected not to do so. As many of these Plaintiffs have waited years for their day in court, it is reasonable to believe that some would like their cases advanced to trial. At this time, however, not enough about these cases is known to allow for an intelligent decision as to whose cases shall go first.

Defense counsel represented that none of these Plaintiffs was among those whose cases were selected for early trial before the parties agreed to the SPA; that only 7 or 8 of these Plaintiffs have serious cancers; and that many do not have objective injuries but rather a fear of cancer, such that their cases perhaps do not warrant relief. Further, it appears many of

1

these Plaintiffs have not complied with the core discovery requirements set forth in various Case Management Orders.

I set a new status conference for April 15, 2011, and directed counsel to review these 85 cases. At the next conference, Defense Counsel will inform the Court which cases are susceptible to motions to dismiss, which are suitable to advance to trial, and what discovery needs remain.

2. Counsel for Plaintiffs and Defendants urged the Court to stay these 85 cases while regulations for the new Victim Compensation Fund ("VCF") are promulgated under the James Zadroga 9/11 Health and Compensation Act of 2010, Pub. L. No. 111-347, 124 Stat. 3623. Counsel believe the regulations will enable clients to make informed choices about litigating or pursuing compensation in the VCF. I expressed doubt that the regulations will provide these Plaintiffs clarity, for the delay may become prolonged and the regulations may not be helpful. Further, these cases, particularly the old cases—those filed in 2003, 2004, and 2005—need to be brought to final resolution.

3. 138 Plaintiffs were ineligible to settle because they filed suit after the eligibility date for the SPA, April 12, 2010. These new cases need not be advanced towards trial at this time. They are stayed pending promulgation of regulations under the Zadroga Act.

4. Noah H. Kushlefsky, Esq., reported on his progress regarding the 57 Plaintiffs who were deemed ineligible to settle under the SPA because they received compensation from the original VCF. Mr. Kushlefsky has

communicated with each of these Plaintiffs by letter and has begun to have phone conversations with them. The Plaintiffs, generally, (a) have injuries that have worsened since they took compensation from the VCF, (b) have injuries different from the ones that were compensated previously, or (c) were rejected from the VCF but might now be eligible. Moreover, some Plaintiffs appear to have signed waivers under time pressure, without the help of counsel, on the last days that the VCF was available. Like many Plaintiffs in this litigation, these 57 are now curious whether they should continue litigating, or pursue the new VCF. I directed Mr. Kushlefsky to focus on the litigation in this Court, and not on the VCF. Mr. Kushlefsky undertook to report at the next status conference on how these Plaintiffs will proceed.

5. Counsel for the WTC Captive Insurance Company reported that the Allocation Neutral has approved payments of $27,933,230, to 8,440 Primary Plaintiffs and 4,427 Derivative Plaintiffs. The WTC Captive has wired this money to Plaintiffs' counsel, who have sent checks to these Plaintiffs. An additional 1,862 Plaintiffs will receive their initial payments in the coming weeks. Further, recognizing that the 96 percent threshold has been attained, the WTC Captive has added an additional $12.5 million to the settlement amount, which now stands at $637.5 million. Plaintiffs' counsel also noted that the Allocation Neutral has begun processing accelerated payments for Tier 2 and Tier 3 Plaintiffs, and that those payments will begin to flow in the next few months.

6. Counsel for the WTC Captive also reported that 8,663 Plaintiffs have enrolled and been accepted into the MetLife insurance policy provided by the SPA. MetLife has to process an additional 1,093 enrollment forms, some of which have been returned to Plaintiffs' counsel to fix errors. Only 12 enrollment forms remain outstanding; they are due March 28, 2011. MetLife is sending certificates of enrollment to enrolled Plaintiffs within the next 3 weeks.

7. In view of the continuing litigation in this Court, it is necessary for the parties to continue using TCDI. TCDI has agreed to payments on an "as used" basis. Counsel should confer with TCDI to work out appropriate payments.

8. Issues concerning amended Case Management Order 10 will be addressed after the parties and the Court have identified cases appropriate to progress to trial and the discovery needs that remain for them. Those issues may be raised at the next status conference.

9. The next status conference shall be held April 15, 2011, at 2:00pm. The conference shall be held in Courtroom 14D.

SO ORDERED.

Dated: March 23, 2011
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge