UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

IN RE WORLD TRADE CENTER DISASTER SITE : **ORDER APPROVING**
LITIGATION : **SETTLEMENT**

------------------------------------------------------------ :

IN RE COMBINED WORLD TRADE CENTER : 21 MC 100 (AKH)
DISASTER SITE AND LOWER MANHATTAN : 21 MC 103
DISASTER SITE LITIGATION :

------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Plaintiffs' Liaison Counsel and counsel for Defendants Tishman Construction Corporation of New York, Tishman Construction Corporation of Manhattan, and Tishman Interiors Corporation, have reached a settlement of claims made by Plaintiffs against these Defendants for injuries arising out of the events of September 11, 2001. The parties have agreed to settle Plaintiffs' claims for $1.4 million, which includes $15,000 to defray administrative expenses. Plaintiffs' Liaison Counsel represent that 742 Plaintiffs made claims against these Defendants, or any of them, in the 21 MC 100 and 21 MC 103 Master Calendars. I understand that the present settlement will be distributed to these Plaintiffs equally, notwithstanding where they fall in the various tiers laid out in the Settlement Process Agreement, As Amended ("SPA"). Plaintiffs' Liaison Counsel's fees are limited to 25 percent of each Plaintiff's recovery, together with expenses as provided for in my previous Orders.

    As described above, I approve the settlement as fair and reasonable, in the context of previous settlements that I approved. I decline to express any opinion on the fairness or appropriateness of the particular terms and conditions of this settlement agreement.

SO ORDERED.

Dated: March 24, 2011
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

# TISHMAN CONSTRUCTION CORPORATION OF NEW YORK; TISHMAN CONSTRUCTION CORPORATION OF MANHATTAN AND TISHMAN INTERIORS CORPORATION SETTLEMENT AGREEMENT

The following terms reflect a Settlement Agreement ("Settlement Agreement") between counsel for defendants Tishman Construction Corporation of New York; Tishman Construction Corporation of Manhattan and Tishman Interiors Corporation ("Tishman"), Cozen O'Connor, and counsel for the plaintiffs, Worby Groner Edelman & Napoli Bern LLP ("WGENB"):

1. The settlement-eligible plaintiffs ("Eligible Plaintiffs") are those plaintiffs who have asserted claims against Tishman in 21 MC 100 and 103 of the World Trade Center Disaster Site Litigation (the "WTC Litigation"), and conform to the requirements below. (See attached Appendix A, Eligible Plaintiff List ["EPL"], which lists each Eligible Plaintiff). Any settlement-eligible plaintiff who opts-in to this Settlement Agreement shall be designated a "Settling Plaintiff."

2. The settling defendants are Tishman Construction Corporation of New York; Tishman Construction Corporation of Manhattan and Tishman Interiors Corporation ("Tishman"). (Tishman Speyer is an unrelated entity that is not covered by this Settlement Agreement.)

3. The settlement amount ("Settlement Amount") is One Million Four Hundred Thousand Dollars ($1,400,000), subject to adjustment in accordance with Paragraph 17 below and comprised of the following:

   a) The amount allocated for payments to Settling Plaintiffs is $1,385,000;

   b) The amount allocated for administration costs is up to $15,000. Any monies not spent on administration costs will be distributed to the Settling Plaintiffs.

4. The Eligible Plaintiffs List ("EPL") shall include those plaintiffs who represented to WGENB that they performed work relevant to the WTC Litigation between May 8, 2002 and June 30, 2002 at one or both of the following locations:

   a) World Trade Center 7; or

   b) Zone 4 of the World Trade Center Site encompassing and adjacent to World Trade Center 7.

5. Each Settling Plaintiff shall sign a release and covenant not to sue in a form to be agreed upon between the parties. This Agreement is contingent upon approval by Tishman of the release and covenant not to sue.

6. Claims by plaintiffs represented by WGENB in 21 MC 100 who are not included in the EPL shall be dismissed both with prejudice and without costs with respect to Tishman. A list of the plaintiffs to be dismissed with prejudice and without costs will be attached as Appendix B. This Agreement is contingent upon approval of Appendix B by counsel for Tishman and WGENB.

7. Claims by plaintiffs represented by WGENB in 21 MC 103 who are not included in the EPL shall be dismissed both with prejudice and without costs with respect to Tishman Construction Corporation of New York and Tishman Construction Corporation of Manhattan. A list of the plaintiffs to be dismissed with prejudice and without costs will be attached as Appendix C. This Agreement is contingent upon approval of Appendix C by counsel for Tishman and WGENB.

8. Claims by plaintiffs represented by WGENB in 21 MC 103 who are not included in the EPL, except those with claims arising out of or relating to work in 130 Liberty Street, 140 West Street and/or 4 Albany Street in Manhattan and except for those who bring claims on or after the execution of the Settlement Agreement against Tishman Interiors Corporation relating to work in any 21 MC 102 building shall be dismissed both with prejudice and without costs with respect to Tishman Interiors Corporation. A list of the plaintiffs to be dismissed with prejudice and without costs will be attached as Appendix D. This Agreement is contingent upon approval of Appendix D by counsel for Tishman and WGENB.

9. Counsel for Tishman shall secure from Tishman an agreement in writing to release all actual or alleged indemnification claims, if any, that Tishman has or may have against the WTC Captive and its insureds arising out of the WTC Litigation relating and limited to settling or dismissed plaintiffs. Tishman reserves its right to pursue indemnification claims against the WTC Captive, its insureds and/or other parties arising from claims by any non-settling plaintiffs.

10. WGENB shall secure from the WTC Captive and its insureds, and from any other defendants with whom the Settling Plaintiffs settle their claims, an agreement in writing, to release all actual or alleged indemnification claims, including any and all claims for contractual and/or common law indemnification and/or contribution and/or legal fees, if any, that the WTC Captive and its insureds have or may have against Tishman arising out of the WTC Litigation. The Settlement Agreement is contingent upon WGENB obtaining the aforementioned agreement in writing from the WTC Captive and its insureds and from any other settling defendants.

11. To the extent that Settling Plaintiffs are awarded judgments against any other defendant, such plaintiffs agree to reduce those judgments to the full extent of such defendant's contribution and indemnity claims, if any, that such defendant has, or may have against Tishman arising out of the WTC Litigation.

12. Each Settling Plaintiff shall provide the following verified information to counsel for Tishman:

    a)    Name;

    b)    Civil action number; and

    c)    Injury Tier Level

    d)    Medicare and other governmental lien information

13. The Settlement Amount shall be allocated equally among all Settling Plaintiffs.

14. The parties agree and understand that Tishman is not a "party" to the World Trade Center Settlement Process Agreement, as Amended ("the SPA").

15. This Settlement Agreement is contingent upon and subject to the inclusion of Tishman on Exhibit A (listed Defendants) to Case Management Order No. 10, also known as the Lone Pine Order.

16. Tishman is not "participat[ing] in the Allocation Process or any aspect thereof" as those terms are set forth in Sections I. H. and XI. D of the SPA.

17. This Settlement Agreement is expressly made contingent upon approval and Order of the Court ~~as to each and every term contained herein. Should the Court decline to approve and order each and every term of this agreement, in their present forms without amendment or change thereto, then the entire agreement shall be considered null and void.~~

18. This Settlement Agreement is contingent upon the following threshold being achieved within one hundred twenty (120) days of execution of this Settlement Agreement: ninety per cent (90%) of the plaintiffs on the EPL regardless of Tier must opt-in to this settlement and provide to Tishman signed releases and covenants not to sue.

19. Within Sixty (60) days of the last to occur of the following, but no later than January 30, 2011: (i) execution of this Settlement Agreement, (ii) approval by the Court as set forth in paragraph 17, the Settlement Amount shall be paid by Tishman or its insurers to WGENB, to be held in an escrow account. At the same time, WGENB shall file with the court signed stipulations of dismissal for all plaintiffs who are ineligible for the EPL per the terms of paragraphs 4, 6, 7 and 8.

20. Any interest that accrues in the escrow account shall be the sole property of the Settling Plaintiffs as long as the threshold set forth in paragraph 18 has been achieved. If the threshold set forth in paragraph 18 is not achieved, any interest that accrues in the escrow account shall be the sole property of Tishman.

21. The Settlement Amount (as adjusted) shall be distributed by WGENB to Settling Plaintiffs from its escrow account.

22. Plaintiffs' counsel, or its designee, shall cooperate with Tishman, or its designee, and respond to their reasonable requests for information required to fulfill the settlement reporting duties associated with Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 (the "Act"), and shall agree that settlement payments to any individual

plaintiff are subject to confirmation that each plaintiff on the EPL (see Appendix A) is not a Medicare recipient or beneficiary. It is agreed that counsel for plaintiff will confirm whether each plaintiff on the EPL is a Medicare recipient or beneficiary or may reasonably be expected to become Medicare eligible, will advise Tishman of same and will not distribute settlement proceeds to any plaintiff on the EPL prior to confirmation.

23. Plaintiffs' counsel, or its designee, shall further provide to Tishman proof of satisfaction and/or waiver of all liens, including governmental liens, prior to the distribution of settlement proceeds to individual plaintiffs.

Dated: December____, 2010
New York, New York

On behalf of the Plaintiffs

_____
Paul J. Napoli
William H. Groner
Worby Groner Edelman & Napoli Bern, LLP

Date: 12/15/10

On behalf of Defendants Tishman Construction Corporation of New York; Tishman Construction Corporation of Manhattan and Tishman Interiors Corporation

_____
Kevin G. Mescall
Cozen O'Connor

Date: 12/15/10