UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

IN RE: WORLD TRADE CENTER
DISASTER SITE LITIGATION

Docket No.:  21 MC 100
          21 MC 103 (AKH)

-------------------------------------------------------------------X

THIS DOCUMENT APPLIES TO ALL
WORLD TRADE CENTER DISASTER SITE
LITIGATION

**DECLARATION IN SUPPORT OF JOINT MOTION FOR VOLUNTARY DISMISSALS**

-------------------------------------------------------------------X

BRIAN D. CROSBY, an attorney duly licensed to practice before the courts of the State of New York and a member of the bar of this Honorable Court, hereby declares under penalty of perjury:

1. I am associated with the law firm Worby Groner Edelman & Napoli Bern, LLP ("WGENB"), Plaintiffs' Co-Liaison Counsel in the above-captioned matters.

2. This Declaration is made upon my personal knowledge and a review of the files maintained by the law firm for the prosecution of the plaintiffs' claims herein, including this Court's written orders regarding the same.

3. As this Court is aware, WGENB and counsel for defendants Tishman Construction Corporation of New York, Tishman Construction Corporation of Manhattan, and Tishman Interiors Corporation (collectively referred to as "Tishman") entered into a settlement agreement on or about December 15, 2010. Accordingly, on March 15, 2011, WGENB submitted a proposed Order approving the Tishman settlement and a true copy of the settlement agreement to the Court. The Court approved the settlement on March 24, 2011. *See* Order Approving Settlement annexed hereto as **Exhibit "1"** without the settlement agreement attached.

4. Pursuant to the terms of the Tishman settlement agreement, only plaintiffs who worked in Zone 4 of the World Trade Center site and/or in 7 World Trade Center between May 8, 2002 and August 30, 2002 were deemed eligible to participate in the Tishman Settlement. In addition, the settlement agreement requires that those plaintiffs deemed *in*eligible for the Tishman

settlement must have their cases dismissed with prejudice and without cost as against Tishman. The instant motion concerns these dismissals. However, since Tishman Interiors Corporation is also a defendant associated with certain off-site buildings in the 21 MC 102 docket and since certain plaintiffs still have pending cases against Tishman Interiors Corporation, then certain plaintiffs cases will *not* be dismissed as against Tishman Interiors Corporation. Accordingly, the dismissals must be broken into three groups depending on which Tishman entities are being dismissed from each case as the following will detail.

5. The first group of plaintiffs, listed on the annexed **Exhibit "2"**, is comprised of plaintiffs in the 21 MC 100 docket who are ineligible for the Tishman settlement. The settlement agreement requires that these plaintiffs' cases be dismissed with prejudice and without cost as against *all* Tishman entities named in paragraph "3" above.

6. The second group of plaintiffs, listed on the annexed **Exhibit "3"**, is comprised of plaintiffs in the 21 MC 103 docket who are ineligible for the Tishman Settlement. The settlement agreement requires that these plaintiffs' cases be dismissed with prejudice and without cost as against Tishman Construction Corporation of New York and Tishman Construction Corporation of Manhattan *only* and **not** as against Tishman Interiors Corporation.

7. The third group of plaintiffs, listed on the annexed **Exhibit "4"**, is comprised of plaintiffs in the 21 MC 103 docket who are ineligible for the Tishman Settlement and who did not allege exposure in a 21 MC 102 building associated with Tishman Interiors Corporation. The settlement agreement requires that these plaintiffs' cases be dismissed with prejudice and without cost as against Tishman Interiors Corporation *only* and **not** as against Tishman Construction Corporation of New York and Tishman Construction Corporation of Manhattan.

8. By this Court's January 3, 2011 Order Denying Federal Rule 41(A)(1) Motions of Voluntary Dismissal (annexed hereto as **Exhibit "5"**, without the attached stipulations), plaintiffs

were "given leave to seek voluntary dismissal by motion, if fewer than all Defendants are to be dismissed…." As plaintiffs here seek dismissal as to fewer than all Defendants, we are submitting the instant motion.

    9.    Accordingly, plaintiffs respectfully request that this Court:

        a.    grant the proposed Orders of Voluntary Dismissal annexed hereto as **Exhibit "2", Exhibit "3", and Exhibit "4"**; and award

        b.    such other and additional relief as this Court deems just and proper.

    10.    Counsel for Tishman joins in this request.

Dated:  New York, New York
         April 14, 2011

_____
Brian D. Crosby (BC-9543)

**ATTORNEY'S DECLARATION/AFFIRMATION OF SERVICE**

Brian D. Crosby, an Attorney duly licensed to practice before the Courts of the State of New York, hereby affirms/declares the following under penalty of perjury:

I am associated with the law firm Worby Groner Edelman & Napoli Bern, LLP and as such represent the plaintiffs in the within action. On April 14, 2011, I duly served a true copy of the within PLAINTIFFS' NOTICE OF MOTION, DECLARATION OF BRIAN D. CROSBY on all attorneys of record in this matter in the Court's Electronic Case Filing System.

_____
Brian D. Crosby (BC-9543)