*Hellerstein, J* (handwritten)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

IN RE WORLD TRADE CENTER DISASTER SITE
LITIGATION

-----------------------------------------------------------------X

Docket No.: 21 MC 100 (AKH)

RECEIVED
APR 14 2011
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

IN RE WORLD TRADE CENTER LOWER
MANHATTAN DISASTER SITE LITIGATION

-----------------------------------------------------------------X

Docket No.: 21 MC 102(AKH)

IN RE COMBINED WORLD TRADE CENTER
AND LOWER MANHATTAN DISASTER SITE
LITIGATION (straddler plaintiffs)

Docket No.:  21 MC 103 (AKH)

**PROPOSED JUDGMENT**

-----------------------------------------------------------------X

HELLERSTEIN, J.:

IT IS HEREBY ADJUDGED AND DECREED:

That pursuant to Fed. R. Civ. P. 54(b) and Fed. R. Civ. P. 58(b)(2)(B) and the December

30, 2010 Order of this Court Accepting the Report of Special Counsel and Providing for

Effectiveness of Settlement ("Order"), Annexed here as Exhibit "A":

1.      Those plaintiffs whose cases were dismissed with prejudice by the Order shall be

removed from the Eligible Plaintiff List ("EPL") in the World Trade Center Litigation Settlement

Process Agreement, as Amended ("SPA") (*see* Order, page 3, ¶3);

2.      The SPA provides additional compensation to the settling plaintiffs if the overall

"opt-in" rate exceeds the minimum ninety-five percent (95%) threshold of Eligible Plaintiffs. *See*

Order, page 3, ¶5. For every additional one percent of opt-in plaintiffs over the minimum 95%

threshold, the SPA requires the Defendants and their insurer, the WTC Captive Insurance Co., Inc.

*The subject matter of this order is a disputed issue, pending for decision by the court. Following decision, and depending on the decision, the parties will have an opportunity to make an appropriate order. This document is premature. Settle on notice. 4/14/11* (handwritten)

to pay an additional two percent of the base settlement amount, or $12.5 million, over and above the $625 million base amount of the Settlement. *See* Order, at page 3, ¶5;

3.      At opt-in rates exceeding ninety-eight percent (98%), the Defendants and their insurer the WTC Captive Insurance Co., Inc. must pay two-tenths of one percent (0.2 %) of the $625 million base settlement amount for every one-tenth of one percent (0.1 %) over the minimum. *See* Order, p. 3, ¶5. This amounts to an added $1.25 million for every one-tenth of one percent (0.1%) over the ninety-eight percent (98%) threshold. *See* SPA §§ IV.E.II.A; *see also*, Order, p. 3, ¶5;

4.      Removing the plaintiffs on the EPL pursuant to the December 30, 2010 Order results in a total of 10,218 plaintiffs on the EPL. Of that amount, 10,116 plaintiffs have opted in to the SPA, which is equal to 99.0018% . Accordingly, it appears that after the removal of the 457 plaintiffs whose cases were dismissed with prejudice by the Order on December 30, 2010 from the EPL, the final percentage of Plaintiffs who have opted-in to the settlement now exceeds ninety-eight percent (98%). *See* Order, p. 3, ¶5;

5.      It follows that the amount of incentive payments should be $37.5 million at ninety-eight percent plus such fractional percentages over and above ninety-eight percent are reflected in the actual ratio of settling Plaintiffs to Eligible Plaintiffs who have not been dismissed with prejudice, as well as such additional payments that may be triggered. *See* Order, p. 3, ¶5;

6.      To this date the Captive Insurance Company, Inc. has paid $12.5 million in additional compensation pursuant to the SPA and the Order;

7.      The additional payments due the settling plaintiffs pursuant to SPA Section VI.E. are calculated to be $50 million;

8.      Since the WTC Captive Insurance Co., Inc. has previously paid $12.5 million in additional compensation to the settling Plaintiffs, there remains an outstanding balance of $37.5 million plus interest;

9.      The WTC Captive Insurance Co., Inc., shall immediately deposit $37.5 million into the Separate Account referenced in Section III.A. of the SPA along with interest calculated from ten (10) days following the January 5, 2011 execution of the Affirmation of Final Settlement Agreement.

10.     Upon entry of this Judgment, the WTC Captive Insurance Co., Inc., shall fix the opt-in threshold and shall calculate and pay the incentive payment directed herein in accord with this Judgment.

11.     This judgment shall be deemed final as to the issues addressed herein pursuant to Fed. R. Civ. P. 54(b).

Dated: April ___, 2011

ENTER:

_____
Alvin K. Hellerstein (USDJ)

Judge wrote:

"The subject matter of this order is a disputed issue, pending for decision by the court. Following decision, and depending on the decision, the parties will have an opportunity to settle an appropriate order. This document is rejected as premature.

4-13-11
Alvin K. Hellerstein"