



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE WORLD TRADE CENTER DISASTER SITE LITIGATION | 21 MC 100 (AKH) <br> 21 MC 102 (AKH) <br> 21 MC 103 (AKH) |
| THIS DOCUMENT RELATES TO ALL CASES | PLAINTIFFS' ACKNOWLEDGEMENTS |

   WHEREAS, the London Marine Insurers[1] issued the London Marine Policies to the City of New York ("City") and Weeks Marine, Inc. ("Weeks"), for which the City had agreed to furnish insurance for certain work performed at the WTC Site; and

   WHEREAS, the WTC Captive Insurance Company, Inc. and the London Marine Insurers insure the City and Weeks, subject to the terms and conditions of their respective policies; and

   WHEREAS, pursuant to the Amended SPA, more than 10,000 Plaintiffs have settled all their Debris Removal Claims against the WTC Captive's insureds, including the City and Weeks ("Opt-In Plaintiffs"), for an amount to be funded by the WTC Captive; and

   WHEREAS the Opt-In Plaintiffs released previously the London Marine Insurers' insureds, the City and Weeks, by tendering releases pursuant to the Amended SPA for any and all claims and causes of action arising under, out of, or in connection with, or relating to, in whole or in part, the Debris Removal Claims; and

   WHEREAS the Plaintiffs did not bring or pursue any claims or causes of action of any kind against the London Marine Insurers, nor do any Plaintiffs in any of the Debris Removal Claims have any claims or causes of action of any kind against the London Marine Insurers;

   WHEREAS the WTC Captive demanded that the London Marine Insurers reimburse the WTC Captive for amounts paid to defend the City and Weeks against Debris Removal Claims, and to contribute to the settlement as set forth in the Amended SPA, and, on November 5, 2010, the London Marine Insurers settled these disputed claims with the WTC Captive by, *inter alia*, agreeing to contribute $27,500,000 ("Payment Amount") and $500,000 (the "Allocation Cost

---

[1] All capitalized terms not defined herein shall have the same meaning as such terms have in the World Trade Center Litigation Settlement Process Agreement, As Amended ("Amended SPA").

353541v5                                                       1

Payment") to the settlement set forth in the Amended SPA, and the Payment Amount is to be apportioned in accordance with Section II F. thereof;

NOW, THEREFORE, Sullivan Papain Block McGrath & Cannavo P.C., on behalf of the Plaintiffs that it represents, and Plaintiffs' Liaison Counsel, Worby Groner Edelman & Napoli Bern LLP, on behalf of all other Plaintiffs, hereby represent, admit and acknowledge:

*First*, that the Plaintiffs have no claims or causes of action of any kind against the London Marine Insurers arising under, out of, or in connection with, or relating to, in whole or in part, the Debris Removal Claims due, *inter alia*, to the following:

1. The Plaintiffs did not bring any claims or actions against the London Marine Insurers; and,

2. The Opt-In Plaintiffs released previously the London Marine Insurers' insureds, the City and Weeks, by tendering releases pursuant to the Amended SPA for any and all Claims arising under, out of, or in connection with, or relating to, in whole or in part, the Debris Removal Claims; and

3. Pursuant to New York law, General Maritime law, federal law, including without limitation the Air Transportation Safety and System Stabilization Act (49 U.S.C. Sec. 40101), as amended, and any other applicable body of law, the London Marine Insurers owe no duties to the Plaintiffs, who are not insureds under the London Marine Policies and possess no contractual or extra-contractual rights thereunder; and

4. The Opt-In Plaintiffs have not and cannot obtain judgments on their Debris Removal Claims against the London Marine Insurers' insureds, the City and Weeks, except to the extent that such insureds may be found to be in default of any of the terms of the Amended SPA and/or any Court order pertaining thereto; and

5. Pursuant to New York law, General Maritime law, federal law, including without limitation the Air Transportation Safety and System Stabilization Act (49 U.S.C. Sec. 40101), as amended, and any other applicable body of law, the Plaintiffs have no claims or causes of action that can be brought now or in the future against the London Marine Insurers, and Plaintiffs have no rights against London Marine Insurers, notwithstanding any statutory, decisional or other body of law; and

6. Pursuant to the terms of the Amended SPA, the WTC Captive is obligated solely to make all settlement payments directly to the Opt-In Plaintiffs with regard to Debris Removal Claims brought against any of its insureds, including the City and Weeks.

*Second*, that on November 5, 2010, the Opt-In Plaintiffs acknowledged and agreed, for purposes of Section II.F of the Amended SPA, that the Payment Amount is acceptable as a contribution to the settlement set forth in the Amended SPA.

Dated: New York, New York

April 29, 2011

Sullivan Papain Block McGrath & Cannavo
P.C., on behalf of the Plaintiffs that it
represents

By: _____

Worby Groner Edelman & Napoli Bern LLP,
Plaintiffs' Liaison Counsel, on behalf of all
other Plaintiffs

By: _____

SO ORDERED: _____

5/4/11

3