UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
VALLEY FORGE INSURANCE COMPANY and
TRANSPORTATION INSURANCE COMPANY,

                              Plaintiffs,

    -against-

PHILLIPS AND JORDAN INCORPORATED,
TRAVELERS COMMERCIAL INSURANCE
COMPANY, ZURICH AMERICAN INSURANCE
COMPANY, CHUBB INDEMNITY INSURANCE
COMPANY, ABC INSURANCE COMPANIES 1-10,
and XYZ INSURANCE COMPANIES 1-10,

                              Defendants.
-------------------------------------------------------------------- x

**ORDER GRANTING
MOTION TO REMAND**

10 Civ. 8001 (AKH)

21 MC 100

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiffs move to remand this case to Supreme Court, New York County. The motion is granted.

        Following the terrorist-related aircraft crashes of September 11, 2001, Defendant Phillips & Jordan was engaged by the United States Army Corps of Engineers to assist in the efforts to clean up lower Manhattan and to provide needed services at the Fresh Kills landfill in Staten Island. On October 19, 2001, Phillips & Jordan signed a "Subcontract Agreement for Disaster Response Services" with Taylor Recycling Facility, LLC. Under the terms of the subcontract, Taylor Recycling agreed to indemnify and hold harmless Phillips & Jordan "from any claims arising directly or indirectly from or relating in any way to the contracted work." Notice of Removal ¶ 3. The subcontract required Taylor Recycling to obtain insurance for the benefit of Phillips & Jordan, and to name Phillips & Jordan "as an 'additional insured person' on each contract of insurance that was required in this clause." Id. ¶ 5. Taylor Recycling obtained

1

the necessary insurance from Plaintiffs Valley Forge Insurance Company and Transportation Insurance Company.

In the wake of the clean-up efforts, thousands of individuals who worked to clean up the debris and to search for survivors and remains brought claims against the City of New York and the contractors engaged to assist. Approximately 1,800 such claims were made against Phillips & Jordan based on negligence it allegedly committed with regard to allowing workers to be exposed to debris. Plaintiffs, in addition to suing Phillips & Jordan, also sued Taylor Recycling and a third contractor, Evans Environmental and Geological Science and Management, LLC. The Plaintiffs who sued these contractors have settled with Phillips & Jordan and Evans Environmental; the parties have informed the Court that a settlement with Taylor Recycling is imminent.

The prospect of liability, and of settlement, has given rise to a dispute between Phillips & Jordan and Taylor Recycling's insurers, Plaintiffs Valley Forge and Transportation, over whether the latter must defend and indemnify the former under the subcontract. Plaintiffs filed this declaratory judgment in state court, seeking to establish that they are not thusly obligated. Defendants removed to this Court, asserting jurisdiction under 28 U.S.C. § 1441, 28 U.S.C. § 1442(a)(1), and the Air Transportation Safety and System Stabilization Act ("ATSSSA"), 49 U.S.C. § 40101 et seq. Plaintiffs now move to remand.

Under 28 U.S.C. § 1441, "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction" may be removed to federal court. If removal is challenged, the burden of showing that the suit is properly brought into federal court rests with the party removing the case. Montefiore Med. Ctr. v. Teamsters Local 272, 2011 WL 1498823, at *3 (2d Cir. April 21, 2011). Defendant's Notice of Removal alleges that the

Court's original jurisdiction, and thus the only basis for removal, is the ATSSSA. The ATSSSA, passed by Congress in the wake of September 11, 2001 tragedy, provides a federal cause of action for injuries "arising out of the hijacking and consequent crashes" of the aircraft used in the attacks. ATSSSA § 408(b)(1). The statute provides "original and exclusive jurisdiction" for any claim "resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001," and provides that all such claims must be brought in this judicial district. Id. § 408(b)(3).

The Second Circuit has ruled that ATSSSA jurisdiction does not extend to all injuries that would not have occurred but for the events of September 11. Rather, only claims or defenses that "require adjudication of any issue of law or fact that concerns the events of September 11" fall within the statute. Canada Life Assurance Co. v. Converium Rücksversicherung (Deutschland) AG, 335 F.3d 52, 57 (2d Cir. 2003); see also Combined Ins. Co. of Am. v. Certain Underwriters at Lloyd's, London, 75 Fed. App'x 799 (2d Cir. 2003) (dispute between insurer and reinsurer over terms of reinsurance policy did not fall within ATSSSA). Only when the issues raised require actual contemplation of the events of September 11, as a basis to decide whether relief is available to a claimant, does the statute apply. In re WTC Disaster Site, 414 F.3d 352, 378-79 (2d Cir. 2003).

The present dispute is not within the scope of the ATSSSA. This case requires the Court to interpret an insurance policy required by a subcontract, and not any event of September 11. Although the subcontract may have been occasioned by the clean-up efforts, and although the coverage and exclusions of the insurance policy also may be occasioned by the events of September 11, it is doubtful that the issues of interpretation will be influenced by anything that happened that day. See Canada Life, 335 F.3d at 57-58; see also In re Sept. 11 Litig., 10 Civ. 3036 (21 MC 101), 2011 WL 607042, at *3-4 (S.D.N.Y. Feb. 22, 2011)

(dismissing contract dispute arising from collapse of 7 World Trade Center for lack of jurisdiction under ATSSSA).

Though Defendants did not claim it in their notice of removal, their briefing also argues that jurisdiction is proper under 28 U.S.C. § 1367. This is without merit, for such jurisdiction is available only in a case that alleges predicate federal claims which predominate. Peacock v. Thomas, 516 U.S. 349, 355 (1996). This case raises a single, nonfederal claim. And, for the reasons I provided in In re Sept. 11 Litig., 2011 WL 607042, at *5, my previous decision in WTC Captive Insurance Company, Inc. v. Liberty Mutual Fire Insurance Co., 537 F. Supp. 2d 619 (S.D.N.Y. 2008) does nothing to change this analysis.

Defendants' final argument for jurisdiction, that the case is properly removed under 28 U.S.C. § 1442(a)(1), also lacks merit. That statute provides that a civil action against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof, sued in an official or individual capacity for any act under color of such office" may be removed. Defendants argue that the statute applies because Phillips & Jordan took direction from the Army Corps of Engineers at Fresh Kills. This lawsuit requires interpretation of a contract, not directions by the Army Corps of Engineers.

The motion to remand is granted, and the case is remanded to Supreme Court, New York County. The Clerk shall terminate the motion (Doc. Nos. 5 and 8) and close the case. Oral argument is cancelled.

SO ORDERED.

Dated:  June 17, 2011
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge