UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
IN RE WORLD TRADE CENTER DISASTER SITE       :   **ORDER APPROVING**
LITIGATION                                                                     :   **SETTLEMENT WITH TAYLOR**
                                                                                          :   **RECYCLING AND DISMISSING**
------------------------------------------------------------------     **CERTAIN PLAINTIFFS FOR**
IN RE LOWER MANHATTAN DISASTER SITE           :   **FAILURE TO PROSECUTE**
LITIGATION                                                                     :
------------------------------------------------------------------     :
IN RE COMBINED WORLD TRADE CENTER              :   21 MC 100 (AKH)
DISASTER SITE AND LOWER MANHATTAN            :   21 MC 102
DISASTER SITE LITIGATION                                     :   21 MC 103
------------------------------------------------------------------ x
ALVIN K. HELLERSTEIN, U.S.D.J.:

The Court has been advised that Plaintiffs' Liaison Counsel, Worby Groner Edelman & Napoli Bern, LLP, and counsel for Taylor Recycling, LLP, have reached a settlement of all claims against Taylor Recycling in the above-captioned cases. The Court has received a pair of stipulations to dismiss settled cases. The first stipulation seeks to dismiss the claims of 1,802 Plaintiffs who (i) had claims against Taylor Recycling and (ii) executed proper releases and claims forms to terminate their cases against the City of New York and its contractors under the Settlement Process Agreement, As Amended ("SPA"). The second gives no indication of its intended purpose, but Liaison Counsel has informed the Court that it is a request to have 26 Plaintiffs dismissed involuntarily for failure to prosecute. The 26 Derivative Plaintiffs held claims against Taylor Recycling but never executed proper releases and claims forms to settle under the SPA. I rule as follows.

I.  The Settlement with Taylor Recycling is Fair and Reasonable, and the Claims of the 1,802 Plaintiffs who Filed Proper Settlement Paperwork is Endorsed.

Taylor Recycling, Phillips & Jordan, Inc, and Evans Environmental & Geological Science and Management LLC were sued by a subset of September 11 Plaintiffs who claimed that they had incurred injuries because of the work they performed at the Fresh Kills landfill in

1

Staten Island. Phillips & Jordan, Inc, and Evans Environmental settled all claims against them for $8.1 million each. The two settlements were part of a negotiation that contemplated an equivalent settlement with the third Defendant, Taylor Recycling, also for $8.1 million, for a total settlement against the Fresh Kills Defendants of $24.3 million. This settlement was additive, for this subset of Plaintiffs, to the settlement amounts that the City of New York had agreed to pay under the SPA.

In November 2010, I issued an Order in which I found the settlement of $24.3 million to be fair and reasonable in the aggregate, and as to each Defendant for its share of $8.1 million. See Order Affirming Settlement, In re World Trade Center Disaster Site Litig., 21 MC 100 (Doc. No. 2248) (Nov. 15, 2010). I reaffirm that finding and approve this final piece of the overall settlement.

The settlements with each of the Fresh Kills Defendants were to become operative if the SPA itself were ratified by the Plaintiffs eligible to settle. The SPA required each settling Plaintiff to submit proper settlement paperwork, in order to become a part of the settlement. See Order Accepting Report of Special Counsel and Providing for Effectiveness of Settlement, In re World Trade Center Disaster Site Litig., 21 MC 100 (Doc. No. 2669) (S.D.N.Y. Dec. 30, 2010). The 1,802 Plaintiffs who are the subject of the first stipulation at issue completed proper paperwork and joined the settlement. Accordingly, as their settlement with Taylor Recycling is approved, the stipulation dismissing their cases voluntarily under Federal Rule of Civil Procedure 41(a)(ii) is accepted. The stipulation has been "So Ordered" by me and will be docketed by the Clerk.

    II.    The Complaints of 26 Derivative Plaintiffs who Alleged Claims Against Taylor Recycling, but who did not File Proper Settlement Paperwork, Are Dismissed Involuntarily for Failure to Prosecute

As explained, the settlements with the Fresh Kills Defendants relied on the approval of the SPA by the Plaintiff population. In my Order of December 30, 2010, I observed that some of the Plaintiffs who had expressed an intention to settle under the SPA had not filed proper paperwork to give effect to their individual settlements. These Plaintiffs received a limited period of time to cure the deficiencies in their paperwork, and were advised in the Order that their cases would be dismissed for failure to prosecute if they failed to do so. See <u>Order Accepting Report of Special Counsel and Providing for Effectiveness of Settlement, In re World Trade Center Disaster Site Litig.</u>, 21 MC 100 (Doc. No. 2669) (S.D.N.Y. Dec. 30, 2010).

A group of Plaintiffs who had to cure their paperwork held claims against Taylor Recycling. I have been informed that 26 of these Plaintiffs have not cured the defects in their paperwork. Accordingly, I dismiss the complaints of these 26 Plaintiffs for failure to prosecute under Federal Rule of Civil Procedure 41(b). The dismissals are with prejudice. The list of 26 Plaintiffs is attached to this Order.

One final point deserves notice. Plaintiffs' Liaison Counsel submitted a proposed stipulation dismissing these 26 Plaintiffs, which suggests the dismissals are voluntary, that is, specifically requested by each such Plaintiff. It seems that this is not the case. Liaison Counsel's stipulation and proposed order of dismissal is rejected, and is being returned.

SO ORDERED.

Dated:  June 2*/*, 2011
New York, New York

/s/ ALVIN K. HELLERSTEIN
United States District Judge

SCHEDULE A

| # | Last Name | First Name | Derivative Last Name | Derivative First Name | Case # |
|---|---|---|---|---|---|
| 1 | Bagiokos | Sarantos | Bagiokos | Patricia | 06cv07938 |
| 2 | Boccanfuso | Bryan | Boccanfuso | Christine | 06cv12848 |
| 3 | Brennan | Robert | Brennan | Joyce | 07CV10227 |
| 4 | Campbell | Wayne | Campbell | Maureen | 07CV09002 |
| 5 | Carter | Lynette | Fetuga | Abayoni | 06cv07286 |
| 6 | Cuevas | Jaime | Cuevas | Daphne | 06cv08589 |
| 7 | Dziubela | Richard | Dziubela | Carolann | 06cv08595 |
| 8 | Gelpi | Manuel | Gelpi | Carmen | 07CV09210 |
| 9 | Godwin | Eugene | Godwin | Andrea | 06CV10659 |
| 10 | Hartfield | Glenn | Hartfield | Roxanne | 06cv08004 |
| 11 | Hourihan | Daniel | Hourihan | Annette | 07CV04236 |
| 12 | Johnson | Charles | Johnson | Ritay | 06cv14752 |
| 13 | Lee | Ryan | Lee | Kalena | 06cv09300 |
| 14 | Lynam | James | Lynam | Athena | 06cv11865 |
| 15 | Maguire | Peter | Maguire | Lisa | 07CV05137 |
| 16 | Markey | Shane | Markey | Sheri | 06cv08911 |
| 17 | McNamara | Robert | McNamara | Lisa | 06cv14863 |
| 18 | Musarella | Mark | Musarella | Kathy | 06cv12657 |
| 19 | Napolitano | John | Napolitano | Marie | 06cv10145 |
| 20 | O'Shaughnessy | Patrick | O'Shaughnessy | Christa | 06cv09811 |
| 21 | Pellegrino | Joseph | Pellegrino | Gina | 06cv08656 |
| 22 | Peralta | Rafael | Peralta | Yolanda | 06cv14957 |
| 23 | Reilly | Keith | Reilly | Ileana | 07CV10036 |
| 24 | Sielaw | Robert | Chiauppa | Maria | 06cv02886 |
| 25 | Trincone | Mark | Trincone | Clare | 06cv08979 |
| 26 | Vazquez | Felix | Vazquez | Milagros | 06cv10159 |