USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/24/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
IN RE WORLD TRADE CENTER DISASTER SITE : **SUMMARY ORDER**
LITIGATION : **DISMISSING CASE**
---------------------------------------------------------------- :
:
RONALD TAYLOR, :
                             Plaintiff, : 10 Civ. 6665 (AKH)
:
    -against- : 21 MC 100
:
NEW YORK CITY HOUSING AUTHORITY, et al., :
:
                            Defendants. :
---------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        On May 19, 2011, I issued an Order clarifying the current procedural posture of this case. Summary Order, Taylor v. New York City Housing Authority, 10 Civ. 6665 (Doc. No. 15) (S.D.N.Y. May 19, 2011). I explained that Plaintiff Ronald Taylor, proceeding *pro se*, had suffered a dismissal of his complaint in November 2010, without prejudice to repleading; and I gave Taylor an opportunity to amend and refile. Id.

        Much of the confusion in this case had arisen because Taylor was incarcerated during the period he was first given to replead. He only began to take action on his case after he was released in the spring of 2011. Taylor was not aware that his complaint had been dismissed, and the defendants whom he sued had no idea that he might wish to continue litigating so many months after the dismissal order. Notwithstanding the delay and the arising confusion, I gave Taylor a renewed opportunity to replead. I considered that in light of his *pro se* status and his incarceration, Taylor had limited ability to follow the rapid progression of the complex litigation in the 21 MC 100 Master Calendar.

1

Since my May 19, 2011 Order, Taylor has informed the Court that rather than pursue litigation, he intends to pursue the administrative remedies made available by the James Zadroga 9/11 Health and Compensation Act of 2010, Pub. L. No. 111-347, 124 Stat. 3623 (2011). For efficiency's sake, he asks me to vacate my order dismissing his complaint, and to allow him to dismiss under Federal Rule of Civil Procedure 41(a)(2) rather than require him to replead an amended complaint.

To require Taylor to replead his complaint just so he can voluntarily dismiss it would serve no valid purpose. Accordingly, under the unusual and particular circumstances presented here, I grant his request. The order dismissing Taylor's complaint is vacated, and the case is dismissed voluntarily under Federal Rule 41(a)(2).

Nothing in this Order should be construed as sanctioning the conversion of involuntary dismissals into voluntary dismissals generally. Of the thousands of cases that have comprised this litigation, Taylor's is the only one of which the Court is aware that merits this consideration.

The Clerk is respectfully directed to terminate all pending motions in this case (No. 10 Civ. 6665) and to close the case.

SO ORDERED.

Dated: June 23, 2011
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge