UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
IN RE WORLD TRADE CENTER DISASTER SITE
LITIGATION
-------------------------------------------------------------- 
DEMETRIUS SAMADJOPOULOS,

                       Plaintiff,

    -against-

THE CITY OF NEW YORK, THE STATE OF NEW
YORK, THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY,

                       Defendants.
-------------------------------------------------------------- x

**ORDER GRANTING
MOTION TO DISMISS**

10 Civ. 7080 (AKH)

21 MC 100

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Defendant the State of New York moves under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss claims against it in the Amended Complaint brought by Plaintiff Demetrius Samadjopoulos, who proceeds *pro se*. The motion was filed on February 24, 2011, and has gone unopposed.[1] The motion, which is considered on its merits, is granted.

        Samadjopoulos, a New York City resident, is a carpenter who was employed the New York City Department of Transportation from February 1990 to November 2005. On September 11, 2001, Samadjopoulos volunteered his services to help clean up the debris left in the wake of the terrorist-related aircraft crashes that occurred that day. He spent nearly two months volunteering to clean up the area.

        While volunteering, Samadjopoulos used a paper dust mask to shield his nose and mouth from the air. He had to provide his own mask because the City did not provide masks to

---

[1] No notice under Local Rule 12.1 was necessary for this motion. Local Rule 12.1 requires a Defendant to give a *pro se* Plaintiff special notice of a motion to dismiss if the Defendant is relying on matters outside the pleadings. Here, the State relies solely on Samadjopoulos's Amended Complaint.

1

those working to clean up the debris. After the first week of clean-up, the New York City Office of Emergency Management provided "better masks, including some rubber masks with canisters." Am. Compl. ¶ 50. Nevertheless, soon after beginning work, Samadjopoulos began to experience burning sensation in his eyes; chronic congestion; and chest pain.

On November 14, 2001, Samadjopoulos visited Mt. Sinai's Irving J. Selikoff Center, and was examined by Dr. Jacqueline Moline. Dr. Moline has opined that Samadjopoulos has suffered respiratory injuries, such as Reactive Airways Dysfunction Syndrome and gastroesophogeal reflux disease, which she believes are related to his exposure to toxic dust, fumes, and exhaust during the clean-up work. Dr. Moline has also supervised Samadjopoulos's participation in Mt. Sinai's World Trade Center Medical Monitoring Program since late 2002.

On September 13, 2010, Samadjopoulos filed his Complaint, alleging claims of negligence against the various Defendants, based on his exposure to harmful toxins while volunteering. Relevant to this motion, he alleges that the State of New York is liable for his injuries because it owned and leased the World Trade Center site and the surrounding premises, or otherwise exercised control over the premises during the cleanup process.

On November 10, 2010, I dismissed Samadjopoulos's Complaint for failure to comply with Federal Rule of Civil Procedure 8, but gave him leave to replead. He filed his Amended Complaint on December 21, 2010. The State of New York now moves to dismiss.

On a motion under Federal Rule 12(b)(1) "[t]he party invoking federal jurisdiction bears the burden of establishing" that jurisdiction exists, Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992), and a complaint must be dismissed if the burden is not met. On a motion under Federal Rule 12(b)(6), the plaintiff must be able to allege facts making out a plausible claim to relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Under either rule, the

Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." Sharkey v. Qurantillo, 541 F.3d 75, 83 (2d Cir. 2008). A *pro se* complaint is to be read "to raise the strongest arguments it suggests." Harris v. City of N.Y., 607 F.3d 18, 24 (2d Cir. 2010); see also Erickson v. Pardus, 551 U.S. 89 (2007) (noting that *pro se* plaintiffs are entitled to a more indulgent standard).

Moving under Federal Rule 12(b)(1), the State contends that its sovereign immunity under the Eleventh Amendment shields it from suit. I agree. The Eleventh Amendment bars claims against a state in federal court by its own citizens, unless the State has consented to suit or Congress has overridden the State's immunity. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984). The bar applies regardless of the type of relief sought. See Alabama v. Pugh, 438 U.S. 781, 782 (1978). The State of New York has not waived its immunity to lawsuits brought by individuals who participated in the cleanup efforts after September 11, and nothing in the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101 et seq., waives the State's immunity.[2] See Doe v. Pataki, 481 F.3d 69, 78 (2d Cir. 2007). Sovereign immunity applies in this case, and bars Samadjopoulos's claims.

Alternatively, moving under Federal Rule 12(b)(6), the State argues that Samadjapoulos has failed to allege any facts that could support a claim, because the State did not owe a duty to protect him during the clean-up efforts. This too is correct. The Amended Complaint alleges that the State is liable because it owned and leased the premises at the World Trade Center site. But it is well established that "[t]he Port Authority was conceived as a financially independent entity, with funds primarily derived from private investors." United

---

[2] Samadjapoulos also tries to bring his claims under the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 654 et seq., and related regulations. OSHA, however, does not provide a private right of action in this Court. See 29 U.S.C. § 660; Donovan v. Occupational Safety and Health Review Comm'n, 713 F.2d 918, 926 (2d Cir. 1983); Rompalli v. Portnova, 09 Civ. 3083, 2010 WL 2034362, at *2 (S.D.N.Y. May 21, 2010).

3

States Trust Co. of N.Y. v. New Jersey, 431 U.S. 1, 4 (1977). The Port Authority owns the World Trade Center area, not the State. In re Sept. 11 Litig., 734 F. Supp. 2d 542, 545 (S.D.N.Y. 2010). Further, it has been well established in this litigation that the City, not the State, took control of the clean-up process. The State neither owned the area where Samadjopoulos worked nor controlled the clean-up process.

Finally, the State contends that the claims against it must be dismissed as time-barred. This argument also is correct. Under New York law, a plaintiff alleging claims of personal injury has three years from the discovery of the injury to bring suit. See N.Y.C.P.L.R. § 214-c (McKinney 2011). From Samadjopoulos's Amended Complaint, it is apparent that he was aware of his injuries at least as early as 2002, when he began to participate in Mt. Sinai's World Trade Center Medical Monitoring Program. Moreover, the State may raise this on their motion to dismiss, for the bar is evident from the face of Samadjopoulos's Amended Complaint. Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989). His claims, brought in September 2010, are time-barred.

For the foregoing reasons, the motion to dismiss is granted and the State of New York dismissed from the case. As no amendment could make out a viable claim against the State, the dismissal is with prejudice. In re Lehman Bros. Mortgage-Backed Sec. Litig., No. 10-0712-cv, 2011 WL 1778726, at *17 (2d Cir. May 11, 2011).

The Clerk shall terminate the motion (Doc. No. 18).

SO ORDERED.

Dated: June 17 2011
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4