

**PATTON BOGGS** LLP
ATTORNEYS AT LAW

The Legal Center
One Riverfront Plaza, Suite 600
Newark, New Jersey 07102-0301
973 848-5600

Facsimile 973-848-5601

www.pattonboggs.com

August 19, 2011

James E. Tyrrell, Jr.
973-848-5620
jtyrrell@pattonboggs.com

**VIA ELECTRONIC MAIL AND OVERNIGHT DELIVERY**

Hon. Alvin K. Hellerstein, U.S.D.J.
United States District Court for the
Southern District of New York
500 Pearl Street, Rm. 1050
New York, NY 10007

Re:    *In re World Trade Center Litigation,* 21 MC 100 (AKH)

Dear Judge Hellerstein:

Counsel for Defendants the City of New York and the Contractors (collectively, "Defendants") and Plaintiffs' Liaison Counsel Worby Groner & Napoli Bern LLP submit this joint letter regarding Plaintiffs' failure to produce signed HIPAA compliant authorizations for certain plaintiffs and Defendants' request that the lawsuits of these deficient plaintiffs be dismissed with prejudice.

*Defendants' Position:*

At the March 22, 2011 Court conference in the 21 MC 100 docket, Your Honor ordered all plaintiffs opting out of the settlement with the WTC Captive Insurance Company, Inc.'s (the "WTC Captive") Insureds to provide Defendants with signed HIPAA compliant authorizations to allow Defendants to collect medical records from relevant providers and advance the litigation. *See* Mar. 22, 2011 Ct. Conf. Tr. at 39:12-24 (relevant excerpts attached as Exhibit ("Ex.") 1). As a result, Defendants' counsel sent a letter via overnight delivery to Christopher LoPalo, Esq. on March 25, 2011, enclosing blank HIPAA compliant authorizations to be signed and returned by his clients. *See* Ex. 2. At the April 15, 2011 conference, Plaintiffs' failure to produce authorizations signed by their clients was discussed and the Court again ordered Plaintiffs to have their clients sign and produce HIPAA compliant authorizations to Defendants. *See* Apr. 15, 2011 Ct. Conf. Tr. 19:4-22 (relevant excerpts attached as Ex. 3). Finally and most recently, at the July 25, 2011 conference in this docket ("July 25 Court Conference"), Your Honor ordered Plaintiffs to produce HIPAA compliant authorizations for all remaining deficient opt-out plaintiffs within two weeks of the July 25 conference (i.e., by August 8, 2011). *See* July 25, 2011 Ct. Conf. Tr. 29:25-30:5 (relevant excerpts attached as Ex. 4).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/2/11

Washington DC   |   Northern Virginia   |   New Jersey   |   New York   |   Dallas   |   Denver   |   Anchorage   |   Doha   |   Abu Dhabi



Hon. Alvin K. Hellerstein, U.S.D.J.
August 19, 2011
Page 2

At the July 25 Court Conference, Plaintiffs' counsel Paul Napoli, Esq. represented to the Court that he had previously provided Defendants with signed authorizations for all of his clients. Mr. Napoli's statement was inaccurate then and remains inaccurate today; it is now well past the August 8, 2011 deadline and Plaintiffs have failed to produce blank signed HIPAA compliant authorizations for twenty-two (22) of their clients who opted out of the WTC Captive settlement, including two (2) of the plaintiffs selected by the Court and parties for further discovery and trial, namely: Glenn O'Donnell (06cv9657) (Defendants' selection); and James Takacs (06cv10884) (Defendants' selection). (*See* list of deficient plaintiffs at Ex. 5).[1]

After counsel for the parties exchanged written correspondence on this issue on August 2, 2011, and August 10, 2011, counsel for Plaintiffs and Defendants participated in a telephone conference on August 11, 2011 regarding Plaintiffs' failure to produce signed authorizations in compliance with the Court's various orders. (*See* letters attached as Exs. 6 and 7). During that call, Plaintiffs' counsel requested an additional week to meet with their clients to obtain signed authorizations. Defendants agreed and a follow-up call to discuss Plaintiffs' progress was held on August 17, 2011. Although between the time of our call on August 17, 2011, and the submission of this letter on August 19, 2011, Plaintiffs' counsel produced authorizations for eleven (11) additional plaintiffs, twenty-two (22) of the opt-out plaintiffs represented by the Napoli Bern firm have failed to produce the required authorizations, including two (2) of the plaintiffs recently selected for discovery and trial.

The Court has been clear regarding the consequences for those plaintiffs who fail to produce authorizations and meet discovery deadlines – deficient plaintiffs will be dismissed. At the March 22, 2011 conference, the Court gave clear instructions that plaintiffs' failure to produce authorizations would result in dismissal: "I will dismiss the cases for failure on discovery issues." Mar. 22, 2011 Ct. Conf. Tr. at 32:22-23 (relevant portions attached at Ex. 1). The Court again warned Plaintiffs at the April 15, 2011 conference that such cases would be dismissed for failure to produce authorizations: "[a]nd if I find that the authorizations are not advanced I can conclude that that plaintiff is not moving his case ahead and may be risk[ing] an[] involuntary dismissal." Apr. 15, 2011 Ct. Conf. at 18:8-10 (relevant excerpts at Ex. 3).

---

[1] In the course of discussions between counsel on this issue, Plaintiffs' Counsel has informed Defendants that twelve (12) of the opt-out plaintiffs now wish to dismiss their cases with prejudice – among these twelve plaintiffs are plaintiffs Douglas Horning (05cv1063); Frederick Dow (06cv14615), Rudolph Geiger (05cv00406), Sean McNellis (06cv10401), and Daniel Moynihan (07cv05021). These five (5) plaintiffs previously were selected by the Court and the parties for further discovery and trial. Counsel for the parties currently are working to finalize stipulations of dismissal with prejudice for these plaintiffs.


**PATTON BOGGS** LLP
ATTORNEYS AT LAW

Hon. Alvin K. Hellerstein, U.S.D.J.
August 19, 2011
Page 3

Plaintiffs clearly are not advancing these twenty-two cases. Defendants have raised this issue with Court on three prior occasions, have written various letters to Plaintiffs' counsel regarding the failure to produce authorizations, and have now participated in two meet and confer conferences in an attempt to resolve this issue. The Court has invited Defendants to seek dismissal for Plaintiffs that fail to produce authorizations and meet Court deadlines. Thus, for the reasons set forth above, Defendants respectfully request that the plaintiffs listed on Exhibit 5 have their actions promptly dismissed with prejudice.

### *Plaintiffs' Position:*

As of today, Patton Boggs has not used a single authorization Plaintiffs provided for any of the opt-out Plaintiffs. Although Patton Boggs was provided with authorizations and a list of medical providers for almost all of opt-out plaintiffs they have not even started requesting medical records. If Patton Boggs actually starting collecting medical records when they received the properly executed HIPAA-compliant medical release authorizations they could have easily obtained all of the opt-out plaintiffs' medical records by now. Instead Patton Boggs has decided that it is in the best interest to burden the Court by having the Court determine whether or not the medical authorizations that were previously provided are adequate for use before they tested the authorizations provided by simply processing them to obtain the records. It should be noted that these are precisely the same type of authorizations were used to successfully obtain the medical records that resulted in the settlement of over ten thousand similar cases. It should be further noted that Plaintiffs' Counsel, unlike Patton Boggs, has actually used these authorizations and obtained medical records with their use. Of course Patton Boggs would not know whether or not the authorizations work since they never even tried to use them. There is absolutely no reason why the HIPAA-compliant authorizations that were properly executed and provided for the opt-out cases cannot be used by Patton Boggs to obtain the medical records they claim they need in order to proceed to additional settlements or trials.

Additionally, Patton Boggs seems to be denying the fact that properly executed HIPAA-compliant medical release authorizations were previously provided for almost all of the opt-out plaintiffs pursuant to Case Management Order No. 7 *back in 2008*. At that time, Plaintiffs' Counsel provided Patton Boggs with the authorizations that have been approved by the New York State Department of Health. The form can be found on the New York State Court's website at http://www.nycourts.gov/forms/hipaa_fillable.pdf. A copy of the form is attached to this letter for the Court's information as Exhibit "A". As can be seen on the sample provided, below the signature line, this form can be signed by the patient or representative authorized by law. Our clients provided our office with Power of Attorney to execute the HIPAA-compliant Medical Authorizations pursuant to NY Public Health Law §18(1)(G) As Amended 10/26/04. A copy of



**PATTON BOGGS** LLP
ATTORNEYS AT LAW

Hon. Alvin K. Hellerstein, U.S.D.J.
August 19, 2011
Page 4

the form that is widely used in practice is attached here as Exhibit "B". Our office complied with New York law. It would be unduly burdensome to require otherwise.

Although Patton Boggs had the ability to obtain the medical records for almost all of the opt-out plaintiffs upon their receipt of the previously provided authorizations in 2008, they willingly chose to let the authorizations sit unprocessed, in all likelihood, to avoid investing the money that would be demanded by the various providers for producing copies of the records in their possession. Despite the fact that Patton Boggs did not utilize the authorizations that were previously provided for almost all of the opt-out plaintiffs in 2008, new authorizations were provided to Patton Boggs during the spring and summer of 2011. As of this date, Patton Boggs has still not used a single authorization to obtain the medical records they claim they need for additional settlement or trials. The Defendants' delay in obtaining their own discovery should not jeopardize the current discovery schedule. This is particularly true since Plaintiffs' counsel has already provided Patton Boggs not only with properly executed authorizations but also with full and complete copies of the medical records we have already obtained on behalf of the opt-out plaintiffs as this Court required us to do.

Below is the current status of the medical authorization discovery for the two (2) opt-out cases that have been selected for further discovery and trial that Patton Boggs alleges deficient:

(1) Glenn O'Donnell (06cv9657) (Defendants' selection): Properly Executed HIPAA-compliant Medical Release Authorizations were provided to Patton Boggs on January 11, 2008, May 25, 2008, June 18, 2008 *and again on* April 8, 2011. *See* Exhibit "C". Patton Boggs chose not to use these authorizations and plaintiff should not pay a penalty for Patton Boggs' inaction.

(2) James Takacs (06cv10884) (Defendants' selection): Mr. Takacs is presently undecided as to whether he wants to voluntarily discontinue his lawsuit and go into the Zadroga Victim Compensation Fund or to continue with the litigation.

Below is the current status of the medical authorization discovery for the twenty seven (27) opt-out cases that have not been selected for further discovery and trial about which Patton Boggs is also complaining:

(1) Sebastian Bartolotta (06cv14487): Properly Executed HIPAA-compliant Medical Release Authorizations were provided to Patton Boggs on June 8, 2009 and again on April 8, 2011. *See* Exhibit "D". Patton Boggs chose not to process these authorizations.

**PATTON BOGGS**LLP
ATTORNEYS AT LAW

Hon. Alvin K. Hellerstein, U.S.D.J.
August 19, 2011
Page 5

(2) <u>Ronald Bowers (08cv00616)</u>: Mr. Bowers is presently undecided as to whether he wants to voluntarily discontinue his lawsuit and go into the Zadroga Victim Compensation Fund or to continue with the litigation.

(3) <u>Patricia Defeo (06cv08957)</u>: Properly Executed HIPAA-compliant Medical Release Authorizations were provided to Patton Boggs on January 4, 2008, May 6, 2008 and again on April 8, 2011. *See* Exhibit "E". Patton Boggs chose not to use these authorizations.

(4) <u>Stanislaw Faltynowicz (08cv02616)</u>: Mr. Faltynowicz is presently undecided as to whether he wants to voluntarily discontinue his lawsuit and go into the Zadroga Victim Compensation Fund or to continue with the litigation.

(5) <u>Luis Flores (06cv12006)</u>: Mr. Flores is presently undecided as to whether he wants to voluntarily discontinue his lawsuit and go into the Zadroga Victim Compensation Fund or to continue with the litigation.

(6) <u>Preston J. Fucci (06cv11317)</u>: Properly Executed HIPAA-compliant Medical Release Authorizations were provided to Patton Boggs on July 7, 2008, and again on April 8, 2011. *See* Exhibit "F". Patton Boggs chose not to use these authorizations.

(7) <u>Melvin Glover (06cv13928)</u>: Properly Executed HIPAA-compliant Medical Release Authorizations were provided to Patton Boggs on January 7, 2008, August 6, 2008 and again on April 8, 2011. *See* Exhibit "G". Patton Boggs chose not to use these authorizations.

(8) <u>Tom Guriel (06cv12122)</u>: Mr. Guriel is presently undecided as to whether he wants to voluntarily discontinue his lawsuit and go into the Zadroga Victim Compensation Fund or to continue with the litigation.

(9) <u>William Gutierrez (08cv01384)</u>: Properly Executed HIPAA-compliant Medical Release Authorizations were provided to Patton Boggs on June 2, 2009 and again on April 8, 2011. *See* Exhibit "H". Patton Boggs chose not to use these authorizations.

(10) <u>Daniel Holder (09cv02751)</u>: Mr. Holder is presently undecided as to whether he wants to voluntarily discontinue his lawsuit and go into the Zadroga Victim Compensation Fund or to continue with the litigation.


**PATTON BOGGS**LLP
ATTORNEYS AT LAW

Hon. Alvin K. Hellerstein, U.S.D.J.
August 19, 2011
Page 6

(11) Gregory Howard (06cv10780): Properly Executed HIPAA-compliant Medical Release Authorizations were provided to Patton Boggs on May 24, 2008 and again on April 8, 2011. *See* Exhibit "I". Patton Boggs chose not to use these authorizations.

(12) Thomas Kelly (06cv13972): Mr. Kelly is presently undecided as to whether he wants to voluntarily discontinue his lawsuit and go into the Zadroga Victim Compensation Fund or to continue with the litigation.

(13) Irvin Lassiter (06cv11205): Mr. Lassiter is presently undecided as to whether he wants to voluntarily discontinue his lawsuit and go into the Zadroga Victim Compensation Fund or to continue with the litigation.

(14) Charles Logan (06cv08448): Properly Executed HIPAA-compliant Medical Release Authorizations were provided to Patton Boggs on April 8, 2011. *See* Exhibit "J". Patton Boggs chose not to use these authorizations.

(15) Robert Martin (07cv10012): Properly Executed HIPAA-compliant Medical Release Authorizations were provided to Patton Boggs on January 8, 2008, October 3, 2008 and again on April 8, 2011. *See* Exhibit "K". Patton Boggs chose not to use these authorizations.

(16) Robert Mulligan (06cv12349): Mr. Mulligan is presently undecided as to whether he wants to voluntarily discontinue his lawsuit and go into the Zadroga Victim Compensation Fund or to continue with the litigation.

(17) Mimi Netrosio (06cv11774): Properly Executed HIPAA-compliant Medical Release Authorizations were provided to Patton Boggs on January 11, 2008, May 30, 2008, July 8, 2008 and again on April 8, 2011. *See* Exhibit "L". Patton Boggs chose not to use these authorizations.

(18) John Ruis (06cv11264): Properly Executed HIPAA-compliant Medical Release Authorizations were provided to Patton Boggs on January 7, 2008, and again on April 8, 2011. *See* Exhibit "M". Patton Boggs chose not to use these authorizations.

(19) Wayne Smith (06cv12539): Mr. Smith is presently undecided as to whether he wants to voluntarily discontinue his lawsuit and go into the Zadroga Victim Compensation Fund or to continue with the litigation.



Hon. Alvin K. Hellerstein, U.S.D.J.
August 19, 2011
Page 7

   (20)  Adrian Syku (06cv09727): Mr. Syku is presently undecided as to whether he wants to
         voluntarily discontinue his lawsuit and go into the Zadroga Victim Compensation Fund
         or to continue with the litigation.

         As can be seen above and by the Exhibits attached hereto, a tremendous amount of
medical release authorizations have been provided to the Defendants in this litigation. It is clear
that Patton Boggs has had the authority for several years to obtain these Plaintiffs' medical
records but has chosen to sit on their collective hands. The Plaintiffs continue to wait for the
defendants to notice their depositions so their cases can proceed. The Defendants' continued
delay in obtaining the records they claim they need in order to proceed with depositions should
not delay the Court's anticipated schedule of depositions starting in the beginning of October.

                                        Respectfully submitted,


                                        _____s/_____
                                        James E. Tyrrell, Jr., Esq.
                                        PATTON BOGGS LLP
                                        *Defendants' Co-Liaison Counsel*
                                        Respectfully submitted,


                                        Respectfully submitted,


                                        _____s/_____
                                        Paul J. Napoli, Esq.
                                        WORBY GRONER EDELMAN
                                        & NAPOLI BERN LLP
                                        *Plaintiffs' Co-Liaison Counsel*


Enclosure

cc:   Special Master Aaron Twerski (via e-mail)
      Special Master James A. Henderson, Jr. (via e-mail)


113040