UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: WORLD TRADE CENTER DISASTER SITE LITIGATION | 21 MC 100 (AKH) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CERTAIN PLAINTIFFS' CLAIMS WITH PREJUDICE FOR FAILURE TO PROSECUTE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)**

James E. Tyrrell, Jr.
Joseph E. Hopkins
PATTON BOGGS LLP
1185 Avenue of the Americas
New York, New York 10036

-and-

The Legal Center
One Riverfront Plaza, 6th Floor
Newark, New Jersey 07102
Tel: (973) 848-5600
Fax: (973) 848-5601
Attorneys for Defendants

On the Brief: Alyson Villano, Esq.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS .......................................................................................................... 2

ARGUMENT .................................................................................................................................. 4

I.  THE NAPOLI PLAINTIFFS HAVE FAILED TO PROSECUTE THEIR
    CLAIMS AND THEIR ACTIONS SHOULD BE DISMISSED WITH
    PREJUDICE ..................................................................................................................... 4

II. PLAINTIFFS' ARGUMENTS THAT DEFENDANTS HAVE NOT USED
    PRODUCED AUTHORIZATIONS ARE INCORRECT AND IRRELEVANT .............. 8

CONCLUSION ............................................................................................................................. 9

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abraham v. Singh,*
No. 04-0044, 2005 U.S. Dist. LEXIS 17800 (E.D. La. July 26, 2005) ..................................... 5

*Alvarez v. Simmons Mkt. Research Bureau, Inc.,*
839 F.2d 930 (2d Cir. 1988) ........................................................................................................ 4

*Cho v. Tomczyk,*
No. 05-CV-5570, 2007 U.S. Dist. LEXIS 81577 (E.D.N.Y. Nov. 2, 2007) ......................... 5, 6

*Dong v. United States,*
No. 02 Civ. 7751, 2004 WL 385117 (S.D.N.Y. March 2, 2004) .................................... 4, 5, 8

*Jacobs v. Westchester,*
No. 99 Civ. 4976, 2008 U.S. Dist. LEXIS 4616 (S.D.N.Y. Jan. 22, 2008) .............................. 7

*Lediju v. New York City Dep't of Sanitation,*
173 F.R.D. 105 (S.D.N.Y. 1997) ................................................................................................ 8

*Lopez v. Catholic Charities,*
No. 00 Civ. 1247, 2001 U.S. Dist. LEXIS 387 (S.D.N.Y.) ................................................... 6, 7

*Lyell Theatre Corp. v. Loews Corp.,*
682 F.2d 37 (2d Cir.1982) ....................................................................................................... 5, 7

*Nita v. Connecticut Dep't of Environmental Protection,*
16 F.3d 482 (2d Cir. 1994) .......................................................................................................... 4

*Shannon v. General Elec. Co.,*
186 F.3d 186 (2d Cir. 1999) ............................................................................................... 4, 5, 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 41(b) ............................................................................................................ 1, 2, 4, 6

Rule 41(b): (1) .................................................................................................................................. 4

Defendants the City of New York and the Contractors[1] (collectively, "Defendants") respectfully submit this Memorandum of Law in Support of their Motion to Dismiss Certain Plaintiffs' Claims With Prejudice for Failure to Prosecute Pursuant to Fed. R. Civ. P. 41(b).

## PRELIMINARY STATEMENT

On four separate occasions over the past five months, the Court has invited Defendants to move to dismiss any plaintiff's action where the plaintiff has failed to comply with the Court's orders. Such failures have now become legion for a number of plaintiffs. Notwithstanding the directions of the Court, Plaintiffs' Co-Liaison Counsel Worby Groner & Napoli Bern LLP ("Napoli Bern") repeatedly has failed to produce signed HIPAA compliant authorizations for seventeen plaintiffs, including two plaintiffs that were selected for discovery and trial (collectively the "Napoli Plaintiffs").[2] The Napoli Plaintiffs had the opportunity to participate in the settlement between plaintiffs and the WTC Captive Insurance Company, Inc.'s ("WTC Captive") Insureds but chose to opt-out of the settlement and continue to litigate. As a result, these plaintiffs must comply with the Court's orders and, among other things, produce signed HIPAA compliant authorizations. The Napoli Plaintiffs have had more than sufficient notice that

---

[1] AMEC Construction Management, Inc., AMEC Earth & Environmental, Inc., Bovis Lend Lease LMB, Inc., Evergreen Recycling of Corona (E.R.O.C.), Plaza Construction Corp., Tully Construction Co., Inc., Turner Construction Company, and Turner/Plaza, A Joint Venture, as well as the entities identified in Exhibit A to the Final Settlement Agreement ("FSA").

[2] In the course of repeated discussions between counsel for the parties on this issue, the Napoli Bern firm informed counsel for Defendants that thirteen (13) of the 68 plaintiffs opting out of the settlement between plaintiffs and the WTC Captive Insurance Company, Inc.'s Insureds now wish to dismiss their cases with prejudice – among these thirteen are plaintiffs Douglas Horning (05cv1063); Frederick Dow (06cv14615), Rudolph Geiger (05cv00406), Sean McNellis (06cv10401), and Daniel Moynihan (07cv05021). These five (5) plaintiffs previously were selected by the Court and the parties for discovery and trial. Counsel for the parties submitted a Stipulation of Dismissal for twelve of these plaintiffs earlier today and are working to finalize another stipulation for the remaining plaintiff that wishes to dismiss his claims. As of the date of this writing, there are eleven (11) of the originally 16 selected plaintiffs whose cases will proceed to discovery and trial and 55 opt-out plaintiffs with actions that remain pending.

1

their failure to prosecute their actions would result in the dismissal of their actions with prejudice. Accordingly, dismissal of these cases with prejudice pursuant to Rule 41(b) is appropriate and Defendants respectfully request that such dismissals be ordered.

## STATEMENT OF FACTS

At the March 22, 2011 Court conference in the 21 MC 100 docket, the Court ordered all plaintiffs that opted-out of the settlement between plaintiffs and the WTC Captive's Insureds ("opt-out plaintiffs") to provide Defendants with signed HIPAA compliant authorizations to allow Defendants to collect medical records from relevant providers and advance the litigation. (*See* August 26, 2011 Declaration of Alyson N. Villano, Esq. ("Villano Decl.") Ex. A at 39:12-25.) As a result, Defendants' counsel sent a letter via overnight delivery to Christopher LoPalo, Esq. of Napoli Bern on March 25, 2011, enclosing blank HIPAA compliant authorizations to be signed and returned by his clients. (Villano Decl. Ex. B.)

At the next conference in the 21 MC 100 docket on April 15, 2011 ("April 15 Conference"), Plaintiffs' failure to produce authorizations signed by their clients was discussed and the Court again ordered Plaintiffs' Counsel to have their clients sign and produce HIPAA compliant authorizations (signed by the plaintiffs themselves and not by Plaintiffs' counsel) to Defendants and to exchange updated medical records by June 1, 2011. (Villano Decl. Ex. C at 19:4-21:2.) Although Napoli Bern began producing authorizations signed by their clients for certain plaintiffs, they did not cure all of the deficiencies for all of the plaintiffs. Most recently, at the July 25, 2011 conference in this docket ("July 25 Court Conference"), Your Honor ordered Plaintiffs' counsel to produce HIPAA compliant authorizations for all remaining opt-out plaintiffs who had previously failed to provide such authorizations and directed that such authorizations were to be provided within two weeks of the July 25 conference (i.e., by August 8, 2011). (Villano Decl. Ex. D at 29:25-30:5.) Although Plaintiffs' counsel Paul Napoli, Esq.

2

represented to the Court at the July 25 Court Conference that he had previously provided Defendants with signed authorizations for all of his clients, that statement was inaccurate then and remains inaccurate today; it is now more than two weeks past the August 8, 2011 deadline and Plaintiffs' counsel have failed to produce signed HIPAA compliant authorizations for seventeen (17) of their clients who opted out of the settlement, including two (2) of the plaintiffs selected by the Court and parties for further discovery and trial, namely: Glenn O'Donnell (06cv9657) (Defendants' selection); and James Takacs (06cv10884) (Defendants' selection). (Villano Decl. at Ex. E.)

After counsel for the parties exchanged written correspondence on this issue on August 2, 2011, and August 10, 2011, Napoli Bern and Defendants' counsel participated in a "meet and confer" telephone conference on August 11, 2011 regarding the Napoli Plaintiffs' failure to produce signed authorizations in compliance with the Court's orders. During that call, Plaintiffs' counsel requested an additional week to meet with their clients to obtain signed authorizations. Defendants agreed and a follow-up call to discuss Plaintiffs' progress was held on August 17, 2011. Although Plaintiffs produced additional authorizations for eleven (11) plaintiffs after these calls and notified Defendants that thirteen (13) plaintiffs wished to dismiss their claims with prejudice, seventeen (17) of the opt-out plaintiffs represented by the Napoli Bern firm have failed to produce the required authorizations. Faced with these remaining deficiencies, counsel for plaintiffs and counsel for Defendants filed a joint letter with the Court on August 19, 2011 ("August 19 Joint Letter") addressing these issues in which Defendants' counsel requested that the Court dismiss the Napoli Plaintiffs' claims with prejudice. In response, the Court instructed Defendants to file the instant motion. (Villano Decl. Ex. F.)

## ARGUMENT

I. **THE NAPOLI PLAINTIFFS HAVE FAILED TO PROSECUTE THEIR CLAIMS AND THEIR ACTIONS SHOULD BE DISMISSED WITH PREJUDICE**

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). The Second Circuit has set forth five non-dispositive factors to guide District Courts in determining whether dismissal is appropriate pursuant to Rule 41(b): (1) the duration of the plaintiff's failure to prosecute; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) whether the defendant is likely to be prejudiced by the delay; (4) the need to alleviate court calendar congestion, carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions. *See Shannon v. General Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999); *Dong*, No. 02 Civ. 7751, 2004 WL 385117 at *3 (citing *Shannon.*, 186 F.3d at194). Ultimately, dismissal pursuant to Rule 41(b) "is subject to the sound discretion of the district courts." *See, e.g., Dong v. United States*, No. 02 Civ. 7751, 2004 WL 385117, *2 (S.D.N.Y. March 2, 2004); *Nita v. Connecticut Dep't of Environmental Protection*, 16 F.3d 482, 485 (2d Cir. 1994); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988).

Here, each of the five factors weighs heavily in favor of dismissing the Napoli Plaintiffs' cases with prejudice. First, the duration of Plaintiffs' failure to prosecute weighs in favor of dismissal. The Court first ordered these Plaintiffs to produce signed authorizations over five (5) months ago at the March 22, 2011 Court conference. Defendants immediately contacted the Napoli Bern firm and provided HIPAA compliant authorizations on March 25, 2011. Since that time, the Court has ordered Plaintiffs to produce signed authorizations to Defendants at two other

4

Court conferences. Despite the significant amount of time that has elapsed and the Court's clear instructions that plaintiffs must produce signed authorizations if they wish to continue with the litigation, seventeen (17) plaintiffs have failed to satisfy this requirement.

Courts have dismissed cases for failure to prosecute based on periods far shorter than five months. *See, e.g., Cho v. Tomczyk*, No. 05-CV-5570, 2007 U.S. Dist. LEXIS 81577, at *8 (E.D.N.Y. Nov. 2, 2007) (dismissal proper after plaintiff failed to return executed settlement documents within proscribed 60-day period, then failed to cure during a subsequent 30 day extension). In one case, where a plaintiff was unreachable and "had no contact with either the Court or the [defendant for] . . . a period of over two months," the Southern District of New York held that "the very fact that [plaintiff] has been inaccessible for the last two months—without notifying the Court, the [defendant], or the *Pro Se* Office of a change of address—strongly suggests that he is not diligently pursuing this claim." *Dong*, No. 02 Civ. 7751, 2004 WL 385117 at *3; *see also Abraham v. Singh*, No. 04-0044, 2005 U.S. Dist. LEXIS 17800, at *3 (E.D. La. July 26, 2005) ("Plaintiffs' willful failure to communicate with the Court and with their own counsel for over three months, notwithstanding attempts by both" constituted a "clear record of delay."). In cases such as this, where "inaction and lethargy became the rule," the Second Circuit has "not hesitated to affirm a district court's dismissal for failure to prosecute." *Shannon*, 186 F.3d at 194 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 39 (2d Cir.1982)). Accordingly, the Napoli Plaintiffs' willful inaction for the past five months warrants dismissal of their claims with prejudice.

Second, plaintiffs were given adequate notice that failure to prosecute their cases would result in dismissal. *See, e.g., Cho v. Tomczyk*, No. 05-CV-5570, 2007 U.S. Dist. LEXIS 81577, at *8 (E.D.N.Y. Nov. 2, 2007) (court order giving 30 days to comply constitutes sufficient

5

notice). When Defendants contended that many opt-out plaintiffs previously failed to comply with Court Orders and produce required discovery responses on March 22, 2011, the Court gave clear instructions that failure to produce authorizations would result in dismissal: "I will dismiss the cases for failure on discovery issues." (Villano Decl. Ex. A at 32:22-23.) In fact, Your Honor repeated this warning and invited motions to dismiss for failure to produce authorizations: "I repeat, Mr. Tyrrell bring a motion to dismiss for failure to prosecute the case in accordance with the orders of the Court. This time the motion will be granted." (*Id.* at 34:6-8.) The Court again warned Plaintiffs that these cases would be dismissed for failure to produce authorizations at the April 15, 2011 conference: "[a]nd if I find that the authorizations are not advanced I can conclude that that plaintiff is not moving his case ahead and may be risk[ing] an[] involuntary dismissal." (Villano Decl. Ex. C at 18:8-10.)

In addition to the Court's repeated warnings, Defendants' Counsel wrote to Napoli Bern on four separate occasions over the past five months regarding this issue, participated in two telephone conferences, and submitted a joint letter to the Court regarding these plaintiffs' failure to produce authorizations, all of which communications have provided adequate notice. Finally, this motion itself provides sufficient notice to the plaintiffs to justify dismissal. *See Lopez v. Catholic Charities*, No. 00 Civ. 1247, 2001 U.S. Dist. LEXIS 387 at *13-14 (S.D.N.Y.) (defendant's Rule 41(b) motion constitutes sufficient notice).

Third, the plaintiffs' failure to produce authorizations has delayed the resolution of these actions and has prejudiced Defendants. *See, e.g., Shannon*, 186 F.3d at 195 ("A presumption of prejudice is particularly appropriate where, as here, the plaintiff's delay was prolonged."); *Lyell Theatre Corp.*, 682 F.2d at 43 ("Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual

6

prejudice is proportionately greater."); *Lopez*, 2001 U.S. Dist. LEXIS 387 at *13-14 (citing increased time and expense to defendants, and difficulty in presenting defense due to passage of time, as actual prejudice favoring dismissal). Some of the Napoli Plaintiffs' actions have been pending against Defendants since 2005 and the failure to produce authorizations is preventing Defendants from advancing these cases. By way of example, plaintiff James Takacs (06cv10884), filed his claim in 2006 and was recently selected by the Defendants for discovery and trial. To date, Mr. Takacs has not produced a signed HIPAA compliant authorization. Defendants have reviewed the medical records previously produced by Plaintiffs' Counsel and identified additional providers for which Napoli Bern has not produced any records. Because Mr. Takacs has not produced an authorization, Defendants are unable to collect these records from the newly identified providers. The Napoli Plaintiffs' failure to produce these authorizations has directly prevented Defendants from advancing the preparation of their defense and has prejudiced Defendants as a result.

Fourth, the plaintiffs' continued inaction is contributing to congestion of the Court's calendar by interfering with the resolution of the remaining opt-out cases. *See Jacobs v. Westchester*, No. 99 Civ. 4976, 2008 U.S. Dist. LEXIS 4616, at *15-16 (S.D.N.Y. Jan. 22, 2008) ("The court has an obvious interest in expediting its docket, and plaintiff has substantially impeded it by numerous failures to respond to the Court or take any apparent action to proceed with his claims."). Two of the deficient plaintiffs have been selected for discovery and trial. If these plaintiffs do not wish to litigate their cases and proceed to trial they should be dismissed with prejudice and not remain on the Court's docket

Fifth, in cases such as this, where litigants have simply stopped pursuing their claims, "no remedy other than dismissal makes sense." *Dong*, No. 02 Civ. 7751, 2004 WL 385117 at *3

7

("Ordinarily, I might send [plaintiff] a warning or order him to appear for a hearing, but I have no way to reach him. There is no reason for this case to languish on the Court's docket or to hang over the head of the [defendant] if [plaintiff] is unwilling or unable to prosecute it. For this reason, too, the case must be dismissed."); *see also Lediju v. New York City Dep't of Sanitation*, 173 F.R.D. 105, 111 (S.D.N.Y. 1997) ("Delays have dangerous ends and unless district judges use the clear power to impose the ultimate sanction when appropriate, exhortations of diligence are impotent."). The Napoli Plaintiffs' failure to comply with the Court's orders and produce authorizations demonstrate that they no longer wish to proceed with this litigation. Further, counsel for Defendants and Plaintiffs have been in contact on an almost daily basis since the July 25 Court Conference regarding this issue. It is now one month later and these seventeen Plaintiffs still have not signed or produced any authorizations, even with the threat of dismissal. This abandonment of their claims warrants dismissal with prejudice.

## II. PLAINTIFFS' ARGUMENTS THAT DEFENDANTS HAVE NOT USED PRODUCED AUTHORIZATIONS ARE INCORRECT AND IRRELEVANT

In the August 19 Joint Letter, Napoli Bern argued that their deficient clients should not be dismissed because Defendants' Counsel had not "used a single authorization" that had been provided. This is incorrect. As described above, review of the medical records produced by Plaintiffs is ongoing and, as providers are identified, Defendants' Counsel notifies Napoli Bern of their intent to provide medical providers with authorizations to collect records. By way of example, Defendants' Counsel sent such a notice of intent letter to Napoli Bern on August 22, 2011. (Villano Decl. at Ex. G.) In any event, when Defendants' Counsel choose to send out the authorizations (in coordination with the vendors assisting them) is irrelevant – Plaintiffs' Counsel have been ordered to provide authorizations signed by the plaintiffs and repeatedly have failed to do so.

8

Also, as the Court is aware from the exhibits to the August 19 Joint Letter, the authorizations previously produced by Plaintiffs during Core Discovery and even more recently for certain plaintiffs are deficient as they are signed by Mr. LoPalo and not by the individual plaintiffs. At the April 15 Court Conference, Defendants raised this issue and the Court ordered Plaintiffs' Counsel to have their clients, and not counsel, sign the authorizations. (Villano Decl. Ex. C at 19:8-22.) Although Napoli Bern argued that they needed more time to have their clients sign the authorizations, the Court denied this request and ordered Plaintiffs to produce signed authorizations by the following Friday (i.e., April 22, 2011). (*Id.* at 19:23-20:4.) Napoli Bern's argument that they produced an authorization for selected plaintiff Glenn O'Donnell on August 8, 2011 (and other plaintiffs) is therefore incorrect because these authorizations improperly were signed by counsel and not by the plaintiffs themselves.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court grant the motion to dismiss with prejudice for failure to prosecute.

Dated: August 26, 2011

/s/ *James E. Tyrrell, Jr.*
James E. Tyrrell, Jr. (JT 6837)
PATTON BOGGS LLP
1185 Avenue of the Americas
New York, New York 10036
(212) 246-5100
-and-
One Riverfront Plaza, 6th Floor
Newark, New Jersey 07102
(973) 848-5600
*Attorneys for Defendants the City of New York and the Contractors*