UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: WORLD TRADE CENTER DISASTER SITE LITIGATION | 21 MC 100 (AKH) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CERTAIN PLAINTIFFS' CLAIMS WITH PREJUDICE FOR FAILURE TO PROSECUTE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)**

James E. Tyrrell, Jr.
Joseph E. Hopkins
PATTON BOGGS LLP
1185 Avenue of the Americas
New York, New York 10036

-and-

The Legal Center
One Riverfront Plaza, 6th Floor
Newark, New Jersey 07102
Tel: (973) 848-5600
Fax: (973) 848-5601
Attorneys for Defendants

On the Brief: Alyson Villano, Esq.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ......................................................................................................... 2

ARGUMENT .............................................................................................................................. 4

    I.     THE D&L OPT-OUTS HAVE FAILED TO PROSECUTE THEIR CLAIMS AND THEREFORE THEIR ACTIONS SHOULD BE DISMISSED WITH PREJUDICE .................................................................................... 4

    II.    PLAINTIFFS' ARGUMENTS THAT DEFENDANTS SHOULD AGREE TO DISMISS THESE CASES WITHOUT PREJUDICE LACKS MERIT ............ 9

CONCLUSION ........................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abraham v. Singh,*
   No. 04-0044, 2005 U.S. Dist. LEXIS 17800 (E.D. La. July 26, 2005) .................................... 6

*Alvarez v. Simmons Mkt. Research Bureau, Inc.,*
   839 F.2d 930 (2d Cir. 1988) ...................................................................................................... 5

*Cho v. Tomczyk,*
   No. 05-CV-5570, 2007 U.S. Dist. LEXIS 81577 (E.D.N.Y. Nov. 2, 2007) ......................... 5, 6

*Dong v. United States,*
   No. 02 Civ. 7751, 2004 WL 385117 (S.D.N.Y. March 2, 2004) ...................................... 5, 6, 8

*Jacobs v. Westchester,*
   No. 99 Civ. 4976, 2008 U.S. Dist. LEXIS 4616 (S.D.N.Y. Jan. 22, 2008) ............................. 8

*Lediju v. New York City Dep't of Sanitation,*
   173 F.R.D. 105 (S.D.N.Y. 1997) ............................................................................................. 8

*Lopez v. Catholic Charities,*
   No. 00 Civ. 1247, 2001 U.S. Dist. LEXIS 387 (S.D.N.Y.) ...................................................... 7

*Lyell Theatre Corp. v. Loews Corp.,*
   682 F.2d 37 (2d Cir.1982) ........................................................................................................ 7

*Nita v. Connecticut Dep't of Environmental Protection,*
   16 F.3d 482 (2d Cir. 1994) ....................................................................................................... 5

*Shannon v. General Elec. Co.,*
   186 F.3d 186 (2d Cir. 1999) ............................................................................................. 5, 6, 7

**RULES**

Fed. R. Civ. P. 41(b) .......................................................................................................... passim

Defendants the City of New York and the Contractors[1] (collectively, "Defendants") respectfully submit this Memorandum of Law in Support of their Motion to Dismiss Certain Plaintiffs' Claims With Prejudice for Failure to Prosecute Pursuant to Fed. R. Civ. P. 41(b).

## PRELIMINARY STATEMENT

On four separate occasions over the past five months, the Court has invited Defendants to move to dismiss any plaintiff's action where the plaintiff has failed to comply with the Court's orders. Such failures have now become legion for a number of plaintiffs. Notwithstanding the directions of the Court, four opt-out plaintiffs represented by the Douglas and London law firm: Richard Burban (07cv09805), Joseph Fusaro (10cv02748), Thomas Gillan (10cv02452), and Anthony Pisciotta (10cv02436) (hereinafter the "D&L Opt-Outs"), have repeatedly ignored Court deadlines and failed to respond to the various letters sent by Defendants to their counsel regarding authorizations.

The D&L Opt-Outs had the opportunity to participate in the settlement between plaintiffs and the WTC Captive Insurance Company, Inc.'s ("WTC Captive") Insureds but chose to opt-out of the settlement and continue to litigate. As a result, these plaintiffs must comply with the Court's orders and, among other things, produce signed HIPAA compliant authorizations. The D&L Opt-Outs have had more than sufficient notice that their failure to prosecute their claims would result in the dismissal of their actions with prejudice. Accordingly, dismissal of these cases with prejudice pursuant to Rule 41(b) is appropriate and Defendants respectfully request that such dismissals be ordered.

---

[1] AMEC Construction Management, Inc., AMEC Earth & Environmental, Inc., Bovis Lend Lease LMB, Inc., Evergreen Recycling of Corona (E.R.O.C.), Plaza Construction Corp., Tully Construction Co., Inc., Turner Construction Company, and Turner/Plaza, A Joint Venture.

1

## STATEMENT OF FACTS

At the March 22, 2011 Court conference in the 21 MC 100 docket, the Court ordered all plaintiffs that opted-out of the settlement between plaintiffs and the WTC Captive's Insureds ("opt-out plaintiffs") to provide Defendants with signed HIPAA compliant authorizations to allow Defendants to collect medical records from relevant providers and advance the litigation. (*See* August 30, 2011 Declaration of Alyson N. Villano, Esq. ("Villano Decl.") Exhibit ("Ex.") A at 39:12-25.) As a result, Defendants' counsel sent a letter via overnight delivery to Michael London, Esq. of Douglas and London on March 25, 2011, enclosing blank HIPPA compliant authorizations to be signed and returned by the D&L Opt-Outs no later than April 8, 2011. (Villano Decl. Ex. B). April 8 has long since passed and Defendants have yet to receive a response to this letter.

At the next conference in the 21 MC 100 docket on April 15, 2011 ("April 15 Conference"), Plaintiffs' counsel's failure to produce authorizations signed by their clients was discussed and the Court again ordered Plaintiffs' counsel to have their clients sign and produce HIPAA compliant authorizations (signed by the plaintiffs themselves and not by Plaintiffs' counsel) to Defendants and to exchange updated medical records by June 1, 2011. (Villano Decl. Ex. C at 19:4-21:2.) Shortly thereafter on April 18, 2011, the Court issued an Order Summarizing Status Conference and Setting Next Conference (the "April 18 Summary Order"), which among other things, required Plaintiffs and Defendants to exchange "all medical reports within their respective control for [opt-out plaintiffs] covered by this order" by June 1, 2011 and produce database responses by June 10, 2011. (Villano Decl. Ex D.) Having heard no response to the March 25, 2011 letter and in need of updated authorizations to comply with the Court's June 1 deadline and produce records on behalf of the City of New York, Defendants again wrote Mr. London on April 18, 2011 via electronic and overnight mail requesting that the D&L Opt-

2

Outs sign and return the authorizations previously provided. (*See* Villano Decl. Ex. E.) Again, Defendants heard no response. Further, despite the requirement in the April 18 Summary Order that all opt-out plaintiffs produce Database responses by June 10, 2011, none of the D&L Opt-Outs have populated the Court Database to date.

More recently, at the July 25, 2011 conference in this docket ("July 25 Court Conference"), the Court ordered Plaintiffs' counsel to produce HIPAA compliant authorizations for all remaining deficient opt-out plaintiffs within two weeks of the July 25 conference (i.e., by August 8, 2011). (*See* Villano Decl. Ex. F at 29:25-30:5.) Shortly thereafter, on July 28, 2011, plaintiffs' counsel Virginia Annello, Esq., of Douglas and London, contacted Defendants' counsel Alyson Villano, Esq., via e-mail and requested that Defendants agree to enter a stipulation dismissing the claims of plaintiffs Joseph Fusaro and Thomas Gillan. Ms. Villano responded via e-mail on July 30, 2011, that Defendants would be willing to dismiss these claims but only if such dismissal were with prejudice. (*See* Villano Decl. Ex. G.)

Receiving no response to Ms. Villano's e-mail, Defendants' counsel again contacted Douglas and London by letter sent via e-mail and overnight delivery on August 3, 2011, and requested that Douglas and London produce signed authorizations for their clients by the Court's August 8, 2011 deadline. (*See* Villano Decl. Ex. H.) Failing to receive any authorizations on August 8 from Douglas & London, Defendants made a fourth and final attempt to request authorizations for the D&L Opt-Out plaintiffs by sending another letter via electronic and overnight mail to Mr. London on August 11, 2011 (the "August 11 letter"). (*See* Villano Decl. Ex. I.) In the August 11 letter Defendants' counsel stated that they would be forced to seek dismissal of the D&L Opt-Out Plaintiffs if those plaintiffs did not comply with the Court's

directive and produce signed authorizations by no later than August 15, 2011. To date, Defendants have received no signed authorizations from these plaintiffs.

As a result of these deficiencies and Plaintiffs' counsel's failure to respond to any written correspondence, Defendants' counsel demanded a meet and confer on August 17, 2011, and thereafter participated with Plaintiffs' counsel from the Douglas and London firm in two telephone conferences to discuss these issues on August 18, 2011 and August 19, 2011, respectively. During those calls, Plaintiffs' counsel again requested Defendants' consent to the dismissal without prejudice of the actions brought by plaintiffs Joseph Fusaro and Thomas Gillan. Defendants' counsel indicated, as they had previously, that given the past history of these actions and the delay involved, consent to stipulations of dismissal would not be given unless such stipulations dismissed plaintiffs' claims with prejudice. As this issue could not be resolved, counsel agreed to submit a joint letter to the Court. Before the joint letter was due to be submitted, the Court indicated (by endorsement on a similar joint letter related to another law firm representing other plaintiffs) that these issues should be presented by motion. (*See* Villano Decl. Ex. J.) Pursuant to the Court's direction, Defendants now file the instant motion.

## ARGUMENT

### I. THE D&L OPT-OUTS HAVE FAILED TO PROSECUTE THEIR CLAIMS AND THEREFORE THEIR ACTIONS SHOULD BE DISMISSED WITH PREJUDICE

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). The Second Circuit has set forth five non-dispositive factors to guide District Courts in determining whether dismissal is appropriate pursuant to Rule 41(b): (1) the duration of the plaintiff's failure to

prosecute; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) whether the defendant is likely to be prejudiced by the delay; (4) the need to alleviate court calendar congestion, carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions. *See Shannon v. General Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999); *Dong*, No. 02 Civ. 7751, 2004 WL 385117 at *3 (citing *Shannon.*, 186 F.3d at194). Ultimately, dismissal pursuant to Rule 41(b) "is subject to the sound discretion of the district courts." *See, e.g., Dong v. United States*, No. 02 Civ. 7751, 2004 WL 385117, *2 (S.D.N.Y. March 2, 2004); *Nita v. Connecticut Dep't of Environmental Protection*, 16 F.3d 482, 485 (2d Cir. 1994); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988).

Here, each of the five factors weighs heavily in favor of dismissing the D&L Opt-Outs. First, the duration of Plaintiffs' failure to prosecute weighs in favor of dismissal. The Court ordered these Plaintiffs to produce signed authorizations over five (5) months ago at the March 22, 2011 Court conference. Defendants thereafter immediately contacted Douglas and London and provided HIPAA compliant authorizations on March 25, 2011. Since that time, the Court has ordered Plaintiffs to produce signed authorizations to Defendants at two other Court conferences. Despite the significant amount of time that has elapsed and the Court's clear instructions that Plaintiffs must produce signed authorizations if they wish to continue with the litigation, the D&L Opt Outs have failed to satisfy this requirement.

Courts have dismissed cases for failure to prosecute based on far shorter periods than five months. *See, e.g., Cho v. Tomczyk*, No. 05-CV-5570, 2007 U.S. Dist. LEXIS 81577, at *8 (E.D.N.Y. Nov. 2, 2007) (dismissal proper after plaintiff failed to return executed settlement documents within proscribed 60-day period, then failed to cure during a subsequent 30 day

5

extension). In one case, where a plaintiff was unreachable and "had no contact with either the Court or the [defendant for] . . . a period of over two months," the Southern District of New York held that "the very fact that [plaintiff] has been inaccessible for the last two months—without notifying the Court, the [defendant], or the *Pro Se* Office of a change of address—strongly suggests that he is not diligently pursuing this claim." *Dong*, No. 02 Civ. 7751, 2004 WL 385117 at *3; *see also Abraham v. Singh*, No. 04-0044, 2005 U.S. Dist. LEXIS 17800, at *3 (E.D. La. July 26, 2005) ("Plaintiffs' willful failure to communicate with the Court and with their own counsel for over three months, notwithstanding attempts by both" constituted a "clear record of delay."). In cases such as this, where "inaction and lethargy became the rule," the Second Circuit has "not hesitated to affirm a district court's dismissal for failure to prosecute." *Shannon*, 186 F.3d at 194 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 39 (2d Cir.1982)). Accordingly, the D&L Opt-Outs' willful inaction for the past five months warrants dismissal of their claims with prejudice.

Second, the D&L Opt-Outs were given adequate notice that the failure to prosecute their cases would result in dismissal. *See, e.g., Cho v. Tomczyk*, No. 05-CV-5570, 2007 U.S. Dist. LEXIS 81577, at *8 (E.D.N.Y. Nov. 2, 2007) (court order giving 30 days to comply constitutes sufficient notice). When Defendants contended that many opt-out plaintiffs previously failed to comply with Court Orders and produce required discovery responses on March 22, 2011, the Court gave clear instructions that failure to produce authorizations would result in dismissal: "I will dismiss the cases for failure on discovery issues." (Villano Decl. Ex. A at 32:22-23.) In fact, Your Honor repeated this warning and invited motions to dismiss for failure to produce authorizations: "I repeat, Mr. Tyrrell bring a motion to dismiss for failure to prosecute the case in accordance with the orders of the Court. This time the motion will be

6

granted." (*Id.* at 34:6-8.) The Court again warned Plaintiffs that these cases would be dismissed for failure to produce authorizations at the April 15, 2011 conference: "[a]nd if I find that the authorizations are not advanced I can conclude that that plaintiff is not moving his case ahead and may be risk[ing] an[] involuntary dismissal." (Villano Decl. Ex. C at 18:8-10.)

In addition to the Court's repeated warnings, which are more than sufficient on their own to provide notice, Defendants' Counsel wrote to Douglas and London on four separate occasions over the past five months and participated in two telephone conferences, all of which communications have provided adequate notice. Finally, this motion itself provides sufficient notice to the D&L Opt-Outs to justify dismissal. *See Lopez v. Catholic Charities*, No. 00 Civ. 1247, 2001 U.S. Dist. LEXIS 387 at *13-14 (S.D.N.Y.) (defendant's Rule 41(b) motion constitutes sufficient notice).

Third, the D&L Opt-Outs' failure to produce authorizations and Database responses has delayed the resolution of these actions and surely prejudiced Defendants. *See, e.g., Shannon*, 186 F.3d at 195 ("A presumption of prejudice is particularly appropriate where, as here, the plaintiff's delay was prolonged."); *Lyell Theatre Corp.*, 682 F.2d at 43 ("Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater."); *Lopez*, 2001 U.S. Dist. LEXIS 387 at *13-14 (citing increased time and expense to defendants, and difficulty in presenting defense due to passage of time, as actual prejudice favoring dismissal). Some of these cases have been pending since as early as 2007 and without HIPAA compliant authorizations and adequate discovery Defendants cannot defend against these claims. Accordingly, this factor is satisfied.

Fourth, the D&L Opt-Outs' continued inaction is undoubtedly causing congestion of the Court's calendar by interfering with the resolution of the remaining opt-out cases. *See Jacobs v. Westchester*, No. 99 Civ. 4976, 2008 U.S. Dist. LEXIS 4616, at *15-16 (S.D.N.Y. Jan. 22, 2008) ("The court has an obvious interest in expediting its docket, and plaintiff has substantially impeded it by numerous failures to respond to the Court or take any apparent action to proceed with his claims."). If these plaintiffs do not wish to litigate their cases and proceed to trial they should be dismissed with prejudice and not remain on the Court's docket.

Fifth, in cases such as this, where litigants have simply stopped pursuing their claims, "no remedy other than dismissal makes sense." *Dong*, No. 02 Civ. 7751, 2004 WL 385117 at *3 ("Ordinarily, I might send [plaintiff] a warning or order him to appear for a hearing, but I have no way to reach him. There is no reason for this case to languish on the Court's docket or to hang over the head of the [defendant] if [plaintiff] is unwilling or unable to prosecute it. For this reason, too, the case must be dismissed."); *see also Lediju v. New York City Dep't of Sanitation*, 173 F.R.D. 105, 111 (S.D.N.Y. 1997) ("Delays have dangerous ends and unless district judges use the clear power to impose the ultimate sanction when appropriate, exhortations of diligence are impotent."). The D&L Opt-Outs' failure to comply with the Court's orders and produce authorizations demonstrate that they no longer wish to proceed with this litigation. Further, counsel for Defendants contacted Douglas and London four times by letter since March 2011. Douglas and London did not provide a meaningful response to any of these letters. Finally, Douglas and London has not offered any explanation at to why plaintiffs Burban and Pisciotta have not produced signed authorizations or a Database response. This abandonment of their claims warrants dismissal with prejudice.

## II. PLAINTIFFS' ARGUMENTS THAT DEFENDANTS SHOULD AGREE TO DISMISS THESE CASES WITHOUT PREJUDICE LACKS MERIT

As discussed above, Douglas and London has requested that Defendants dismiss the claims of plaintiffs Joseph Fusaro and Thomas Gillan without prejudice. Defendants have been involved in this litigation for over eight years and are entitled to closure if these plaintiffs have now decided they no longer wish to litigate their claims. The discovery demands are not burdensome – plaintiffs must simply review and confirm the information contained on the authorizations previously provided by Defendants on March 25, 2011, and sign their names to those authorizations. Plaintiffs have had more than sufficient time to meet this basic requirement and their repeated failures to do so indicate that their claims should be dismissed with prejudice.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court grant the motion to dismiss with prejudice for failure to prosecute.

Dated:  August 30, 2011

/s/ James E. Tyrrell, Jr.
James E. Tyrrell, Jr. (JT 6837)
PATTON BOGGS LLP
1185 Avenue of the Americas
New York, New York 10036
(212) 246-5100
-and-
One Riverfront Plaza, 6th Floor
Newark, New Jersey 07102
(973) 848-5600
*Attorneys for Defendants the City of New York and the Contractors*