UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

IN RE: WORLD TRADE CENTER DISASTER SITE
LITIGATION

Docket No.:  21 MC 100 (AKH)

-------------------------------------------------------------------X

**MEMORANDUM IN RESPONSE TO DEFENANTS'
MOTION TO DISMISS CERTAIN PLAINTIFFS' CLAIMS
WITH PREJUDICE FOR FAILURE TO PROSECUTE**

**INTRODUCTION**

On August 29, 2011, Special Master Sheila L. Birnbaum announced the final rule to govern the 9/11 Victim Compensation Fund ("VCF") under the James Zadroga 9/11 Health and Compensation Act of 2010, Pub. L. No. 111-347, 124 Stat. 3623 ("Zadroga Act"). This final rule will take effect on October 3, 2011. The Zadroga Act requires individuals to withdraw their lawsuits within 90 days from the promulgation of this rule at the risk of losing the right to seek VCF benefits.  In other words, individuals have the statutory right until at least January 2, 2011 to decide whether or not they want to withdraw their lawsuit and file a claim in the VCF or, alternatively, to continue with their lawsuit.

Hundreds of Plaintiffs with active cases in this docket are still contemplating whether to proceed with their lawsuit or to voluntarily discontinue their lawsuit and file a VCF claim. This decision is not an easy one. These types of decisions are usually made once an individual has had ample time to consult with their attorneys, physicians, elected officials and family members. Although the seventeen Plaintiffs whose cases are at issue in the Defendant's instant motion have once chosen to continue with their lawsuits instead of settling their claims, they are now faced with an alternative that was not available to them at the time they were asked to decide whether

1

or not to opt in to the Settlement Process Agreement (with the City and its Contractors) as well as the subsequent settlements that followed. This is a significant decision that will affect their financial future as well as that of their families.  In the interest of justice and fairness to these 9/11 heroes, we ask this Court to allow these Plaintiffs until at least the statutory cut off date of January 2, 2012 to decide whether or not they want to proceed with their lawsuit or withdraw their lawsuit and file a claim with the VCF as is the case with the other Plaintiffs in this litigation.

## AUTHORIZATION DISCOVERY

Since the Court Ordered the Plaintiffs to provide Defendants with authorizations to allow them to obtain all of the Plaintiffs' medical records, Plaintiffs' counsel has made multiple attempts in providing the Defendants with properly executed and HIPAA-complaint medical release authorizations. It should also be noted that properly executed HIPAA-compliant medical release authorizations were previously provided for almost all of the opt-out plaintiffs pursuant to Case Management Order No. 7 back in 2008.  At that time, Plaintiffs' Counsel provided Patton Boggs with the authorizations that have been approved by the New York State Department of Health.[1] (A copy of the form is attached to this letter for the Court's information as Exhibit "1").  As can be seen on the sample provided, below the signature line, this form can be signed by the patient or representative authorized by law.  Most of our clients provided this office with Power of Attorney allowing us to execute the HIPAA-compliant Medical Authorizations on their behalf, pursuant to NY Public Health Law §18(1)(G), as amended October 26, 2004.  (A copy of the form that is widely used in practice is attached here as Exhibit "2"). Our office complied with New York law in furnishing duly-executed and HIPAA-

---

[1] The form can be found on the New York State Court's website at: http://www.nycourts.gov/forms/hipaa_fillable.pdf.

2

compliant authorizations. We respectfully submit that it is unduly burdensome to require a "higher" standard than is required by New York Law in this matter.

Although Patton Boggs had the ability to obtain the medical records for almost all of the opt-out plaintiffs upon their receipt of the previously provided authorizations in 2008, they willingly chose to let the authorizations sit unprocessed. In all likelihood, this strategy was utilized to avoid investing the money that would be demanded by the various providers for producing copies of the records in their possession (at the statutory price of $0.75 per page, many medical records can generate significant costs to obtain and this is not even taking into consideration the multiple letters and/or telephone contacts to these medical providers that are often necessary to secure their compliance with the request for records. Despite the fact that Patton Boggs did not utilize the authorizations that were previously provided for almost all of the opt-out plaintiffs in 2008, new authorizations were provided to Patton Boggs during the spring and summer of 2011.

Only as recently as August 22, 2011 has Patton Boggs shown any indication that it actually intends to use the authorizations provided to them. *See* Villano Decl., at Exhibit G. The Defendants' delay in obtaining their own discovery should not jeopardize the current discovery schedule. This is particularly true since Plaintiffs' counsel has already provided Patton Boggs not only with properly executed authorizations but also with full and complete copies of the very medical records at issue, which we were previously required by this Court to gather for dissemination to the defendants' liaison counsel.

The current status of medical authorization discovery for seventeen Plaintiffs at issue in the Defendants' instant motion is as follows:

1. Sebastian Bartolotta (06cv14487): Properly Executed HIPAA-compliant Medical Release Authorizations were provided to Patton Boggs on June

3

8, 2009 and again on April 8, 2011. *See* Exhibit "3". Patton Boggs chose not to process these authorizations.

2. Ronald Bowers (08cv00616): Mr. Bowers is presently undecided as to whether he wants to voluntarily discontinue his lawsuit and go into the Zadroga Victim Compensation Fund or to continue with the litigation.

3. Patricia Defeo (06cv08957): Properly Executed HIPAA-compliant Medical Release Authorizations were provided to Patton Boggs on January 4, 2008, May 6, 2008 and again on April 8, 2011. *See* Exhibit "4". Patton Boggs chose not to use these authorizations.

4. Stanislaw Faltynowicz (08cv02616): Mr. Faltynowicz has recently retained the law firm of Gregory J. Cannata & Associates. *See* the Consent to Change Attorney Form dated August 25, 2011 at Exhibit "5". Notwithstanding the fact that Mr. Faltynowicz recently hired Gregory J. Cannata & Associates, it is our understanding that he is presently undecided as to whether he wants to voluntarily discontinue his lawsuit and go into the Zadroga Victim Compensation Fund or to continue with the litigation.

5. Luis Flores (06cv12006): Mr. Flores is presently undecided as to whether he wants to voluntarily discontinue his lawsuit and go into the Zadroga Victim Compensation Fund or to continue with the litigation.

6. Preston J. Fucci (06cv11317): Properly Executed HIPAA-compliant Medical Release Authorizations were provided to Patton Boggs on July 7, 2008, and again on April 8, 2011. *See* Exhibit "6". Patton Boggs chose not to use these authorizations.

7. Melvin Glover (06cv13928): Properly Executed HIPAA-compliant Medical Release Authorizations were provided to Patton Boggs on January 7, 2008, August 6, 2008 *and again* on April 8, 2011. *See* Exhibit "7". Patton Boggs chose not to use these authorizations.

8. Tom Guriel (06cv12122): Mr. Guriel is presently undecided as to whether he wants to voluntarily discontinue his lawsuit and go into the Zadroga Victim Compensation Fund or to continue with the litigation.

9. Gregory Howard (06cv10780): Properly Executed HIPAA-compliant Medical Release Authorizations were provided to Patton Boggs on May 24, 2008 and again on April 8, 2011. *See* Exhibit "8". Patton Boggs chose not to use these authorizations.

10. Thomas Kelly (06cv13972): Mr. Kelly is presently undecided as to whether he wants to voluntarily discontinue his lawsuit and go into the Zadroga Victim Compensation Fund or to continue with the litigation.

11. Charles Logan (06cv08448): Properly Executed HIPAA-compliant Medical Release Authorizations were provided to Patton Boggs on April 8, 2011. *See* Exhibit "9". Patton Boggs chose not to use these authorizations.

12. Robert Martin (07cv10012): Properly Executed HIPAA-compliant Medical Release Authorizations were provided to Patton Boggs on January 8, 2008, October 3, 2008 and again on April 8, 2011. *See* Exhibit "10". Patton Boggs chose not to use these authorizations.

13. Mimi Netrosio (06cv11774): Properly Executed HIPAA-compliant Medical Release Authorizations were provided to Patton Boggs on January 11, 2008, May 30, 2008, July 8, 2008 and again on April 8, 2011. *See* Exhibit "11". Patton Boggs chose not to use these authorizations.

14. Glenn O'Donnell (06cv9657): Properly Executed HIPAA-compliant Medical Release Authorizations were provided to Patton Boggs on January 11, 2008, May 25, 2008, June 18, 2008 and again on April 8, 2011. *See* Exhibit "12". Patton Boggs chose not to use these authorizations and plaintiff should not pay a penalty for Patton Boggs' inaction.

15. John Ruis (06cv11264): Properly Executed HIPAA-compliant Medical Release Authorizations were provided to Patton Boggs on January 7, 2008, and again on April 8, 2011. *See* Exhibit "13". Patton Boggs chose not to use these authorizations.

16. Adrian Syku (06cv09727): Mr. Syku is presently undecided as to whether he wants to voluntarily discontinue his lawsuit and go into the Zadroga Victim Compensation Fund or to continue with the litigation.

17. James Takacs (06cv10884): Mr. Takacs is presently undecided as to whether he wants to voluntarily discontinue his lawsuit and go into the Zadroga Victim Compensation Fund or to continue with the litigation.

These seventeen lawsuits have been pending for approximately five years. A tremendous amount of work and effort has been put into these cases over this time. These Plaintiffs are currently overwhelmed by determining whether they will continue with their lawsuits or withdraw their lawsuits and file a claim with the VCF. As can be seen from the above and from the referenced Exhibits, many medical release authorizations have been provided to the Defendants in this litigation. It is clear that the Defendants and their counsel at Patton Boggs have had the authority for several years to obtain these Plaintiffs' medical records but have chosen not to use these authorizations until August 22, 2011. Plaintiffs should not be penalized

for any delay claimed in this circumstance where Defendants have demonstrated such a stunning lack of diligence in utilizing the discovery that has long been in their hands.

## CONCLUSION

As a result of the forgoing we respectfully request this Court to deny the Defendants' motion or, at the very least, to hold the Defendants' motion in abeyance until after January 2, 2011 so as to allow these seventeen Plaintiffs the same opportunity and time to determine whether they will continue their litigations or seek VCF benefits under the Zadroga Act.

Dated: September 9, 2011

    /s/_____
Christopher R. LoPalo (CL-6466)
Worby Groner Edelman & Napoli Bern, LLP
350 Fifth Avenue, Suite 7413
New York, New York 10118
(212) 267-3700 – phone
(212) 267-3700 – fax
*Attorneys for Plaintiffs*

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
IN RE WORLD TRADE CENTER DISASTER    :       21 MC 100 (AKH)
SITE LITIGATION                      :
---------------------------------------------------------------x
```

## DECLARATION OF SERVICE

Christopher R. LoPalo, an attorney duly licensed to practice before the Courts of the State of New York, hereby declares that on September 9, 2011, I served the within documents and its Exhibits upon all counsel of record through the Court's Electronic Filing system.

September 9, 2011

    /s/ Christopher R. LoPalo_____
    Christopher R. LoPalo (CL-6466)
    Worby Groner Edelman & Napoli Bern, LLP
    350 Fifth Avenue, Suite 7413
    New York, New York 10118
    (212) 267-3700