UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE: WORLD TRADE CENTER
DISASTER SITE LITIGATION

Docket 21 MC 100 (AKH)

MEMORANDUM OF ROBERT A. GROCHOW, ESQ., IN SUPPORT OF PLAINTIFF STANISLAW FALTYNOWICZ PARTIAL OPPOSITION TO DEFENDANTS MOTION TO DISMISS CERTAIN PLAINTIFFS' CLAIMS WITH PREJUDICE FOR FAILURE TO PROSECUTE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(B)

------------------------------------------------------------X

ROBERT A. GROCHOW, esq., under penalty of perjury, declares and affirms as follows:

1. I am a member of Robert A Grochow, P.C. and counsel with Gregory J. Cannata & Associates.

2. This affirmation is in partial opposition, on behalf of Stanislaw Faltynowicz, Court Number: 08CIV2616, to the current motion instituted by Patton Boggs, LLP counsel for the City of New York and the Contractor defendants, brought in the 21MC100(AKH) docket "to dismiss certain plaintiffs, claims with prejudice for failure to prosecute pursuant to federal rule of civil procedure 41(b)". Mr. Faltynowicz is one of the cases referenced in Exhibit E of that motion seeking dismissal of a number of clients of the Worby Groner & Napoli Bern, LLP. (the Napoli firm). Mr. Faltynowicz is a client of the the Napoli firm.

3. Our interest in this matter is a result of our office being retained on August 25, 2011 by Mr. Faltynowicz, to represent him in this action and substitute the Napoli firm. We have sent a letter with attachments to that effect to the Napoli firm on

August 29, 2001, however, to date, have not received any response to that communcation or to a recent email to their office.

4. After meeting with Mr. Faltynowicz, it is apparent that he did not perform work on-site, and we believe (although have not yet been provided a copy or access to his file) his 21MC103 designation was not as a result of on-site work, rather only because Tully defendants were named in the 21MC102 actions commenced on his behalf. On April 29, 2009, an Order issued designating such cases from the Napoli firm as 21MC103 (AKH). We cannot speak to whether the Napoli firm asserted on site work in any of its pleadings or the basis for same, or why they apparently asserted causes of actions against a large group of on-site defendant contractors and other on-site entities in this action.

5. As a worker who performed services only off-site, this matter, we do believe, was not, is not and never should have been the subject of the Court's directive's relative to the advancement of certain on-site cases for trial. In fact, we do not believe that Mr. Faltynowicz is one of the specific cases so selected. That said, on the underlying subject of the provision of authorizations, the Napoli firm has, in its Opposition papers to the instant motion, addressed that issue. Additionally, we have had Mr. Faltynowicz in our office today and are sending, by overnight mail, authorizations to defense in their requested format.

6. Although the substitution has not yet been effectuated, our interest at this point is to protect the rights of Mr. Faltynowicz, so that his case is not inadvertently and improperly dismissed. Mr. Faltynowicz's case, based upon the information we

have to date, should be processed within the parameters of the current 21CM102/103 (AKH) directives relative to discovery and case selection. In that the Napoli firm still has possession of the file, nor have they responded to our communications as to substitution, we presume they are protecting Mr. Faltynowicz's interests in complying with the current directives as to the data base project.

7. We have communicated with defense and advised they will have the authorizations tomorrow, by overnight mail, from our office, and we requested that they withdraw that portion of the motion that seeks dismissal of Mr. Faltynowicz's claim for all of the within stated reasons. As indicated, we have not yet had access to Mr. Faltynowicz's file, still in the hands of the Napoli firm. We have also indicated to defense, that upon substitution, which may not be effectuated until after final submission of the instant motion, we should be able to discontinue as to the on-site defendants that are not off-site building related.

Dated: September 13, 2011
New York, NY

_____
ROBERT A. GROCHOW, (RG1890)
GREGORY J. CANNATA & ASSOCIATES
233 Broadway, Floor f
New York, ny 10279
22-553-9025
*Incoming Attorney for plaintiff*
*Stanislaw Faltynowicz*