UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: WORLD TRADE CENTER DISASTER SITE LITIGATION | 21 MC 100 (AKH) |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS CERTAIN PLAINTIFFS' CLAIMS WITH PREJUDICE FOR FAILURE TO PROSECUTE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)**

James E. Tyrrell, Jr.
Joseph E. Hopkins
PATTON BOGGS LLP
1185 Avenue of the Americas
New York, New York 10036

-and-

The Legal Center
One Riverfront Plaza, 6th Floor
Newark, New Jersey 07102
Tel: (973) 848-5600
Fax: (973) 848-5601
Attorneys for Defendants

On the Brief: Alyson N. Villano, Esq.

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

      I.      PLAINTIFFS' COUNSEL'S REQUEST THAT THE COURT ALLOW THESE PLAINTIFFS ADDITIONAL TIME TO DETERMINE WHETHER THEY WISH TO PROCEED WITH THE LITIGATION PREVIOUSLY WAS DENIED. ............................................................................. 2

      II.     NAPOLI BERN'S ASSERTION THAT CERTAIN PLAINTIFFS HAVE PRODUCED HIPAA COMPLIANT AUTHORIZATIONS IS INCORRECT. ................................................................................................. 3

CONCLUSION ............................................................................................................................. 5

Defendants the City of New York and the Contractors[1] (collectively, "Defendants") respectfully submit this Reply Brief in Further Support of their Motion to Dismiss Certain Plaintiffs' Claims With Prejudice for Failure to Prosecute Pursuant to Fed. R. Civ. P. 41(b).

## PRELIMINARY STATEMENT

In six pages of briefing, Plaintiffs' counsel fails to present a valid reason as to why the sixteen[2] plaintiffs' cases that are the subject of this motion should not be dismissed with prejudice pursuant to Rule 41(b). Plaintiffs' counsel at the Worby Groner Edelman & Napoli Bern, LLP firm ("Napoli Bern") request that the Court grant these plaintiffs (the "Napoli Plaintiffs") a reprieve while they determine whether they wish to participate in the re-opened Victim's Compensation Fund – a delay that the Court previously has refused to permit on several occasions. Further, Napoli Bern's claims that it previously produced HIPAA compliant authorizations for certain plaintiffs ignores the fact that these previously produced authorizations already were found to be inadequate and deficient under the Court's orders.

It is hardly a novel concept that the Napoli Plaintiffs must comply with Court orders if they wish to continue to litigate their claims. It has been almost six months since the Court first ordered Plaintiffs' counsel to produce signed HIPAA compliant authorizations for their clients. Since that time, Defendants' counsel have sent various letters to Napoli Bern, participated in two meet and confers regarding this issue, and were compelled to file the instant Motion. Despite all

---

[1] AMEC Construction Management, Inc., AMEC Earth & Environmental, Inc., Bovis Lend Lease LMB, Inc., Evergreen Recycling of Corona (E.R.O.C.), Plaza Construction Corp., Tully Construction Co., Inc., Turner Construction Company, and Turner/Plaza, A Joint Venture, as well as the entities identified in Exhibit A to the Final Settlement Agreement ("FSA").

[2] Although Defendants' moving brief originally encompassed seventeen plaintiffs, Defendants recently learned that Napoli Bern is no longer representing plaintiff Stanislaw Faltynowicz (08CV02616). Instead, Robert Grochow, Esq. now represents Mr. Faltynowicz. Given that Mr. Grochow has produced a plaintiff-signed HIPAA complaint authorization for Mr. Faltynowicz, Defendants no longer seek at this time to dismiss his claim on the basis of lack of prosecution.

this, the Napoli Plaintiffs still have not produced signed HIPAA compliant authorizations. For the reasons set forth below and for the reasons stated in Defendants' moving brief, dismissal of these cases with prejudice pursuant to Rule 41(b) is necessary and appropriate

## **ARGUMENT**

I. **PLAINTIFFS' COUNSEL'S REQUEST THAT THE COURT ALLOW THESE PLAINTIFFS ADDITIONAL TIME TO DETERMINE WHETHER THEY WISH TO PROCEED WITH THE LITIGATION PREVIOUSLY WAS DENIED.**

At the February 2, 2011 Court conference in the 21 MC 100 docket ("February 2 Conference"), all parties sought a stay of the proceedings in the 21 MC 100 docket pending the promulgation of the final rules implementing Title II of the Zadroga Act, which provided for the reopening of the Victim's Compensation Fund (hereinafter "Zadroga Act"). That request was denied by the Court. In light of the Court's refusal to grant the parties' request to stay the docket, Paul Napoli, Esq. asked (at the February 2 Conference) for a "short time period" to speak to his clients regarding whether they wished to continue litigating their claims or participate in the Zadroga Act. (*See* September 16, 2011 Declaration of Alyson N. Villano, Esq. ("Villano Decl.") Ex. A at 41:17-18.) Mr. Napoli also requested that the Court institute an "expedited discovery schedule" for those plaintiffs electing to pursue their litigation. (*Id.* at 41:22-23.)

The Court granted Mr. Napoli's request in a February 7, 2011 Summary Order and ordered Plaintiffs' counsel to meet with their clients before the March 22, 2011 Court conference ("March 22 Conference") to ascertain whether they had a "genuine desire to proceed in litigation, notwithstanding the possibilities now offered by the Zadroga Act." (Villano Decl. Ex. B at ¶ 10.) At the March 22 Conference, the Court announced that it was taking the opt-out plaintiffs "at their word" and moving the opt-out cases toward trial. (Villano Decl. Ex. C at 6:1-11.) The Court also granted Mr. Napoli's prior request and set a schedule for limited discovery,

which included the requirement that all opt-out plaintiffs produce signed HIPAA compliant authorizations to Defendants. (*Id.* at 39:12-25.)

Despite the Court's prior refusal to stay the 21 MC 100 docket, Napoli Bern is again arguing that the Napoli Plaintiffs' cases should be stayed. As discussed above, the Court previously denied this request and ordered all opt-out plaintiffs to comply with the discovery schedule set forth in the March 23, 2011 Order Summarizing Status Conference. (*See* Villano Decl. Ex. D.) Pursuant to the Court's March 23 Order and directives given at various conferences over the past six months, the Napoli Plaintiffs are required to proceed with their claims and produce signed HIPAA compliant authorizations. The Napoli Plaintiffs are not allowed the benefit of a stay simply because they do not want to be bothered with the burdens of litigating their claims and the Court should not permit this attempt to circumvent the Court's orders. Accordingly, dismissal of these actions is warranted pursuant to Rule 41(b).

## II. NAPOLI BERN'S ASSERTION THAT CERTAIN PLAINTIFFS HAVE PRODUCED HIPAA COMPLIANT AUTHORIZATIONS IS INCORRECT.

Napoli Bern's argument that it previously provided Defendants with "properly executed and HIPAA compliant authorizations" in 2008 ignores the fact that these authorizations were signed by Plaintiffs' counsel Christopher LoPalo, Esq. (rather then by the individual plaintiffs) and the Court has required that the authorizations be signed by the plaintiffs themselves. (*See* Villano Decl. at Ex. C at 39:12-25.) Whether or not many of Napoli Bern's clients have provided that firm with Power of Attorney is irrelevant – the Court specifically addressed this issue at the April 15, 2011 Court conference in the 21 MC 100 docket and ordered Napoli Bern to have their clients (not their attorneys) sign and produce HIPAA compliant authorizations. (*Id.*)

Further, a number of the Napoli Plaintiffs identified by Plaintiffs' Counsel as having previously produced HIPAA compliant authorizations in 2008, did not provide effective authorizations as those authorizations included specific provider information.  By including the provider information, Napoli Bern attempted to limit Defendants' collection of records to only the providers listed on the authorizations.  This practice unfairly restricted Defendants' ability to collect records from additional providers.   By way of example, Napoli Bern claims that it previously provided HIPAA compliant authorizations for plaintiff Glenn O'Donnell (06CV9657) (one of the plaintiffs recently selected for discovery and trial).  But the authorizations previously produced for Mr. O'Donnell were signed by Christopher LoPalo, Esq. and included provider information.  Based on Defendants' review of the limited medical records produced for Mr. O'Donnell to date, Defendants have identified eighteen (18) additional providers not previously acknowledged by Napoli Bern.  Defendants' counsel cannot collect records from any of these newly identified providers without a blank, HIPAA compliant authorization signed by Mr. O'Donnell.

Moreover, Napoli Bern fails to offer any justification as to why certain Napoli Plaintiffs have not produced a signed HIPAA compliant authorization to date.  For example, Napoli Bern's only explanation for the failure of plaintiff James Takacs (another plaintiff recently selected for discovery and trial) to produce an authorization is that he is "presently undecided as to whether he wants to voluntarily discontinue his lawsuit and go into the Zadroga Victim Compensation Fund or to continue with this litigation."  (Napoli Bern Opposition at 5.)  Napoli Bern offers identical explanations for plaintiffs Ronald Bowers (08CV00616), Luis Flores (06CV12006), Tom Guriel (06CV12122), Thomas Kelly (06CV13972), and Adrian Syku (06CV09727).  (*Id.*) This explanation is unacceptable.  As discussed *supra*, the Court has ordered these plaintiffs (on

4

numerous occasions) to produce signed HIPAA compliant authorizations. Signing an authorization is hardly arduous and these plaintiffs have had more than significant time to comply with the Court's orders. In light of the Napoli Plaintiffs failure to comply with the Court's directives and produce a signed HIPAA compliant authorization, their complaints should be dismissed with prejudice pursuant to Rule 41(b).

## CONCLUSION

For all of the foregoing reasons and for the reasons set forth in Defendants' moving brief, Defendants respectfully request that this Court grant their motion to dismiss the actions of these plaintiffs with prejudice for failure to prosecute.

Dated:  September 15, 2011

*/s/ James E. Tyrrell, Jr.*
James E. Tyrrell, Jr. (JT 6837)
PATTON BOGGS LLP
1185 Avenue of the Americas
New York, New York 10036
(212) 246-5100
-and-
One Riverfront Plaza, 6th Floor
Newark, New Jersey 07102
(973) 848-5600
*Attorneys for Defendants the City of New York and the Contractors*