UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
IN RE WORLD TRADE CENTER DISASTER SITE :
LITIGATION :
-------------------------------------------------------------- :
BRIAN TUITT, :
: **AMENDING ORDER**
: **DENYING INJUNCTIVE**
Plaintiff, : **RELIEF**
:
-against- : 21 MC 100 (AKH)
:
THE CITY OF NEW YORK, et al., : 10 Civ. 3742
:
Defendants. :
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

     On July 21, 2011, Plaintiff, a prisoner who proceeds *pro se*, filed a motion to enjoin enforcement of the James Zadroga 9/11 Health and Compensation Act of 2010, Pub. L. No. 111-347, 124 Stat. 3623 (2011). Plaintiff contends that the Act offends his constitutional guarantees of equal protection and due process under the Fifth Amendment to the United States Constitution, because it provides no compensation for his claimed injury, a purely psychological injury. In a memo-endorsed order, I denied Plaintiff's motion, and further stated that a fuller explanation of the denial would follow. See Doc. No. 24, 10 Civ. 3732 (S.D.N.Y. Aug. 5, 2011). I now provide those reasons in this Order.

     In Colaio v. Feinberg, 262 F. Supp. 2d 273 (S.D.N.Y. 2003), aff'd in part and appeal dismissed in part sub nom., Schneider v. Feinberg, 345 F.3d 135 (2d Cir. 2003), claimants to the first Victim Compensation Fund brought a number of challenges to the Special Master's administrative regulations. Among them, the claimants alleged that certain regulations denied them equal protection and due process under the Fifth Amendment, by failing to provide "presumptive" awards for individuals who earned more than $231,000 in annual income. I explained that the

1

Special Master's regulations were to be evaluated under the "rational basis" framework for considering constitutional claims, because no suspect classification was at issue and because "a noncontractual claim to receive funds from the public treasury enjoys no constitutionally protected status." Id. at 300 (quoting Weinberger v. Salfi, 422 U.S. 749, 772 (1975)). Under this framework, the regulations were presumed constitutional, and the government needed to show only that they had a rational relationship to a legitimate governmental interest. Id. I held that the regulations were a reasonable implementation of the congressional intent to provide "a speedy and just system of making awards" to claimants. Id. Accordingly, I rejected the challenge.

Plaintiff's claim calls for consideration under this same framework. Section 202(c)(2)(A)(i)(I) of the Zadroga Act provides that claims may be made for "physical harm at a 9/11 crash site" sustained by the claimant. Given the limited resources available for compensation, the unknown number of claimants, and the novel difficulties in evaluating and compensating for purely psychological injuries, Congress could have rationally concluded that compensating only physical injuries furthered the same goal of administering "a speedy and just system of making awards." Colaio, 262 F. Supp. 2d at 300. For this reason, I hold that the limitation on awards challenged by Plaintiff does not offend his guarantees of due process and equal protection.

Plaintiff also notes that if he cannot obtain relief from the new fund, he will have no avenue to relief because the statute of limitations has run on his other option, a lawsuit. This is not a basis to find a constitutional defect in the Act.

For the foregoing reasons, the motion is denied.

SO ORDERED.

Dated: September 20, 2011
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2