UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: WORLD TRADE CENTER DISASTER SITE LITIGATION | 21 MC 100 (AKH) |

**RESPONSE TO PLAINTIFFS' SEPTEMBER 27, 2011 SUBMISSION**

James E. Tyrrell, Jr.
Joseph E. Hopkins
PATTON BOGGS LLP
1185 Avenue of the Americas
New York, New York 10036

-and-

The Legal Center
One Riverfront Plaza, 6th Floor
Newark, New Jersey 07102
Tel: (973) 848-5600
Fax: (973) 848-5601
Attorneys for Defendants

On the Brief:  Alyson N. Villano, Esq.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    I.    PLAINTIFFS' INDIVIDUAL SIGNATURES ARE NEEDED ON THE AUTHORIZATIONS TO PREVENT FURTHER DELAY AND ADVANCE THESE CASES. ................................................................................... 2

    II.    PURSUANT TO THE COURT'S ORDERS, NAPOLI BERN HAS NOT PRODUCED ANY VALID AUTHORIZATIONS OR PUT FORTH ANY ARGUMENT AS TO WHY NINE PLAINTIFFS' CASES SHOULD NOT BE DISMISSED ............................................................................................. 3

    III.    NAPOLI BERN HAS NOT PROVIDED ANY REASON AS TO WHY THE REMAINING FIVE PLAINTIFFS HAVE NOT PRODUCED AN AUTHORIZATION OR WHY THEIR CASES SHOULD NOT BE DISMISSED .................................................................................................. 4

CONCLUSION ............................................................................................................................... 5

Defendants the City of New York and the Contractors[1] (collectively, "Defendants") respectfully submit this brief pursuant to the Court's September 20, 2011 Summary Order directing further briefing in connection with Defendants' Motion to Dismiss Certain Plaintiffs' Claims with Prejudice for Failure to Prosecute Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and in response to Plaintiffs' September 27, 2011 submission ("September 27 Submission").

## PRELIMINARY STATEMENT

At the April 15, 2011 Court conference in this docket ("April 15 Conference"), counsel for the parties addressed the issue of whether it was appropriate for Plaintiffs' counsel to sign HIPAA compliant authorizations on behalf of their clients. This Court heard argument and ruled that regardless of whether Plaintiffs' counsel has the Power of Attorney ("POA"), HIPAA authorizations "have to be signed by the individual [plaintiff]" and not the plaintiff's attorney. (*See* September 28, 2011 Declaration of Alyson N. Villano, Esq. ("Villano Decl.") Ex. A, Tr. at 19:8.) It has been six months since the Court ruled on this issue and Plaintiffs' counsel at the Worby Groner Edelman & Napoli Bern, LLP firm ("Napoli Bern") continue to violate the Court's directive on behalf of fourteen[2] of their clients.

---

[1] AMEC Construction Management, Inc., AMEC Earth & Environmental, Inc., Evergreen Recycling of Corona (E.R.O.C.), Lend Lease (US) Construction LMB Inc. (f/k/a Bovis Lend Lease LMB, Inc.), Plaza Construction Corp., Tully Construction Co., Inc., Turner Construction Company, and Turner/Plaza, A Joint Venture, as well as the entities identified in Exhibit A to the Final Settlement Agreement ("FSA").

[2] Although Defendants' moving brief originally sought the dismissal of seventeen plaintiffs, Defendants' counsel recently learned that Napoli Bern no longer represents plaintiff Stanislaw Faltynowicz (08CV02616). Instead, Plaintiffs' counsel Robert Grochow, Esq. now represents Mr. Faltynowicz. Mr. Grochow recently produced a plaintiff-signed HIPAA complaint authorization for Mr. Faltynowicz. In addition, counsel for the parties recently filed a stipulation dismissing the claim of plaintiff James Takacs (06CV10884) and learned today from Christopher LoPalo, Esq. that Glenn O'Donnell (06CV9657) wishes to dismiss his complaint with prejudice (the parties are currently finalizing this stipulation). Defendants therefore no longer seek the

114193                                            1

Other than raising arguments previously addressed and ruled upon by the Court,[3] Napoli Bern has failed to put forth any valid reason as to why these plaintiffs' claims should not be dismissed with prejudice pursuant to Rule 41(b).  For the reasons set forth below and as stated in Defendants' moving and reply briefs, and as previously stated by the Court, dismissal of these cases with prejudice pursuant to Rule 41(b) is required.

## ARGUMENT

### I.  PLAINTIFFS' INDIVIDUAL SIGNATURES ARE NEEDED ON THE AUTHORIZATIONS TO PREVENT FURTHER DELAY AND ADVANCE THESE CASES.

At the April 15 Conference, when the Court heard argument on this issue, Defendants explained that medical providers often reject authorizations that are not signed directly by the patient.  Although New York Public Health Law may allow lawyers with POA to sign HIPAA compliant authorizations on behalf of their clients, certain medical providers continue to reject authorizations if they are not personally signed by the individual patient.  By way of example, the World Trade Center Medical Monitoring and Treatment Program at Mount Sinai, where the majority of plaintiffs in this litigation have sought treatment, rejects authorizations unless signed by the individual plaintiff.  (*See* Villano Decl. at ¶ 4.)  The Queens Clinical Center also rejects otherwise HIPAA compliant authorizations if they are not signed by the individual plaintiff.  (*Id.*)  Furthermore, during discovery conducted under CMO 8, various medical providers rejected authorizations that were not signed by the individual plaintiffs.  (*Id.* at ¶¶ 5 and 6.)

---

dismissal of Mr. Faltynowicz, Mr. Takacs, or Mr. O'Donnell's claims at this time on the basis of lack of prosecution.

[3] Napoli Bern's argument that these cases should be stayed was previously raised and denied by the Court.  Defendants also addressed this in their reply brief.  *See* Defs. Rep. Br. at 2-3.

The Court heard these arguments from Defendants at the April 15 Conference and ordered Plaintiffs' counsel to have the individual plaintiff (and not counsel) sign the authorizations. Napoli Bern's attempt to distract the Court from their clients' failure to prosecute their claims by again raising this argument should not be countenanced by the Court. This Court has already ruled on this issue and repeatedly warned plaintiffs during various Court conferences over the past six months that their cases will be dismissed if they do not comply with the Court's orders and produce plaintiff-signed HIPAA compliant authorizations. (*See* Villano Decl. at Ex. A Tr. at 18:8-10 and Ex. B Tr. at 32:22-23.) Nevertheless, these fourteen plaintiffs continue to ignore Court orders and their duty to litigate their claims. Accordingly, dismissal of these actions is warranted pursuant to Rule 41(b).

**II.    PURSUANT TO THE COURT'S ORDERS, NAPOLI BERN HAS NOT PRODUCED ANY VALID AUTHORIZATIONS OR PUT FORTH ANY ARGUMENT AS TO WHY NINE PLAINTIFFS' CASES SHOULD NOT BE DISMISSED**

Although Napoli Bern produced authorizations for four of the plaintiffs listed in the September 27 Submission (Patricia Defeo (06cv08957); Robert Martin (07cv10012); Mimi Netrosio (06cv11774); and John Ruis (06cv11264)) under Case Management Order ("CMO") 8, these authorizations are deficient pursuant to the Court's orders as they include provider information. Each authorization produced for these plaintiffs includes specific provider information and is limited to the City of New York ("City"). Because the City is listed as the provider, Defendants are precluded from using these authorizations to obtain records from any medical providers other than the City.

Further, Napoli Bern is quick to list five other individuals (Sebastian Bartolotta (06CV14487); Preston J. Fucci (06CV11317); Melvin Glover (06CV13928); Gregory Howard (06CV10780); and Charles Logan (06CV08448)) as having executed POA forms, but that point

is irrelevant because none of these plaintiffs has produced a single authorization throughout the course of this litigation. The Court first ordered these plaintiffs to produce authorizations over six months ago and Defendants moved to dismiss these cases for failure to prosecute in August. Knowing that they face dismissal, these plaintiffs still refuse to take the few minutes required to sign an authorization. Accordingly, dismissal of these nine cases is warranted under Rule 41(b).

### III. NAPOLI BERN HAS NOT PROVIDED ANY REASON AS TO WHY THE REMAINING FIVE PLAINTIFFS HAVE NOT PRODUCED AN AUTHORIZATION OR WHY THEIR CASES SHOULD NOT BE DISMISSED

Finally, Napoli Bern fails even to mention the remaining five plaintiffs subject to this motion (Richard Bowers (08CV00616); Luis Flores (06CV12066); Tom Guriel (06CV12122); Thomas Kelly (06CV13972); and Adrian Syku (06cv09727)) or provide any reason as to why these individuals should not be dismissed with prejudice for failure to prosecute their claims. Napoli Bern has not produced a HIPAA compliant authorization for these individuals nor demonstrated that it has POA for any of these plaintiffs (Defendants continue to maintain that having POA for any plaintiff is irrelevant to this motion). These plaintiffs have not taken any of the steps necessary to litigate their claims or to comply with the Courts' various orders. Further, these plaintiffs have had sufficient notice to comply with the Court's orders and produce a signed authorization but continue to do nothing. Accordingly, their claims should be dismissed with prejudice pursuant to Rule 41(b).

It is unmistakable that these fourteen plaintiffs have no interest in litigating their cases and thus dismissal with prejudice is warranted under Rule 41(b).

## CONCLUSION

For all of the foregoing reasons and for the reasons set forth in Defendants' moving and reply briefs, Defendants respectfully request that this Court grant their motion to dismiss the actions of these plaintiffs with prejudice for failure to prosecute.

Dated:  September 29, 2011

*/s/ James E. Tyrrell, Jr.*
James E. Tyrrell, Jr. (JT 6837)
PATTON BOGGS LLP
1185 Avenue of the Americas
New York, New York 10036
(212) 246-5100
-and-
One Riverfront Plaza, 6th Floor
Newark, New Jersey 07102
(973) 848-5600
*Attorneys for Defendants the City of New York and the Contractors*