UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                     :

IN RE WORLD TRADE CENTER DISASTER  :
CITE LITIGATION
                                                     :

**SUMMARY ORDER
CONDITIONALLY GRANTING
DEFENDANTS' MOTION TO
DISMISS AND REQUIRING
UPDATED HIPAA MEDICAL
RECORD AUTHORIZATION
FORMS**

-------------------------------------------------------------- x

21 MC 100 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Defendants' motion to dismiss plaintiffs for failure to prosecute their claims, Fed. R. Civ. P. 41(b), filed August 26, 2011, is granted conditionally.

      I ordered, most recently on March 22, 2011, that plaintiffs were to provide currently signed HIPAA Medical Record Authorization forms to the defendant, and that, if plaintiffs failed to do so, their cases could be involuntarily dismissed. I ruled also that the forms had to be signed by the person whose consent was required, that is, by the party himself and not by an attorney.

      Plaintiffs failed to provide currently signed forms, and argued that those signed several years ago by a member of the law firm holding a durable power of attorney should suffice. I overruled plaintiffs' objection, but plaintiffs persist in their position.

      I give these plaintiffs one more chance to provide personally signed, currently dated, forms, provided they do so by October 21, 2011. If they fail, their cases will be involuntarily dismissed.

      New York Domestic Relations Law, §18 regulates, in a most complicated way, how patients can enable another to have access to confidential medical records. Among various ways, a "qualified person" may make a written request to a health care provider for copies of

patient information and, upon receipt and "within a reasonable time" and subject to a "reasonable charge," the health care provider is required to provide copies to that "qualified person." NY Dom. R. L. §§18.2(e), (f). A "qualified person" is defined as a patient (called by the law a "subject") or an appointed guardian, a parent of an infant or, among others, "an attorney representing a qualified person who holds a power of attorney from the qualified person . . ." NY Dom. R. L. §18.1(g). If an appointed fiduciary is involved and has appointed a lawyer to obtain copies of a subject's medical records, the law, as it presently reads, gives a clear-enough authorization to the health care provider to honor an attorneys' request for copies of a patient's confidential medical information. However, if there is not a written instruction given by the patient himself, it is doubtful that his lawyer has the power to appoint another lawyer, the adversary, to obtain copies of the patient's confidential medical records, for a reasonable interpretation of the law finds that a fiduciary in this type of situation cannot delegate his fiduciary responsibilities to another. Cf. Restat 3d of Trusts, § 80(1).

The powers of attorney shown to me, by the affected plaintiffs to Worby, Groner, Edelman & Napoli Bern, LLP, are dated in 2006, 2007 and 2008. They are three to five years old, and I will not allow them. These litigations have been plagued by wholesale signings by Worby Groner of plaintiffs who have not suffered detectable injuries, and who have refused to cooperate with Worby Groner when it became time to choose between settlements and continuing their lawsuits. Many of them could not be located by Worby Groner even for purposes of communicating with them. The presence of such plaintiffs has threatened to prejudice the recovery rights of substantially injured plaintiffs, whom Worby Groner also represented. Thus, I have ordered Worby Groner to produce personally signed HIPAA Medical

Authorization forms, and I have overruled their objections based on older forms that the firm, and not the individuals, signed.

These plaintiffs now have a last chance to provide personally signed forms, or suffer the involuntary dismissals of their cases.

SO ORDERED.

Dated: October _, 2011
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge