USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/24/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                              :

IN RE WORLD TRADE CENTER DISASTER  :
SITE LITIGATION                           :

                              :
                              :
                              :
------------------------------------------------------------ x

**ORDER SUMMARIZING STATUS
CONFERENCE AND SETTING
NEXT CONFERENCE**

21 MC 100 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

       This order summarizes the status conference held October 18, 2011.

1.   The administration of the settlement that became effective January 5, 2011 is

       progressing satisfactorily. As reported by Margaret Warner, counsel to the

       WTC Captive Insurance Company, and as described in the report of Matthew

       Garretson, the Allocation Neutral whose company was appointed to

       administer the settlement, as of October 17, 2011:

            a.  A total of $217,626,171 in wire transfers has been distributed

               to 7,725 of the 10,116 settling plaintiffs. The breakdown of

               plaintiffs in each category is as follows:

                  i.  Tier One: 2,169 plaintiffs (21.3% of the opt-in

                     population) have received $ ____;[1]

                 ii.  Tier Two: 1,615 plaintiffs (16% of the opt-in

                     population) have received $ ____;

                iii.  Tier Three: 702 plaintiffs (6.94% of the opt-in

                     population) have received $ ____;

---

[1] The amounts here and below will be reported in the next report of the Allocation Neutral, soon to issue. The report will be posted on the court's 9/11 website.

1

      iv.  Tier Four: 5,630 plaintiffs (55.7% of the opt-in population) have received $ ____.

b. Of all settling plaintiffs, 39.93% have complete settlements. This represents 89.8% of the plaintiffs in Tiers One through Three.

c. Of the verified Tier Four plaintiffs, 65.6% have received their initial payments and interim payments, which total 40% of their final evaluation by the Allocation Neutral. Furthermore, they have received their Met Life Cancer Insurance Policy certificates, and have been evaluated with regard to all other aspects of the settlement.

d. $25,813,525 in premiums for the Cancer Insurance Policy, which insurances against blood and respiratory cancers, has been paid to 9,557 plaintiffs, and insurance certificates have been delivered to those plaintiffs. Approximately 200 additional plaintiffs are eligible for enrollment once they complete the underwriting process.

2. The City and the Captive have filed notices of appeal from my findings and conclusions of September 8, 2011 overruling their objections to paying bonus payments. My fuller opinion elaborating on the findings will issue when completed.

3. Of the 85 Plaintiffs who chose not to settle their cases, as of October 18, 2011, 48 cases remain. (The others stipulated to the voluntary dismissals of their

2

cases, presumably to enter the renewed Zadroga Act Victim Compensation
Fund.)

> a. Of the 16 of these cases that were chosen to move to trial, nine
>    remain—four chosen by Plaintiffs, one chosen by Defendants,
>    and four chosen by the Court. Defendants' choice is a Tier
>    One plaintiff; the others are Tier Four plaintiffs.
>
> b. Defendants may choose by October 28, 2011 another three
>    cases for intensive discovery and trial.
>
> c. Discovery meanwhile is proceeding, via depositions and
>    HIPAA authorizations for medical records.

4. Rule 35, F.R.C.P., examinations of the cases chosen to move to trial are to be
   scheduled and taken. Doctors chosen by defendants may conduct their
   examinations using all ordinary and customary procedures and tests with
   respect to the ailments claimed by each such plaintiff, including blood and
   urine samples, and x-rays, CTs and MRIs.

> a. As to biopsies, and other procedures that could have an adverse
>    affect on the person examined, and contrary to any tentative
>    ruling at the conference, I will consider objections raised by
>    Individual Rule 2E procedure.
>
> b. Contrary to the schedule announced at the conference for
>    raising objections, counsel shall confer to identify any disputed
>    procedures as promptly as possible, and submit any questions

3

or objections to me. The Special Masters will also be available to assist the parties.

   c.  Plaintiffs' counsel may attend the examinations of their clients, but not interfere with the doctors' examinations.

5. As to notices of claims against the City or suits filed after the April 12, 2010 eligibility date, provided by the Settlement Process Agreement, there appear to be 221 complaints filed with the court and an unknown number of notices of claim where lawsuits have not yet been filed.

   a.  The stay heretofore ordered is modified so that all filed cases may proceed through the core discovery procedures followed by the earlier-filed cases.

   b.  Counsel shall recommend a schedule to me that contemplates the completion of this discovery by November 30, 2011.

6. The final date established under the Zadroga Act Victims Compensation Fund for applying to the Fund is January 2, 2012. An unknown number of the cases in the 21 MC 100 docket may be voluntarily dismissed before then (and involuntarily dismissed if they fail to discharge their obligations in the cases before me).

7. Plaintiffs' counsel should appreciate the potential conflict, in advising their clients whether to continue with the lawsuit or apply to the Victim Compensation Fund, arising from disparity of attorneys' fees and allowance payable by the Fund and potentially anticipated in the lawsuits.

4

8. Defendants have expressed interest in conducting discovery of findings and investigations relating to the impact of toxins at the World Trade Center work sites on those who were exposed to such toxins. Mt. Sinai Medical Center, various federal, state and local agencies, and others are believed to have conducted epidemiological, medical and other studies. The respondents are likely to contest any obligations to respond to such discovery, and the entire process of adjudication and study of any data capable of being obtained may consume a considerable amount of time. Counsel shall confer among themselves and with such potential respondents to suggest a course of action to be considered by the court. A status conference on this subject will be held November 9, 2011 at 2:30pm in Courtroom 14D.

9. The next status conference shall be held December 14, 2011, at 10:00am, and consolidated with the status conference previously scheduled for the 21 MC 102 cases and any desired tutorial of the issues for trial.


SO ORDERED.

Dated:        October 24, 2011
              New York, New York

                                          ALVIN K. HELLERSTEIN
                                          United States District Judge

5