UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

IN RE WORLD TRADE CENTER DISASTER SITE
LITIGATION

------------------------------------------------------------

IN RE COMBINED WORLD TRADE CENTER
DISASTER SITE AND LOWER MANHATTAN
DISASTER SITE LITIGATION

------------------------------------------------------------ x

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/15/10

**ORDER APPROVING**
**SETTLEMENTS**

21 MC 100 (AKH)

21 MC 103

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Liaison counsel for Plaintiffs and Defendants involved litigation arising from the reception and burial of World Trade Center debris at Fresh Kills, Staten Island, have reached a partial settlement of the claims made by Plaintiffs against such Defendants. The aggregate settlement amount against all the Fresh Kills Defendants, who are identified below, is $24.3 million inclusive of $300,000 payable to defray administrative expenses. The present partial settlement for two-thirds of this amount, or $16.2 million, is with two of the three sets of these Defendants. The third set of Defendants have not yet settled, and may not settle, and the lawsuits will continue against them.

    I have reviewed the partial settlement and I find it to be fair, reasonable, and adequate, in the context of previous settlements previously announced and found fair, reasonable, and adequate. I accept the partial settlement, and I order it to be implemented simultaneously with all other settlement distributions to Plaintiffs who made claims or filed lawsuits against the Fresh Kills Defendants or any of them.

    Plaintiffs' liaison counsel, Worby Groner Edelman & Napoli Bern, represent that there are 1,918 Plaintiffs who made claims or filed lawsuits against the Fresh Kills Defendants or

1

any of them in the 21 MC 100 and 103 Master Calendars. The present partial settlement will be distributed to these Plaintiffs according to their entitlements under the Settlement Process Agreement, As Amended, with $2,000 payable to eligible Tier One Plaintiffs, $3,500 payable to eligible Tier Two plaintiffs, and $5,500 payable to eligible Tier Three plaintiffs. The balance, estimated to be 90 percent of the partial settlement amount, will be distributed to Tier Four Plaintiffs in accordance with the allocation provisions provided in the Settlement Process Agreement, As Amended. Plaintiffs' counsel may charge no more than a 25 percent contingent fee, with expenses limited in accordance with previous orders, rulings, and agreements.

The settling Defendants are Phillips & Jordan, Inc., and Evans Environmental & Geological Science and Management LLC ("EE&G"), together with their respective insurers, in the amount of $8.1 million each.

The non-settling Defendant is Taylor Recycling Facility, LLC ("Taylor Recycling"), together with its several insurers. The amount of settlement had been agreed to. The distribution of payments among Taylor Recycling's several insurers could not be agreed to. All lawsuits are to continue against Taylor Recycling, including the possibility of various actions against its insurers, without limitation as to any settlement amount.

I note that today's partial settlement with Phillips & Jordan and EE&G is one of several now completed between Plaintiffs in the 21 MC 100, 21 MC 102, and 21 MC 103 Master Calendars and the various Defendants whom they sued. These various agreements, and the settlement amounts, are as follows.

- The Settlement Process Agreement, As Amended, provides a range of $625 to $716 million for settlements with New York City and its various contractors, depending on the percentage of Eligible Plaintiffs who opt in.

- The settlement agreement with the Port Authority of New York and New Jersey adds $47.5 million, with additional amounts to follow for Plaintiffs still engaged in settlement negotiations.

- The settlement with Lloyd's of London on behalf of Weeks Marine, Inc., adds $28 million.

- The settlement with Phillips & Jordan and EE&G adds $16.2 million.

- Finally, the recent settlement with Survivair, Inc., adds $4.1 million.

All told, Plaintiffs eligible to settle their cases presently stand to recover an amount between $720.8 million and $811.8 million, along with additional amounts that may flow from settlement discussions that are still ongoing. If Plaintiffs satisfy the requisite op-in thresholds, and to ensure the speedy and effective distribution of individual settlement amounts, all these funds shall be submitted to the Allocation Neutral, who shall remit individual settlement amounts to each of the Plaintiffs in a timely manner, and as provided for in each of the various settlement agreements.

SO ORDERED.

Dated: November 15, 2010
New York, New York

/s/ ALVIN K. HELLERSTEIN
United States District Judge