UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: LOWER MANHATTAN DISASTER
SITE LITIGATION

21 MC 100 (AKH)

THIS DOCUMENT APPLIES TO ALL CASES
IN WHICH THE PORT AUTHORITY OF NEW
YORK AND NEW JERSEY IS A DEFENDANT

**SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT
OF MOTION FOR SUMMARY JUDGMENT DISMISSING COMPLAINTS
AGAINST THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY
FOR LACK OF SUBJECT MATTER JURISDICTION**

Paul A. Scrudato
Beth D. Jacob
Jill Berry
Schiff Hardin LLP
666 Fifth Avenue, 17th Floor
New York, New York 10103
(212) 753-5000

*Attorneys for Defendant The Port Authority
of New York and New Jersey*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    A.    Compliance With The Notice Of Claim Requirement Is Mandatory In Every Individual Action And Cannot Be Judicially Waived ................................ 2

    B.    This Court Has Consistently Rejected The Argument That Individual Notices of Claim Are Not Required ................................................................... 7

CONCLUSION ............................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**            **Page**

*Aegis Ins. Servs. Inc. v. Port Auth. of N.Y. & N.J.*,
  No. 09-3603-cv, 2011 WL 2449494 (2d Cir. June 21, 2011) .................................................. 4

*City of N.Y. v. Port Auth. of N.Y. & N.J.*,
  284 A.D.2d 195, 726 N.Y.S.2d 261 (1st Dept. 2001) .................................................. 3, 6

*Giannone v. Port Auth. of N.Y. & N.J.*,
  127 A.D.2d 818, 511 N.Y.S.2d 940 (2d Dept. 1987) .................................................. 4

*In re Methyl Tertiary Butyl Ether Prods. Liability Litig.*,
  674 F.Supp.2d 494 (S.D.N.Y. 2009) .................................................. 2

*Kyne v. Carl Beiber Bus Servs.*,
  147 F. Supp.2d 215 (S.D.N.Y. 2001) .................................................. 4

*Luciano v. Fanberg Realty Co.*,
  102 A.D.2d 94, 475 N.Y.S.2d 854 (1st Dept. 1984) .................................................. 3, 4, 5, 6

*Lyons v. Port Auth. of N.Y. & N.J.*,
  228 A.D.2d 250, 643 N.Y.S.2d 571 (1st Dept. 1996) .................................................. 6

*Megrant Props., Inc. v. Port Auth. of N.Y. & N.J.*,
  191 Misc.2d 334, 740 N.Y.S.2d 849 (Sup. Ct., N.Y. Co. 2002) .................................................. 6

*Moodie v. Fed. Reserve Bank of N.Y.*,
  58 F.3d 879 (2d Cir. 1995) .................................................. 6

*Mulligan v. Port Auth. of N.Y. & N.J.*,
  No. 02 CIV 6885, 2002 WL 31233245 (S.D.N.Y. Oct. 4, 2002) .................................................. 4, 7

*Olufue v. Port Auth. of N.Y. & N.J.*,
  307 A.D.2d 258, 761 N.Y.S.2d 685 (2d Dept. 2003) .................................................. 4

*Patel v. Port Auth. of N.Y. & N.J.*,
  184 A.D.2d 235, 586 N.Y.S.2d 747 (1st Dept. 1992) .................................................. 3

| Statutes | Page |
|---|---|
| New York General Municipal Law § 50-e | 5, 7 |
| New York Unconsolidated Laws § 7101 | 1, 3, 5 |
| New York Unconsolidated Laws § 7106 | 3 |
| New York Unconsolidated Laws § 7107 | passim |
| New York Unconsolidated Laws § 7108 | passim |

## **PRELIMINARY STATEMENT**

On October 11, 2011, The Port Authority of New York and New Jersey (the "Port Authority") moved for summary judgment dismissing the actions of twenty-two plaintiffs for lack of subject matter jurisdiction due to the plaintiffs' failure to comply with the requirements of the Port Authority's Suability Statute, codified in New York Unconsolidated Laws § 7101 *et seq.* On October 18, 2011, this Court requested supplemental briefing, with respect to fourteen plaintiffs, as to "whether a notice of claim is required in light of the fact that every prior claim against the Port Authority by 9/11 plaintiffs had been contested, thereby indicating that the Port Authority was treating the issues as a whole, and not addressing individual claims on the merits." Summ. Order, No. 21 MC 100 (AKH), Oct. 18, 2011, ECF No. 2589.

The Port Authority's waiver of sovereign immunity is limited. It consents to suit only if the jurisdictional requirements imposed by its Suability Statute have been met. These requirements are mandatory conditions precedent that must be satisfied by any plaintiff who seeks to sue the Port Authority. Unless they are satisfied, the Court has no subject matter jurisdiction over the matter.

The Suability Statute applies in every case and it imposes conditions on the *plaintiff*, not on the Port Authority, that cannot be waived as a result of the manner in which the Port Authority contests, resolves, or refuses to resolve, the claims of other plaintiffs. The Port Authority's consent to suit is conditioned on the plaintiff: (1) serving a notice of claim on the Port Authority at least 60 days before commencing an action, and (2) commencing an action within one year after the cause of action accrued. There is no exception in the Suability Statute that nullifies these requirements depending upon how the Port Authority "treats" any issue, be it individually or collectively. No such exception has ever been, or can be, grafted onto the Suability Statute. The New York appellate courts have not left this door even slightly ajar.

Rather, they have held that, in the absence of specific statutory authority, courts may not waive jurisdictional defects in the service of a notice of claim against the Port Authority. Indeed, this Court has held that the Port Authority's Suability Statute requires each and every plaintiff to serve an individual notice of claim and that each and every plaintiff must satisfy the jurisdictional conditions precedent.

To answer the Court's question: A notice of claim is required for the fourteen plaintiffs at issue.[1] The plaintiffs addressed in Section D.1 of the Port Authority's October 12, 2011 Memorandum of Law in Support of its Motion for Summary Judgment and those addressed in Section D.3 are indistinguishable under the reported decisions.[2] All of them failed to comply with the plain requirements of the Suability Statute. How the Port Authority "treats" any case is irrelevant to that analysis. Since the plaintiffs failed to serve notices of claim in accordance with the Suability Statute, the Port Authority is entitled to summary judgment.

## ARGUMENT

A. **Compliance With The Notice Of Claim Requirement Is Mandatory In Every Individual Action And Cannot Be Judicially Waived.**

The first source for determining the meaning of a statute is the plain language of the statute itself. *In re Methyl Tertiary Butyl Ether Prods. Liability Litig.*, 674 F.Supp.2d 494, 501 (S.D.N.Y. 2009) ("Established rules of statutory interpretation require courts to look first to the statutory language. . . . This means that the plain-meaning of unambiguous statutory text is

---

[1] The actions of two of these plaintiffs, Robert Martin and Charles Logan, were dismissed by the Court's October 26, 2011 order. Order Dismissing Certain Plaintiffs' Actions, No. 21 MC 100 (AKH), Oct. 26, 2011, ECF No. 2605. There are, therefore, twelve plaintiffs relevant to the Court's present inquiry.

[2] The plaintiffs included in Sections D.1 and D.3 of the Port Authority's October 12, 2011 Memorandum of Law in Support of its Motion for Summary Judgment all served a notice of claim, although not in compliance with the requirements of the Suability Statute. In both instances, the plaintiffs served their notice of claim *after* they filed their complaint.

2

controlling.") (internal quotations omitted). The requirements of the Port Authority's Suability Statute are clearly set forth on its face. Section 7101 provides that the States of New York and New Jersey will consent to suits against the Port Authority. Section 7106 conditions the consent on actions being brought in a certain venue. Section 7107 conditions the consent on a claim being commenced within one year of accrual and a notice of claim being served on the Port Authority at least 60 days before the action is commenced. Section 7108 conditions the consent on the notice of claim being verified and served in a certain manner, and containing specified information particular to the plaintiff (including the plaintiff's name and address). The Suability Statute does not excuse a plaintiff from serving a timely notice of claim based on actions taken by other plaintiffs, or the Port Authority's response to same. On the contrary, the clear mandate of the statute is that an individual notice of claim must be served in every case, in accordance with the requirements of both Sections 7107 and 7108.

The conditions precedent to suit against the Port Authority, including timely service of a notice of claim, are the result of legislative mandate and cannot be judicially waived. *City of N.Y. v. Port Auth. of N.Y. & N.J.*, 284 A.D.2d 195, 195, 726 N.Y.S.2d 261, 262 (1st Dept. 2001) ("a proper notice of claim is a jurisdictional prerequisite of a suit . . . (and) may not be judicially waived"); *Luciano v. Fanberg Realty Co.*, 102 A.D.2d 94, 94, 475 N.Y.S.2d 854, 855 (1st Dept. 1984) (court powerless to waive notice of claim requirement absent statutory exception); *Patel v. Port Auth. of N.Y. & N.J.*, 184 A.D.2d 235, 236, 586 N.Y.S.2d 747, 747 (1st Dept. 1992) (since these conditions are jurisdictional, they cannot be waived judicially).

As the Second Circuit has recently confirmed, the requirements of the Port Authority's Suability Statute constitute "jurisdictional prerequisites to a suit against the Port Authority, and failure to comply with them '*compels* the dismissal of the action for lack of

subject matter jurisdiction.'" *Aegis Ins. Servs. Inc. v. Port Auth. of N.Y. & N.J.*, No. 09-3603-cv, 2011 WL 2449494, at *5 (citation omitted and emphasis added) (2d Cir. June 21, 2011) (summary order) (amended June 27, 2011); *Mulligan v. Port Auth. of N.Y. & N.J.*, No. 02 CIV 6885, 2002 WL 31233245, at *1 (S.D.N.Y. Oct. 4, 2002) (Hellerstein, J.) ("compliance with these sections is mandatory and determines whether or not jurisdiction lies"); *Kyne v. Carl Beiber Bus Servs.*, 147 F. Supp.2d 215, 219 (S.D.N.Y. 2001) (dismissing action where plaintiff did not comply with Suability Statute; "subject matter jurisdiction is not a 'formality'").

Courts consistently dismiss actions for failure to comply strictly with the notice of claim requirement. *See, e.g., Giannone v. Port Auth. of N.Y. & N.J.*, 127 A.D.2d 818, 818-19, 511 N.Y.S.2d 940, 941 (2d Dept. 1987) (dismissing action commenced less than 60 days after notice of claim); *Olufue v. Port Auth. of N.Y. & N.J.*, 307 A.D.2d 258, 259, 761 N.Y.S.2d 685, 686 (2d Dept. 2003) (dismissing action where plaintiff filed complaint less than 60 days after service of notice of claim even though complaint was served more than 60 days after notice of claim was served).

The jurisprudence arising out of the Port Authority's Suability Statute usually involves cases where a plaintiff served an *untimely* notice of claim pursuant to Section 7107, or a *defective* notice of claim pursuant to Section 7108. As the foregoing cases show, a defective or untimely notice of claim deprives a court of subject matter jurisdiction, mandating dismissal. *A fortiori*, if a plaintiff has not served *any* notice of claim, a lawsuit cannot comply with the Suability Statute and the court lacks subject matter jurisdiction.

In *Luciano v. Fanberg Realty Co.*, 102 A.D.2d 94, 475 N.Y.S.2d 854 (1st Dept. 1984), the plaintiff sued the Port Authority for negligence arising from a building collapse. The plaintiff filed a complaint against the Port Authority without prior service of a notice of claim.

4

The plaintiff moved for an order allowing her to serve a late notice of claim, *nunc pro tunc*. The trial court granted plaintiff's motion, holding that "enforcement of Section 7101 would cause plaintiff hardship and that the Port Authority had acquired actual knowledge of the facts underlying the claim as a result of receiving five other notices of claim addressed to the same incident." 102 A.D.2d at 95, 475 N.Y.S.2d at 855. The appellate court reversed and dismissed the plaintiff's complaint, holding that the trial court "lacked the power to waive compliance" with the notice of claim requirement. *Id.*, 475 N.Y.S.2d at 855. The court concluded:

> [S]ince the Port Authority, in the absence of consent, was absolutely immune from suit, the states were free to condition consent on compliance with whatever requirements they deemed appropriate. Indeed, the statute specifically recites that "[T]he foregoing consent [to be sued] is granted" upon various conditions, including prior service of a notice of claim. (McKinney's Consolidated Laws of New York, § 7107). Thus, if the statutory conditions are not met, consent is withheld.

*Id.* at 96, 475 N.Y.S.2d at 856.

Unlike New York General Municipal Law Section 50-e, which applies exclusively to municipal corporations (*e.g.*, the City of New York), the Port Authority's Suability Statute affords the Court no discretion in applying its notice of claim requirements. "In the absence of specific statutory authority, courts cannot waive jurisdictional defects in the service of a notice of claim." *Id.* at 98, 475 N.Y.S.2d at 857 (citation omitted). The court in *Luciano* reasoned that "[t]o permit a late notice of claim in the circumstances presented herein is to ignore the legislative mandate making a timely notice of claim a condition precedent to suit." *Id.* at 99, 475 N.Y.S.2d at 858.

Whether a plaintiff argues that a notice of claim is not necessary because the Port Authority already had "notice" of the incident, or that the filing of an untimely notice (even by a few days) was "close enough," or that the notice need not be verified as required by the statute,

5

or that a notice of claim is not necessary because the Port Authority had contested previous cases and treated them "as a whole" (a hypothetical the Court has raised here), the result is the same – the plaintiff has failed to comply with the Suability Statute's mandatory conditions precedent to suit. *See Luciano*, 102 A.D.2d 94, 98-99, 475 N.Y.S.2d 854, 857-58 (generalized notice is not sufficient); *Lyons v. Port Auth. of N.Y. & N.J.*, 228 A.D.2d 250, 250-51, 643 N.Y.S.2d 571, 571-72 (1st Dept. 1996) (dismissing action commenced only six days short of 60-day waiting period); *Megrant Props., Inc. v. Port Auth. of N.Y. & N.J.*, 191 Misc.2d 334, 337, 740 N.Y.S.2d 849, 851 (Sup. Ct., N.Y. Co. 2002) (holding "failure to serve a notice of claim that was sworn to is fatal") (citing *City of N.Y.*, 284 A.D.2d 195, 726 N.Y.S.2d 261).

If the Court's October 18, 2011 inquiry questions whether the Port Authority, by contesting other plaintiffs' claims, waived the requirement of a notice of claim that complied with the requirements of both Sections 7107 and 7108 of its Suability Statute, there is no evidence of such waiver. On the contrary, the Port Authority has repeatedly asserted its immunity from suit where a plaintiff has failed to comply with the Suability Statute. More importantly, the issue under the Suability Statute is whether the Court itself has jurisdiction to hear the action and a party cannot waive subject matter jurisdiction. *Moodie v. Fed. Reserve Bank of N.Y.*, 58 F.3d 879, 882 (2d Cir. 1995) ("[d]efects in subject matter jurisdiction cannot be waived and may be raised at any time during the proceedings") (citation omitted).

The Suability Statute does not say that its requirements only apply provided the Port Authority "treats" plaintiffs individually and not "as a whole". Whether the Port Authority has contested all, some, or none of the claims of other plaintiffs in this or any litigation is not relevant to the application of the Suability Statute. The Port Authority's immunity to suit does not turn on its litigation posture in other cases. Nowhere does the Suability Statute impose *any*

6

obligation on the Port Authority that is relevant to the conditions precedent *imposed on a plaintiff*. It is not, respectfully, within the power of this Court to impose such an obligation on the Port Authority.

The Court's precise inquiry here is whether the twelve plaintiffs at issue were required to serve individual notices of claim because of the Port Authority's treatment of other claims. In fact, each of the twelve plaintiffs did serve a notice of claim, albeit far outside the time requirement of Section 7107 of the Suability Statute. As noted above, the New York appellate courts uniformly dismiss cases on subject matter jurisdiction grounds where plaintiffs serve untimely notices of claim.

**B.      This Court Has Consistently Rejected The Argument That Individual Notices of Claim Are Not Required.**

Slightly more than a year after 9/11, this Court, in the September 11 aviation litigation, ordered that the class allegations in plaintiffs' First Amended Class Action Complaint be stricken. *Mulligan v. Port Auth. of N.Y. & N.J.*, No. 02 CIV 6885, 2002 WL 31233245, at *1 (S.D.N.Y. Oct. 4, 2002) (Hellerstein, J.). The Court so ruled because each purported member of the class had not complied with Sections 7107 and 7108 of the Port Authority's Suability Statute. Plaintiffs' actions were inconsistent with the statute because, as this Court wrote: "Section 7108 requires individual application and individual showing of claim and injury, not a generalized allegation suitable for a class. Section 7108 mandates that the notice of claim contain the name and address of *each* claimant, a description of the claim of that claimant, and the damages sustained by that claimant." *Id.*, at *1 (emphasis in original).

The Court addressed a similar issue in 2009, when the City of New York and various City entities moved to dismiss complaints by plaintiffs who had failed to comply with the notice of claim requirements of New York General Municipal Law Section 50-e. Plaintiffs

7

claimed that the notice of claim requirements were "superfluous", arguing that "the city can't possibly claim that it didn't have timely and actual notice of the facts and circumstances at issue here." Tr. Oral Arg. at 13, Nos. 21 MC 100, 21 MC 102 (AKH) (July 28, 2009).

This Court had no difficulty disposing of the argument that individual notices of claim are not required, stating:

> I disagree with that. I think each particular plaintiff has a different claim arising from a different area of the work site with different potential defendants. I think the very purpose of the notice of claim has its purposes in the requirement. I just feel that you can't sweep it under by calling everything a World Trade Center site and a 9/11 injury.

Tr. Oral Arg. at 13, Nos. 21 MC 100, 21 MC 102 (AKH) (July 28, 2009).

The Court then proceeded to dismiss more than 700 actions where plaintiffs' notices of claim were either defective or nonexistent. Summ. Order Regarding City Defs.' Mtn. Partial Summ. J. and Battery Park City Auth.'s Mtn. Dismiss, No. 21 MC 102 (AKH), July 29, 2009, ECF No. 3462. The Court took this action notwithstanding plaintiffs' invitation to the Court to waive the notice of claim requirement because the City was not "investigating" individual claims and was not making settlement offers:

> I would also suggest that if we had seen even one case where the city had in fact done what the statute – and I'm talking now about General Municipal Law 50(e) and 50(i) – provides, in other words, that the city investigated the claims to determine if they were legitimate and to make, if possible, an early settlement offer, clearly that is not being done here. That was never contemplated in these cases.

Id. This Court properly disregarded counsel's argument in dismissing the subject complaints. The City's "treatment" of the plaintiffs' actions was deemed irrelevant.

Compliance with the City's notice of claim law is not a prerequisite to subject matter jurisdiction. In contrast, the Port Authority's Suability Statute establishes conditions

8

precedent to suit that confer subject matter jurisdiction in the first instance. There is no set of facts that would excuse a plaintiff from filing a notice of claim at all as to the Port Authority (the hypothetical raised by the Court), as no notice of claim (or an untimely notice of claim) deprives the Court of jurisdiction over actions against the Port Authority.

## CONCLUSION

The twelve cases at issue should be dismissed for failure to comply with the Port Authority's Suability Statute. The nature and extent of the Port Authority's treatment of, or defense to, any actions is irrelevant. The Court has no discretion to disregard the plain language of the Port Authority's Suability Statute or to engraft exceptions to its application based on the Port Authority's treatment of other claims. The actions of the plaintiffs in Section D.1 of the Port Authority's October 12, 2011 Memorandum of Law should be dismissed because the plaintiffs failed to serve a notice of claim on the Port Authority at least 60 days before they commenced an action. The actions of the plaintiffs in Section D.3 should be dismissed because the plaintiffs filed a complaint (or complaints) both before serving a notice of claim on the Port Authority and more than one year after their cause of action accrued.

Dated:   New York, New York
         November 3, 2011

Respectfully submitted,

By: *Paul A. Scrudato*
Paul A. Scrudato
Beth D. Jacob
Jill Berry
Schiff Hardin LLP
666 Fifth Avenue, 17th Floor
New York, New York 10103
(212) 753-5000

*Attorneys for Defendant The Port Authority of New York and New Jersey*

NY\51077630.9

9