
**PATTON BOGGS LLP**
ATTORNEYS AT LAW


RECEIVED
NOV 08 2011
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

The Legal Center
One Riverfront Plaza, Suite 600
Newark, New Jersey 07102-0301
973-848-5600

Facsimile 973-848-5601
www.pattonboggs.com

November 7, 2011

James E. Tyrrell, Jr.
973-848-5620
jtyrrellk@pattonboggs.com

VIA ELECTRONIC MAIL AND OVERNIGHT DELIVERY

Hon. Alvin K. Hellerstein, U.S.D.J.
United States District Court for the
Southern District of New York
500 Pearl Street, Rm. 1050
New York, NY 10007

*[Handwritten annotation: This is a motion to reconsider. Nothing new is presented. The motion is denied. The schedule required by ¶5 of my 10/24/11 order shall be proposed by Liaison counsel (pl. + df) by Nov. 18, 2011, noon. 11-9-11 AKH]*

Re: *In re World Trade Center Litigation*, 21 MC 100 (AKH)

Dear Judge Hellerstein:

    Counsel for Defendants the City of New York and the Contractors (collectively, "Defendants") were contacted by Plaintiffs' counsel Messrs. Cannata and Grochow and thereafter by Christopher LoPalo, Esq. of Plaintiffs' Co-Liaison Counsel Worby Groner & Napoli Bern LLP regarding Paragraph 5 of the Court's October 24, 2011 Order Summarizing Status Conference and Setting Next Conference ("Summary Order"), which relates to cases filed after April 12, 2010. All counsel have discussed their views regarding Paragraph 5 and determined that this joint letter submission should be made to the Court to resolve the differing positions and/or applications of counsel.

***Plaintiffs' Counsel Messrs. Cannata and Grochow's Position***

    This letter seeks relief from Paragraph 5 of the above referenced Order modifying the Stay with regard to post April 12, 2010 cases and allowing for discovery to proceed. Pursuant to that Order, the parties were to address this issue and recommend a discovery schedule contemplating completion of core discovery by November 30, 2011.

    Prior to the October 18, 2011 status conference, to which the Order refers, this office addressed the Court seeking judicial intervention to conduct a hearing with the principals of the Captive Carrier. The goal was to gain insight into their position concerning potential settlement of the relatively few remaining cases in the litigation, for which captive coverage may be available. The request was premised upon plaintiffs' current obligations in conferring with all remaining clients in all dockets relative to the decision to remain in the litigation or withdraw and apply to the World Trade Center Victim Compensation Fund. We had posited that any information about the Captive's position could be relevant to that decision-making process.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/9/11



As the Court is aware, all litigation clients must consider this issue prior to a January 2, 2012 legislatively imposed deadline. At the October 18, 2011 status conference the issue relating to the Captive's funds was raised. The defendants expressed that they had little discovery on these recently commenced cases, especially in view of the then pending Stay. The defendants advised the Court that without such information, they had no way to evaluate the nature of the claims being made. In response to that request for discovery and in the hopes that an abbreviated discovery document (similar to the current mini-database being utilized by the Special Masters for 21MC102 (AKH) case selections) would allow for a quick assessment by the Captive Carrier on behalf of the City and its other insureds, we agreed it prudent to immediately proceed with expedited discovery.

Following the conference, we contacted the Captive Carrier's Counsel, Ms. Warner. The sum result of that conference being that at this juncture there currently is neither intent nor lack thereof to consider the future of these cases visa vie a settlement plan, but that in no event would any consideration be forthcoming until after the January 2, 2012. That date being the deadline for litigation plaintiffs to consider withdrawal from the litigation and opt instead for the Victim Compensation Fund.

We are now presented with the confirmed realization that the Captive Carrier will not shed any light on their ultimate position until after plaintiffs are capitulated to the limiting language of the Zadroga legislation. Nor is there indication that any positive feedback will be forthcoming after January 2, 2012. Given the significant time imposition of meeting with all of our clients to make that decision prior to the January 2, 2012 deadline, as well as the current procedural and discovery mandates with reference to the 21MC102 (AKH) docket, our resources in attorney and staff time are at their limit.

In light of the above, and given that by January 2, 2012, the amount of post April 12, 2010 21CM100 (AKH) docketed cases will surely decrease, there is logic to deferring the actual compliance of discovery for these cases until sometime after January 2, 2012. We request, therefore, that although counsel can meet, confer and presumably agree to a discovery schedule and extent thereof, the Court recognize the need to extend its contemplated compliance date.
After January 2, 2012, at least the Zadroga decisions and the overwhelming attorney time consumed by such will have reached conclusion. We would anticipate approximately a 60 day time period to execute primary discovery on these newer cases. Subject to the Court's approval, we suggest February 28, 2012. The parties would also make recommendation concerning the extent and format of that discovery, be it in the form of the original 21MC100 (AKH) core discovery, the full database or the abbreviated version already being used by the Court for case selection in that docket.

115447



While we believe that the defense generally has no opposition to this application, this letter has been circulated to the other plaintiffs and the defense group. Comments or positions, if received, appear below. We thank the Court for its consideration of these issues.

***Plaintiffs' Co-Liaison Counsel Christopher LoPalo, Esq.'s Position***

Plaintiff Co-Liaison Counsel recommends the following discovery schedule for those cases filed after April 12, 2011 pursuant to paragraph 5 of the Court's October 24, 2011 Order ("Order"):

- November 30, 2011: Plaintiffs to populate the Court's TCDI database.

- November 30, 2011: Plaintiffs to provide the Defendants with all medical records within their possession and control.

- January 16, 2012: Plaintiffs' Co-Liaison Counsel to select and submit to the Court 5 cases to be considered for further pre-trial proceedings and trial.

- January 20, 2012: Defendants' Co-Liaison Counsel to select and submit to the Court 5 cases to be considered for further pre-trial proceedings and trial.

- January 25, 2012: The Court to select 5 cases to be considered for further pre-trial proceedings and trial.

- February 1, 2012: The parties to meet and confer on a further discovery schedule for these 15 cases selected for pre-trial proceedings and trial.

- For any Plaintiff who fails to comply with the November 30, 2011 deadlines, those cases shall not be selected for pre-trial proceedings and trial in this schedule.

A copy of the Court's Order is attached as Exhibit 1. Paragraph 5 of the Court's Order states, in relevant part: "As to notices of claims against the City or suites filed after the April 12, 2010 eligibility date…Counsel shall recommend a schedule to me that contemplates the completion of discovery by November 30, 2011. Mr. Cannata, who represents certain plaintiffs, requested that the stay be lifted in these cases. *See* page 25, line 5 of the October 18, 2011 Transcript which is attached as Exhibit 2. Mr. Cannata specifically said, "If they're not interested in settling, I would like you to lift the stay so we can move ahead with the cases". *See Id.* Mr. Tyrell then requested that such cases be put into core discovery. *See* lines 8-13 of Exhibit 2. When this Court suggested that the Plaintiffs respond to the core discovery questions in the

115447



Hon. Alvin K. Hellerstein, U.S.D.J.
November 7, 2011
Page 4

TCDI database, Mr. Cannata said: "We can certainly knock that out within a couple of weeks. We can certainly have it down within a month". *See* page 28 lines 10-12 of Exhibit 2.

Plaintiffs' Co-Liaison Counsel believes that this recommended schedule accommodates those Plaintiffs who are interested in pursing their lawsuits and those Plaintiffs that may voluntarily withdraw their lawsuits by January 2, 2012 in order to file a claim in the Zadroga Victims' Compensation Fund.

### *Defendants' Position*

Defendants agree with Messrs. Cannata and Grochow that the cases filed after April 12, 2010, should remain stayed until January 2, 2012. In the interest in brevity, Defendants make no statement regarding the commentary by those counsel regarding their interaction with counsel for the WTC Captive Insurance Co., Inc.

It is axiomatic that only after the January 2, 2012 deadline under the Zadroga Act has passed will the Court and parties know with any certainty which plaintiffs wish to proceed with litigation. As the Court is aware, the parties have already spent significant time and resources preparing selected cases for trial only to have numerous of those plaintiffs dismiss their claims to seek relief under the reopened Victim's Compensation Fund ("VCF").[1] Two of the selected plaintiffs that voluntarily dismissed their claims were selected by Plaintiffs' Co-Liaison Counsel. Furthermore, if the schedule proposed by Plaintiffs' Counsel Christopher LoPalo, Esq. is followed, further time and resources will be wasted in addressing discovery issues for numerous plaintiffs only to have many of those plaintiffs determine to dismiss their claims to participate in the VCF. In addition, contrary to the Court's past procedures and approach, Mr. LoPalo apparently would have a selected subset of "new" actions leapfrog over any remaining "opt-out" cases to be prepared for trial ahead of the remaining "opt-out" matters.

It has become routine at this point that each week a number of different counsel for plaintiffs contact Defendants' counsel seeking to dismiss cases in connection with applications to the VCF. In less than two months, the Court will have a final list of current plaintiffs that have neither settled nor applied to the VCF and whom wish to litigate their cases. Following the early January 2012 Zadroga Act deadline, the Court and counsel for the parties should revisit this issue to determine an appropriate case selection procedure for the post-April 12, 2010 filed actions. Until that time, those actions should remain stayed.

---

[1] The Court and parties previously selected sixteen cases for discovery and trial. Of the original sixteen selected cases, only eight plaintiffs remain. The other eight plaintiffs voluntarily dismissed their cases with prejudice to participate in the VCF.

115447



Hon. Alvin K. Hellerstein, U.S.D.J.
November 7, 2011
Page 5

Should the Court nonetheless wish to proceed with these cases in some manner at this time, the only activities that should occur prior to the January 2012 Zadroga Act deadline should be the population of the Court's 21 MC 100 "mini-database" by Plaintiffs' Counsel and the production by plaintiffs of their medical records.

Respectfully submitted,

_____s/_____
James E. Tyrrell, Jr., Esq.
PATTON BOGGS LLP
*Defendants' Co-Liaison Counsel*

Respectfully submitted,

Respectfully submitted,

_____s/_____
Christopher LoPalo, Esq.
WORBY GRONER EDELMAN
& NAPOLI BERN LLP
*Plaintiffs' Co-Liaison Counsel*

Respectfully submitted,

_____s/_____
Gregory J. Cannata, Esq.
Gregory J. Cannata & Associates
Plaintiffs' Counsel

115447