UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: LOWER MANHATTAN DISASTER
SITE LITIGATION

THIS DOCUMENT APPLIES TO ALL CASES
IN WHICH THE PORT AUTHORITY OF NEW
YORK AND NEW JERSEY IS A DEFENDANT

21 MC 100 (AKH)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT DISMISSING COMPLAINTS AGAINST
THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY
FOR LACK OF SUBJECT MATTER JURISDICTION**

Paul A. Scrudato
Beth D. Jacob
Schiff Hardin LLP
666 Fifth Avenue
New York, New York 10103
(212) 753-5000

*Attorneys for Defendant The Port Authority
of New York and New Jersey*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT ...................................................................................................................... 3

PLAINTIFFS' FAILURE TO COMPLY WITH SECTION 7107 OF THE PORT
      AUTHORITY'S SUABILITY STATUTE REQUIRES DISMISSAL OF THE
      COMPLAINTS .................................................................................................... 3

A.     The Requirements Of Sections 7107 And 7108 Apply To These Actions ...................... 3

B.     Specific Requirements Of Section 7107 ........................................................................ 6

      1.     If Plaintiff Commenced An Action Against The Port Authority Less Than
             60 Days After Service Of The Notice Of Claim, That Complaint Must Be
             Dismissed .......................................................................................................... 6

      2.     If Plaintiff Commenced An Action Against The Port Authority Before
             Serving A Notice of Claim, That Complaint Must Be Dismissed ......................... 7

      3.     If Plaintiff Commenced An Action More Than One Year After The Cause
             Of Action Accrued, That Complaint Must Be Dismissed ................................... 8

      4.     If No Notice Of Claim Was Served On The Port Authority, That
             Complaint Must Be Dismissed ............................................................................ 9

      5.     The "Jimmy Nolan" Law Amending General Municipal Law Section 50-i
             Is Irrelevant To Plaintiffs' Obligation To Comply With The Port
             Authority's Suability Statute ................................................................................ 9

C.     The Suability Statute Applies To Actions Brought Pursuant To ATSSSA ..................... 11

      1.     Since The Suability Statute Is Substantive Law, It Applies To ATSSSA
             Cases ................................................................................................................ 12

      2.     The Port Authority's Suability Statute Does Not Unfairly Limit Plaintiffs'
             Ability To Commence Actions Nor Does It Conflict With ATSSSA By
             Resulting In Disparate Treatment ...................................................................... 14

D.     Applying The Suability Statute's Requirements To Specific Cases Requires
        Dismissal ...................................................................................................................... 15

      1.     Notice Of Claim Not Served At Least 60 Days Before Action Commenced ...... 15

      2.     Action Commenced More Than One Year After Accrual ................................... 16

      3.     Complaints Filed Before Service Of Notice Of Claim And More Than One
             Year After Accrual ............................................................................................. 17

CONCLUSION .................................................................................................................. 18

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Aegis Ins. Servs. Inc. v. Port Auth. of N.Y. & N.J.*,
    2011 WL 2449494 (2d Cir. June 21, 2011) ............................................................. 4, 5

*Balzano v. Port of N.Y. Auth.*,
    232 N.Y.S.2d 776 (Sup. Ct. Kings Co. 1962),
    *aff'd* 23 A.D.2d 573, 256 N.Y.S.2d 495 (2d Dept. 1965) ........................................ 10

*Baron v. Port Auth. of N.Y. & N.J.*,
    968 F. Supp. 924 (S.D.N.Y. 1997) ......................................................................... 10

*Brown v. Port Auth. Police Superior Officers Ass'n*,
    283 N.J. Super. 122 (App. Div. 1995) ..................................................................... 13

*Caceres v. Port Auth. of N.Y. & N.J.*,
    631 F.3d 620 (2d Cir. 2011) ...................................................................................... 4

*Campbell v. City of N.Y.*,
    4 N.Y.3d 200, 791 N.Y.S.2d 880 (2005) ................................................................ 11

*City of N.Y. v. Port Auth. of N.Y. & N.J.*,
    284 A.D.2d 195, 726 N.Y.S.2d 261 (1st Dept. 2001) ...................................... 4, 7, 14

*Corcoran v. N.Y. Power Auth.*,
    202 F.3d 530 (2d Cir. 1999) .................................................................................... 14

*Davidson v. Bronx Mun. Hosp.*,
    64 N.Y.2d 59, 484 N.Y.S. 2d 533 (1984) ................................................................. 4

*DeLuca v. N.Y. City Transit Auth.*,
    119 Misc.2d 523, 464 N.Y.S.2d 340 (Sup. Ct. N.Y. Co. 1983) .............................. 10

*Giannone v. Port Auth. of N.Y. & N.J.*,
    127 A.D.2d 818, 511 N.Y.S.2d 940 (2d Dept. 1987) ............................................ 3, 6

*Hardy v. N.Y. City Health & Hosps. Corp.*,
    164 F.3d 789 (2d. Cir. 1999) ................................................................................... 15

*In re Sept. 11 Prop. Damage & Bus. Loss Litig.*,
    Nos. 02 MC 101, 02 Civ. 7188, 07 Civ. 10582,
    2008 WL 2600448 (S.D.N.Y. June 26, 2008) .................................................... 5, 12

*In re Sept. 11th Litig.*, 494 F. Supp. 2d 232 (S.D.N.Y. 2007) .............................. 12, 15

*Kyne v. Carl Beiber Bus Servs.*,
    147 F. Supp. 2d 215 (S.D.N.Y. 2001) .................................................................... 3, 7

*Lee v. Port Auth. of N.Y./N.J.*,
    487 F. Supp. 88 (D.C.N.Y 1980) .............................................................................. 9

*Luciano v. Fanberg Realty Co.*,
    102 A.D.2d 94, 475 N.Y.S.2d 854 (1st Dept. 1984) ....................................... 3, 7, 9, 11

# TABLE OF AUTHORITIES
## (continued)

Page

*Lyons v. Port Auth. of N.Y. & N.J.,*
   228 A.D.2d 250, 643 N.Y.S.2d 571 (1st Dept. 1996) ........................................ 4, 6, 7

*Malverty v. Waterfront Comm'n of N.Y. Harbor,*
   71 N.Y.2d 977, 529 N.Y.S.2d 67 (1988) ......................................................... 10

*Megrant Props, Inc. v. Port Auth. of N.Y. and N.J.,*
   191 Misc.2d 334, 740 N.Y.S.2d 849 (Sup. Ct., N.Y. Co. 2002) ........................... 14

*Mroz v. City of Tonawanda,*
   999 F. Supp. 436 (W.D.N.Y. 1998) ................................................................ 4

*Mulligan v. Port Auth. of N.Y. & N.J.,*
   No. 02 CIV 6885, 2002 WL 31008974 (S.D.N.Y. Sept. 6, 2002) ......................... 5

*Ofulue v. Port Auth. of N.Y. & N.J.,*
   307 A.D.2d 258, 761 N.Y.S.2d 685 (2d Dept. 2003) ........................................ 6

*Patel v. Port Auth of N.Y. & N.J.,*
   184 A.D.2d 235, 586 N.Y.S.2d 747 (1st Dept. 1992) ....................................... 4

*Privat Air, S.A. v. Port Auth. of N.Y. & N.J.,*
   No. 05-CV-2213, 2007 WL 2089285 (E.D.N.Y. July 19, 2007) ..................... 4, 12, 14

*Rao v. Port of N.Y. Auth.,*
   122 F. Supp. 595 (D.C.N.Y. 1954), *aff'd,* 222 F.2d 362 (2d Cir. 1955) ............ 8, 10

*Savino v. Demiglia,*
   133 A.D.2d 389, 519 N.Y.S.2d 384 (2d Dept. 1987) ...................................... 8, 11

*Serko & Simon, LLP v. Port Auth. of N.Y. & N.J.,*
   No. 02 Civ. 10052 (S.D.N.Y. May 6, 2003) .................................................. 4, 5

*Taddonio v. Port Auth. of N.Y. & N.J.,*
   No. 02 Civ 7270, 2003 WL 21729956 (S.D.N.Y. July 25, 2003) ......................... 5

*Trippe v. Port of N.Y. Auth.,*
   14 N.Y.2d 119, 249 N.Y.S.2d 409 (1964) ...................................................... 3

*Williams v. Nat'l Car Rental Sys., Inc.,*
   225 N.J. Super. 164 (Law Div. 1988) ............................................................ 13

*Yonkers Contracting Co., Inc. v. Port Auth. Trans-Hudson Corp.,*
   93 N.Y.2d 375, 690 N.Y.S.2d 512 (1999) ................................................. 3, 8, 12

*Zamel v. Port of N.Y. Auth.,*
   56 N.J. 1, 264 A.2d 201 (N.J. 1970) ......................................................... 13, 14

## Statutes

49 U.S.C. § 40101 ................................................................................... 11, 12, 15

49 U.S.C. § 408(a)(1) .................................................................................... 15

49 U.S.C. § 408(b)(2) .................................................................................... 11

N.J.S.A. 32:1-157 to 32:1-168 ......................................................................... 13

**TABLE OF AUTHORITIES**
(continued)

Page

N.J.S.A. 32:1-163 .................................................................................................. 13

N.J.S.A. 32:1-164 .................................................................................................. 13

New York General Municipal Law § 50-e ................................................... 11, 12, 14

New York General Municipal Law § 50-i ............................................................... 11

New York General Municipal Law § 50-i(4) ........................................... 9, 10, 11, 12

New York General Municipal Law § 50-i(4)(a) ............................................... 9, 11

New York Unconsolidated Laws § 7101 ........................................................ passim

New York Unconsolidated Laws § 7107 ........................................................ passim

New York Unconsolidated Laws § 7108 ........................................................ passim

**Rules**

N.Y.C.P.L.R. 205(a) ............................................................................................... 8

The Port Authority of New York and New Jersey (the "Port Authority") respectfully moves for summary judgment dismissing the actions of twenty-two plaintiffs over which this Court does not have subject matter jurisdiction based on the plaintiffs' failure to comply with the requirements of the Port Authority's Suability Statute, codified in New York Unconsolidated Laws § 7101 *et seq.* A plaintiff's failure to comply with these requirements deprives the Court of subject matter jurisdiction and compels dismissal of the plaintiff's complaint.

## PRELIMINARY STATEMENT

In October 2010, this Court approved a settlement between the plaintiffs represented by Worby Groner Edelman & Napoli Bern LLP (the "Napoli plaintiffs") and the Port Authority for up to $47.5 million. 8,910 plaintiffs were eligible to participate in the settlement and 8,573 plaintiffs opted into the settlement. Nearly 200 others have dismissed their claims. The final opt-in period for the Port Authority settlement has expired. All but one of the twenty-two plaintiffs who are the subject of this motion are among those who had an opportunity to participate in the settlement with the Port Authority. [1] These plaintiffs have exercised their right not to take advantage of this settlement.

Of the twenty-two plaintiffs who are the subject of this motion, six have been selected by the Court as trial plaintiffs. Discovery in these cases is underway and the trial

---

[1] One of the twenty-two plaintiffs, Bruce Greenberg, is not a Napoli plaintiff and therefore was not eligible to participate in the Port Authority settlement.

The twenty-one SPA opt-out plaintiffs who are the subject of this motion plus Mr. Greenberg are identified in Appendix A to the Amended Notice of Motion. A copy of Appendix A is also attached hereto. None of the plaintiffs who are the subject of this motion were the subject of the Port Authority's January 2010 motion to dismiss forty-six plaintiffs for failure to comply with the Suability Statute. All of those plaintiffs resolved their claims against the Port Authority. Although that motion had been fully briefed and argued, the Court dismissed it without prejudice in the context of the settlement agreements. Ct. Order, 21 MC 100 (AKH), Aug. 17, 2010, ECF No. 2138.

plaintiffs are scheduled to testify at depositions this month.  The Port Authority should not be compelled to expend additional time and resources on claims that are not viable on their face.

The dual requirements of Section 7107 of the Suability Statute are simple and straightforward.  First, a plaintiff must serve a notice of claim on the Port Authority at least 60 days before an action is commenced.  Second, the action must be commenced within one year after the cause of action accrued.  A plaintiff cannot maintain a claim against the Port Authority unless both of these conditions are met.

Many of the twenty-two plaintiffs to whom this motion applies have filed multiple complaints in this litigation and some have served more than one notice of claim on the Port Authority.[2]  No combination of any individual plaintiff's complaints and notices of claim satisfies the dual jurisdictional requirements of the Port Authority's Suability Statute.  The Port Authority moves to dismiss the claims of these twenty-two plaintiffs for failure to comply with Section 7107 of the Port Authority's Suability Statute, based on the face of the complaints and notices of claim.[3]

This memorandum first discusses the requirements of Section 7107.  It then reviews individually the facts relevant to each plaintiff's failure to satisfy these requirements which, in turn, deprives the Court of subject matter jurisdiction over these actions and compels their dismissal.

---

[2] The notices of claim include the dates on which the plaintiffs represent that their injuries became apparent to them and their physicians.  For the purposes of this motion only, the Port Authority is accepting these dates as the dates on which the plaintiffs' causes of action accrued.

[3] This motion does not include all of the ways in which the plaintiffs may have failed to comply with the requirements of the Suability Statute.  In addition, the Port Authority assumes, for the purposes of this motion only, that any complaint filed acted to commence an action against the Port Authority, although several  complaints are deficient (such as by failing to name the Port Authority) and therefore did not commence any action against the Port Authority.

## ARGUMENT

### PLAINTIFFS' FAILURE TO COMPLY WITH SECTION 7107 OF THE PORT AUTHORITY'S SUABILITY STATUTE REQUIRES DISMISSAL OF THE COMPLAINTS.

As this Court has held before in this and related September 11 litigations, a court lacks subject matter jurisdiction over an action that seeks monetary damages against the Port Authority unless the plaintiff has complied with the requirements of the Port Authority's Suability Statute and, more specifically, New York Unconsolidated Laws §§ 7107 and 7108. Since the actions which are the subject of this motion fail to comply with one or more of the requirements of Section 7107, they must be dismissed.

### A.      The Requirements Of Sections 7107 And 7108 Apply To These Actions.

When first created, the Port Authority, as "a bi-state agency created through a compact between New Jersey and New York with the approval of Congress," enjoyed the same sovereign immunity as the State of New York. *Kyne v. Carl Beiber Bus Servs.*, 147 F. Supp. 2d 215, 218 (S.D.N.Y. 2001); *Trippe v. Port of N.Y. Auth.*, 14 N.Y.2d 119, 123, 249 N.Y.S.2d 409, 410-11 (1964); *Yonkers Contracting Co., Inc. v. Port Auth. Trans-Hudson Corp.*, 93 N.Y.2d 375, 378-79, 690 N.Y.S.2d 512, 515 (1999). Legislation enacted by the New York and New Jersey legislatures waived sovereign immunity to permit suits against the Port Authority. That waiver was predicated expressly upon compliance with conditions set out in the Suability Statute that are both mandatory and jurisdictional. *E.g., Giannone v. Port Auth. of N.Y. & N.J.*, 127 A.D.2d 818, 819, 511 N.Y.S.2d 940, 941 (2d Dept. 1987) (consent to suit is predicated "upon compliance with certain conditions" that are both "mandatory" and "jurisdictional"); *Luciano v. Fanberg Realty Co.*, 102 A.D.2d 94, 95, 475 N.Y.S.2d 854, 855 (1st Dept. 1984) (consent conditioned "upon compliance with certain jurisdictional conditions precedent"). Satisfaction of the prerequisites is an issue of subject matter jurisdiction and "failure to comply with [the jurisdictional requirements] ordinarily requires

- 3 -

dismissal." *Privat Air, S.A. v. Port Auth. of N.Y. & N.J.*, No. 05-CV-2213, 2007 WL 2089285, at *2 (E.D.N.Y. July 19, 2007) (*citing Mroz v. City of Tonawanda*, 999 F. Supp. 436, 454 (W.D.N.Y. 1998) and *Davidson v. Bronx Mun. Hosp.*, 64 N.Y.2d 59, 62, 484 N.Y.S.2d 533, 535 (1984)).

Section 7107 sets out mandatory jurisdictional conditions precedent to bringing a suit against the Port Authority. *Serko & Simon, LLP v. Port Auth. of N.Y. & N.J.*, No. 02 Civ. 10052 (S.D.N.Y. May 6, 2003) (Hellerstein, J.) (Decl. of Robert H. Rickner in Supp. of Mot. for Summ. J. Dismissing Compls. Against the Port Authority of New York and New Jersey for Lack of Subject Matter Jurisdiction ("Rickner Decl."), Exh. 24). Since these conditions are jurisdictional, they cannot be waived judicially. *Patel v. Port Auth of N.Y. & N.J.*, 184 A.D.2d 235, 236, 586 N.Y.S.2d 747, 747 (1st Dept. 1992). The conditions required by the Suability Statute "must be strictly construed." *Lyons v. Port Auth. of N.Y. & N.J.*, 228 A.D.2d 250, 251, 643 N.Y.S.2d 571, 572 (1st Dept. 1996). Prejudice to the Port Authority need not be shown, *id.*, and "substantial compliance is insufficient." *City of N.Y. v. Port Auth. of N.Y. & N.J.*, 284 A.D.2d 195, 195, 726 N.Y.S.2d 261, 262 (1st Dept. 2001).

The recent Second Circuit decision in *Aegis Ins. Servs. Inc. v. Port Auth. of N.Y. & N.J.*, 2011 WL 2449494, at *5 (2d Cir. June 21, 2011) (summary order) (amended June 27, 2011) underscores these principles. Reading the timing requirements of Section 7107 and the notice of claim requirements of Section 7108 in concert, the Second Circuit held that "Sections 7107 and 7108 constitute jurisdictional prerequisites to a suit against the Port Authority, and failure to comply with them '*compels* the dismissal of the action for lack of subject matter jurisdiction.'" *Id.*, at *5 (citation omitted and emphasis added); *see also Caceres v. Port Auth. of N.Y. & N.J.*, 631 F.3d 620, 624-25 (2d Cir. 2011) ("these requirements are jurisdictional" and "failure to satisfy these conditions 'will result in withdrawal of defendant's consent to suit and compels . . . dismissal'") (citations omitted).

The Second Circuit noted also that the absence of prejudice "is immaterial. The requirement imposed by Sections 7107 and 7108 of prior notice of the nature of the claim is a jurisdictional prerequisite to suit against the Port Authority. Failure to comply is not excused by the fact that it causes Port Authority no harm." *Aegis Ins. Servs. Inc.*, 2011 WL 2449494 at *6 (citation omitted). Notably, the Court in *Aegis Ins. Servs. Inc.* denied plaintiffs' motion for rehearing and refused to certify this subject matter jurisdiction issue to the New York Court of Appeals. *Aegis Ins. Servs. Inc.*, 2011 WL 2449494, *reh'g denied*, Ct. Order, No. 09-3603-cv (2d Cir. July 11, 2011).

This Court has applied the requirements of the Suability Statute in this litigation, dismissing personal injury claims brought by workers on the site after September 11, 2001, as well as property damage claims brought by tenants of the destroyed buildings for failure strictly to comply with the requirements. *Mulligan v. Port Auth. of N.Y. & N.J.*, No. 02 CIV 6885, 2002 WL 31008974 (S.D.N.Y. Sept. 6, 2002) (Hellerstein, J.) (applying Sections 7107 and 7108 in denying motion for permission to file late notice of claim and dismissing personal injury claims); *Taddonio v. Port Auth. of N.Y. & N.J.*, No. 02 Civ 7270, 2003 WL 21729956 (S.D.N.Y. July 25, 2003) (Hellerstein, J.) (applying Sections 7107 and 7108 in granting motion for permission to file late notice of claim); *In re Sept. 11 Prop. Damage & Bus. Loss Litig.*, Nos. 02 MC 101, 02 Civ. 7188, 07 Civ. 10582, 2008 WL 2600448, at *1 (S.D.N.Y. June 26, 2008) (Hellerstein, J.) ("The Port Authority of New York and New Jersey . . . enjoys the sovereign's immunity to suit" and therefore the requirements of the "New York statute that modifies sovereign immunity and allows the Port Authority to be sued . . . are jurisdictional and non-waivable."); *Serko & Simon, LLP*, 02 Civ. 10052 (dismissing September 11, 2001, property damage claims by tenant of World Trade Center for failure to comply with Section 7107).

**B.**    **Specific Requirements Of Section 7107.**

Section 7107 provides that the Port Authority's consent to suit is granted upon the condition that "any suit, action or proceeding prosecuted or maintained under this act shall be commenced within one year after the cause of action therefor shall have accrued" and further provides that "in the case of any suit, action or proceeding for the recovery or payment of money, prosecuted or maintained under this act, a notice of claim shall have been served upon the port authority by or on behalf of the plaintiff or plaintiffs at least 60 days before such suit, action or proceeding is commenced." N.Y. Unconsol. Laws § 7107.

**1.**    **If Plaintiff Commenced An Action Against The Port Authority Less Than 60 Days After Service Of The Notice Of Claim, That Complaint Must Be Dismissed.**

Strict compliance with Section 7107's 60-day waiting period is required; courts consistently dismiss actions commenced within 60 days of service of the notice of claim. Since the Port Authority's waiver of immunity and consent to suit were predicated upon compliance with the conditions set forth in Section 7107, failure to satisfy the 60-day condition results in withdrawal of the Port Authority's consent and compels dismissal of the action for lack of subject matter jurisdiction. *Giannone*, 127 A.D.2d at 818-19, 511 N.Y.S.2d at 941 (dismissing action commenced less than 60 days after notice of claim); *Ofulue v. Port Auth. of N.Y. & N.J.*, 307 A.D.2d 258, 259, 761 N.Y.S.2d 685, 686 (2d Dept. 2003) (dismissing action where plaintiff commenced his action by filing his complaint less than 60 days after service of notice of claim for lack of subject matter jurisdiction, although complaint was served more than 60 days after the notice of claim was served). Even where plaintiff's suit was only six days short of satisfying the 60-day waiting period, there was no subject matter jurisdiction and the action was dismissed. *Lyons*, 228 A.D.2d at 250-51, 643 N.Y.S.2d at 571-72 (filing complaint 54 days after service of notice of claim resulted in dismissal of suit).

- 6 -

> Lack of prejudice is irrelevant:

> Compliance with the condition precedent in the statute of giving 60 days notice is mandatory and jurisdictional. The failure to satisfy this condition will result in withdrawal of defendant's consent to suit and compels the dismissal of the action for lack of subject matter jurisdiction. The fact that the Port Authority may not have been prejudiced by the plaintiff's failure to comply with the statute is immaterial, since the requirement is jurisdictional and must be strictly construed.

*Id.* at 251, 643 N.Y.S.2d at 571-72 (internal citations omitted).

In *City of New York*, 284 A.D.2d 195, plaintiff served a defective notice of claim on October 26, 1999, and a proper notice of claim on December 2, 1999. On December 30, 1999, more than 60 days after service of the defective notice of claim but less than 60 days after service of the proper notice of claim, plaintiff commenced an action against the Port Authority. The court rejected plaintiff's argument that it had substantially complied with Section 7107 and dismissed the action, holding that "the notice requirement is a jurisdictional prerequisite of a suit . . . (and) may not be judicially waived." 284 A.D.2d at 195, 726 N.Y.S.2d at 262; *Kyne*, 147 F. Supp. 2d at 217 (dismissing action commenced less than 60 days after service of notice of claim for lack of subject matter jurisdiction).

## 2.   If Plaintiff Commenced An Action Against The Port Authority Before Serving A Notice of Claim, That Complaint Must Be Dismissed.

*A fortiori*, a suit commenced before service of the notice of claim does not comply with Section 7107's requirement that a suit must be commenced at least 60 days after the notice of claim was served. *Luciano*, 102 A.D.2d at 99, 475 N.Y.S.2d at 858 (denying motion to file notice of claim after action commenced and dismissing complaint under Section 7107). Thus, an action started before the notice of claim was served must be dismissed.

**3.**     **If Plaintiff Commenced An Action More Than One Year After The Cause Of Action Accrued, That Complaint Must Be Dismissed.**

Compliance with Section 7107 mandates that any action commenced more than one year after it accrued must be dismissed for lack of subject matter jurisdiction.  As the New York Court of Appeals held:

> The legislative intent to condition the waiver of sovereign immunity with respect to the Port Authority on timely suit could not be more clear.   Unconsolidated Laws § 7107 unambiguously allows an action against the Port Authority only "*upon the condition* that any suit, action or proceeding prosecuted or maintained under this act shall be commenced within one year."

*Yonkers Contracting Co.,* 93 N.Y.2d at 379, 690 N.Y.S.2d at 514-15 (emphasis in original) (holding that N.Y.C.P.L.R. 205(a), which permits filing of new complaint within six months of dismissal of previous pleading, does not extend time for filing under Section 7107).  The one-year period in Section 7107 is a condition precedent to suit that is integral to the cause of action itself; it "*conditions* the existence of the right of action, thereby creating a substantive limitation." *Id.* at 379, 690 N.Y.S.2d at 514 (emphasis in original); *Rao v. Port of N.Y. Auth.,* 122 F. Supp. 595, 597 (E.D.N.Y. 1954), *aff'd,* 222 F.2d 362 (2d Cir. 1955).  In *Rao,* the court dismissed an action filed more than one year after the date of accrual, despite a state procedural rule permitting an extension of time to file complaints.  It held that Section 7107's requirements cannot be extended despite the "safe harbor" statute, both because "[s]tatutes wherein sovereign immunity against suit is waived must be strictly construed" and because a unilateral New York statute does not apply to the Port Authority.  122 F. Supp. at 597.

The one-year period in which to commence an action against the Port Authority constitutes a condition precedent rather than a statute of limitations.  *Savino v. Demiglia,* 133 A.D.2d 389, 390, 519 N.Y.S.2d 384, 385 (2d Dept. 1987) (dismissing action commenced within 60 days of service of summons on the County Clerk of Queens County but fourteen months after accrual).  "[C]onditions precedent are more than mere periods of

limitations.   They are part of the cause of action, and the defendant's remedy for lack of compliance is a motion to dismiss for failure to state a cause of action."  *Lee v. Port Auth. of N.Y./N.J.,* 487 F. Supp. 88, 90 (S.D.N.Y 1980).

**4.    If No Notice Of Claim Was Served On The Port Authority, That Complaint Must Be Dismissed.**

Where no notice of claim was served on the Port Authority in an action for the recovery or payment of money, a court lacks subject matter jurisdiction and the complaint must be dismissed.  *Luciano,* 102 A.D.2d at 96, 475 N.Y.S.2d at 856.

**5.    The "Jimmy Nolan" Law Amending General Municipal Law Section 50-i Is Irrelevant To Plaintiffs' Obligation To Comply With The Port Authority's Suability Statute.**

Most of the twenty-two plaintiffs are among the more than 7,000 plaintiffs who served the Port Authority with notices of claim in late 2009 stating specifically that they were being served in accordance with New York General Municipal Law § 50-i(4) (the "Jimmy Nolan" Law), which extends the statute of limitations for bringing actions against the City of New York and other public corporations in connection with work at the World Trade Center disaster site.[4]  Because Section 50-i(4) does not and cannot amend the Suability Statute, these new notices of claim cannot create subject matter jurisdiction over an action that does not otherwise comply with the Port Authority's Suability Statute.  In addition, the Jimmy Nolan Law requires filing and service of a complaint within one year of the statute's September 16, 2009 effective date.  In the actions addressed by this motion, no complaints were filed or served after the 2009 notices of claim and before September 16, 2010, and

---

[4] "Notwithstanding any other provision of law to the contrary, including . . . the provisions of any general, special or local law or charter requiring as a condition precedent to commencement of an action or special proceeding that a notice of claim be filed or presented, any cause of action against a public corporation for personal injuries suffered by a participant in World Trade Center rescue, recovery or cleanup operations as a result of such participation which is barred as of the effective date of the subdivision because the applicable period of limitation has expired is hereby revived, and a claim thereon may be filed and served and prosecuted provided such claim is filed and served within one year of the effective date of this subdivision."  N.Y. Gen. Mun. Law § 50-i(4)(a).

therefore even if the statute applied, these cases must be dismissed for lack of subject matter jurisdiction.

Because the Port Authority is a bi-state agency, any changes to controlling law regarding it must be made by both the States of New York and New Jersey. Unilateral action by one state is not effective with respect to the Port Authority, especially with regard to the conditions under which the Port Authority's sovereign immunity is waived. *Balzano v. Port of N.Y. Auth.*, 232 N.Y.S.2d 776, 779 (Sup. Ct. Kings Co. 1962), *aff'd*, 23 A.D.2d 573, 256 N.Y.S.2d 495 (2d Dept. 1965) (Port Authority compact may not be modified by "unilateral action") (citing *Rao*, 122 F. Supp. at 597) (unilateral action "would be repugnant to the spirit of the agreement"). Since the one-year period for bringing an action "is an interstate compact between New York and New Jersey, it cannot be amended by a statute, or statutory interpretation, of one state." *DeLuca v. N.Y. City Transit Auth.*, 119 Misc.2d 523, 523, 464 N.Y.S.2d 340, 340 (Sup. Ct., N.Y. Co. 1983) (dismissing action not commenced within one year).

There is no mention in General Municipal Law Section § 50-i(4) of the Port Authority, its Compact, or enactment of parallel legislation by New Jersey, and therefore it does not comply with the bi-state mandate that the Compact requires explicit, parallel bi-state conduct; even parallel statutes which do not refer to each other have been held not to comply with the Compact. *Baron v. Port Auth. of N.Y. & N.J.*, 968 F. Supp. 924, 929 (S.D.N.Y. 1997) (holding New York anti-discrimination laws and timing for filing complaints did not apply to the Port Authority because they were not explicitly noted in the New Jersey statute); *cf.*, *Malverty v. Waterfront Comm'n of N.Y. Harbor*, 71 N.Y.2d 977, 529 N.Y.S.2d 67 (1988) (to same effect with respect to the New York-New Jersey Waterfront Commission of New York Harbor).

- 10 -

There are other indications that the Jimmy Nolan Law was not meant to apply to the Port Authority.  First, the statute revives a cause of action which is "barred . . . because the applicable period of limitation has expired," N.Y. Gen. Mun. Law § 50-i(4)(a), but the Suability Statute "constitutes a condition precedent rather than a mere Statute of Limitations." *Savino*, 133 A.D.2d at 390, 519 N.Y.S.2d at 385.  Second, the Jimmy Nolan Law amends Section 50-i of the General Municipal Law, which involves the procedure for bringing a claim against municipal or public corporations but does not apply to the Port Authority.  *E.g.*, *Campbell v. City of N.Y.,* 4 N.Y.3d 200, 203-05, 791 N.Y.S.2d 880, 123-24 (2005) (distinguishing Section 50-i and Section 7107); *Luciano,* 102 A.D.2d at 97, 475 N.Y.S.2d at 856 ("Section 50-e, however, applies exclusively to municipal corporations, and has no application to the Port Authority, a bi-state agency.").

Finally, even if the Jimmy Nolan Law applied, by its terms the notices of claim must be followed within the year by filing and service of the complaint.  No new complaints by these plaintiffs have been filed against or served on the Port Authority within the year after the Jimmy Nolan law was enacted.  Thus, since no new complaints have been timely filed and served, there is no need for this Court to consider the new notices of claim.

## C.    **The Suability Statute Applies To Actions Brought Pursuant To ATSSSA.**

The Port Authority's Suability Statute and the New York law interpreting it apply to cases brought pursuant to ATSSSA (Air Transportation Safety and System Stabilization Act), 49 U.S.C. § 40101.  Under ATSSSA, "the substantive law for decision . . . shall be derived from the law, including choice of law principles, of the State in which the crash occurred unless such law is inconsistent with or preempted by Federal law." ATSSSA, Section 408(b)(2).  New York is the state in which the crashes occurred giving rise to the instant cases.  Thus, New York law as to the interpretation of the Suability Statute is controlling.

- 11 -

1.    **Since The Suability Statute Is Substantive Law, It Applies To ATSSSA Cases.**

New York substantive law applies to ATSSSA cases in this Court because the Suability Statute is a question of subject matter jurisdiction, not a question of procedural law. As found by this and many other courts, "[u]nder New York's substantive law, notice of claim requirements are jurisdictional, and the failure to comply with them ordinarily requires dismissal." *Privat Air, S.A.*, 2007 WL 2089285, at *2; *Yonkers Contracting Co.,* 93 N.Y.2d at 379, 690 N.Y.S.2d at 514 (holding that Section 7107 "*conditions* the existence of the right of action, thereby creating a substantive limitation" (emphasis in original)); *In re Sept. 11 Prop. Damage & Bus. Loss Litig.*, 2008 WL 2600448, at *1.

This Court has held in similar contexts that state policies will govern ATSSSA claims. For example, before the Jimmy Nolan Law was enacted, this Court dismissed claims against City agencies that did not comply with the General Municipal Law § 50-e notice of claim requirements. Although the holding was mooted by Section 50-i(4), this Court's reasoning remains valid. *See* Rickner Decl. Exh. 25 at 9:8-21.

Similarly, this Court held that the law of compensatory damages of the state of the plaintiff's domicile would govern the personal injury and wrongful death actions in the claims brought against the aviation defendants under ATSSSA arising out of the hijackings and crashes of the four airplanes on September 11, 2001, citing among other considerations "[t]he interest of a plaintiff's domicile state in protecting the well-being of surviving dependents." *In re Sept. 11th Litig.,* 494 F. Supp. 2d 232, 243 (S.D.N.Y. 2007). The state's interest in protecting its sovereign immunity, including that of bi-state agencies such as the Port Authority, and in controlling the conditions and circumstances under which it is waived is at least as strong – if not stronger – than the considerations found controlling by this Court in previous ATSSSA decisions.

- 12 -

Although New York law applies since the plane crashes occurred in New York, New Jersey courts also require strict compliance with Section 7107. *See, e.g., Williams v. Nat'l Car Rental Sys., Inc.*, 225 N.J. Super. 164 (Law Div. 1988); *Brown v. Port Auth. Police Superior Officers Ass'n*, 283 N.J. Super. 122 (App. Div. 1995). In *Williams*, plaintiff commenced his action within one year of accrual but did not serve a notice of claim on the Port Authority until five days after the suit was filed. Noting that Section 7107[5] "explicitly requires that suits against the Port Authority shall be commenced within one year after the date the cause of action accrues *and* that a notice of claim shall be served upon the Port Authority at least sixty days *before* any such suit is commenced" (emphasis in original), the court observed that "[o]ur courts have *strictly construed* these requirements as jurisdictional prerequisites which are conditions precedent to the bringing of suit" (emphasis added). 225 N.J. Super. at 169. There, the court refused to apply the doctrine of substantial compliance and dismissed plaintiff's action.

New Jersey's Appellate Division affirmed this principle in *Brown*, 283 N.J. Super. 122, dismissing an action where plaintiffs served their notice of claim simultaneously with the filing of their complaint. Refusing to apply the doctrine of substantial compliance, the court said that to do so "would effectively read this requirement out of the statute." 283 N.J. Super. at 136. *Zamel v. Port of N.Y. Auth.*, 56 N.J. 1, 264 A.2d 201 (N.J. 1970), does not hold otherwise and establishes only a limited exception to strict compliance with some aspects of Section 7108. In *Brown*, the New Jersey Appellate Division distinguished *Zamel*,

---

[5] For convenience purposes, the Port Authority refers to "Section 7107" and "Section 7108" instead of the parallel New Jersey citations. In New Jersey, the Port Authority's Suability Statute is codified at N.J.S.A. 32:1-157 to 32:1-168. The New Jersey equivalent of Section 7107 is codified at N.J.S.A. 32:1-163 and the equivalent of Section 7108 is codified at N.J.S.A. 32:1-164.

noting that the *Zamel* plaintiff had provided to the Port Authority all of the information required under Section 7108 more than 60 days before filing suit.

In sum, New Jersey courts, like New York courts, require strict compliance with Section 7107, which is the relevant section for this motion. Although New Jersey courts permit substantial compliance with Section 7108 in certain limited circumstances, New York courts – whose interpretation of the Suability Statute is controlling in these cases – do not. *Privat Air, S.A.,* 2007 WL 2089285 (noting that Section 7108, like Section 7107, is jurisdictional and dismissing plaintiff's complaint where plaintiff failed to comply with Section 7108 by not verifying the notice of claim and not sending it to the Port Authority by registered mail). *See also City of N.Y. v. Port Auth. of N.Y. and N.J.,* 284 A.D.2d 195, 726 N.Y.S.2d 261 (1st Dept. 2001); *Megrant Props., Inc. v. Port Auth. of N.Y. and N.J.,* 191 Misc.2d 334, 740 N.Y.S.2d 849 (Sup. Ct., N.Y. Co. 2002).

2.    **The Port Authority's Suability Statute Does Not Unfairly Limit Plaintiffs' Ability To Commence Actions Nor Does It Conflict With ATSSSA By Resulting In Disparate Treatment.**

Enforcement of the Suability Statute requirements is not unconstitutional disparate treatment of those plaintiffs who did not comply with the Statute's terms. Plaintiffs could have complied with the requirements of the Port Authority's Suability Statute; it is not inequitable for them to bear the consequences of their decision to ignore the controlling law. Otherwise, no rules or requirements would apply to any cases or claims, because that would result in disparate treatment between actions which complied with applicable rules and those which did not.

The Second Circuit rejected a similar challenge to the notice of claim requirements under General Municipal Law § 50-e. *Corcoran v. N.Y. Power Auth.,* 202 F.3d 530, 538 (2d Cir. 1999) (notice of claim requirement not inconsistent with the Price-Anderson Act by imposing different standards of liability on private and public nuclear

power plant operators); *see also Hardy v. N.Y. City Health & Hosps. Corp.*, 164 F.3d 789, 793-95 (2d. Cir. 1999) (upholding notice of claim requirements for suits under the Emergency Medical Treatment and Active Labor Act against municipal hospitals, although plaintiffs with claims against private hospitals did not have similar prerequisites).

One "important purpose" of Congress in enacting ATSSSA was to protect the Port Authority "against the possibility of ruinous liability arising from the terrorist-related aircraft crashes of September 11, 2001." *In re Sept. 11th Litig.*, 494 F. Supp. 2d at 238 (referring to protection of aviation defendants); ATSSSA § 408(a)(1).   Avoidance of disparate treatment is only one of the many important purposes of ATSSSA.  Respecting the Port Authority's sovereign immunity and the conditions under which it is waived is consistent with the purpose of ATSSSA.

**D.      Applying The Suability Statute's Requirements To Specific Cases Requires Dismissal.**

None of the plaintiffs who have not opted in to the SPA and the Port Authority settlement have complied with the Port Authority's Suability Statute from the face of their pleadings.   Outlined below are facts relevant to each plaintiff's failure to satisfy the requirements of Section 7107.[6]  As noted above, the Port Authority has not in this motion identified all the ways in which a particular plaintiff failed to comply with the requirements of the Suability Statute since the below-listed deficiencies alone warrant dismissal of each of these cases for lack of subject matter jurisdiction.

**1.      Notice Of Claim Not Served At Least 60 Days Before Action Commenced.**

The following plaintiffs did not serve a notice of claim at least 60 days before they commenced their action, as required by Section 7107.  In fact, their complaints were

---

[6] Supporting documents for each plaintiff (*e.g.,* relevant notices of claim and complaints) are described in and attached to the Rickner Decl.

filed before the notice of claim was served, which of course violates the requirement that it be filed at least 60 days after service of the notice of claim.

| Plaintiff | Date Notice(s) of Claim Served on Port Authority | Date Complaint(s) Filed |
|---|---|---|
| Sebastian Bartolotta | 10/5/2009 | 10/3/2006 and 11/20/2007 |
| Maurice Davis | 10/14/2009 and 12/18/2009 | 10/13/2006 |
| John DeFano | 8/31/2007 and 11/3/2009 | 5/15/2007 |
| John Marshall | 11/6/2009 | 9/11/2006 and 9/14/2007 |
| Robert J. Martin | 11/6/2009 | 11/2/2007 |
| Richard Prager | 8/31/2007 and 11/24/2009 | 5/15/2007 |
| Joseph Ragazzo | 11/24/2009 | 1/7/2008 |
| Sotereos Samothrakis | 11/24/2009 | 5/15/2007 and 2/29/2008 |
| Robert Schor | 12/7/2009 | 2/4/2005, 6/30/2005, 2/7/2008 and 7/10/2009 |
| Joseph Trembone | 12/7/2009 | 2/4/2005, 4/8/2005, 6/30/2005 and 7/10/2009 |
| Michael Vaughan | 12/7/2009 | 10/4/2006 and 11/20/2007 |

*See* Rickner Decl. ¶¶ 2-4, 12-13, 15-16 and 18-21, Exhs. 1-3, 11-12, 14-15 and 17-20.

**2.    Action Commenced More Than One Year After Accrual.**

The following plaintiffs commenced their action against the Port Authority with a complaint filed more than one year after their cause of action accrued according to the date on their notices of claim.  Therefore, their actions should be dismissed pursuant to the requirement of Section 7107 that an action against the Port Authority must be commenced within one year of its accrual:

| Plaintiff | Accrual Date (based on Notice(s) of Claim) | Date Action Commenced |
|---|---|---|
| Patricia Defeo | 3/1/2005 | 10/10/2006 |
| Chris Devlin | 6/1/2004 | 9/14/2007 |
| Edward M. Ferraro | 6/1/2003 | 9/18/2006 |
| Melvin Glover | 10/18/2003 | 9/11/2006 |
| Bruce Greenberg | 5/5/2004 | 5/11/2005 |
| Mimi Netrosio | 11/1/2004 | 10/19/2006 |

| John Ruis | 5/16/2005 | 10/18/2006 |
| John Walcott | 5/19/2003 | 6/3/2004 |

*See* Rickner Decl. ¶¶ 5, 8-10, 14, 17 and 23, Exhs. 4, 7-9, 13, 16 and 22.

**3.    Complaints Filed Before Service Of Notice Of Claim And More Than One Year After Accrual.**

The following plaintiffs filed an initial complaint (or complaints) before serving a notice of claim and a subsequent complaint (or complaints) more than one year after their cause of action accrued: (i) Stanislaw Faltynowicz; (ii) Charles Logan; and (iii) Richard Volpe.

Mr. Faltynowicz filed his initial complaint on February 22, 2008, three months before he served a notice of claim on the Port Authority on May 22, 2008.  He filed a subsequent complaint on December 15, 2009, more than one year after his cause of action accrued (on November 2, 2007, according to his notice of claim).  *See* Rickner Decl., Exh. 6.

Mr. Logan filed his initial complaint on October 11, 2006, before serving a notice of claim on the Port Authority on October 13, 2006.  He filed a subsequent complaint on February 23, 2007, more than one year after his cause of action accrued (on December 12, 2005, according to his notice of claim).  *See* Rickner Decl., Exh. 10.

Mr. Volpe filed his first three complaints on June 3, 2004, July 14, 2004 and December 5, 2005, all eleven months or more before he served a notice of claim on the Port Authority on November 4, 2006.  According to his notice of claim, his cause of action accrued on August 1, 2004.  He filed his third, fourth and fifth complaints on December 5, 2005, January 26, 2007 and July 31, 2008, respectively, each more than one year after his cause of action accrued.  Further, Mr. Volpe served a second notice of claim on the Port Authority on December 9, 2009 which set forth the same accrual date, August 1, 2004, and did not file or serve a subsequent complaint.  *See* Rickner Decl., Exh. 21.

- 17 -

These plaintiffs' claims should be dismissed because they did not comply with the requirements of Section 7107 of the Port Authority's Suability Statute that an action cannot be commenced less than 60 days after service of a notice of claim on the Port Authority or more than one year after their causes of action accrued.

## CONCLUSION

The Port Authority's waiver of sovereign immunity is conditioned on compliance with its Suability Statute. This Court lacks subject matter jurisdiction over all actions which fail to meet the straightforward and unambiguous requirements set forth in Section 7107. Accordingly, the actions of these twenty-two plaintiffs against the Port Authority should be dismissed in their entirety and with prejudice.

Dated: New York, New York
      October 12, 2011

Respectfully submitted,

By: Paul A. Scrudato
Paul A. Scrudato
Beth D. Jacob
Schiff Hardin LLP
666 Fifth Avenue
New York, New York 10103
(212) 753-5000

*Attorneys for Defendant The Port Authority of New York and New Jersey*

- 18 -

APPENDIX A

| Plaintiff | Docket No. |
|---|---|
| Bartolotta, Sebastian | 06cv14487 |
| Davis, Maurice | 06cv09529 |
| DeFano, John | 07cv04916 |
| Defeo, Patricia | 06cv08957 |
| Devlin, Chris | 06cv13871 |
| Faltynowicz, Stanislaw | 08cv02616 |
| Ferraro, Edward M. | 06cv07411 |
| Glover, Melvin | 06cv13928 |
| Greenberg, Bruce | 05cv07273 |
| Logan, Charles | 06cv08448 |
| Marshall, John | 06cv14019 |
| Martin, Robert J. | 07cv10012 |
| Netrosio, Mimi | 06cv11774 |
| Prager, Richard | 07cv05041 |
| Ragazzo, Joseph | 08cv00764 |
| Ruis, John | 06cv11264 |
| Samothrakis, Sotereos | 07cv05070 |
| Schor, Robert | 05cv01618 |
| Trembone, Joseph | 05cv01629 |
| Vaughan, Michael | 06cv15110 |
| Volpe, Richard | 04cv04177 |
| Walcott, John | 04cv04178 |