UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: LOWER MANHATTAN DISASTER
SITE LITIGATION

21 MC 100 (AKH)

THIS DOCUMENT APPLIES TO ALL CASES
IN WHICH THE PORT AUTHORITY OF NEW
YORK AND NEW JERSEY IS A DEFENDANT

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT DISMISSING COMPLAINTS
AGAINST THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY
FOR LACK OF SUBJECT MATTER JURISDICTION**

Paul A. Scrudato
Jill Berry
Schiff Hardin LLP
666 Fifth Avenue, 17th Floor
New York, New York 10103
(212) 753-5000

*Attorneys for Defendant The Port Authority
of New York and New Jersey*

On October 12, 2011, The Port Authority of New and New Jersey (the "Port Authority") moved for summary judgment dismissing the actions of twenty-two plaintiffs for lack of subject matter jurisdiction due to plaintiffs' failure to comply with the requirements of the Port Authority's Suability Statute, codified in New York Unconsolidated Laws § 7101 *et seq.*

On November 23, 2011, after the motion had been fully briefed by the parties, this Court issued an Order directing plaintiffs to file affidavits "made on personal knowledge (not by attorneys), and on admissible facts. . . . If a Plaintiff fails properly to address Defendant's assertion of fact, Plaintiff risks that summary judgment may be granted." Order Reminding Pls. of Rule 56, Fed. R. Civ. P., and Enlarging Time to Oppose Summ. J., No. 21 MC 100 (AKH), Nov. 23, 2011, ECF No. 2638. The Court then enlarged plaintiffs' timeframe to oppose the Port Authority's motion and gave plaintiffs another opportunity to "properly address Defendant's assertion of fact." *Id.* The Port Authority was directed to reply to plaintiffs' submission on or before December 16, 2011.

Plaintiffs' submissions fail to raise any genuine issue of material fact concerning plaintiffs' failure to comply with the requirements of Section 7107 of the Port Authority's Suability Statute.[1] The dual requirements of Section 7107 are straightforward: (1) a plaintiff must serve a notice of claim on the Port Authority at least 60 days before an action is commenced, and (2) the action must be commenced within one year after the cause of action accrued. N.Y. Unconsol. Laws § 7107. These requirements constitute mandatory jurisdictional

---

[1] Thirteen of the plaintiffs at issue in this motion are represented by Worby Groner Edelman & Napoli Bern LLP (the "Napoli plaintiffs"). The Napoli plaintiffs who are subject to this motion are: Sebastian Bartolotta, Maurice Davis, John DeFano, Chris Devlin, Edward Ferraro, John Marshall, Richard Prager, Sotereos Samothrakis, Robert Schor, Joseph Trembone, Michael Vaughan, Richard Volpe and John Walcott. Bruce Greenberg, the fourteenth plaintiff to whom this motion applies, is represented by Stephen M. Cantor, P.C. The Port Authority's supplemental reply memorandum of law applies to both the Napoli plaintiffs and Bruce Greenberg. Eight of the twenty-two plaintiffs to whom the Port Authority's motion originally applied have either settled or dismissed their claims.

conditions precedent to suit against the Port Authority. *E.g., Aegis Ins. Servs. Inc. v. Port Auth. of NY & NJ*, 435 Fed. App'x 18, 26 (2d Cir. 2011) (unpublished).

The fourteen remaining plaintiffs who are the subject of this motion have not satisfied Section 7107 of the Port Authority's Suability Statute. Plaintiffs do not argue that any of the "facts" set forth in the affidavits cure the subject matter jurisdiction defects in their actions. Nor do plaintiffs include any legal authority that supports an argument that the actions satisfy the Port Authority's Suability Statute. Instead, plaintiffs' affidavits merely recite the dates plaintiffs worked at the World Trade Center Site, the names of plaintiffs' WTC employers, a litany of claimed WTC related injuries and the dates plaintiffs learned of such injuries, the names of plaintiffs' medical providers, and, in some cases, plaintiffs' disability payment amounts. None of this information, however, is relevant to this motion. Plaintiffs' cataloguing of health conditions does not operate to cure actions which were defective from the start. Nothing in plaintiffs' affidavits changes the fact that not one of these plaintiffs complied with Section 7107 by serving a timely notice of claim and filing a timely complaint.

A. <u>The Napoli Plaintiffs' Actions Should Be Dismissed.</u>

Four of the Napoli plaintiffs who are the subject of this motion failed to file affidavits based on personal knowledge pursuant to Federal Rule of Civil Procedure 56(c) in accordance with the Court's Order: (i) John DeFano; (ii) Chris Devlin; (iii) John Marshall; and (iv) Robert Schor. The actions of these four plaintiffs should be dismissed for lack of subject matter jurisidiction.

The affidavits of the nine other remaining Napoli plaintiffs do not include any facts that rebut the Port Authority's evidence that they failed to comply with the Port Authority's Suability Statute.

2

Six of these nine plaintiffs (Sebastian Bartolotta, Maurice Davis, Richard Prager, Sotereos Samothrakis, Joseph Trembone and Michael Vaughan) failed to serve a notice of claim on the Port Authority at least 60 days before they commenced their actions. Port Auth. Mem. at 15-16. In fact, each of these plaintiffs filed their complaint (or in some instances, multiple complaints) without having served any notice of claim on the Port Authority whatsoever. *Id.*; *see* Rickner Decl. ¶¶ 2-3, 15, 18, 20-21, Exhs. 1-2, 14, 17, 19-20. Nothing in plaintiffs' affidavits proves otherwise. *See* Decl. of Christopher R. LoPalo, Exhs. 1-2, 4-7.

Two of the Napoli plaintiffs, Edward Ferraro and John Walcott, violated Section 7107 in that they failed to commence their actions within one year after their causes of action accrued, according to the date in their notices of claim. Port Auth. Mem. at 16-17. Plaintiffs' affidavits offer no facts or argument to the contrary. *See* Decl. of Christopher R. LoPalo, Exhs. 3, 9. Each of these plaintiffs served only one notice of claim and one complaint. In both instances, the notice of claim and complaint do not comply with the Port Authority's Suability Statute. Port Auth. Mem. at 16-17; *see* Rickner Decl. ¶¶ 8, 23, Exhs. 7, 22. Moreover, Plaintiff Ferraro's affidavit confirms that his action – commenced more than two years after plaintiff's death – was untimely. *See* Decl. of Christopher R. LoPalo, Exh. 3 ¶ 6; *see* Rickner Decl. ¶ 8, Exh. 7.

The final Napoli plaintiff, Richard Volpe, failed to comply with Section 7107 in that he violated both the 60-day waiting period and the one-year filing requirement. Port Auth. Mem. at 17. Plaintiff Volpe's affidavit does not dispute the Port Authority's showing that there is no combination of his two notices of claim and five complaints that satisfies the requirements of Section 7107. *See* Decl. of Christopher R. LoPalo, Exh. 8; *see* Rickner Decl. ¶ 22, Exh. 21.

B.  **Plaintiff Bruce Greenberg's Action Should Be Dismissed.**

Plaintiff Bruce Greenberg's enlarged opposition, filed December 8, 2011, is, but for the signatory, nearly identical to his previous opposition, filed November 18, 2011. *Compare* Pl's. Aff. Opp'n to Mot. by Def. Port Auth. Summ. J., Dec. 8, 2011, *with* Pl's. Resp. Opp'n to Mot. by Port Auth. Summ. J., Nov. 18, 2011. Plaintiff Greenberg served one notice of claim and one complaint, the combination of which did not comply with the Port Authority's Suability Statute. Despite being offered three attempts by the Court to show that his action complies with Section 7107, Plaintiff Greenberg has failed to advance any relevant facts or any legal argument that his action satisfies the statute.

## CONCLUSION

Plaintiffs have failed to comply with the mandatory jurisdictional requirements of the Port Authority's Suability Statute, thus depriving the Court of subject matter jurisidiction over plaintiffs' actions. The cases at issue in this motion should therefore be dismissed as against the Port Authority in their entirety and with prejudice.

Dated: New York, New York
December 14, 2011

By: *Paul A. Scrudato*
Paul A. Scrudato
Jill Berry
SCHIFF HARDIN LLP
666 Fifth Avenue, 17th Floor
New York, New York 10103
(212) 753-5000

*Attorneys for Defendant The Port Authority of New York and New Jersey*

NY\51097182.1