UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: WORLD TRADE CENTER
DISASTER SITE LITIGATION,

21 MC 100 (AKH)

-----------------------------------------------------------x

THOMAS MAGEE,

                Plaintiff,

- against -

THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY, SILVERSTEIN
PROPERTIES and THE CITY OF NEW YORK,

                Defendants.

Civil Action No. 05 Civ. 07210 (AKH)

**Plaintiff's Rule 56.1(b) Statement**

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS

Plaintiff Thomas Magee respectfully submits this statement of material facts pursuant to Local Rule 56.1(b) in support of his opposition to submissions by defendants the City of New York ("New York City") and The Port Authority of New York and New Jersey ("Port Authority"), collectively the "moving defendants," for summary judgment and in opposition to plaintiff's motion to strike certain defenses and remand to state court.

1. Admit. Plaintiff worked at the World Trade Center ("WTC") site between September 11, 2001 and June 11, 2002. *See* Exhibit A to the Declaration of Noah H. Kushlefsky ("Kushlefsky Decl."), Magee's Verified Complaint against Defendants.

2. Admit with the following clarification. Plaintiff's testimony was that as of September 14 or 15, 2001 his work was supervised by a man named "Bobby" who owned Seasons Contracting. *See* 50-h Hearing Testimony of Thomas Magee, attached to Certification of James E. Tyrell ("Tyrell Cert.") as Exhibit 2 ("Magee 50-h Test."), 35:12 – 13, 37:18 – 23, 38:20 – 39:4 ("Had to be the 13th, 14th [of September])" Magee returned to the WTC site and the next day he got a union permit and started working with Seasons. Magee worked under Seasons for "six or seven weeks" after

1

which "[t]he [operating engineers] union called and asked me if I would like to join them permanently.")

3. Admit.

4. Admit that Magee worked on behalf of Hayward Baker/Nicholson Joint Venture ("Baker/Nicholson") from November 5, 2001 through approximately May 28, 2002. Magee could not remember exactly when his work for Baker/Nicholson ended. *See* Magee 50-h Test., 44:24 – 45:18.

5. Admit that Magee began work on behalf of Yonkers/Tully/Pegno on or around May 28, 2002. *See* Magee 50-h Test., 44:24 – 45:18.

6. Admit.

7. Admit that Magee was severely injured after falling from a ladder while performing welding work in an elevator shaft at the WTC construction site. *See* Exhibit B to Kushlefsky Decl., Magee's Worker's Compensation Claim Form.

8. Admit that the ladder upon which plaintiff was standing fell after a ground pump failure which resulted in flooding. *See* Exh. B, Kushlefsky Decl., Magee's Worker's Compensation Claim Form.

9. Admit. Plaintiff sustained severe and permanent orthopedic injuries as a result of the afore-mentioned fall, including, among other things, fractured vertebrae. *See* Exhibit B, Kushlefsky Decl., Magee's Worker's Compensation Claim Form.

10. Admit that Magee joined a suit to recover for respiratory injuries sustained during the rescue efforts at the WTC site following the September 11 terrorist attacks. That suit appears to have been dismissed on April 12, 2004. *Ariola, et al. v. The Port Authority of New York and New Jersey, et al.*, 02-cv-9127 (S.D.N.Y.), 4/12/2004 docket entry ("Stipulation and Order of Dismissal.")

11. Admit.

12. Admit that plaintiff filed a claim with the Victims' Compensation Fund ("VCF") on February 24, 2004 and that he received an award of $536,206. Insofar as this paragraph asserts that the VCF award was for all injuries sustained at the WTC construction site, plaintiff denies the allegation. Magee's VCF application clearly stated that his claim was based on his "rescue and recovery work[]" and that during this work he had "sustained respiratory injuries." *See* Exhibit C to Kushlefsky Decl., Magee VCF Claim Form. Magee further explained in his VCF application that the "nature of [his] physical injuries" were "respiratory[.]" *Id.*

13. Admit that the records Magee provided, in addition to supporting his claim for his respiratory injuries, mentioned the orthopedic injuries sustained on June 11, 2002. Magee did not redact mention of orthopedic injuries in the records he provided to support his respiratory injuries.

14. Admit that Magee executed a waiver when he received compensation for his claim for respiratory injuries. To the extent defendants assert that Magee waived his right to file suit for his orthopedic injuries by executing this waiver, plaintiff denies the allegation and asserts that defendants have failed to provide any evidentiary proof that Magee executed a waiver of future suits for his orthopedic injuries.

### Plaintiff's Additional Rule 56.1 Statement of Facts

15. Magee was employed by the International Union of Operating Engineers from September 14, 2001 until he had to stop working because of his June 11, 2002 fall. *See* Exh. C, Kushlefsky Decl., Magee VCF Claim Form, p. 6.

16. Magee's claim to the VCF was only for his respiratory injuries. *See* Exh. C, Kushlefsky Decl., Magee VCF Claim Form, p. 2.

17. Nowhere on his application for a VCF award did Magee ever mention his June 11, 2002 orthopedic injuries. *See generally* Exh. C, Kushlefsky Decl., VCF Fund Application Form.

18. The VCF issued Magee an award letter on June 4, 2004 and noted that issuance of the award was contingent on receipt of "notice of dismissal of any legal action." *See* Exhibit D to Kushlefsky Decl., June 4, 2004 VCF Award Letter.

19. On April 12, 2004, Magee stipulated to the dismissal with prejudice of his lawsuit for respiratory injuries. *Ariola, et al. v. The Port Authority of New York and New Jersey, et al.*, 02-cv-9127 (S.D.N.Y.), 4/12/2004 docket entry ("Stipulation and Order of Dismissal.")

20. He received payment from the VCF on about July 10, 2004. Kushlefsky Decl., ¶ 7.

21. When he received that payment, his action for respiratory injuries had been dismissed, but his action for orthopedic injuries was not dismissed. Kushlefsky Decl., ¶ 6.

22. Congress passed the Air Traffic Transportation Safety and System Stabilization Act ("ATSSSA") shortly after the terrorist attacks of September 11, 2001. 49 U.S.C.A. §§ 40101 note, 44302 – 06.

23. The September 11th Victim Compensation Fund was established as part of the ATSSSA and, for rescue and recovery workers like Magee, required a presence at the WTC site and exposure or physical harm sustained within 96 hours of the September 11, 2001 terrorist attacks. *See* 28 C.F.R. § 104.2.

Dated: December 30, 2011
New York, New York

KREINDLER & KREINDLER LLP

/s/ Noah H. Kushlefsky
Noah H. Kushlefsky, Esq.
750 Third Avenue
New York, New York 10017
(212) 687-8181
Attorneys for Plaintiffs