UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

IN RE: WORLD TRADE CENTER                        21-mc-100 (AKH)
DISASTER SITE LITIGATION

-------------------------------------------------------------x

BODILY INJURY, NON-RESPIRATORY,                  **DECLARATION IN SUPPORT**
NON-INGESTION CASES                              **OF REQUEST FOR ORDER**
                                                 **AWARDING COUNSEL**
                                                 **FEES AND EXPENSES**

-------------------------------------------------------------x

MARION S. MISHKIN an attorney duly licensed to practice law in the courts of the

State of New York and a member of the bar of this Honorable Court hereby declares under the

penalties of perjury:

1.    That I am a sole practitioner in the law firm  known as the Marion S. Mishkin

Law Office, Plaintiff's Liaison Counsel for the 21 MC 100 (AKH) Bodily Injury, Non-

Respiratory, Non-Ingestion cases (the"Non-Respiratory" cases).

2.    This declaration is made upon my personal knowledge and reviews of the

litigation files maintained by this law office, documentary material produced, generated

and, or, maintained through these proceedings, individual and litigation-wide Pacer/ECF case

dockets and participation in the legal proceedings heretofore had through this litigation.

3.    This declaration is made in support of the within application by which the Marion

S. Mishkin Law Office (or "Counsel") seeks an Order awarding her fees and expenses for the

work performed, services rendered and expenses incurred as Liaison Counsel and lead counsel

for, on behalf of and, or, to the benefit of Non Respiratory Plaintiffs and their counsel (or "non-

respiratory counsel," "retained counsel," or "contingency fee counsel").

1

4.      By this request, Counsel seeks fees set forth on an hourly billing basis as this Court directed.[1]  Counsel is entitled to be duly paid for the effort, skill and time long-vested on behalf of non-respiratory plaintiffs and their counsel, for the tenacious advocacy and substantial work performed in leading non-respiratory plaintiffs through the significant stages of this litigation and in a manner segregated from the 10,000 party majority prosecution and insulated from the implications of an aggregate end, all to their advantaged interests.

5.      Counsel commenced work as a liaison counsel in the underlying litigation in, or around, August 2003 at the request and under the direction of New York State Supreme Court Justice Michael D. Stallman.  Counsel continued this work in ongoing coordinated efforts with Defendants' Co Liaison Counsel, including through removal before this Court where she was so appointed.  This request for payment is limited to the work Counsel performed in the time period commencing January 10, 2005, with removal proceedings and this Court's Case Management Order No. 03, through to the present time (the "subject time period").

6.      As is shown in the Memorandum of Facts and Law offered in Support of this Application, and as is widely recognized throughout this litigation, Counsel served as the singular voice, relentless advocate and sole presence before this Court for all non-respiratory plaintiffs and their retained counsel throughout the subject time period.  The benefits and services individual plaintiffs and their retained counsel received were not merely a bi-product of

---

[1]      *See*, Endorsed letter, dated January 11, 2011 [ECF/Pacer No. 2280].  The date set forth therein was subsequently lifted by the Court allowing for continued settlement and administrative efforts with submission authorized on an as ready basis.  Counsel's efforts proved effective during this period in resolving fees in several non-respiratory cases, as addressed *infra*.

Counsel's efforts in these proceedings. Rather, they were often the product of the direct, hands-on work Counsel performed in material part *for* retained counsel and their clients.

7. Through the subject time period, non-respiratory plaintiffs' counsel deferred litigation obligations over to moving Counsel, many in wholesale fashion, from such substantive work as devising the litigation strategy, writing the group's legal briefs, and advocating the group's interests, to monitoring and analyzing the litigation docket for retained counsel and appearing on their behalf, and in their stead, at proceedings before the court, to coordinating and leading strategy meetings and other group initiatives, and, in some cases, overseeing and working with the administrative staffs of these law firms in such fundamental matters as the preparation of their clients' individual core discovery responses and compliance with Orders of this Court. These and other efforts translate into tangible, pecuniary value to retained counsel, advanced their interests and those of their clients, conserved significant resources for all concerned and contributed to the scope of recoveries available in these cases, some received in expedited fashion and most to date in six and several in seven figure sums, all in the near total if not complete absence of meaningful contribution or appearance in the federal court by contingency fee counsel of record having been made.

8. The number of professional hours Marion S. Mishkin Law Office expended as Counsel during the subject time period for which payment is hereby requested is 3626.3. This sum (the "pre-application subtotal") is exclusive of the time expended in the preparation of this application, for which payment is also requested as indicated below, and has been capped at a

sum substantially reduced from the time expended.  During the period in which she was preparing this application, Counsel settled fees with retained counsel in five of the non-respiratory cases indicated in the within Appendix of Bodily Injury, Non-Respiratory, Non-Ingestion Plaintiffs as against the above-stated sum of hours.  As addressed below and detailed in the Memorandum, the total number of hours expended in the preparation of this submission has been capped at 525.8, reflecting 14.5% of the total, pre-application hours claimed.  Hence, moving Counsel hereby requests payment for the expenditure of a total of 4152.1 hours, less the pro rata share of the five above-referenced plaintiffs to the extent of fees paid as against the 3626.3 hour, pre-application subtotal.  The hourly rate Counsel requests is $450.00 per hour.  In view of all relevant factors presented here and detailed through this Application, this rate comports with the range of hourly rates applicable in this District.

9.    In support of this request, Counsel has annexed two Schedules of time, **Schedule A** and **Schedule B**, together itemizing the professional time expended.  **Schedule A**, entitled Hourly Statement/Selected Tasks, is an itemization of the dates, hours expended and nature of the work performed in the tasks stated for the period of January 10, 2005 (commencing with Case Management Order No. 03 proceedings) through the present date, along with an appended spreadsheet summary of the hours stated.  **Schedule B**, entitled Litigation/Docket Monitoring**,** is an itemization of the dates, hours expended and nature of work performed as Liaison Counsel in monitoring the legal proceedings and litigation docket on behalf of non-respiratory plaintiffs and their counsel including, among other work, reviewing and analyzing substantive and procedural matters incident to the proceedings, synthesizing and distilling the

massive volumes of information continuously produced through these proceedings and developing and managing databases of Orders and rulings of the Court and pertinent documents generated filed by the parties through the pendency of this litigation.

      10.    Counsel also requests reimbursement of monies expended in work performed as Counsel to the extent of the sum of $7,659.36. The sum requested is diminutive in relation to the disbursements in fact expended, and has been limited to information ascertainable from those statements, checking accounts, receipts and other records that remain presently accessible.

      11.    In support of this request, Counsel has annexed a document entitled **Schedule C**, Schedule of Expenses, identifying those expenditures for which reimbursement is hereby sought.

      12.    As referenced above, Counsel additionally requests payment for the services rendered, work performed and time expended in the preparation of this fee application. As is addressed in detail in the accompanying Memorandum, relevant decisions in this Circuit well reflect a recognition of the work entailed and services rendered in the preparation of the fee application and affirmatively authorize the award of payment for this work. As referenced above, Counsel requests that she be paid for a total of 525.8 hours expended in the preparation of this application. This sum has been reduced and capped and constitutes 14.5% of the total hours claimed, a percentile that is consistent with the percentiles awarded for the preparation of the fee application in the Second Circuit.

      13.    As addressed in the Memorandum, relevant case law also holds that payment is properly warranted for enhanced efforts expended in such preparation where reasonable grounds exist to believe the application will be "hotly contested." Such grounds exist here, including in

the intent several of the contingency fee counsel demonstrated to avoid their obligation to pay for Counsel's work. Arising largely in the context of settlement activity, some law firms failed to apprise moving Counsel of the settlement status of their client's cases, evincing an aim to avoid their obligation of payment by simply "fleeing the scene." With settlement activity flowing from the Court's approval of the Settlement Process Agreement ("SPA"), several counsel undertook to undermine or impede Counsel's continuing communications and other efforts to and on behalf of the group. To hinder Counsel's efforts to pursue the payment of fees, two law firms lead an endeavor to have the undersigned removed as Liaison Counsel and one of them substituted in her place, again in the heat of settlement proceedings, and only after having reaped the benefits of nearly six-years of the undersigned's work. Retained counsels' conduct in this instance is well reflected in their letter, dated October 7, 2010, notably submitted to the court *just 48-hours* following the October 5, 2010 status conference in which the Court authorized the undersigned's preparation of this fee application. The effort was rejected outright in the related conference directed before the Court and Order dated October 22, 2010 (*see*, 2005-cv-7212 (AKH) [ECF/Pacer No. 23]).

These and other actions are not necessarily global. But, to the extent of the activity that has occurred, its demonstration by contingency fee counsel who long enjoyed the benefits of Counsel's work and have sought to avoid paying for them establish ample ground to believe that they would similarly obstruct efforts to obtain payment by way of this fee application. Counsel committed all but incalculable professional and personal time and effort, forgoing other pecuniary pursuits over these years on behalf and to the tangible benefit of contingency fee

counsel and their clients.  In view of the foregoing factors, all due labor and time, over and above what is itself a considerable effort to prepare this application and support and pursue the attorneys' fees to which Counsel is clearly and all too long entitled, should be fully compensated as both warranted and necessary.

      15.     Annexed herewith is a document entitled **Appendix**; 21 MC 100 (AKH) Bodily Injury, Non-Respiratory, Non-Ingestion Cases ("Appendix"), which enumerates the cases in this sub-group by plaintiff name and docket number.  Case status information is also indicated, and is based upon information provided by retained counsel and, or, file reviews and reviews of the 21 MC 100 (AKH) and individual case dockets.

      16.     Annexed herewith is a document entitled **Appendix**, Professional Summary, setting forth a brief summary of Counsel's legal/professional background.

      17.     Offered herewith is a proposed order setting forth the award requested.

      18.     Annexed as Exhibit "1" in support of this request is a true and accurate copy of the transcript of the SPA Fairness Hearing Fairness Hearing held on June 23, 2010 (annexed in relevant part at 148–155).

      19.     Annexed as **Exhibit "2"** in support of this request is a true and accurate copy of Memorandum/strategy report prepared for non-respiratory retained counsel on the removal proceedings Counsel lead in these cases, dated August 4, 2005.[2]

      20.     Annexed as **Exhibit "3"** in support of this request are true and accurate copies of

---

[2]      No inference is intended nor should be implied of any waiver of confidentiality or attorney work product or attorney client privilege from the inclusion of any material with this application.  Counsel affirmatively asserts, continues, preserves and reserves all available confidences and privileges as to any and all materials, communications, information and documents prepared, produced, generated or had during these proceedings

letters to Court introducing counsel and submitting proposed briefing schedules Counsel

jointly prepared with Defendants' Co-Liaison Counsel, dated September 28, 2005 and

November 11, 2005, along with Court's Endorsement, dated November 14, 2005 and Pacer/ECF

Notice, dated November 15, 2005.

21.    Annexed as **Exhibit "4"** in support of this request is a true and accurate copy

of the lead brief Counsel prepared in Support of Motion for Remand, dated September 12, 2005.

22.    Annexed as **Exhibit "5"** in support of this request is a true and accurate copy of

lead Brief in Support of Motion for Remand contesting the Court's Subject Matter jurisdiction,

dated October 24, 2005.

23.    Annexed as **Exhibit "6"** in support of this request is a true and accurate copy of

lead Brief in Reply and in Further Support of Remand, dated December 8, 2005.

24.    Annexed as **Exhibit "7"** in support of this request is a true and accurate copy

of transcript (excerpted) of Oral Argument Counsel conducted before the Court on April 6, 2006

on behalf of non-respiratory plaintiffs in the remand motion proceedings.

25.    Annexed as **Exhibit "8"** in support of this request is a true and accurate copy of

one of the numerous strategy reports generated throughout this litigation, here summarizing

status and setting a strategy meeting for retained counsel, dated April 11, 2006.

26.    Annexed as **Exhibit "9"** in support of this request is a true and accurate copy of

letter by Counsel submitted on behalf of non-respiratory plaintiffs in opposition to

defendants' application for leave to commence declaratory judgment proceedings, dated

December 27, 2005.

27.     Annexed as **Exhibit "10"** in support of this request are true and accurate copies of status reports to the group, dated October 28, 2005, May 5, 2006, and May 14, 2006, and selection in the series of Counsel's affirmations (here dated May 14, 2006), made on behalf of non-respiratory retained counsel in Opposition to Appellants' series of Motions made post-removal to the Appellate Division, First Department, for Enlargements of Time to Perfect their Appeal on Immunity grounds.

28.     Annexed as **Exhibit "11"** in support of this request is a true and accurate copy (excerpted and redacted) of one of several document databases Counsel developed and managed on behalf of the group through these proceedings.

29.     Annexed as **Exhibit "12"** in support of this request is a true and accurate copy of letter to the Court by Counsel, dated March 1, 2006, and the Order of the Court, dated March 13, 2006, along with related status reports to retained counsel, dated March 1, 2006 and March 14, 2006,

30.     Annexed as **Exhibit "13"** in support of this request is a true and accurate copy of Affirmation of Marion S. Mishkin, Esq., Brief and Supporting Exhibit submitted in Opposition to Defendants' dispositive motions made on immunity grounds, dated April 21, 2006.

31.     Annexed as **Exhibit "14"** in support of this request is a true and accurate copy of Counsel's Brief, and supporting Exhibits in Further Opposition to Motions of Defendants made on grounds of immunity from suit, dated June 21, 2006.

32.     Annexed as **Exhibit "15"** in support of this request is a true and accurate copy

of a letter by Counsel to the Court advocating distinctions of the non-respiratory cases from the majority, advancing her request for sub-track identification among other matters, dated October 18, 2006.

33.     Annexed as **Exhibit "16"** in support of this request are true and accurate copies of several in the roster of strategy reports Counsel prepared for retained counsel here in connection with the Appellate proceedings before the Second Circuit, along with status report accompanied by copies of motion papers and related submissions Counsel prepared to the Second Circuit, dated February 15, 2007, July 23, 2007 and August 20 2007.

34.     Annexed as **Exhibit "17"** in support of this request is a true and accurate copy of the Brief Counsel wrote on behalf of Non-Respiratory Plaintiffs-Appellees before the Second Circuit Court of Appeals in Opposition to the Appeal submitted on immunity and related grounds, dated August 28, 2007.

35.     Annexed as **Exhibit "18"** in support of this request is a true and accurate copy of Second Circuit decision (excerpt 1 – 14) in *In re: World Trade Center Disaster Site Litigation* [McCue v. The City of New York], 521 F.3d 169 (2d Cir. 2008).

36.     Annexed as **Exhibit "19"** in support of this request is a true and accurate copy of strategy report Counsel prepared for retained counsel summarizing her appearance before this Court on their behalf, dated January 11, 2007.

37.     Annexed as **Exhibit "20"** in support of this request is a true and accurate copy of letter to the Court of Counsel submitted on behalf of the group in comment to the Court's October 10, 2007 Order, and proposed Core Discovery Order, dated November 9, 2007.

38.     Annexed as **Exhibit "21"** in support of this request are true and accurate copies of a selection of status, strategy and other reports and correspondences Counsel prepared for retained counsel concerning Core discovery and related matters, dated December 18, 2007, December 27, 2007, December 31, 2007 and July 13, 2009.

39.     Annexed as **Exhibit "22"** in support of this request are true and accurate copies of a selection in the series of productions of Core Discovery Responses Counsel electronically made, served and filed (ECF) on behalf of the non-respiratory plaintiffs, dated December 18, 2005, December 27, 2007, December 31, 2007, January 13, 2009.

40.     Annexed as **Exhibit "23"** in support of this request is a true and accurate copy of one in the series of Notices of Production of Core Discovery, Medical Records Counsel electronically made, served and filed (ECF) on behalf of the individual non-respiratory plaintiffs, here dated August 4, 2008.

41.     Annexed as **Exhibit "24"** in support of this request are true and accurate copies of the Court's Order Regulating Proceedings in the non-respiratory cases, dated January 3, 2008, [ECF/Pacer No. 650], with  Counsel's electronic service covering memorandum to the group, dated January 7, 2008.

42.     Annexed as **Exhibit "25"** in support of this request are true and accurate copies (redacted) of a Joint Liaison Report prepared for the Court summarizing key information on the non-respiratory cases, parties and their counsel, dated May 8, 2008, and sampling in the series of reports and correspondences Counsel generated to retained counsel in the preparation of case reports here dated November 11, 2006 and May 19, 2008.

11

42.    Annexed as **Exhibit "26"** in support of this request is a true and accurate copy of one of several notices to Defendants' Co-Liaison Counsel for the Production of group-specific Discovery Counsel prepared on behalf of the non-respiratory plaintiffs, here dated December 26, 2007.

43.    Annexed as **Exhibit "27"** in support of this request is a true and accurate copy of a status report accompanying Counsel's provision of copies of the SPA as amended and settling parties' motion for a stay of the proceedings, dated April 20, 2010, strategy/status report dated March 14, 2010, and status report and accompanying provision of copies of CMO No's 08 and 09, dated January 16, 2010.

44.    Annexed as **Exhibit "28"** in support of this request is a true and accurate copy of an Affirmation of Counsel made in Opposition to the Stay of the Proceedings as to the non-respiratory cases, dated April 20, 2010.

45.    Annexed with this Declaration is a Table of Contents of Affidavits and Exhibits made pursuant to Rule 2. B. of the Individual Rules of the Honorable Alvin K. Hellerstein.

46.    With contingency fee counsel and their clients having long received and enjoyed the fruits of Counsel's effort, labor, skill, and time, and with Counsel having relentlessly advocated the interests of non-respiratory plaintiffs and their retained counsel, transitioned their cases through the rigors of removal, developed their litigation strategy, written their briefs, argued their positions, appeared in their stead time and time again  - -  some through four court houses and over six-years years  - - in the legal proceedings before the court, served as Liaison Counsel, lead counsel, and of counsel in rendering substantive and procedural legal guidance,

formulated the strategy, continuously monitored the litigation docket on behalf of, and indeed

for, retained counsel, furnished counsel with a roadmap of the litigation in the form of a

continuum of strategy, status, and appearance reports, made their submissions, fulfilled their

requests in overseeing and working with their administrative staffs in preparing their clients'

papers, coordinated and executed their document exchanges and submissions and, along with

other work as identified through this application, otherwise performed or contributed materially

to the litigation of their clients' cases, it is absolutely proper that retained counsel be required to

pay moving Counsel for the effort, labor, skill, and time expended.

Dated: January 18, 2012
     New York, New York

    *(as conformed, January 23, 2012)*                Marton S. Mishkin

13

**TABLE OF CONTENTS:**
**AFFIDAVITS AND EXHBITS**

(Pursuant to Individual Rules
Hon. Alvin K. Hellerstein
Rule 2. B.)

| | |
|---|---|
| Declaration | Marion S. Mishkin, Esq. |
| Order | Proposed Order |
| Appendix | Non-Respiratory Plaintiffs; Case Listing |
| Appendix | Professional Summary |
| Memorandum | Memorandum of Facts and Law |
| Schedule A | Hours; Work Performed |
| Schedule B | Hours: Docket Monitoring |
| Spreadsheet | Hours; Summary |
| Schedule C | Expenses |
| Exhibit "1" | Trans. Fairness Hearing (excerpt)  06/23/10 |
| Exhibit "2" | Strategy report 08/04/05 |
| Exhibit "3" | Endorsed letters/Ordered Briefing Schedule and Enlargement and ECF docket sheet 09/28/05, 11/11/05, 11/16/05 |
| Exhibit "4" | Remand Procedural Defect Affirmation of Marion S. Mishkin, Esq. and Brief, dated 09/12/05 |
| Exhibit "5" | Remand Lack of Subject Matter Jurisdiction, dated10/24/05 |
| Exhibit "6" | Remand Brief in Reply, 12/08/05 |
| Exhibit "7" | Trans. Remand Oral Argument 04/06/06 (excerpt) |

| Exhibit "8" | Strategy report 04/11/06 Remand oral argument; immunity motions |
|---|---|
| Exhibit "9" | Letter by Marion S. Mishkin, Esq., 12/27/05, in Opposition to Def. Co LC's Request for Leave to Commence Declaratory Judgment Proceedings |
| Exhibit "10" | Affirmation of Marion S. Mishkin, Esq. in Opposition to *post-removal* Motions for Enlargement of Def. Co LC to A.D. First Dept., dated 05/14/06; Status Reports, dated 10/28/05; 05/05/06; 05/14/06 |
| Exhibit "11" | Document Database (excerpted and redacted) |
| Exhibit "12" | Letter to Court by Marion S. Mishkin, Esq., dated 03/01/06; and covering corresp; status reports, dated 03/01/06, 03/14/06; Order, dated 03/21/06 |
| Exhibit "13" | Affidavit of Marion S. Mishkin, Esq., Brief and Exhibit - Immunity, dated 04/21/06 |
| Exhibit "14" | Further Brief and Exhibits – Immunity, dated 06/21/06 |
| Exhibit "15" | Letter to Court by Marion S. Mishkin, Esq. further request, sub-track 10/ 18/ 06 |
| Exhibit "16" | Strategy/status report 02/15/07; status report to retained counsel, with copies of notice of covering letter, notice of motion, motion, appendixes made to 2d Circuit, dated 07/23/07; strategy report culling info. 08/20/07 |
| Exhibit "17" | Brief - 2d Circuit, Immunity (McCue), dated 08/28/07 |

| Exhibit "18" | Decision, 2d Circuit (McCue) (excerpt) |
|---|---|
| Exhibit "19" | Appearance/strategy report relaying efforts before the court for subgroup 01/11/07 |
| Exhibit "20" | Letter to Court by Marion S. Mishkin, Esq. submitting comment re. Core Discovery proposal 11/09/07 |
| Exhibit "21" | Strategy/status reports, 12/18/07, 12/27/07, 12/31/07, 07/13/09 |
| Exhibit "22" | Core Discovery filing receipts status reports, 12/06/07, 12/29/07, 12/31/07; 12/31/07, 01/06/08, 01/11/08 |
| Exhibit "23" | Notice of Production of Core Discovery; Medical 08/04/08 |
| Exhibit "24" | Order Regulating Proceedings (non-respiratory sub track), dated 01/08/08 |
| Exhibit "25" | Joint LC Case Report 05/12/08; status reports/correspondence re Case Listing Reports 11/11/06, 05/19/08 |
| Exhibit "26" | Notice for Production of Specified Discovery 12/26/07 |
| Exhibit "27 " | Strategy/status reports 04/20/10, 03/14/10, 01/16/10 |
| Exhibit "28 " | Affirmation of Marion S. Mishkin, Esq. in Opposition to Stay of Proceedings 04/20/10 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
IN RE: WORLD TRADE CENTER
DISASTER SITE LITIGATION                                       21-MC-100 (AKH)
-------------------------------------------------------------x
BODILY INJURY, NON-RESPIRATORY,
NON-INGESTION CASES
-------------------------------------------------------------x


-------------------------------------------------------------------------------------------------
### DECLARATION OF MARION S. MISHKIN AND
### TABLE IN SUPPORT OF PLAINTIFFS' LIAISON COUNSEL'S APPLICATION
### FOR AN ORDER AWARDING COUNSEL FEES AND EXPENSES
-------------------------------------------------------------------------------------------------

### MARION S. MISHKIN LAW OFFICE
*Plaintiffs' Liaison Counsel*
155 East 77th Street
New York, New York 10075
Telephone: 917-515-5600
Email: MarionMishkin
@marionmishkin.com

The undersigned hereby certifies, pursuant to Fed. R. Civ P. 11 and 22 N.Y.C.R.R. § 130 a-1.1a, that I
have read the within papers and that to the best of my knowledge and belief they are not frivolous as that
term s defined in Fed. R. Civ P. 11 and 22 N.Y.C.R.R. § 130 a-1.1a.

Attorney Name: Marion S. Mishkin

PLEASE TAKE NOTICE:
   ☐ NOTICE OF ENTRY
   that the within is a (certified) true copy of an            duly entered in the office
   of the    clerk of the within named court on _____ 20___.
   ☐ NOTICE OF SETTLEMENT
      that an order                        of which the within is a true copy, will be
      presented for settlement to the HON.            , one of the judges of the
      within named Court, at            on,           20__ , at
   _____O'clock___.M.
Dated: _____

Yours, etc.

### MARION S. MISHKIN LAW OFFICE