UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/24/12

------------------------------------x
IN RE WORLD TRADE CENTER
DISASTER SITE LITIGATION

21 MC 100 (AKH)
------------------------------------x

**STIPULATED PROTECTIVE ORDER REGARDING PRIVILEGED MATERIAL**

WHEREAS, certain parties to the above captioned litigation have requested production of documents and information, including electronic data (the "Requesting Party"), from the United States Environmental Protection Agency Office of Inspector General ("EPA OIG" or "Producing Party"), and may request additional information that is currently covered by the existing subpoenas served on the Producing Party;

WHEREAS, provided that the Requesting Party complies with applicable statutes and regulations governing requests of information from EPA OIG, EPA OIG wishes to cooperate with the Requesting Party to provide reasonably available, non-classified, non-privileged information that is relevant and material to the litigation, while avoiding unnecessary or undue burden on EPA OIG and preserving all applicable privileges and protections;

WHEREAS, the Requesting Party acknowledges that EPA OIG is making an effort to identify and withhold from production any document which it believes is privileged, but that given the nature of materials being exchanged, there is a possibility that certain privileged materials may be produced inadvertently despite due diligence and reasonable care taken to protect privileged information;

1

IT IS HEREBY AGREED, BY AND BETWEEN THE REQUESTING PARTY AND THE ENVIRONMENTAL PROTECTION AGENCY OFFICE OF INSPECTOR GENERAL, THROUGH THE UNDERSIGNED COUNSEL, that:

1.  The Requesting Party and EPA OIG recognize that the Requesting Party's subpoenas to EPA OIG in the above captioned action will require EPA OIG to review and disclose several thousand documents through the discovery process. As a result, information and documents produced for inspection by, copied by, or delivered to the Requesting Party could include materials subject to privilege or other legally recognized protection (hereinafter "privileged information") and therefore not subject to disclosure in discovery.

2.  Absent this Protective Order, the effect of disclosure of privileged information is not certain given some legal precedents and guidance dealing with this issue, namely, whether privilege will be deemed to have been waived by the disclosure of privileged information.

3.  The Producing Party may assert a claim of privilege or protection (hereinafter "privilege") as soon as practicable and no more than thirty (30) days after receiving notice of the receipt and/or potential anticipated use of a document that the Producing Party reasonably believes to contain privileged information. In asserting such a claim of privilege, the Producing Party shall provide information sufficient to meet the requirements of Federal Rule of Civil Procedure 26(b)(5)(A) and shall identify for each claim of privilege at a minimum: the information subject to the claim, the author, date, and addressees or recipients of the document (where applicable), the privilege or protection being asserted, and the basis for the claim of privilege.

4.  Upon notification of the privilege pursuant to Paragraph 3, above, or Paragraph 8, below, the Requesting Party must promptly return, sequester or destroy the

2

specified information and any copies it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information if the Requesting Party disclosed it before being notified. *See* Fed. R. Civ. P. 26(b)(5)(B). If the Requesting Party does not agree with the privilege claim, the parties must promptly meet and confer in an attempt to resolve the claim. If meeting and conferring regarding the privilege claim does not resolve the claim, the Requesting Party may promptly present the information to the court *in camera* for a determination of the claim and any entity in possession of the information must preserve the information until the claim is resolved. *See* Fed. R. Civ. P. 26(b)(5)(B). The burden of proving the privilege claimed remains with the Producing Party.

5.  To the extent that notes or records in any form concerning any privileged information exist (other than pertain solely to assertion of the privilege), the Requesting Party shall permanently destroy, delete or redact any such note or record of privileged information if the claim of privilege is upheld.

6.  Production of any information or documents by the Producing Party to the Requesting Party in discovery that the Producing Party later claims should not have been disclosed because of any privilege will not be deemed to constitute a waiver of privilege. Both the Requesting and Producing Party agree not to claim or otherwise urge the Court to deem a privilege to have been waived solely on the basis of the disclosure in this litigation of the information or document to which the privilege applies. Nothing in this agreement shall function to revive a privilege that has already been waived.

7.  This Order applies to information covered by the attorney-client privilege and the attorney work-product privilege, and thus constitutes a controlling court Order pursuant to Fed. R. Evid. 502(d) with respect to waiver. This Order also applies to any other privilege or protection that the Producing Party may properly assert to prevent

3

disclosure of information, including, but not limited to, the deliberative process privilege. This Order applies to prevent waiver regardless of level of care exercised by the Producing Party in reviewing the information prior to production.

8.  If the Requesting Party receives information from the Producing Party that is labeled as "privileged," "protected" or "confidential" or reasonably appears to be privileged or protected information, the Requesting Party shall notify the Producing Party and shall not refer to, quote, cite, reply upon or otherwise use the information until the Producing Party has had an opportunity to object to the use of such information, pursuant to Paragraph 4 of this Order.

9.  Recognizing that some documents in the Producing Party's files may be privileged, the Requesting Party shall recognize that no waiver of any applicable privilege relating to the subject matter or nature of the communication or relating to that particular document is either intended or implied by an agreement to allow limited inspection of the Producing Party's files.

10. Either the Requesting or Producing Party may at any time seek modification of this Protective Order by agreement, or failing agreement, by motion to the Court.

11. Nothing in this Protective Order shall prevent or in any way limit or impair the right of counsel to disclose any potential violation of federal, state, or local statute, rule, regulation, ordinance or any other law to any authorized representative of: (a) the United States or any of its agencies, (b) any State or any of its agencies, (c) any local governing body or any of its agencies, without leave of Court or agreement of the Requesting or Producing Party.

12. Nothing in this Protective Order shall prevent or in any way limit or impair the right of counsel to refer to, quote, cite, rely upon or otherwise use information

4

they obtain from a third party (i.e., any entity that is not a signatory to this agreement). This right shall not be defeated by any claim of privilege asserted pursuant to this Protective Order. The burden of demonstrating that material was obtained from such a third party will be on the entity seeking to use the information. Production of information by EPA OIG to any agency or contractor of the United States does not itself constitute a waiver of any privilege. If an agency or contractor produces privileged information to any party in this case, whether a privilege is waived will be determined on a case by case basis.

13. The undersigned counsel have authority to execute this Protective Order on behalf of EPA OIG and the Requesting Party.

Dated: 1/20/12

_____
James E. Tyrrell, Jr.

PATTON BOGGS LLP
One Riverfront Plaza, 6th Floor
Newark, New Jersey 07102
*Attorneys for the City of New York and Defendants Listed in Exhibit A*

Dated: 1/20/12

_____
Steve Alderton

Senior Associate Counsel
Office of Inspector General
Environmental Protection Agency
1200 Pennsylvania Avenue, N.W. (2410T)
Washington, DC 20460

SO ORDERED: 1/23/12

_____
HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF NEW YORK

5