

750 Third Avenue
25th Floor
New York, NY  10017

o  212.668.5927
f  212.668.5929
ropers.com

Kirsten L. Molloy
kirsten.molloy@ropers.com

July 22, 2020

**Via ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
United States Courthouse
500 Peark Street
New York, New York 10007

   Re: Matter:  In Re: World Trade Center Disaster Site Litigation, 1:21-mc-00100-AKH; *Rubin v. Napoli Bern Ripka Shkolnik, LLP, et. al.* (currently pending in the New York State Supreme Court)
      Client-Matter No. 546213041N

Dear Judge Hellerstein:

  This firm represents Defendants, Napoli Bern Ripka Shkolnik, LLP, Worby Groner Edelman & Napoli Bern, LLP, and Napoli Bern & Associates, LLP (collectively, the "Law Firm Defendants") in an action currently pending in the Supreme Court of the State of New York, County of New York, bearing Index No. 154060/2015 (the "State Action").  The Law Firm Defendants respectfully submit this letter in response to the "letter motion" filed by Plaintiff in the State Action, Denise Rubin, purportedly seeking an order compelling The Garretson Resolution Group d/b/a Epiq ("Epiq") to produce certain documents in response to a subpoena *duces tecum* that was served by Plaintiff. [Doc. No. 3321].

  As a preliminary matter, it is respectfully submitted that Ms. Rubin's "letter motion" was filed in direct violation of Rule 2.B. of Your Honor's Individual Rules, which specifically provides that "[l]etter motions or oppositions will not be accepted."  Further, there is nothing in Your Honor's Emergency Individual Rules – which became effective as of May 18, 2020 due to COVID-19 – that allows letter motions for any type of relief for any reason.  Accordingly, Plaintiff's improper motion which fails to comply with Your Honor's Individual Rules must be rejected in its entirety and should not be considered.

  Further, while Ms. Rubin represents in her letter motion that the Law Firm Defendants did not object to the subpoena and that she is unaware of any confidentiality restriction concerning the disclosure of the information sought in the subpoena, those statements are simply false.  In fact, on March 5 2020, the undersigned discussed, in-person, the confidentiality issues with Ms. Rubin's counsel, Jason Solotaroff, Esq., advising him that there is an agreement in place (Allocation Neutral Agreement), pursuant to which Epiq is obligated to treat as confidential all information relating to the settlement of World Trade disaster litigations, including that sought in the subpoena, and not to release or disclose such confidential information without an order from a



court of competent jurisdiction.  On the same day, the Law Firm Defendants served a letter upon Plaintiff's counsel memorializing this discussion and, by copy to Epiq, requesting that Epiq continue to honor its obligations until there is a duly-entered order directing Epiq to disclose such information.  The Law Firm Defendants further reserved their right to respond and object to the subpoena.  A copy of that letter is annexed hereto as **Exhibit "A."**

Because Rule 2.B. also does not allow letter oppositions, the Law Firm Defendants are not addressing the merits of Ms. Rubin's request or the subpoena at issue.  Instead, it is respectfully requested that this Honorable Court reject Ms. Rubin's improper letter motion and direct her to file a formal motion in compliance with Your Honor's Individual Rules, so that the Law Firm Defendants can adequately and properly oppose her motion and address all pertinent issues.

We thank the Court for its consideration of this letter, and hope that this letter finds Your Honor in good health.  Should Your Honor require additional information, we remain available to respond to any inquiries this Court may have.

Respectfully submitted,

*Kirsten Molloy*

Kirsten L. Molloy

KLM

Enclosure

4828-5529-8756.1

# **EXHIBIT A**

NEW YORK  750 Third Avenue
Boston    25th Floor
Las Vegas New York, NY  10017
Los Angeles Telephone (212) 668-5927
Miami     Facsimile (212) 668-5929
Paris     www.rmkb.com
Redwood City
San Francisco   Kirsten L. Molloy
San Jose        (646) 454-3263
Seattle



kirsten.molloy@rmkb.com

March 5, 2020

**Via Electronic Mail**

Jason L. Solotaroff
Giskan Solotaroff & Anderson LLP
90 Broad Street, 10th Floor
New York, New York 10004

    Re:    Matter:    *Denise Rubin v. Napoli Bern Ripka Shkolnik, LLP, et. al.*
            Index No.:    154060/2015
            Our File No.:    546213041N

Dear Mr. Solotaroff:

      As you are aware, this firm represents Defendants, Napoli Bern Ripka Shkolnik, LLP, Worby Groner Edelman & Napoli Bern, LLP, and Napoli Bern & Associates, LLP (the "Law Firm Defendants") in the above-referenced matter.  I write to address and memorialize the issues that were discussed at the status conference of this date concerning the subpoena served by Plaintiff upon Epiq Systems, Inc. (the "Subpoena").

      The Subpoena commands Epiq Systems, Inc. ("Epiq") to produce, among other things, "documents sufficient to calculate the fees and expenses paid" to a number of entities, including the Law Firm Defendants, "as a result of calculations performed by Garretson Resolution Group, Inc., … arising from any and all settlement agreements" in cases relating to the World Trade Center Disaster Site Litigation.  However, as discussed earlier, by certain agreement entered in connection with those cases, Epiq is obligated to treat all such information confidential and is not at liberty to release or disclose any confidential information for any reason, without an order from the Honorable Alvin Hellerstein.  Epiq's compliance with the Subpoena without such order would result in Epiq's direct violation of said agreement.

      You indicated during our discussion at the conference that you would obtain an order from Judge Hellerstein for release of the requested information.  **<u>By copy of this letter to Epiq, the Law Firm Defendants hereby request that, unless and until there is an order from a court of competent jurisdiction duly entered by the Clerk of Court which allows and directs Epiq to release the information requested in the Subpoena, Epiq continue to honor its obligations to treat all information that is the subject of the agreement at issue confidential and not release or disclose any such information</u>**.

      The Law Firm Defendants further request that they be properly served with copies of any requests, applications, and/or motion papers which Plaintiff intends to file with the court in

4841-6009-8230.1



Jason L. Solotaroff
March 5, 2020   Page 2

connection with the Subpoena, so that they may timely and adequately respond to such requests, applications, and/or motion papers.

  The Law Firm Defendants further reserve their right to respond and object to the Subpoena, pending receipt of a duly-entered order from a court of competent jurisdiction over the information and documents requested in the Subpoena.

           Very truly yours,

           Kirsten L. Molloy

cc: Katharine H. Hosty, Esq. (via electronic mail)

4841-6009-8230.1